Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Tel: (310) 474-9111
Fax: (310) 474-8585

Andrew W. Ferich (*pro hac vice*)
*aferich@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff Grace Beyer*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MADALYN BROWN, COLE MCDOWELL, CHRISTY BROCKINGTON AND DEREK DAWS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELLION, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:21-cv-01155-EJD<br><br>**PLAINTIFF GRACE BEYER'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND SET SCHEDULING DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:   July 15, 2021<br>TIME:    9:00 a.m.<br>JUDGE: Hon. Edward J. Davila<br>CTRM:   4, 5th Floor<br><br>Filed February 17, 2021 |

[caption continued]

---

PLAINTIFF GRACE BEYER'S MOTION TO CONSOLIDATE CASES AND SET SCHEDULING DEADLINES
NO. 5:21-CV-01155-EJD

| | |
|---|---|
| SUSAN ZEBELMAN, on behalf of herself and all others similarly situated, | Case No. 5:21-cv-01203-EJD |
| Plaintiff, | Filed February 18, 2021 |
| v. | |
| ACCELLION, INC., a Delaware limited liability company, | |
| Defendant. | |
| HEATHER RODRIGUEZ, on behalf of herself and all others similarly situated, | Case No. 5:21-cv-01272-EJD |
| Plaintiff, | Filed February 22, 2021 |
| v. | |
| ACCELLION, INC., | |
| Defendant. | |
| JARAMEY STOBBE, individually and on behalf of all others similarly situated, | Case No. 5:21-cv-01353-EJD |
| Plaintiff, | Filed February 24, 2021 |
| v. | |
| ACCELLION, INC., | |
| Defendant. | |
| CHRISTINA PRICE, individually and on behalf of herself and all other persons similarly situated, | Case No. 5:21-cv-01430-EJD |
| Plaintiff, | Filed February 26, 2021 |
| v. | |
| ACCELLION, INC., | |
| Defendant. | |

| | |
|---|---|
| EUGENE BOLTON, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>ACCELLION, INC.,<br>     Defendant. | Case No.  5:21-cv-01645-EJD<br><br>Filed March 8, 2021 |
| VALERIE WHITTAKER, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>ACCELLION, INC.,<br>     Defendant. | Case No.  5:21-cv-01708-EJD<br><br>Filed March 11, 2021 |
| RICKY COCHRAN and ALAN BERREBI, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>THE KROGER CO. and ACCELLION, INC.,<br>     Defendants. | Case No.  5:21-cv-01887-EJD<br><br>Filed March 17, 2021 |

| | |
|---|---|
| GRACE BEYER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLAGSTAR BANCORP, INC. d/b/a FLAGSTAR BANK and ACCELLION, INC.,<br><br>Defendants. | Case No.  5:21-cv-02239-SVK<br><br>Filed March 30, 2021 |

# **TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ............................................................................................................. 3

II. STATEMENT OF ISSUES TO BE DECIDED ............................................................... 7

III. BACKGROUND ............................................................................................................... 7

IV. ARGUMENT .................................................................................................................... 9

    A. The Court Should Consolidate All of the Related Actions Under Rule 42(a) ................. 9

        1. Legal Standard for Rule 42(a) Consolidation ............................................. 9

        2. Consolidation is Appropriate Under Rule 42(a) ....................................... 10

    B. The Court Should Consider Setting a Briefing Schedule for Filing Applications for Interim Class Counsel Pursuant to Rule 23(g) .................................................................. 11

V. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Pages**

### CASES

*Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*,
   No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626 (D. Colo. Sep. 1, 2017) ..................... 10

*Fero v. Excellus Health Plan, Inc.*,
   236 F. Supp. 3d 735 (W.D.N.Y. 2017) ............................................................................................ 10

*Hacker v. Peterschmidt*,
   No. 06-cv-3468, 2006 WL 2925683 (N.D. Cal. Oct. 12, 2006) ...................................................... 10

*In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*,
   410 F. Supp. 3d 1350, (J.P.M.L. 2019) ............................................................................................ 11

*In re Equity Funding Corp. of Am. Sec. Litig.*,
   416 F. Supp 161 (C.D. Cal. 1976) ................................................................................................... 10

