UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADALYN BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELLION, INC.,<br><br>Defendant. | Case No.  5:21-cv-01155-EJD<br><br>**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Re: Dkt. No. 81 |

Defendant Accellion moves pursuant to Civil Local Rules 3-12(b) and 7-11(a) to relate *Ace American Insurance Company v. Accellion, Inc.*, No. 4:21-cv-09615-YGR ("*Ace American*") to *Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD ("*Brown*"), which is pending before the undersigned. *See* Administrative Motion to Consider Whether Cases Should Be Related ("Mot."), Dkt. No. 81. Plaintiff in *Ace American* opposes the motion. *See* Plaintiff's Opposition to Defendant's Administrative Motion to Consider Whether Cases Should Be Related ("Opp."), Dkt. No. 82.

Pursuant to Civil Local Rule 3-12(a), actions are related when (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor or expense or conflicting results if the cases are conducted before different Judges." Defendant argues that the *Ace American* action should be related because it is based on the same conduct at issue in *Brown* (and the cases now consolidated into *Brown*). The Court disagrees.

Case No.: 5:21-cv-01155-EJD
ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1

***1. The plaintiffs are not similarly situated.*** Ace American provided cyber insurance coverage to a Boston law firm ("the law firm"). Defendant provided collaboration system software services to the law firm pursuant to a contract. The law firm and Defendant were thus in direct contractual privity, and the rights and duties owed were governed, at least in part, by this contract. The law firm was the victim of a ransomware attack in which a bad actor exfiltrated highly confidential files from the law firm's server. Consequently, the law firm had to pay a $2 million ransom demand to avoid having the confidential files disclosed to the public. Because Ace American was the firm's cyber insurer, Ace American had to repay the $2 million to the firm.

The plaintiffs in *Brown* and the consolidated class actions are "individuals whose private information . . . was exposed because of the failure of Accellion, Inc. to safeguard and protect the [plaintiff's] exposed sensitive information." *Brown* Complaint ¶ 1. No plaintiff in *Brown* was in direct contractual privity with Accellion. Instead, the *Brown* plaintiffs had some interaction with a third-party who used the Accellion file transfer appliance ("FTA"), and as a result their personally identifiable information ("PII") was exposed. Thus, in contrast to *Ace American*, where the claims at issue largely relate to a breach of contract, the claims in *Brown* arise out of alleged violations of common law and relevant statutes.

***2. The claims presented in the cases are different.*** As noted, the *Brown* complaint (and the complaints consolidated therein) raise claims against Accellion for negligence and for violations of state consumer protection laws. In contrast, the *Ace American* complaint raises five claims—negligence, breach of contract, and three misrepresentation claims that arise out of the law firm's transactions with Accellion. While both cases assert a claim of negligence, the claims are different. The allegations of negligence in *Ace American* relate mostly to Accellion's negligence in failing to notify the law firm about the availability of a patch to fix the vulnerability in its software, whereas the negligence allegations in the Brown complaint relate almost entirely to Accellion's failure to adequately safeguard and protect individuals' PII. Because the negligence claims are different and require different evidence to resolve, the danger of "conflicting results"

Case No.: 5:21-cv-01155-EJD
ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

2

1  discussed in Civil Local Rule 3-12 is not applicable.

2       ***3. The cases involve different facts.*** Accellion and Ace American had a long-standing relationship, which forms the basis of many of the claims asserted in *Ace American*. Additionally, unlike *Brown*, *Ace American* involves a contract between Accellion and the law firm. The contract has various limitation of liability provisions and thus separate motion practice will be required to resolve the applicability of these indemnification provisions. Finally, the *Brown* plaintiff has requested a jury trial, while the *Ace American* plaintiff has requested a bench trial. The two cases will thus require different and separate triers of fact.

     For these reasons, the Court **DENIES** Defendant's motion to relate the *Ace American* and *Brown* cases. *See Asus Computer Int'l v. Interdigital, Inc.*, 2015 WL 13783764 (N.D. Cal. June 15, 2015) ("The Court finds that the cases can proceed before different judges without being unduly burdensome because there are [a] myriad [of] case-specific facts and issues that do not overlap, even if the cases both involve similar licensing agreements, and [] it is unlikely that there would be conflicting results were the cases to be tried before different judges.").

**IT IS SO ORDERED.**

Dated: March 14, 2022

                                                            EDWARD J. DAVILA
                                                            United States District Judge

United States District Court
Northern District of California