Eric H. Gibbs (SBN 178658)
David Berger (SBN 277526)
Jeffrey Kosbie (SBN 305424)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
dmb@classlawgroup.com
jbk@classlawgroup.com

Kim D. Stephens (*pro hac vice forthcoming*)
Jason T. Dennett (*pro hac vice forthcoming*)
Cecily C. Jordan (*pro hac vice forthcoming*)
Kaleigh N. Boyd (*pro hac vice forthcoming*)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
(206) 682-5600 (tel.)
(206) 685-2992 (fax)
kstephens@tousley.com
jdennett@tousley.com
cjordan@tousley.com
kboyd@tousley.com

*Counsel for Proposed Intervenors*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD |
| This Documents Relates to: | Case No. 5:21-cv-01353-EJD |
| DOUGLAS FEHLEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACCELLION, INC., <br><br> Defendant. | **Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement** <br><br> Judge: The Hon. Edward J. Davila <br> Date: November 17, 2022 <br> Time: 9:00 a.m. <br> Dept: Courtroom 4, 5th Floor |

## INTRODUCTION

The hackers who exploited the vulnerability in Accellion's FTA product did not breach just one company or entity; they breached dozens. Each breached entity housed different data for different individuals and was governed by different contracts, laws, and regulations, and each had its own security measures. In over forty pages of combined opposition briefing, neither the *Fehlen* Plaintiffs nor Accellion explain how their global $8.1 million settlement takes into account the factual and legal differences between each of these breaches for the putative class members involved. The reason is simple: It doesn't.

While the *Fehlen* Plaintiffs now profess "shock" that the Proposed Intervenors attempted to organize a mediation involving counsel representing individuals impacted by the different breaches (including *Fehlen*'s counsel), the fact is that Proposed Intervenors seek relief from this Court for the sole reason that preliminary approval of the proposed settlement would cause harm to them and to others like them whose unemployment applications (which included their names, emails, Social Security numbers, bank account information, and other data) were taken in the SAO-Accellion data breach. Neither the *Fehlen* Plaintiffs nor Accellion have credibly claimed that someone whose Social Security number or bank account information was taken by hackers is in the same position as someone for whom the hackers took less sensitive information. As a matter of both legal precedent and logic, those individuals are not in the same position—and neither are all of the putative class members wrapped up in the proposed one-size-fits-all global settlement now before the Court. To make matters worse, *Fehlen's* counsel and Accellion do not purport to know the full extent of the data compromised in the various breaches, cannot identify each FTA customer that was breached, and in many cases cannot identify whether (or how many times) a particular individual's information was taken. In their rush to settle, *Fehlen's* counsel and Accellion brush over the fundamental problems with this settlement. But the Court should not let them release Class Members' claims so easily.

Because Proposed Intervenors meet all the requirements for intervention as of right and permissive intervention, this Court should grant the Motion to Intervene.

1

Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement
Case No. 5:21-cv-01155-EJD

**I. Proposed Intervenors' Motion is timely and does not prejudice the parties because it was filed and will be heard before the Motion for Preliminary Approval.**

As a threshold matter, the *Fehlen* Plaintiffs and Accellion are simply not prejudiced by the timing of Proposed Intervenors' motion. At the time that Proposed Intervenors filed their Motion, there was no pending Motion for Preliminary Approval, as the *Fehlen* Plaintiffs acknowledge. *See* ECF No. 97 at 13 (noting that the effect of consolidation "was the pending Motion for Preliminary Approval and hearing date . . . were vacated."). It was only on June 13—two months after this Court consolidated this action and over a month after Proposed Intervenors' Motion—that the *Fehlen* Plaintiffs belatedly re-filed their Motion for Preliminary Approval. That motion is not set to be heard until December 8, 2022—three weeks after the hearing on Proposed Intervenors' Motion. *See* ECF No. 99. It is hard to square the *Fehlen* Plaintiffs' and Accellion's accusations of delay and prejudice to the proposed settlement class with their own conduct in failing to prosecute their purported settlement. Contrary to the *Fehlen* Plaintiffs' suggestion, *see* ECF No. 97 at 24, intervention will not result in any prejudice to the interests of the proposed settlement class. Adequately protecting the interests of the potential classes harmed by the multiple data breaches may make resolution of this case more difficult for the attorneys, but "the fact that including another party in the case might make resolution more 'difficult'" is not relevant to the prejudice inquiry. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (citation omitted). It is significantly more efficient for the Court, the proposed class, and the Washington SAO-Accellion Plaintiffs to deal with the issues concomitant to the proposed settlement now. Nor will intervention result in additional delay of the Court's review of the proposed settlement—the hearing on the proposed settlement is scheduled to take place *after* the hearing on this Motion to Intervene. Proposed Intervenors' Motion may also still be mooted by the Court's appointment of interim lead counsel under Rule 23(g), given that the Court may appoint counsel who disfavors the proposed settlement.[1]

---

[1] Competing proposed 23(g) briefing schedules were submitted to this Court, but they may be moot now. *See* ECF Nos. 92 and 93. There is currently no pending 23(g) schedule set.