*In re Experian Data Breach Litig.*,
   No. SACV 15-01592 AG( DFMX), 2017 WL 4325583 (C.D. Cal. May 18, 2017) ....................... 10

*Investors Research Co. v. United States District Court for the Cent. Dist. of Cal.*,
   877 F.2d 777 (9th Cir. 1989) ........................................................................................................... 10

*Paxonet Commc'ns, Inc. v. TranSwitch Corp.*,
   303 F. Supp. 2d 1027 (N.D. Cal. 2003) ........................................................................................... 10

*UL LLC v. Gangsong Grp. Corp.*,
   No. CV 17-8166 DSF (EX), 2019 WL 8219493 (C.D. Cal. June 26, 2019) ..................................... 9

### RULES

28 U.S.C. § 1407 ................................................................................................................... 6, 9, 11

Fed. R. Civ. P. 23(g) .................................................................................................................. *passim*

Fed. R. Civ. P. 42(a) .................................................................................................................. *passim*

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2021, at 9:00 a.m. or as soon thereafter as the motion may be heard before the Honorable Edward J. Davlia in Courtroom 4 of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, Califronia 95113, Plaintiff Grace Beyer in the above-captioned matter *Beyer v. Flagstar Bancorp, d/b/a Flagstar Bank, et al.*, No. 5:21-cv-02239-SVK, will and hereby does move the Court for an order:

1. Consolidating, pursuant to Federal Rule of Civil Procedure ("Rule") 42(a), the following nine (9) related putative class actions (the "Related Actions") filed in this Court concerning the Accellion data breach, and any future related actions filed in, removed to, or transferred to this Court, under the docket number of the first-filed case, 5:21-cv-01155-EJD, and under the title *In re Accellion, Inc. Data Breach Litigation*:

| Case Name | Case No. | Date Filed | Judge |
|---|---|---|---|
| *Brown v. Accellion, Inc.* | 5:21-cv-01155-EJD | 02/17/2021 | Hon. Edward J. Davila |
| *Zebelman v. Accellion, Inc.* | 5:21-cv-01203-EJD | 02/18/2021 | Hon. Edward J. Davila |
| *Rodriguez v. Accellion, Inc.* | 5:21-cv-01272-EJD | 02/20/2021 | Hon. Edward J. Davila |
| *Stobbe v. Accellion, Inc.* | 5:21-cv-01353-EJD | 02/24/2021 | Hon. Edward J. Davila |
| *Price v. Accellion, Inc.* | 5:21-cv-01430-EJD | 02/26/2021 | Hon. Edward J. Davila |
| *Bolton v. Accellion, Inc.* | 3:21-cv-01645-EJD | 03/08/2021 | Hon. Edward J. Davila |
| *Whittaker v. Accellion, Inc.* | 5:21-cv-01708-EJD | 03/11/2021 | Hon. Edward J. Davila |
| *Cochran, et al. v. Accellion, Inc., et al.* | 5:21-cv-01887-EJD | 03/17/2021 | Hon. Edward J. Davila |
| *Beyer v. Flagstar Bancorp, d/b/a Flagstar Bank, et al.* | 5:21-cv-02239-SVK | 03/30/2021 | Hon. Susan van Keulen |

and;

2. Establishing an abbreviated briefing schedule for filing applications seeking

appointment of interim co-lead class counsel pursuant to Rule 23(g), as set forth in greater detail in the Proposed Order submitted herewith.

Plaintiff Beyer's motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Andrew W. Ferich; the Proposed Order submitted herewith; and any other matter the Court may wish to consider.

Undersigned counsel has conferred with counsel for Accellion, and Accellion has indicated that it does not oppose consolidation of the Related Actions and is available for a July 15, 2021 hearing.

Undersigned counsel has also conferred with counsel for The Kroger Company, who has indicated that it is available for a July 15, 2021 hearing.

Undersigned counsel has attempted but has been unable to locate counsel for Flagstar Bank, and counsel for Flagstar Bank has not entered its appearance in the *Beyer* action before this Court (or in other related actions filed in other Districts).