2
Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement
Case No. 5:21-cv-01155-EJD

     The lack of prejudice aside, Proposed Intervenors' Motion is timely because it was filed promptly after a change in circumstances that affected Proposed Intervenors' interests. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties."). Both the *Fehlen* Plaintiffs and Accellion attack Proposed Intervenors' Motion as allegedly untimely because it was not filed when the *Fehlen* action first pleaded a class that included all individuals whose personal information was encompassed in the Accellion-related data breaches. *See* ECF No. 97 at 7; ECF No. 98 at 7. But while the *Fehlen* Plaintiffs and Accellion both argue that a global resolution was always on the table, they do not (and cannot) reconcile that argument with (1) their decision to invite Proposed Intervenors' counsel, as the only counsel representing SAO plaintiffs in a state court case, to the first mediation, or (2) their decision to file the January 6, 2022 Second Amended Complaint, which for the first time added a plaintiff injured in the SAO-Accellion breach. It is hard to see why the *Fehlen* Plaintiffs would have done either of those things unless they decided (rightly) that they did not have standing to settle the SAO-related Accellion claims under their then-operative Complaint, or that they lacked a plaintiff who met the typicality requirement of Rule 23(a)(3). *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) ("The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." (internal quotation omitted)).

     Taken to its logical conclusion, the *Fehlen* Plaintiffs' and Accellion's argument seems to be that Proposed Intervenors were required to file a motion to intervene at the outset of each and every case against Accellion before this Court, just in case Accellion decided to enter a global settlement with any one of those sets of plaintiffs. They cite no authority for that proposition. Accellion and the *Fehlen* Plaintiffs' reliance on *Lane v. Facebook* is misplaced. In that case, the proposed intervenors sought an order compelling a "Notice of Pendency of Other Action or Proceeding" under the local rules, "with the ultimate goal of transferring this action to Texas under

the 'first-filed' rule." *See Lane v. Facebook, Inc.*, 2009 WL 3458198, at *3 (N.D. Cal. Oct. 23, 2009). The *Lane* court rejected the intervention because the proposed intervenors there knew that their rights and interests were affected "when they learned of the very *existence* of [*Lane*]." *Id.* at 3. Proposed Intervenors here, in contrast, had no reason to seek intervention in each and every Accellion data breach case to protect their interests unless and until it was clear that other counsel were attempting to release Proposed Intervenors' claims for inadequate consideration.

This is especially true given that Proposed Intervenors participated in the first mediation arranged by *Fehlen*'s counsel. After Proposed Intervenors' counsel noted their objection to a global settlement and entered into a preliminary agreement with Accellion to invite a coalition of plaintiffs' counsels to the table on behalf of their clients (who represented different potential classes affected by different Accellion-related data breaches), they had no reason to believe that Accellion would continue secretly negotiating a settlement with the *Fehlen* Plaintiffs. In fact, it was Accellion's counsel themselves who drafted the stipulated motion for referral to a settlement conference. *See* ECF No. 98 at 9. On October 25, 2021, Accellion's counsel told Proposed Intervenors' counsel "[w]e'd love to get [the stipulated motion for referral] on file this week if possible, in hopes that we can make some progress before the year is out." Declaration of David Berger in Support of Proposed Intervenors' Reply in Support of Motion to Intervene, ¶ 6. While the Proposed Intervenors were aware of *Fehlen* and the first two mediations, they were not aware that *Fehlen* Plaintiffs' counsel continued in secret negotiations with Accellion, nor that *Fehlen* Plaintiffs' counsel would agree to sell out all the potential classes affected by the different data breaches with a single global settlement they controlled. On January 18, 2022, the next time Proposed Intervenors heard from Accellion despite repeated inquiries, it was to announce the settlement with *Fehlen* Plaintiffs. *Id.*, ¶ 9.