Undersigned counsel has also maintained ongoing meet and confer communications with the plaintiffs' counsel in the other Related Actions, and despite weeks-long efforts to reach an agreement on consolidation, a consolidation stipulation, and, ultimately, this motion, an agreement could not be reached.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Grace Beyer[1] respectfully moves for an order consolidating, pursuant to Rule 42(a), the Related Actions, all of which arise from the same nucleus of operative facts—the Accellion, Inc. data breach that occurred in late 2020 through early 2021 (the "Data Breach"). The Related Actions assert similar causes of action, define similar and overlapping classes, and seek similar remedies. All of the Related Actions name Palo-Alto based Accellion, Inc. ("Accellion") as a defendant, and some name additional defendants, namely The Kroger Co. ("Kroger") and Flagstar Bank ("Flagstar"), two of Accellion's clients affected by the Data Breach. Plaintiffs also request that the Court consider establishing a shortened briefing schedule for filing applications seeking appointment as Interim Lead

---

[1] Plaintiff Beyer is the plaintiff in *Beyer v. Accellion, Inc. et al.*, No. 5:21-cv-02239. Ahdoot Wolfson, with its co-counsel, also represents the Plaintiffs in *Stobbe v. Accellion, Inc.*, No. 5:21-cv-01353, and *Cochran et al. v. Accellion, Inc. et al.*, No. 5:21-cv-01887.

Counsel pursuant to Rule 23(g), which will streamline the proceedings and avoid the inefficiencies already demonstrated here, as further set forth below.

## I. INTRODUCTION

The Court should consolidate all of the Related Actions to maximize efficiency and judicial economy. Currently, eight (8) of the Related Actions are already before this Court, and the ninth—*Beyer*—was designated related at filing.[2] Each action names Accellion as the primary defendant and asserts similar causes of action on behalf of the same or similar classes arising out of the Data Breach and related misconduct:

| Case Name and Number | Parties | Date Filed | Counsel | Defined Class |
|---|---|---|---|---|
| *Brown v. Accellion, Inc.* No. 5:21-cv-01155-EJD | **Plaintiffs:** Madalyn Brown, Cole McDowell, Christy Brockington & Derek Dawes **Defendant:** Accellion, Inc. | 02/17/2021 | **Plaintiffs:** Hammond Law PC & Susman Godfrey LLP **Defendant**: Latham & Watkins LLP | All residents of the United States whose Personally Identifiable Information was compromised as a result of the Data Breach disclosed by the Washington State Auditor in January 2021. |
| *Zebelman v. Accellion, Inc.* No. 5:21-cv-01203-EJD | **Plaintiff:** Susan Zebelman **Defendant:** Accellion, Inc. | 02/18/2021 | **Plaintiff**: Morgan & Morgan Complex Litigation Group & Clayeo C. Arnold, APLC **Defendant**: Latham & Watkins LLP | All individuals in the United States whose PII was exposed to unauthorized third parties as a result of the compromise of Accellion FTA on or around December 20, 2020. |
| *Rodriguez v. Accellion, Inc.* No. 5:21-cv-01272-EJD | **Plaintiff:** Heather Rodriguez **Defendant:** Accellion, Inc. | 02/20/2021 | **Plaintiff**: Girard Sharp LLP **Defendant**: Latham & Watkins LLP | All United States citizens and residents whose PII was exposed to unauthorized third parties as a result of the security vulnerability in |

---

[2] As of this filing, the *Beyer* action remains assigned to Magistrate Judge Susan Van Keulen. *See Beyer*, ECF No. 4.