**II.   The Proposed Intervenors have a significant protectable interest, and the proposed settlement would impair the ability to protect that interest.**

As Proposed Intervenors argued in their Motion, they de facto have a significant protectable interest in this case as members of the proposed settlement class. *See Glass v. UBS Fin. Servs.*,

4

Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement
Case No. 5:21-cv-01155-EJD

*Inc.*, 2007 WL 474936, at *2 (N.D. Cal. Jan. 17, 2007) ("As [Proposed Intervenor] is a member of the [instant] class, [they have] a significant protectable interest relat[ed] to the subject of the instant action."); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). And "[t]he risk that [Proposed Intervenors] will be bound by an unsatisfactory class action settlement satisfies the impairment requirement." *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1004 (8th Cir. 2020) (internal quotation and citation omitted).

    This is not a case in which Proposed Intervenors' rights can be preserved by simply objecting to a preliminarily approved settlement. As the Advisory Committee to Rule 24 itself noted, "a member of a class should have the right to intervene in a class action if [they] can show the inadequacy of the representation of [their] interest by the representative parties before the court." Fed. R. Civ. P. 24, advisory committee's note to 1966 amendment. Here, as further explained in their opening Motion, Proposed Intervenors have a significant interest in prosecuting their claims against both Accellion and the SAO in Washington state court—where the undersigned filed the first case related to any of the Accellion data breaches in the country. Unlike the *Fehlen* Plaintiffs, Proposed Intervenors have fully briefed Accellion's pending motion to dismiss, and they already defeated the Washington SAO's Motion to Dismiss. Objecting to the proposed settlement denies the Proposed Intervenors' their right to receive a ruling on Accellion's motion, and waiting for notice, preliminary approval, objections, and then final approval prejudices their ability to prosecute claims against both Accellion and the SAO in an efficient manner.

    Contrary to the *Fehlen* Plaintiffs' and Accellion's arguments, *Gomes* is not inapposite. *See* ECF No. 97 at 29 n.6 and No. 98 at 14. While the *Gomes* Court did note that the proposed intervenors were not moving to intervene to object to the settlement, that was not the *reason* it granted intervention, as the *Fehlen* Plaintiffs argue.[2] *See* ECF Nos. 97 at 29 n.6 and 98 at 14. Rather, this Court explained in *Gomes* that those proposed intervenors would be unable to fully

---

[2] In *Gomes*, this Court distinguished some of the cases cited by the settling parties by noting that the *Gomes* proposed intervenors did not seek intervention for the purpose of objecting to the settlement. *Gomes v. Eventbrite, Inc.*, 2020 WL 6381343, at *4 (N.D. Cal. Oct. 30, 2020).

5

Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement
Case No. 5:21-cv-01155-EJD

evaluate the strength of their claims or meaningfully decide whether to object or opt out of the proposed settlement in *Gomes* until after the state court ruled on any demurrer to the second amended complaint in proposed intervenors' state court action. *See* 2020 WL 6381343, at *3. Like in *Gomes*, Proposed Intervenors here have engaged in significant motion practice in their state court action in Washington and are unable to fully assess the strength of their claims against Accellion until the Washington state court rules on the fully-briefed motion to dismiss.

### III. The Proposed Intervenors' interests are not adequately protected.

"[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). For all the reasons stated in their opening Motion, the procedural irregularities marring the proposed settlement are sufficient to show that the Proposed Intervenors' interests are not adequately protected. Counsel for the *Fehlen* Plaintiffs cannot dodge the fact that they have serially proposed premature settlements in all of the Accellion data breach lawsuits, using the same friendly mediator, while ignoring the differences between the data breaches. Neither the *Fehlen* Plaintiffs nor Accellion attempt to explain how their secret bilateral negotiations served to benefit the nebulously defined class whose claims they seek to release on the cheap. Instead, the *Fehlen* Plaintiffs disingenuously claim that Proposed Intervenors sought to control and meddle in the settlement process. The truth is that Proposed Intervenors' stipulated settlement process (with counsel representing each of the cases) would have given them *less* control than if they had just agreed to negotiate with Accellion in the way proposed by the *Fehlen* Plaintiffs, not more. And as further explained below, *Fehlen*'s counsel fails entirely to explain what meaningful discovery they have conducted, beyond their own self-serving statements of an adequate investigation into Accellion's financial status.