| | | | | |
|---|---|---|---|---|
| | | | | Accellion FTA that occurred between December 2020 and January 2021. |
| *Stobbe v. Accellion, Inc.* No. 5:21-cv-01353-EJD | **Plaintiff**: Jaramey Stobbe **Defendant:** Accellion, Inc. | 02/24/2021 | **Plaintiff**: Ahdoot & Wolfson, PC, Barnow and Associates, PC & Abigton Cole + Ellery **Defendant**: Latham & Watkins LLP | All residents of the United States whose Personal Information was compromised in the Accellion Data Breach occurring in December 2020 and January 2021. |
| *Price v. Accellion, Inc.* No. 5:21-cv-01430-EJD | **Plaintiff:** Christina Price **Defendant:** Accellion, Inc. | 02/26/2021 | **Plaintiff**: Casey Gerry Schenk Francavilla Blatt & Penfield, LLP **Defendant**: Latham & Watkins LLP | All persons in the United States whose PII was stolen in the Data Breach of Accellion's FTA in December 2020 and January 2021. |
| *Bolton v. Accellion, Inc.* No. 3:21-cv-01645-EJD | **Plaintiff:** Eugene Bolton **Defendant:** Accellion, Inc. | 03/08/2021 | **Plaintiff**: Carlson Lynch Sweet LLP **Defendant**: Latham & Watkins LLP | All individuals in the United States whose PII was compromised in the Accellion data breach which occurred starting in December 2020; and All individuals in the United States whose PMI was compromised in the Accellion data breach which occurred starting in December 2020. |
| *Whittaker v. Accellion, Inc.* No. 5:21-cv-01708-EJD | **Plaintiff:** Valerie Whittaker **Defendant:** Accellion, Inc. | 03/11/2021 | **Plaintiff:** Scott + Scott Attorneys at Law LLP **Defendant:** Latham & Watkins LLP | All individual in the United States and its territories whose PII was compromised in the Accellion data breach which occurred starting in December 2020; and All individuals in the United States and its territories whose PMI was compromised in the Accellion data breach which occurred starting |

| Case | Plaintiffs/Defendants | Date Filed | Counsel | Class Definition |
|---|---|---|---|---|
| | | | | in December 2020. |
| *Cochran, et al. v. Accellion, Inc., et al.* No. 5:21-cv-01887-EJD | **Plaintiffs:** Ricky Cochran & Alain Berrebi **Defendants:** The Kroger Co., & Accellion Inc. | 03/17/2021 | **Plaintiffs:** Ahdoot & Wolfson, PC & Barnow and Associates, PC **Defendants**: Latham & Watkins LLP, Vorys Sater Seymour & Pease, LLP & Sidley Austin LLP | All residents of the United States whose Personal Information was compromised in the Accellion Data Breach occurring in December 2020 and January 2021; All residents of California whose Personal Information was compromised in the Accellion Data Breach occurring in December 2020 and January 2021; All residents of California whose Medical Information was compromised in the Accellion Data Breach occurring in December 2020 and January 2021; and All residents of Georgia whose Personal Information was compromised in the Accellion Data Breach occurring in December 2020 and January 2021. |
| *Beyer v. Flagstar Bancorp, d/b/a Flagstar Bank, et al.* No. 5:21-cv-02239-SVK | **Plaintiff:** Grace Beyer **Defendants:** Flagstar Bancorp, Inc., d/b/a Flagstar Bank & Accellion, Inc. | 03/30/2021 | **Plaintiff**: Ahdoot & Wolfson, PC **Defendants**: Latham & Watkins LLP | All residents of the United States whose Personal Information was compromised in the Accellion Data Breach occurring in December 2020 and January 2021; and All residents of California whose Personal Information was compromised in the Accellion Data Breach |

- 5 -
PLAINTIFF GRACE BEYER'S MOTION TO CONSOLIDATE CASES AND SET SCHEDULING DEADLINES
NO. 5:21-CV-01155-EJD

|  |  |  |  | occurring in December 2020 and January 2021. |
|---|---|---|---|---|

For weeks, the lawyers representing the Plaintiffs in the Related Actions attempted to reach an agreement on consolidation. The filing of a stipulation consolidating the Related Actions appeared to be imminent, and had the support of all plaintiffs' counsel and counsel for Accellion and Kroger. The stipulation was going to include a Rule 23(g) briefing schedule, and plaintiffs' counsel had begun the meet and confer efforts on this topic as well.