To distract from these deficiencies, *Fehlen*'s counsel waves at the settlement in *Cochran*. This case is not like *Cochran* because plaintiffs here seek to settle claims related to *all* of the Accellion-related data breaches—not just one of them. *See* Case No. 5:21-cv-01887-EJD, 2021 WL 5161921 (N.D. Cal. Nov. 5, 2021). It is not like *Cochran* because the defendant here settled with its

6

Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement
Case No. 5:21-cv-01155-EJD

preferred plaintiff after walking away from those representing a broader group of consumers. And it is not like *Cochran* because plaintiffs here seek to settle claims that were not even alleged in their operative complaint when they signed the settlement agreement—claims that were actively litigated by Proposed Intervenors in their first-filed state court case. Finally, at the time that this Court approved the settlement in *Cochran*, it was not yet apparent the full scope of *Fehlen*'s counsel's intention to engage in a series of reverse auctions, using the same mediator, to quickly settle numerous cases to the benefit of counsel. This Court's decision in *Cochran* thus has no bearing on Proposed Intervenors' motion.

While Accellion spends significant time arguing that the Proposed Intervenors did nothing to advance their case in Washington State Court, *see* ECF No. 98 at 18, the truth is that Proposed Intervenors successfully defeated the Washington State Auditor's Motion to Dismiss and have a fully briefed motion to dismiss pending from Accellion. The *Fehlen* case has had no leadership appointment, no such motion practice, no filed answer, and no formal discovery (or even a discovery conference).

In short, while both Accellion and the *Fehlen* Plaintiffs are content to attack Proposed Intervenors' litigation strategy, the fact of the matter is that all parties were motivated, on behalf of the putative classes, to seek an efficient resolution of this case that did not involve the cost associated with lengthy discovery, and they were in regular contact with each other's counsel in support of that endeavor. As the *Fehlen* Plaintiffs acknowledge, that included an attempt to bring their counsel into a broader settlement effort: one that had voices from all of the interested groups of Plaintiffs in pursuit of their claims against Accellion. Neither the *Fehlen* Plaintiffs nor Accellion explain why it is that Proposed Intervenors should have expected each of them—after Accellion's counsel themselves drafted a stipulation to refer this matter to a settlement conference with all plaintiffs' counsel—to settle this without warning to the broader coalition of interests meant to appear at that conference. And both the procedural irregularities associated with, and the terms of, their proposed settlement show that Proposed Intervenors' interests are not being adequately represented.

### IV. The proposed one-size-fits-all settlement is not fair, reasonable, or adequate.

#### A. The proposed settlement inappropriately treats victims of each and every Accellion data breach in the same manner.

By purporting to settle all of the approximately 9.2 million individual claims involved in dozens of data breaches, the proposed *Fehlen* settlement creates a one-size-fits-all settlement in contravention of the MDL panel's ruling denying consolidation on the very basis that such claims could not be put together. Each Accellion breach involved different breached entities, different types of data, different communications, and different regulatory schemes—belying the *Fehlen* Plaintiffs' claim that "[i]t makes no difference that one Settlement Class member was a Kroger customer . . . and another Settlement Class member had their sensitive information exposed by the SAO . . . ." ECF No. 97 at 23. As *Fehlen* Plaintiff's counsel recently noted in opposing preliminary approval of a class action settlement in another case, proposed class members often have different statutory causes of action with different values depending on their state of residence and the type of data exposed—and those interests should be represented in a class action settlement. *See In re: Cal. Pizza Kitchen Data Breach Litig.*, Case No. 8:21-cv-01928-DOC-KES (C.D. Cal.), ECF No. 48 at 13, 16 ("Plaintiffs who do not assert certain causes particular to a subclass are not able to act solely for the benefit of that subclass and cannot adequately represent the subclass in releasing their claims."). Plaintiff Tony Blake, for example, did not have his Social Security number or bank account information exposed in the Kroger-Accellion data breach. *See* Case 5:21-cv-01353-EJD, Second Am. Compl., ECF No. 43 at 5. And unlike the SAO-Accellion data breach plaintiffs, he has no cognizable claim to treble damages under the Washington Consumer Protection Act. Yet the proposed settlement treats his claims as purportedly equal in value to those of every other victim of every other Accellion-related data breach.

Contrary to the *Fehlen* Plaintiffs' mischaracterizations, *see* ECF No. 97 at 23, Proposed

8

Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement
Case No. 5:21-cv-01155-EJD

Intervenors do not claim that a fair, reasonable, and adequate global settlement with Accellion is impossible. But this settlement—which seeks to aggregate and resolve claims from multiple data breaches on inadequate investigation and compensation—is not it.