However, certain plaintiffs' counsel—some of whom had also filed some of the Related Actions—subsequently filed cases in other jurisdictions, naming Kroger and Flagstar Bank, respectively, as sole defendants, and not naming Accellion: *Jones v. The Kroger Company*, No. 1:21-cv-00146-TSB (S.D. Ohio); *Govaert v. The Kroger Company,* No. 1:21-cv-00174-TSB (S.D. Ohio); *Doty v. The Kroger Company,* No. 1:21-cv-00198-DRC (S.D. Ohio); *Angus v. Flagstar Bank, FSB,* No. 2:21-cv-10657-AJT-DRG (E.D. Mich.); *Garcia v. Flagstar Bank, FSB,* No. 2:21-cv-10671-DPH-APP (E.D. Mich.); and *Strohm v. The Kroger Company*, No. 1:21-cv-00226 (S.D. Ohio).

Plaintiff Beyer's counsel Ahdoot & Wolfson, PC ("Ahdoot Wolfson") met and conferred in an attempt to get those cases voluntarily transferred to the Northern District of California. Unable to achieve an agreement, Ahdoot Wolfson filed a motion with the Joint Panel on Multidistrict Litigation on behalf of Beyer seeking Section 1407 (28 U.S.C. § 1407) transfer and consolidation before this Court of the Related Actions, along with the two Eastern District of Michigan actions and the three Southern District of Ohio actions. *See In Re: Accellion, Inc, Data Breach Litigation*, MDL No. 3002.

Subsequently, lawyers at Morgan & Morgan (plaintiffs' counsel in *Zebelman*, filed in this District) and other plaintiffs' counsel in the Related Actions suddenly withdrew their support for a consolidation of all of the Related Actions, taking the position that consolidation before this Court should include *only* those cases that name Accellion as the sole defendant. These attorneys did not respond to requests from other counsel to explain their reasoning.

Consolidating *all* of the Related Cases under Rule 42(a) is the only way to avoid inefficiencies and maximize judicial economy because all of the cases share a common nucleus of operative facts stemming from the Data Breach. There is no compelling reason to delinate consolidation based on

which defendants are named, and such delineation will only result in unmanageablilty, duplication of efforts, and inefficiencies. Counsel for Accellion and Kroger agree, and Ahdoot Wolfson will meet and confer with counsel for Flagstar Bank once they are identified.

Finally, Plaintiff Beyer respectfully requests that the Court consider setting a shortened briefing schedule to appoint interim co-lead class counsel for the plaintiffs, with the discretion to re-visit leadership after the JPML rules on the pending Section 1407 motion for transfer and consolidation. Appointing one voice of authority to communicate with defense counsel, even in the short run, will go a long way to achieve efficiency and economy.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Related Actions should be consolidated under Rule 42(a); and
2. Whether the Court should establish an abbreviated briefing schedule for filing applications seeking appointment of interim co-lead class counsel pursuant to Rule 23(g), as set forth in greater detail in the Proposed Order submitted herewith.

## III.   BACKGROUND

Accellion is a Palo Alto-based software company that provides third-party file transfer services to its clients, including Kroger and Flagstar Bank. It makes and sells a file transfer service product called the File Transfer Appliance ("FTA"), which is at the heart of this litigation and the source of the breach. Accellion's FTA is a 20-year-old, obsolete, "legacy product" that was "nearing end-of-life" at the time of the Data Breach, leaving it vulnerable to compromise and security incidents.

On December 23, 2020, Accellion disclosed to numerous of its clients ("Impacted Accellion Clients") that criminals breached the data that those clients submitted to Accellion. It has been reported that the criminals responsible for the Data Breach exploited numerous vulnerabilities in Accellion's FTA product to steal sensitive data files associated with hundreds of Accellion's clients, including corporations, law firms, banks, universities, and other entities.[3] As a result, the sensitive personal information of individuals whom the Impacted Accellion Clients service—including grocery and

---

[3] Among the numerous Accellion clients that have reportedly been impacted by the Data Breach are The Kroger Co.; Flagstar Bank; Qualys; the Washington State Auditor; the law firms Goodwin Proctor and Jones Day; the University of Colorado; Stanford University; the University of California system; Arizona Complete Health; ABS Group; Shell; and Danaher.

pharmacy employees and shoppers, law firm clients, students and faculty, state benefits applicants, bank customers, among others (collectively, "Impacted Individuals and Entities")—was accessed by unauthorized individuals. The Impacted Individual and Entity Plaintiffs in the Related Actions allege that Accellion and/or the Impacted Accellion Clients failed to protect their sensitive information, including but not limited to names, email addresses, phone numbers, home addresses, dates of birth, Social Security numbers (SSN), financial information, health and prescription information, and other personally identifiable information (collectively, "PII").