### B. There is no indication that Accellion's customers are cooperating with Accellion in providing notice.

Both the *Fehlen* Plaintiffs and Accellion have failed to show that their proposed notice plan is reasonable. Accellion admits that it does not have access to the lists of individuals impacted by the breach. *See* ECF No. 98 at 23. And, because they have failed to conduct any discovery in this case, neither do the *Fehlen* Plaintiffs. Though the *Fehlen* Plaintiffs and Accellion insist that Accellion has "contacted" its customers to request this data, *see* ECF No. 98 at 23–24, or is "in the process of collecting" it, *see* ECF No. 97 at 20, notably absent from their Oppositions is any indication that even *one* of those customers has provided a list of individuals impacted in its data breach. Had either party engaged in formal discovery—and issued subpoenas on these entities to obtain the list of individuals involved—there would be no need to rely on voluntary cooperation from the very entities impacted by Accellion's flawed FTA product. At a bare minimum, this Court lacks the information needed to evaluate the sufficiency of the notice plan.

### C. There is no indication that the *Fehlen* Plaintiffs have adequately investigated Accellion's financial condition.

Accellion and the *Fehlen* Plaintiffs aver that Accellion "provided significant pre-mediation and confirmatory discovery" *see* ECF No. 98 at 22, and that the *Fehlen* Plaintiffs engaged an as-yet unidentified expert to do an as-yet unexplained review of Accellion's as-yet unenumerated financial documents, *see* ECF No. 97 at 11. Notably absent from both parties' Oppositions is any indication of what Accellion provided, how much they provided, or how much negotiation there was over the "confirmatory" discovery that Accellion apparently self-selected. The *Fehlen* Plaintiffs give no indication of the robustness of their alleged experts' review, what it involved, or even if they paid for it. Proposed Intervenors and the Court are expected to merely take the *Fehlen* Plaintiffs' and Accellion's word for it that there is some real risk that Accellion will be unable to

9

Reply in Support of Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement
Case No. 5:21-cv-01155-EJD

pay a more substantial settlement. That is inadequate to show that the Court should discount the apparent settlement value of all Accellion data breach claims on account of Accellion's alleged financial condition. *Fraser v. Asus Computer Int'l*, 2012 WL 6680142, at *5 (N.D. Cal. Dec. 21, 2012) ("insufficient discovery and investigation have been conducted to allow counsel and the Court to value the claims in suit").

## CONCLUSION

Nothing about these actions has proceeded in a typical manner. The broad swath of entities involved in the breach of Accellion's FTA product, coupled with the JPML's refusal to consolidate these matters, have meant that numerous interested groups have been involved in this litigation at both the state and federal level. Accellion's desire for global resolution in the face of this litigation is understandable, as is the *Fehlen* Plaintiffs' desire for a quick resolution and payout to their counsel. But as Proposed Intervenors' counsel identified after the first mediation with Accellion, it is simply unworkable: each of the different breaches means different data, different risks, and different claims involved for each one of the more than 9 million individuals impacted. An $8.1 million one-size-fits-all settlement (of which most, if not all, will be used to pay only for credit monitoring and the *Fehlen* Plaintiffs' attorneys' fees) for an unidentified number of at least 9 million individuals—individuals who might be identified and provided notice only if Accellion's customers voluntarily hand over lists of their own customers to the entity that breached their customers' data in the first place—is inadequate, and prejudicial to the prosecution of Proposed Intervenors' claims against Accellion and the SAO for that breach in particular.

For these reasons, Proposed Intervenors' respectfully request that this Court grant their motion to intervene.

June 23, 2022

Respectfully submitted,

By: /s/ *David Berger*

Eric H. Gibbs (SBN 178658)
David Berger (SBN 277526)
Jeffrey Kosbie (SBN 305424)
**GIBBS LAW GROUP LLP**

10

1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
dmb@classlawgroup.com
jbk@classlawgroup.com

Kim D. Stephens (*pro hac vice forthcoming*)
Jason T. Dennett (*pro hac vice forthcoming*)
Cecily C. Jordan (*pro hac vice forthcoming*)
Kaleigh N. Boyd (*pro hac vice forthcoming*)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
(206) 682-5600 (tel.)
(206) 685-2992 (fax)
kstephens@tousley.com
jdennett@tousley.com
cjordan@tousley.com
kboyd@tousley.com

*Counsel for Proposed Intervenors*