The criminals—who, according to varying reports, are associated with the well-known Clop ransomware gang, the FIN11 threat group, and potentially other threat actors—launched the attacks on Accellion and its clients in mid-December 2020, which continued at least into January 2021, as these actors continued to exploit vulnerabilities in Accellion's platform. Following the attacks, the criminals resorted to extortion, threatening Accellion's clients that stolen information will be made publicly available unless ransoms are paid.

Each of the Related Actions is a putative class action, and each is filed on behalf of classes of individuals or entities who were employees, customers, clients, or otherwise associated or affiliated with—and provided PII to—the Impacted Accellion Clients. Based on the same nucleus of facts, each Action alleges a common failure by Accellion, or Accellion and Impacted Accellion Clients, to protect PII resulting in the Data Breach. Each Action alleges the same damages and asserts largely similar counts, including claims for negligence, invasion of privacy, violations of consumer protection statutes, and violations of data privacy laws, among others.

There are currently nine (9) proposed class actions pending before the Northern District of California relating to the Accellion Data Breach, as set forth in the chart in the Introduction, *supra*. All of the Related Actions except for *Beyer* (which was designated related upon filing but not yet transferred) are currently pending before this Court.[4]

On March 4, 2021, Ahdoot Wolfson and its co-counsel drafted a proposed consolidation stipulation (the "Stipulation") and circulated it to all plaintiffs' counsel who had filed the Related Actions to date. *See* Declaration of Andrew W. Ferich ("Ferich Decl."), ¶ 12.

---

[4] *See* n.2, *supra*.

On March 17, Ahdoot Wolfson and its co-counsel filed the *Cochran* action in this Court, which named Kroger as a co-defendant. *See Cochran*, ECF No. 1. On March 30, Ahdoot Wolfson filed the *Beyer* case against Accellion and also naming Flagstar Bank as a co-defendant. *See Beyer*, ECF No. 1.

After extensively meeting and conferring with all plaintiffs' counsel, Accellion's counsel, and Kroger's counsel, there was consent from all interested parties concerning the Stipulation, including Accellion's and Kroger's counsel. Ferich Decl., ¶ 18. On March 31, 2021, it appeared that there was universal consensus on the Stipulation. *Id*.

That same day, after meeting and conferring with plaintiffs' counsel in the other jurisdictions, Plaintiff Beyer filed a motion pursuant to 28 U.S.C. § 1407 to transfer and consolidate actions, seeking to transfer to this Court the two (2) actions against Flagstar Bank pending in the Eastern District of Michigan, and the three (3) actions pending against Kroger in the Southern District of Ohio. *Id*., ¶ 19; *see In re: Accellion, Inc., Data Breach Litigation*, MDL No. 3002.

By the morning of April 1, efforts to finalize and file the Stipulation were concluding: no plaintiffs' counsel had previously opposed the Stipulation during the several days it took to get Kroger's consent. *Id*., ¶ 20. But then, plaintiff's counsel in *Zebelman* at Morgan & Morgan indicated that they opposed consolidation of a case involving Kroger, and that *Zebelman* should be removed from the Stipulation. *Id*., ¶ 21. When other counsel requested a reason for *Zebelman*'s withdrawing its support for the Stipulation, counsel in *Zebelman* did not respond. *Id*. On April 2, other counsel followed suit and took the position that only cases naming Accellion as sole defendant should be subject to the Stipulation, similarly providing no explanation for their positions. *Id*., ¶ 22.

## IV.   ARGUMENT
### A. The Court Should Consolidate All of the Related Actions Under Rule 42(a)
#### 1. Legal Standard for Rule 42(a) Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Courts enjoy broad discretion to order consolidation under Rule 42(a). *UL LLC v. Gangsong Grp. Corp.*, No. CV 17-8166 DSF (EX), 2019 WL 8219493, at *1 (C.D. Cal. June 26, 2019). This includes discretion to consolidate cases pending in the same district before different judges. *Investors Research Co. v. United States District Court for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989); *Hacker v. Peterschmidt*, No. 06-cv-3468, 2006 WL 2925683, at *2 (N.D. Cal. Oct. 12, 2006). Courts routinely consolidate multiple class actions based on the same public event, including data breaches. *See, e.g.*, *In re Experian Data Breach Litig.*, No. SACV 15-01592 AG( DFMX), 2017 WL 4325583, at *2 (C.D. Cal. May 18, 2017) (noting first filed complaint "was . . . consolidated with over forty other consumer complaints, which created the pending litigation.").

Consolidation of similar class actions expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (finding that cases had significant legal and factual overlap, and holding "the Court believes that judicial efficiency will be served by consolidating these actions."); *see also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp 161, 176 (C.D. Cal. 1976) ("[A]rgument and consideration of class action issues has been made considerably easier by the consolidated complaint, because the court has not had to go through varying and conflicting class allegations that may have been stated in each separate complaint.").

### 2. Consolidation is Appropriate Under Rule 42(a)

The Complaints in each of the Related Actions assert common causes of action against a common defendant and seek the same relief in response to the same event: the Accellion Data Breach. The Actions commonly seek certification of similar and overlapping classes and allege that class members suffered harm as a result of the Data Breach because their PII (or other sensitive information) was exposed to third parties without their authorization.

Courts consistently find that data breach class actions are particularly appropriate for Rule 42 consolidation. *See, e.g.*, *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . arise out of the same occurrence: a data

breach . . . ."); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 745 (W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation).

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially as all of the cases are at their procedural inception. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including elimininating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Furthermore, consolidation will foster judicial economy and will not prejudice any party.

Counsel who withdrew support for a Stipulation consolidating all of the Related Actions under Rule 42(a) have offered no explanation for why the Related Actions should not be consolidated. Ferich Decl., ¶¶ 21-22. Their position has no merit especially in light of the fact that courts have consolidated numerous data breach class actions involving one or multiple defendants. *See, e.g., In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1354 (J.P.M.L. 2019) (consolidating all actions on behalf of medical lab patients against a collection agency that suffered a data breach and / or all the medical labs affected, irrespective of particular defendants named).

Accordingly, Plaintiffs request that the Court consolidate the Related Actions under the docket number of the first filed case, No. 5:21-cv-01155-EJD, and under the caption *In re Accellion, Inc. Data Breach Litigation*.

### B. The Court Should Consider Setting a Briefing Schedule for Filing Applications for Interim Class Counsel Pursuant to Rule 23(g)

The Court has set a Case Management Conference in the *Brown* action for May 17, 2021, and Plaintiff Beyer's motion pursuant to 28 U.S.C. § 1407 to transfer and consolidate actions is pending before the JPML. Plaintiff Beyer respectfully requests that the Court consider setting an expedited briefing schedule to appoint interim co-lead class counsel in this District, with the discretion to re-visit the issue once the JPML rules on Plaintiff Beyer's Section 1407 motion. Given the divergent views of

plaintiffs' counsel with cases in this District, such an appointment will streamline the proceedings in this Court, maximize efficiency and provide one voice to communicate with defense counsel.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Grace Beyer, plaintiff in the *Beyer* action, respectfully requests that the Court (1) enter an order consolidating, pursuant to Rule 42(a) the Related Actions and (2) consider setting a shortened briefing schedule for the appointment of interim co-lead class counsel pursuant to Rule 23(g), with the discretion to re-visit after the JPML issues its decision on Plaintiff Beyer's Section 1407 motion to transfer and consolidate cases.

Dated: April 7, 2021

*/s/ Tina Wolfson*
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Tel: (310) 474-9111
Fax: (310) 474-8585

Andrew W. Ferich (*pro hac vice*)
*aferich@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff Grace Beyer*