1  TINA WOLFSON (SBN 174806)
   *twolfson@ahdootwolfson.com*
2  ROBERT AHDOOT (SBN 172098)
   *rahdoot@ahdootwolfson.com*
3  **AHDOOT & WOLFSON, PC**
   2600 W. Olive Avenue, Suite 500
4  Burbank, CA 91505-4521
   Telephone: 310.474.9111
5  Facsimile:  310.474.8585

6
   ANDREW W. FERICH (*pro hac vice*)
7  *aferich@ahdootwolfson.com*
   **AHDOOT & WOLFSON, PC**
8  201 King of Prussia Road, Suite 650
   Radnor, PA 19087
9  Telephone: 310.474.9111
   Facsimile:  310.474.8585
10

11 *Attorneys for Plaintiffs and the Proposed Class*
   *in Beyer, et al. v. Flagstar Bancorp, Inc., et al.,*
12 No. 5:21-cv-02239-EJD

13

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                      **SAN JOSE DIVISION**

16
   IN RE ACCELLION, INC. DATA BREACH          Case No. 5:21-cv-01155-EJD
17 LITIGATION

18 This Document Relates to:                   **DECLARATION OF CAMERON R.**
                                               **AZARI  IN SUPPORT OF PRELIMINARY**
19 *Beyer, et al. v. Flagstar Bancorp, Inc., et al.,*   **APPROVAL**
   Case No. 5:21-cv-02239-EJD
20                                             DATE:     December 8, 2022
21                                             TIME:     9:00 A.M.
                                               JUDGE:   Hon. Edward J. Davila
22                                             CTRM:     4, 5th Floor

23

24

25

26

27

28

TINA WOLFSON (SBN 174806)
*twolfson@ahdootwolfson.com*
ROBERT AHDOOT (SBN 172098)
*rahdoot@ahdootwolfson.com*
THEODORE MAYA (SBN 223242)
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone:     310.474.9111
Facsimile:     310.474.8585

ANDREW W. FERICH (*pro hac vice* to be filed)
*aferich@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone:     310.474.9111
Facsimile:     310.474.8585

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRACE BEYER, CHRISTOPHER HAUSER, CHARLES TYER and STEFANIE BURTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSTAR BANCORP, INC., FLAGSTAR BANK, FSB, and ACCELLION, INC.,<br><br>Defendants. | Case No. 5:21-cv-02239-EJD<br><br>Hon. Edward J. Davila<br><br>**DECLARATION OF CAMERON R. AZARI IN SUPPORT OF PRELIMINARY APPROVAL** |

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1. I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans. Hilsoft is a business unit of Epiq Class Action and Claims Solutions, Inc.

2. I am a nationally recognized expert in the field of legal notice and I have served as an expert in dozens of federal and state cases involving class action notice plans.

3. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

4. Hilsoft was retained to provide notice and administration services in this matter. This declaration will describe the Notice Plan developed for the proposed Settlement in the class action *Beyer, et al. v. Flagstar Bancorp Inc., et al.*, Case No. 5:21-cv-02239-EJD (N.D. Cal.).

5. Individual notice will be emailed or mailed to the Settlement Class thereby, effectively reaching the vast majority, if not virtually all, of the Settlement Class with notice.

6. The Federal Judicial Center's ("FJC") *Judges' Class Action Notice and Claims Process Checklist and Plaint Language Guide* (the "FJC Checklist") considers 70-95% reach among class members to be a "high percentage" and reasonable. The efforts proposed here are designed to reach virtually the entire Class with notice, thereby fulfilling the FJC guidelines as well as due process requirements.

7. I have reviewed the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form to ensure, and I can confirm, that all required information is plainly available to Settlement Class Members. Draft forms of the notices and Claim Form are attached as Exhibits A, C, and F to the Settlement Agreement.

**RELEVANT EXPERIENCE**

8. Hilsoft and Epiq are industry leaders in class action settlement administration, having implemented more than a thousand successful class action notice and settlement administration matters, and handled thousands of distributions in other contexts.

DECLARATION OF CAMERON R. AZARI ISO PRELIMINARY APPROVAL OF SETTLEMENT

9.      I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in several data breach settlements, including:

- *Nelson v. Roadrunner Transportation Systems, Inc.*, Case No. 1:18-cv-07400, (N.D. Ill.);

- *In re: Premera Blue Cross Customer Data Security Breach Litigation*, Case No. 3:15-md-02633-SI (D. Ore.);

- *In re Community Health Systems, Inc. Customer Data Security Breach Litigation*, MDL No. 2595 (N.D. Ala.);

- *Adlouni v. UCLA Health System Auxiliary, et al*, Case No. BC589243 (Sup. Ct. Cal.);

- *Parsons v. Kimpton Hotel & Restaurant Group, LLC*, Case No. 3:16-cv-05387-VC (N.D. Cal);

- *In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation*, Case No. CV2016-013446 (Sup. Ct. Cal);

- *McGann, et al., v. Schnuck Markets, Inc.*, Case No. 1322-CC00800 (Mo. Cir. Ct.);

- *Greater Chautauqua Federal Credit Union v. Kmart Corp., et al.*, Case No. 1:15-cv-02228 (N.D. Ill.);

- *In re Heartland Data Security Breach Litigation*, MDL No. 2046 (S.D. Tex.);

- *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.);

- *In re: Countrywide Financial Corp. Customer Data Security Breach Litigation*, MDL No.1998, (W.D. Ky.);

- *In re TJX Companies, Inc., Customer Data Security Breach Litigation*, MDL No. 1838 (D. Mass.);

- *Lockwood v. Certegy Check Services, Inc.*, 8:07-cv-1434-T-23TGW (M.D. Fla.); and

- *In re: Department of Veteran Affairs (VA) Data Theft Litigation*, MDL No. 1796 (D.D.C.).

10.      Numerous court opinions and comments regarding my testimony and the adequacy of our notice efforts are included in Hilsoft's curriculum vitae attached hereto as Exhibit A.

11.      In forming expert opinions, my staff and I draw from our in-depth class action case experience, as well as our educational and related work experiences. I am an active member of the Oregon State Bar, having received my Bachelor of Science from Willamette University and my Juris Doctor from Northwestern School of Law at Lewis and Clark College. I have served as the

Director of Legal Notice for Hilsoft since 2008 and have overseen the detailed planning of virtually all of our court-approved notice programs during that time. Before assuming my current role with Hilsoft, I served in a similar role as Director of Epiq Legal Noticing (previously called Huntington Legal Advertising). Overall, I have over 21 years of experience in the design and implementation of legal notification and claims administration programs, having been personally involved in well over one hundred successful notice programs.

## NOTICE PLAN SUMMARY

12.     In the proposed Settlement, Class Members include all residents of the United States who were notified by Flagstar Bancorp, Inc. and Flagstar Bank, FSB (together "Flagstar") that their Personally Identifying Information was compromised as a result of the FTA Data Breach.

### *Individual Notice – Mail and Email*

13.     The Settlement Agreement provides that Flagstar will share a Settlement Class List that includes names, mailing addresses, and email addresses for the known Settlement Class Members. The proposed Notice Plan provides that individual notice be sent via email ("Email Notice") and a Postcard Notice will be mailed to all undeliverable email addresses or to whom an email address has not been provided. All Email and Postcard Notices will also include a unique identifying number for each identified Class Member to allow for more secure online claim processing and the efficient processing of returned paper Claim Forms.

14.     Summary Notice will be sent via email to all potential Settlement Class Members for whom a facially valid email address is available. The Email Notice will use an embedded html text format. This format will provide easy to read text without graphics, tables, images and other elements that would increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters. Each Email Notice will be transmitted with a unique message identifier. If an item is returned as undeliverable, commonly referred to as a "bounce," the reason is noted. For any Email Notice for which a bounce code is received indicating that the message was undeliverable, at least two additional attempts will be made to deliver the Notice by email. The Email Notice will include an embedded link to the case website. By clicking the link,

recipients will be able to easily access information about the case.

15.     Summary Notice will also be sent as a Postcard Notice to all potential Settlement Class Members with an associated physical address for whom a facially valid email address could not be located and for those with an undeliverable email after several attempts. The Postcard Notice will be sent via USPS first class mail. The Postcard Notice clearly and concisely summarizes the case and the legal rights of the Settlement Class Members. The Postcard Notice will also direct the recipients to a case website where they can access additional information. Prior to initiating the Postcard Notice, Hilsoft will run the Class Notice List through the National Change of Address ("NCOA") database maintained by the USPS to ensure Class Member address information is up-to-date and accurately formatted for mailing.[1] In addition, the addresses will be certified via the Coding Accuracy Support System (CASS) to ensure the quality of the zip code, and will be verified through Delivery Point Validation (DPV) to verify the accuracy of the addresses. Should NCOA provide a more current mailing address for a class member, Hilsoft will update the address accordingly. Postcard Notices returned as undeliverable will be re-mailed to any new address available through USPS information, for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, but which is still during the period in which the USPS returns the piece with the address indicated, or to better addresses that may be found using a third-party lookup service. Upon successfully locating better addresses, Postcard Notices will be promptly remailed.

*Email Reminder Notice*

16.     Any Settlement Class Member for whom Hilsoft has an email address, and who has not submitted a valid claim form, Hilsoft will send periodic email reminders of the opportunity to file a Claim Form prior to the Claim Deadline. The Reminder Notice will contain a summary of

---

[1] The NOCA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery point coded addresses, for matches made to the NCOA file for individual, family, and business moves.

DECLARATION OF CAMERON R. AZARI ISO PRELIMINARY APPROVAL OF SETTLEMENT

the Settlement and a link to the case website.

### *Internet Notice Campaign*

17.     Hilsoft will conduct an internet advertisement publication notice program, which will be approved by the Parties and the Court. The internet advertisement publication notice will begin no later than the Notice Date and will continue through the Claims Deadline. The internet advertisement publication notice will be thorough and targeted.

### *Settlement Website*

18.     Hilsoft will create and maintain a dedicated settlement website: www.FlagstarFTADataBreachSettlement.com. The website address will be included in the Notices and all internet advertisements will link directly to the Settlement Website. Relevant documents, including the Long Form Notice, the Claim Form, the Settlement Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint, will be posted on the Settlement Website, so Class Members may review and download them. The Settlement Website will also provide the ability to file an online Claim Form and a Request of Exclusion, and will include relevant dates, answers to frequently asked questions, instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement Agreement, contact information for the Settlement Administrator, and other case-related information.

### *Toll-Free Number*

19.     A toll-free number will be established for the Settlement. Callers will be able to hear an introductory message. Callers will also have the option to learn more about the settlement in the form of recorded answers to frequently asked questions.

### *Notice Content*

20.     The Notices (including the Claim Form) are designed to be "noticed," reviewed, and—by presenting the information in plain language—understood by Settlement Class Members. The design of the Notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. Many courts, and the FJC itself, have approved notices that we have written and designed in a similar fashion. The Notices contain substantial,

1  albeit easy-to-read, summaries of all of the key information about Settlement Class Members'
2  rights and options. Consistent with our normal practice, all notice documents will undergo a final
3  edit prior to actual mailing and publication for grammatical errors and accuracy.

4      21.    The Long Form Notice will provide substantial information to Settlement Class
5  Members. The Long Form Notice will include (i) details regarding the Settlement Class Members'
6  ability to request exclusion from, object to, or otherwise comment on the Settlement Agreement,
7  (ii) instructions on how to submit a Claim Form, (iii) the deadline to submit Claim Forms, and (iv)
8  the date, time, and location of the Fairness Hearing, among other information. A draft of the Long
9  Form Notice is attached to the Settlement Agreement as Exhibit C.

10  ***Distribution Options***

11      22.    The Settlement provides Class Members the option of filing a Claim for Credit
12  Monitoring Services, Documented Loss Payments for reimbursement of Documented Losses, or
13  Cash Fund Payments. The Postcard Notice will contain a detailed summary of the relevant
14  information about the Settlement, including a link to the Settlement Website where Class Members
15  can file a Claim for Credit Monitoring Services, a Documented Loss Payment for reimbursement
16  of Documented Losses, or a Cash Fund Payment.  The Email Notice will link directly to the claim
17  filing portal on the settlement website, where Class Members can file an online claim for any one
18  of the three benefits offered under the Settlement. Under any method of filing a Claim, Class
19  Members will be given the option of receiving a digital payment (such as Venmo, Paypal, Digital
20  Mastercard or other options). Class Members can also elect to receive a traditional paper check.

21  **CONCLUSION**

22      23.    The above-described notice program is designed to reach virtually the entire
23  Settlement Class and provide them with information necessary to understand their rights and
24  options.

25      24.    In my opinion, the above-described notice program is consistent with other
26  effective class action notice programs.

27      25.    It is my opinion, based on my expertise and experience and that of my team, that
28

DECLARATION OF CAMERON R. AZARI ISO PRELIMINARY APPROVAL OF SETTLEMENT

this method of focused notice dissemination provides effective notice in this Action, will provide the best notice that is practicable, adheres to Fed. R. Civ. P. 23, follows the guidance set forth in the Manual for Complex Litigation 4th Ed. and FJC guidance, and exceeds the requirements of due process, including its "desire to actually inform" requirement.

26.     In my opinion, and in light of my experience in similar class action settlements, while the claims rate may always vary depending on various factors, all things being equal and in view of the administration outcomes in other recent similar data breach class action settlements, I anticipate that the claims rate in this case — for all settlement benefits available (either credit monitoring, or cash) — will be between 1% and 3%.

27.     Epiq has also been retained to provide the requisite notice to governmental agencies required pursuant to the Class Action Fairness Act and will provide a declaration attesting to the completion of such notice.

28.     At the conclusion of the Notice Plan, I will provide a final report to the Court verifying its implementation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of September 2021.


_____
Cameron R. Azari, Esq.

DECLARATION OF CAMERON R. AZARI ISO PRELIMINARY APPROVAL OF SETTLEMENT

# Exhibit A

# HILSOFT NOTIFICATIONS

Hilsoft Notifications ("Hilsoft") is a leading provider of legal notice services for large-scale class action and bankruptcy matters. We specialize in providing quality, expert, and notice plan development – designing notice programs that satisfy due process requirements and withstand judicial scrutiny. Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Hilsoft has been retained by defendants or plaintiffs for more than 500 cases, including more than 40 MDL cases, with notices appearing in more than 53 languages and in almost every country, territory and dependency in the world. For more than 25 years, Hilsoft's notice plans have been approved and upheld by courts. Case examples include:

➢ Hilsoft designed and implemented monumental notice campaigns to notify current or former owners or lessees of certain BMW, Mazda, Subaru, Toyota, Honda, Nissan, and Ford vehicles as part of $1.49 billion in settlements regarding Takata airbags. The Notice Plans included individual mailed notice to more than 59.6 million potential class members and notice via consumer publications, U.S. Territory newspapers, radio, internet banners, mobile banners, and other behaviorally targeted digital media. Combined, the Notice Plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle with a frequency of 4.0 times each. *In re: Takata Airbag Products Liability Litigation* **(OEMS – BMW, Mazda, Subaru, Toyota, Honda, Nissan and Ford)**, MDL No. 2599 (S.D. Fla.).

➢ For a landmark $6.05 billion settlement reached by Visa and MasterCard in 2012, Hilsoft implemented an intensive notice program, which included over 19.8 million direct mail notices to class members together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade and specialty publications, and language & ethnic targeted publications. Hilsoft also implemented an extensive online notice campaign with banner notices, which generated more than 770 million adult impressions, a settlement website in eight languages, and acquisition of sponsored search listings to facilitate locating the website. For the subsequent, superseding $5.54 billion settlement reached by Visa and MasterCard in 2019, Hilsoft implemented an extensive notice program, which included over 16.3 million direct mail notices to class members together with over 354 print publication insertions and banner notices, which generated more than 689 million adult impressions. *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* 05-MD-1720, MDL No. 1720 (E.D.N.Y.).

➢ For a $250 million settlement with approximately 4.7 million class members, Hilsoft designed and implemented a notice program with individual notice via postcard or email to approximately 1.43 million class members and a robust publication program, which combined, reached approximately 78.8% of all U.S. adults aged 35+ approximately 2.4 times each. *Hale v. State Farm Mutual Automobile Insurance Company, et al.,* 12-cv-00660 (S.D. Ill.).

➢ Hilsoft designed and implemented an extensive individual notice program, which included 8.6 million double-postcard notices and 1.4 million email notices. The notices informed class members of a $32 million settlement for a "security incident" regarding class members' personal information stored in Premera's computer network, which was compromised. The individual notice efforts reached 93.3% of the settlement class. A settlement website, an informational release, and a geo-targeted publication notice further enhanced the notice efforts. *In re: Premera Blue Cross Customer Data Security Breach Litigation*, 3:15-md-2633 (D. Ore.).

➢ Hilsoft provided notice for the $113 million lithium-ion batteries antitrust litigation settlements, which included individual notice via email to millions of class members, banner and social media ads, an informational release, and a settlement website. *In re: Lithium Ion Batteries Antitrust Litigation*, 4:13-md-02420, MDL No. 2420 (N.D. Cal.).

➢ Hilsoft designed a notice program that included extensive data acquisition and mailed notice to inform owners and lessees of specific models of Mercedes-Benz vehicles. The notice program reached approximately 96.5% of all class members. *Callaway v. Mercedes-Benz USA, LLC*, 8:14-cv-02011 (C.D. Cal.).

➤ Hilsoft provided notice for a $520 million settlement, which involved utility customers (residential, commercial, industrial, etc.) who paid utility bills. The notice program included individual notice to more than 1.6 million known class members via postal mail or email and a supplemental publication notice in local newspapers, banner notices, and a settlement website. The individual notice efforts alone reached more than 98.6% of the class. ***Cook, et al. v. South Carolina Public Service Authority, et al.***, 2019-CP-23-6675 (Ct. of Com. Pleas. 13th Jud. Cir. S.C.).

➤ For a $20 million TCPA settlement that involved Uber, Hilsoft created a notice program, which resulted in notice via mail or email to more than 6.9 million identifiable class members. The combined measurable notice effort reached approximately 90.6% of the settlement class with direct mail and email, newspaper and internet banner ads. ***Vergara, et al., v. Uber Technologies, Inc.***, 1:15-CV-06972 (N.D. Ill.).

➤ A comprehensive notice program within the *Volkswagen Emissions Litigation* that provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 vehicle owners via email. A targeted internet campaign further enhanced the notice effort. ***In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)***, MDL No. 2672 (N.D. Cal.).

➤ Hilsoft designed and implemented a comprehensive notice plan, which included individual notice via an oversized postcard notice to more than 740,000 class members as well as email notice to class members. Combined the individual notice efforts delivered notice to approximately 98% of the class. Supplemental newspaper notice in four large-circulation newspapers and a settlement website further expanded the notice efforts. ***Lusnak v. Bank of America, N.A.***, CV 14-1855 (C.D. Cal.).

➤ Hilsoft provided notice for both the class certification and the settlement phases of the case. The individual notice efforts included sending postcard notices to more than 2.3 million class members, which reached 96% of the class. Publication notice in a national newspaper, targeted internet banner notices and a settlement website further extended the reach of the notice plan. ***Waldrup v. Countrywide Financial Corporation, et al.***, 2:13-cv-08833 (C.D. Cal.).

➤ An extensive notice effort regarding asbestos personal injury claims and rights as to Debtors' Joint Plan of Reorganization and Disclosure Statement that was designed and implemented by Hilsoft. The notice program included nationwide consumer print publications, trade and union labor publications, internet banner advertising, an informational release, and a website. ***In re: Kaiser Gypsum Company, Inc., el al.***, 16-31602 (Bankr. W.D. N.C.).

➤ Hilsoft designed and implemented an extensive settlement notice plan for a class period spanning more than 40 years for smokers of light cigarettes. The notice plan delivered a measured reach of approximately 87.8% of Arkansas adults 25+ with a frequency of 8.9 times and approximately 91.1% of Arkansas adults 55+ with a frequency of 10.8 times. Hispanic newspaper notice, an informational release, radio public service announcements ("PSAs"), sponsored search listings and a case website further enhanced reach. ***Miner v. Philip Morris USA, Inc.***, 60CV03-4661 (Ark. Cir. Ct.).

➤ A large asbestos bar date notice effort, which included individual notice, national consumer publications, hundreds of local and national newspapers, Spanish newspapers, union labor publications, and digital media to reach the target audience. ***In re: Energy Future Holdings Corp., et al.***, 14-10979 (Bankr. D. Del.).

➤ Overdraft fee class actions have been brought against nearly every major U.S. commercial bank. For related settlements from 2010-2020, Hilsoft has developed programs that integrate individual notice, and in some cases paid media efforts. Fifth Third Bank, National City Bank, Bank of Oklahoma, Webster Bank, Harris Bank, M& I Bank, PNC Bank, Compass Bank, Commerce Bank, Citizens Bank, Great Western Bank, TD Bank, BancorpSouth, Comerica Bank, Susquehanna Bank, Associated Bank, Capital One, M&T Bank, Iberiabank and Synovus are among the more than 20 banks that have retained Epiq (Hilsoft). ***In re: Checking Account Overdraft Litigation***, MDL No. 2036 (S.D. Fla.).

➤ For one of the largest and most complex class action case in Canadian history, Hilsoft designed and implemented groundbreaking notice to disparate, remote indigenous people in the multi-billion-dollar settlement. ***In re: Residential Schools Class Action Litigation***, 00-CV-192059 CPA (Ont. Super. Ct.).



➢ BP's $7.8 billion settlement related to the Deepwater Horizon oil spill emerged from possibly the most complex class action case in U.S. history. Hilsoft drafted and opined on all forms of notice. The 2012 dual notice program to "Economic and Property Damages" and "Medical Benefits" settlement classes designed by Hilsoft reached at least 95% Gulf Coast region adults via more than 7,900 television spots, 5,200 radio spots, 5,400 print insertions in newspapers, consumer publications, and trade journals, digital media, and individual notice. Subsequently, Hilsoft designed and implemented one of the largest claim deadline notice campaigns ever implemented, which resulted in a combined measurable paid print, television, radio and internet effort, which reached in excess of 90% of adults aged 18+ in the 26 identified DMAs covering the Gulf Coast Areas an average of 5.5 times each. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.).

➢ Extensive point of sale notice program of a settlement, which provided payments of up to $100,000 related to Chinese drywall – 100 million notices distributed to Lowe's purchasers during a six-week period. *Vereen v. Lowe's Home Centers*, SU10-CV-2267B (Ga. Super. Ct.).

### LEGAL NOTICING EXPERTS

#### *Cameron Azari, Esq., Epiq Senior Vice President, Hilsoft Director of Legal Notice*

Cameron Azari, Esq. has more than 21 years of experience in the design and implementation of legal notice and claims administration programs. He is a nationally recognized expert in the creation of class action notification campaigns in compliance with Fed R. Civ. P. 23(c)(2) (d)(2) and (e) and similar state class action statutes. Cameron has been responsible for hundreds of legal notice and advertising programs. During his career, he has been involved in an array of high profile class action matters, including *In re: Takata Airbag Products Liability Litigation, In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (MasterCard & Visa), In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement), In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, In re: Checking Account Overdraft Litigation,* and *In re: Residential Schools Class Action Litigation.* He is an active author and speaker on a broad range of legal notice and class action topics ranging from FRCP Rule 23 to email noticing, response rates, and optimizing settlement effectiveness. Cameron is an active member of the Oregon State Bar. He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College. Cameron can be reached at caza@legalnotice.com.

#### *Lauran Schultz, Epiq Managing Director*

Lauran Schultz consults with Hilsoft clients on complex noticing issues. Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration since 2005. High profile actions he has been involved in include companies such as BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation. Prior to joining Epiq in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio. Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies. Lauran can be reached at lschultz@hilsoft.com.

#### *Kyle Bingham, Manager of Strategic Communications*

Kyle Bingham has 15 years of experience in the advertising industry. At Hilsoft and Epiq, Kyle is responsible for overseeing the research, planning, and execution of advertising campaigns for legal notice programs including class action, bankruptcy and other legal cases. Kyle has been involved in the design and implementation of numerous legal notice campaigns, including *In re: Takata Airbag Products Liability Litigation, In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch), In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (MasterCard & Visa), In re: Energy Future Holdings Corp., et al. (Asbestos Claims Bar Notice), In re: Residential Schools Class Action Litigation, Hale v. State Farm Mutual Automobile Insurance Company,* and *In re: Checking Account Overdraft Litigation.* Prior to joining Epiq and Hilsoft, Kyle worked at Wieden+Kennedy for seven years, an industry-leading advertising agency where he planned and purchased print, digital and broadcast media, and presented strategy and media campaigns to clients for multi-million dollar branding campaigns and regional direct response initiatives. He received his B.A. from Willamette University. Kyle can be reached at kbingham@epiqglobal.com.



## ARTICLES AND PRESENTATIONS

- **Cameron Azari** Speaker, "Virtual Global Class Actions Symposium 2020, Class Actions Case Management Panel." November 18, 2020.

- **Cameron Azari** Speaker, "Consumers and Class Action Notices: An FTC Workshop." Federal Trade Commission, Washington, DC, October 29, 2019.

- **Cameron Azari** Speaker, "The New Outlook for Automotive Class Action Litigation: Coattails, Recalls, and Loss of Value/Diminution Cases." ACI's Automotive Product Liability Litigation Conference." American Conference Institute, Chicago, IL, July 18, 2019.

- **Cameron Azari** Moderator, "Prepare for the Future of Automotive Class Actions." Bloomberg Next, Webinar-CLE, November 6, 2018.

- **Cameron Azari** Speaker, "The Battleground for Class Certification: Plaintiff and Defense Burdens, Commonality Requirements and Ascertainability." 30th National Forum on Consumer Finance Class Actions and Government Enforcement, Chicago, IL, July 17, 2018.

- **Cameron Azari** Speaker, "Recent Developments in Class Action Notice and Claims Administration." PLI's Class Action Litigation 2018 Conference, New York, NY, June 21, 2018.

- **Cameron Azari** Speaker, "One Class Action or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements." 5th Annual Western Regional CLE Program on Class Actions and Mass Torts. Clyde & Co LLP, San Francisco, CA, June 22, 2018.

- **Cameron Azari** Co-Author, *A Practical Guide to Chapter 11 Bankruptcy Publication Notice*. E-book, published, May 2017.

- **Cameron Azari** Featured Speaker, "Proposed Changes to Rule 23 Notice and Scrutiny of Claim Filing Rates," DC Consumer Class Action Lawyers Luncheon, December 6, 2016.

- **Cameron Azari** Speaker, "Recent Developments in Consumer Class Action Notice and Claims Administration." Berman DeValerio Litigation Group, San Francisco, CA, June 8, 2016.

- **Cameron Azari** Speaker, "2016 Cybersecurity & Privacy Summit. Moving From 'Issue Spotting' To Implementing a Mature Risk Management Model." King & Spalding, Atlanta, GA, April 25, 2016.

- **Cameron Azari** Speaker, "Live Cyber Incident Simulation Exercise." Advisen's Cyber Risk Insights Conference, London, UK, February 10, 2015.

- **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration." PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.

- **Cameron Azari** Co-Author, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs." *Class Action Litigation Report*, June 2014.

- **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, April 7-8, 2014 and Chicago, IL, April 28-29, 2014.

- **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 29-30, 2014.

- **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, October 25, 2013.



➢ **Cameron Azari** Co-Author, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, April 2013.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 31-February 1, 2013.

➢ **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

➢ **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 26-27, 2012.

➢ **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May 2011.

➢ **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 2011.

➢ **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

➢ **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

➢ **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

➢ **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

➢ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➢ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements" – Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stoel Rives litigation group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stroock & Stroock & Lavan Litigation Group, Los Angeles, CA, 2005.

➢ **Cameron Azari** Author, "Twice the Notice or No Settlement." Current Developments – Issue II, August 2003.

➢ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication" – Weil Gotshal litigation group, New York, NY, 2003.



## JUDICIAL COMMENTS

**Judge Anne-Christine Massullo,** ***Morris v. Provident Credit Union*** (June 23, 2021) CGC-19-581616, Sup. Ct. Cal. Cty. of San Fran.:

> The Notice approved by this Court was distributed to the Classes in substantial compliance with this Court's Order Certifying Classes for Settlement Purposes and Granting Preliminary Approval of Class Settlement ("Preliminary Approval Order") and the Agreement. The Notice met the requirements of due process and California Rules of Court, rules 3.766 and 3.769(f). The notice to the Classes was adequate.

**Judge Esther Salas,** ***Sager, et al. v. Volkswagen Group of America, Inc., et al.*** (June 22, 2021) 18-cv-13556 (D.N.J.):

> The Court further finds and concludes that Class Notice was properly and timely disseminated to the Settlement Class in accordance with the Class Notice Plan set forth in the Settlement Agreement and the Preliminary Approval Order (Dkt. No. 69). The Class Notice Plan and its implementation in this case fully satisfy Rule 23, the requirements of due process and constitute the best notice practicable under the circumstances.

**Judge Josephine L. Staton,** ***In re: Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc., et al.*** (June 10, 2021) 8:17-CV-00838 & 18-cv-02223 (C.D. Cal.):

> The Class Notice was disseminated in accordance with the procedures required by the Court's Orders … in accordance with applicable law, and satisfied the requirements of Rule 23(e) and due process and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.

**Judge Harvey Schlesinger,** ***In re: Disposable Contact Lens Antitrust Litigation*** (ABB Concise Optical Group, LLC) (May 31, 2021) 3:15-md-02626 (M.D. Fla.):

> The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreement, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Class; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

**Judge Haywood S. Gilliam, Jr.** ***Richards, et al. v. Chime Financial, Inc.*** (May 24, 2021) 4:19-cv-06864 (N.D. Cal.):

> The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Rule 23(c)(2)(B)… The Court ordered that the third-party settlement administrator send class notice via email based on a class list Defendant provided… Epiq Class Action & Claims Solutions, Inc., the third-party settlement administrator, represents that class notice was provided as directed… Epiq received a total of 527,505 records for potential Class Members, including their email addresses…. If the receiving email server could not deliver the message, a "bounce code" was returned to Epiq indicating that the message was undeliverable…. Epiq made two additional attempts to deliver the email notice… As of Mach 1, 2021, a total of 495,006 email notices were delivered, and 32,499 remained undeliverable… In light of these facts, the Court finds that the parties have sufficiently provided the best practicable notice to the Class Members.

**Judge Henry Edward Autrey,** ***Pearlstone v. Wal-Mart Stores, Inc.*** (Apr. 22, 2021) 4:17-cv-02856 (C.D. Cal.):

> The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice Plan fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.



HILSOFT NOTIFICATIONS     PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697

**Judge Lucy H. Koh,** *Grace v. Apple, Inc.* (Mar. 31, 2021) 17-CV-00551 (N.D. Cal.):

Federal Rule of Civil Procedure 23(c)(2)(B) requires that the settling parties provide class members with "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The Court finds that the Notice Plan, which was direct notice sent to 99.8% of the Settlement Class via email and U.S. Mail, has been implemented in compliance with this Court's Order (ECF No. 426) and complies with Rule 23(c)(2)(B).

**Judge Gary A. Fenner,** *In re: Pre-Filled Propane Tank Antitrust Litigation* (Mar. 30, 2021) MDL No. 2567, 14-2567 (W.D. Mo.):

Based upon the Declaration of Cameron Azari, on behalf of Epiq, the Administrator appointed by the Court, the Court finds that the Notice Program has been properly implemented. That Declaration shows that there have been no requests for exclusion from the Settlement, and no objections to the Settlement. Finally, the Declaration reflects that AmeriGas has given appropriate notice of this settlement to the Attorney General of the United States and the appropriate State officials under the Class Action Fairness Act, 28 U.S.C. § 1715, and no objections have been received from any of them.

**Judge Richard Seeborg,** *Bautista v. Valero Marketing and Supply Company* (Mar. 17, 2021) 3:15-cv-05557 (N.D. Cal.):

The Notice given to the Settlement Class in accordance with the Notice Order was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.

**Judge James D. Peterson,** *Fox, et al. v. Iowa Health System d.b.a. UnityPoint Health* (Mar. 4, 2021) 18-cv-327 (W.D. Wis.):

The approved Notice plan provided for direct mail notice to all class members at their last known address according to UnityPoint's records, as updated by the administrator through the U.S. Postal Service. For postcards returned undeliverable, the administrator tried to find updated addresses for those class members. The administrator maintained the Settlement website and made Spanish versions of the Long Form Notice and Claim Form available upon request. The administrator also maintained a toll-free telephone line which provides class members detailed information about the settlement and allows individuals to request a claim form be mailed to them.

The Court finds that this Notice (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class members of the Settlement, the effect of the Settlement (including the release therein), and their right to object to the terms of the settlement and appear at the Final Approval Hearing; (iii) constituted due and sufficient notice of the Settlement to all reasonably identifiable persons entitled to receive such notice; (iv) satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.

**Judge Larry A. Burns,** *Trujillo, et al. v. Ametek, Inc., et al.* (Mar. 3, 2021) 3:15-cv-01394 (S.D. Cal.):

The Class has received the best practicable notice under the circumstances of this case. The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate. Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order. See Dkt. 181-6. The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms. The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing… The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.



**Judge Sherri A. Lydon,** *Fitzhenry v. Independent Home Products, LLC* (Mar. 2, 2021) 2:19-cv-02993 (D.S.C.):

> *Notice was provided to Class Members in compliance with Section VI of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.*

**Judge James V. Selna,** *Alvarez v. Sirius XM Radio Inc.* (Feb. 9, 2021) 2:18-cv-8605 (C.D. Cal.):

> *The Court finds that the dissemination of the Notices attached as Exhibits to the Settlement Agreement: (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Named Plaintiffs' application for the payment of Service Awards; (vi) Class Counsel's motion for an award an attorneys' fees and expenses; (vii) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees and expenses (including a Service Award to the Named Plaintiffs and Mr. Wright); and (viii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.*

**Judge Jon S .Tigar,** *Elder v. Hilton Worldwide Holdings, Inc.* (Feb. 4, 2021) 16-cv-00278 (N.D. Cal.):

> *"Epiq implemented the notice plan precisely as set out in the Settlement Agreement and as ordered by the Court." ECF No. 162 at 9-10. Epiq sent initial notice by email to 8,777 Class Members and by U.S. Mail to the remaining 1,244 Class members. Id. at 10. The Notice informed Class Members about all aspects of the Settlement, the date and time of the fairness hearing, and the process for objections. ECF No. 155 at 28-37. Epiq then mailed notice to the 2,696 Class Members whose emails were returned as undeliverable. Id. "Of the 10,021 Class Members identified from Defendants' records, Epiq was unable to deliver the notice to only 35 Class Members. Accordingly, the reach of the notice is 99.65%." Id. (citation omitted) Epiq also created and maintained a settlement website and a toll-free hotline that Class Members could call if they had questions about the settlement. Id.*

> *The Court finds that the parties have complied with the Court's preliminary approval order and, because the notice plan complied with Rule 23, have provided adequate notice to class members.*

**Judge Michael W. Jones,** *Wallace, et al, v. Monier Lifetile LLC, et al.* (Jan. 15, 2021) SCV-16410 (Sup. Ct. Cal.):

> *The Court also finds that the Class Notice and notice process were implemented in accordance with the Preliminary Approval Order, providing the best practicable notice under the circumstances.*

**Judge Kristi K. DuBose,** *Drazen v. GoDaddy.com, LLC* and *Bennett v. GoDaddy.com, LLC* (Dec. 23, 2020) 1:19-cv-00563 (S.D. Ala.):

> *The Court finds that the Notice and the claims procedures actually implemented satisfy due process, meet the requirements of Rule 23(e)(1), and the Notice constitutes the best notice practicable under the circumstances.*

**Judge Haywood S. Gilliam, Jr.,** *Izor v. Abacus Data Systems, Inc.* (Dec. 21, 2020) 19-cv-01057 (N.D. Cal.):

> *The Court finds that the notice plan previously approved by the Court was implemented and that the notice thus satisfied Rule 23(c)(2)(B).  [T]he Court finds that the parties have sufficiently provided the best practicable notice to the class members.*



**Judge Christopher C. Conner,** *AI's Discount Plumbing, et al. v. Viega, LLC* (Dec. 18, 2020) 19-cv-00159 (M.D. Pa.):

> The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Fed. R. Civ. P. 23(c)(2)(B) and due process. Specifically, the Court ordered that the third-party Settlement Administrator, Epiq, send class notice via email, U.S. mail, by publication in two recognized industry magazines, Plumber and PHC News, in both their print and online digital forms, and to implement a digital media campaign. (ECF 99). Epiq represents that class notice was provided as directed. See Declaration of Cameron R. Azari, ¶¶ 12-15 (ECF 104-13).

**Judge Naomi Reice Buchwald,** *In re: Libor-Based Financial Instruments Antitrust Litigation* (Dec. 16, 2020) MDL No. 2262 1:11-md-2262 (S.D.N.Y.):

> Upon review of the record, the Court hereby finds that the forms and methods of notifying the members of the Settlement Classes and their terms and conditions have met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all members of the Settlement Classes of these proceedings and the matters set forth herein, including the Settlements, the Plan of Allocation and the Fairness Hearing. Therefore, the Class Notice is finally approved.

**Judge Larry A. Burns,** *Cox, et al. Ametek, Inc., et al.* (Dec 15, 2020) 3:17-cv-00597 (S.D. Cal.):

> The Class has received the best practicable notice under the circumstances of this case. The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate. Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order. See Dkt. 129-6. The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms. The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing… The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.

**Judge Timothy J. Sullivan***, Robinson v. Nationstar Mortgage LLC* (Dec. 11, 2020) 8:14-cv-03667 (D. Md.):

> The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the United States Constitution, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The Class Notice fully satisfied the requirements of Due Process.

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Dec. 10, 2020) 4:13-md-02420, MDL No. 2420 (N.D. Cal.):

> The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order prior to remand, and a second notice campaign thereafter. (See Dkt. No. 2571.) The class received direct and indirect notice through several methods – email notice, mailed notice upon request, an informative settlement website, a telephone support line, and a vigorous online campaign. Digital banner advertisements were targeted specifically to settlement class members, including on Google and Yahoo's ad networks, as well as Facebook and Instagram, with over 396 million impressions delivered. Sponsored search listings were employed on Google, Yahoo and Bing, resulting in 216,477 results, with 1,845 clicks through to the settlement website. An informational released was distributed to 495 media contacts in the consumer electronics industry. The case website has continued to be maintained as a channel for communications with class members. Between February 11, 2020 and April 23, 2020, there were 207,205 unique visitors to the website. In the same period, the toll-free telephone number available to class members received 515 calls.



**Judge Katherine A. Bacal,** *Garvin v. San Diego Unified Port District* (Nov. 20, 2020) 37-2020-00015064 (Sup. Ct. Cal.):

Notice was provided to Class Members in compliance with the Settlement Agreement, California Code of Civil Procedure §382 and California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing notice to all individual Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The Notice fully satisfied the requirements of due process.

**Judge Catherine D. Perry,** *Pirozzi, et al. v. Massage Envy Franchising, LLC* (Nov. 13, 2020) 4:19-cv-807 (E.D. Mo.):

The COURT hereby finds that the CLASS NOTICE given to the CLASS: (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the time and manner by which CLASS MEMBERS could submit a CLAIM under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances, constituted a reasonable manner of notice to all class members who would be bound by the SETTLEMENT, and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.

**Judge Robert E. Payne,** *Skochin, et al. v. Genworth Life Insurance Company, et al.* (Nov. 12, 2020) 3:19-cv-00049 (E.D. Vir.):

For the reasons set forth in the Court's Memorandum Opinion addressing objections to the Settlement Agreement, . . . the plan to disseminate the Class Notice and Publication Notice, which the Court previously approved, has been implemented and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process.

**Judge Jeff Carpenter,** *Eastwood Construction LLC, et al. v. City of Monroe* (Oct. 27, 2020) 18-cvs-2692 and *The Estate of Donald Alan Plyler Sr., et al. v. City of Monroe* (Oct. 27, 2020) 19-cvs-1825 (Sup. Ct. N.C.):

Therefore, the Court GRANTS the Final Approval Motion, CERTIFIES the class as defined below for settlement purposes only, APPROVES the Settlement, and GRANTS the Fee Motion…
The Settlement Agreement and the Settlement Notice are found to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and are hereby approved pursuant to North Carolina Rule of Civil Procedure 23. The Parties are hereby authorized and directed to comply with and to consummate the Settlement Agreement in accordance with the terms and provisions set forth in the Settlement Agreement, and the Clerk of the Court is directed to enter and docket this Order and Final Judgement in the Actions.

**Judge M. James Lorenz,** *Walters, et al. v. Target Corp.* (Oct. 26, 2020) 3:16-cv-1678 (S.D. Cal.):

The Court has determined that the Class Notices given to Settlement Class members fully and accurately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members consistent with all applicable requirements. The Court further finds that the Notice Program satisfies due process and has been fully implemented.

**Judge Maren E. Nelson,** *Harris, et al. v. Farmers Insurance Exchange and Mid Century Insurance Company* (Oct. 26, 2020) BC 579498 (Sup. Ct Cal.):

Distribution of Notice directed to the Settlement Class Members as set forth in the Settlement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Settlement Class members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice, which reached 99.9% of all Settlement Class Members, provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to Notice, and the Notice and its distribution fully satisfied the requirements of due process.



**Judge Vera M. Scanlon,** *Lashambae v. Capital One Bank, N.A.* (Oct. 21, 2020) 1:17-cv-06406 (E.D.N.Y.):

> The Class Notice, as amended, contained all of the necessary elements, including the class definition, the identities of the named Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding the opt-out procedures and deadlines, and the date and location of the Final Approval Hearing. Notice was successfully delivered to approximately 98.7% of the Settlement Class and only 78 individual Settlement Class Members did not receive notice by email or first class mail.
>
> Having reviewed the content of the Class Notice, as amended, and the manner in which the Class Notice was disseminated, this Court finds that the Class Notice, as amended, satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules. The Class Notice, as amended, provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and provided this Court with jurisdiction over the absent Settlement Class Members. See Fed. R. Civ. P. 23(c)(2)(B).

**Chancellor Walter L. Evans,** *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals* (Oct. 14, 2020) CH-13-04871-1 (30th Jud. Dist. Tenn.):

> Based upon the filings and the record as a whole, the Court finds and determines that dissemination of the Class Notice as set forth herein complies with Tenn. R. Civ. P. 23.03(3) and 23.05 and (i) constitutes the best practicable notice under the circumstances, (ii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of Class Settlement, their rights to object to the proposed Settlement, (iii) was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, (iv) meets all applicable requirements of Due Process; (v) and properly provides notice of the attorney's fees that Class Counsel shall seek in this action. As a result, the Court finds that Class Members were properly notified of their rights, received full Due Process . . . .

**Judge Sara L. Ellis,** *Nelson v. Roadrunner Transportation Systems, Inc.* (Sept. 15, 2020) 1:18-cv-07400 (N.D. Ill.):

> Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiff have been provided to Settlement Class Members as directed by this Court's Orders,
>
> The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

**Judge George H. Wu,** *Lusnak v. Bank of America, N.A.* (Aug. 10, 2020) CV 14-1855 (C.D. Cal.):

> The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties. The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Lawsuit, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

**Judge James Lawrence King,** *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A.* (Aug. 10, 2020) 1:10-cv-22190 (S.D. Fla.) as part of *In re: Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

> The Court finds that the members of the Settlement Class were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15). This Settlement was widely publicized, and any member of the Settlement Class who wished to express comments or objections had ample opportunity and means to do so.



**Judge Jeffrey S. Ross,** *Lehman v. Transbay Joint Powers Authority, et al.* (Aug. 7, 2020) CGC-16-553758 (Sup. Ct. Cal.):

> The Notice approved by this Court was distributed to the Settlement Class Members in compliance with this Court's Order Granting Preliminary Approval of Class Action Settlement, dated May 8, 2020. The Notice provided to the Settlement Class Members met the requirements of due process and constituted the best notice practicable in the circumstances. Based on evidence and other material submitted in conjunction with the final approval hearing, notice to the class was adequate.

**Judge Jean Hoefer Toal,** *Cook, et al. v. South Carolina Public Service Authority, et al.* (July 31, 2020) 2019-CP-23-6675 (Ct. of Com. Pleas. 13th Jud. Cir. S.C.):

> Notice was sent to more than 1.65 million Class members, published in newspapers whose collective circulation covers the entirety of the State, and supplemented with internet banner ads totaling approximately 12.3 million impressions. The notices directed Class members to the settlement website and toll-free line for additional inquiries and further information. After this extensive notice campaign, only 78 individuals (0.0047%) have opted-out, and only nine (0.00054%) have objected. The Court finds this response to be overwhelmingly favorable.

**Judge Peter J. Messitte,** *Jackson, et al. v. Viking Group, Inc., et al.* (July 28, 2020) 8:18-cv-02356 (D. Md.):

> [T]he Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order as amended. The Court finds that the Notice Plan: (i) constitutes the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Lawsuit and the terms of the Settlement, their right to exclude themselves from the Settlement, or to object to any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

**Judge Michael P. Shea,** *Grayson, et al. v. General Electric Company* (July 27, 2020) 3:13-cv-01799 (D. Conn.):

> Pursuant to the Preliminary Approval Order, the Settlement Notice was mailed, emailed and disseminated by the other means described in the Settlement Agreement to the Class Members. This Court finds that this notice procedure was (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Civil Action and of their right to object to or exclude themselves from the proposed Settlement; and (iii) reasonable and constitutes due, adequate, and sufficient notice to all entities and persons entitled to receive notice.

**Judge Gerald J. Pappert,** *Rose v. The Travelers Home and Marine Insurance Company, et al.* (July 20, 2020) 19-cv-00977 (E.D. Pa.):

> The Class Notice . . . has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. Such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement or to object to any part of the settlement, the rights of the Settlement Class to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

**Judge Christina A. Snyder,** *Waldrup v. Countrywide Financial Corporation, et al.* (July 16, 2020) 2:13-cv-08833 (C.D. Cal.):

> The Court finds that mailed and publication notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and FED. R. CIV. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members



*and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.*

**Judge James Donato,** ***Coffeng, et al. v. Volkswagen Group of America, Inc.*** (June 10, 2020) 17-cv-01825 (N.D. Cal.):

*The Court finds that, as demonstrated by the Declaration and Supplemental Declaration of Cameron Azari, and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with FED. R. CIV. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Michael W. Fitzgerald,** ***Behfarin v. Pruco Life Insurance Company, et al.*** (June 3, 2020) 17-cv-05290 (C.D. Cal.):

*The Court finds that the requirements of Rule 23 of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied . . . .*

*This Court finds that the Claims Administrator caused notice to be disseminated to the Class in accordance with the plan to disseminate Notice outlined in the Settlement Agreement and the Preliminary Approval Order, and that Notice was given in an adequate and sufficient manner and complies with Due Process and Fed. R. Civ. P. 23.*

**Judge Nancy J. Rosenstengel,** ***First Impressions Salon, Inc., et al. v. National Milk Producers Federation, et al.*** (Apr. 27, 2020) 3:13-cv-00454 (S.D. Ill.):

*The Court finds that the Notice given to the Class Members was completed as approved by this Court and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The settlement Notice Plan was modeled on and supplements the previous court-approved plan and, having been completed, constitutes the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, the Plan of Distribution, these proceedings, and the rights of Class members to opt-out of the Class and/or object to Final Approval of the Settlement, as well as Plaintiffs' Motion requesting attorney fees, costs, and Class Representative service awards.*

**Judge Harvey Schlesinger,** ***In re: Disposable Contact Lens Antitrust Litigation*** **(CooperVision, Inc.)** (Mar. 4, 2020) 3:15-md-02626 (M.D. Fla.):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Orders; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to the provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).*

**Judge Amos L. Mazzant,** ***Stone, et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens*** (Mar. 3, 2020) 4:17-cv-00001 (E.D. Tex.):

*The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.*

*In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Equitable Relief Settlement Class; (iii) the claims and issues of the*



*Equitable Relief Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).*

**Judge Michael H. Simon,** ***In re: Premera Blue Cross Customer Data Security Breach Litigation*** (Mar. 2, 2020) 3:15-md-2633 (D. Ore.):

*The Court confirms that the form and content of the Summary Notice, Long Form Notice, Publication Notice, and Claim Form, and the procedure set forth in the Settlement for providing notice of the Settlement to the Class, were in full compliance with the notice requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), fully, fairly, accurately, and adequately advised members of the Class of their rights under the Settlement, provided the best notice practicable under the circumstances, fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and afforded Class Members with adequate time and opportunity to file objections to the Settlement and attorney's fee motion, submit Requests for Exclusion, and submit Claim Forms to the Settlement Administrator.*

**Judge Maxine M. Chesney,** ***McKinney-Drobnis, et al. v. Massage Envy Franchising*** (Mar. 2, 2020) 3:16-cv-6450 (N.D. Cal.):

*The COURT hereby finds that the individual direct CLASS NOTICE given to the CLASS via email or First Class U.S. Mail (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the manner in which CLASS MEMBERS could submit a VOUCHER REQUEST under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.*

**Judge Harry D. Leinenweber,** ***Albrecht v. Oasis Power, LLC d/b/a Oasis Energy*** (Feb. 6, 2020) 1:18-cv-1061 (N.D. Ill.):

*The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

*The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.*

**Judge Robert Scola, Jr.,** ***Wilson, et al. v. Volkswagen Group of America, Inc., et al.*** (Jan. 28, 2020) 17-cv-23033 (S.D. Fla.):

*The Court finds that the Class Notice, in the form approved by the Court, was properly disseminated to the Settlement Class pursuant to the Notice Plan and constituted the best practicable notice under the circumstances. The forms and methods of the Notice Plan approved by the Court met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.*

**Judge Michael Davis,** ***Garcia v. Target Corporation*** (Jan. 27, 2020) 16-cv-02574 (D. Minn.):

*The Court finds that the Notice Plan set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final*


HILSOFT NOTIFICATIONS

*Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

**Judge Bruce Howe Hendricks,** *In re: TD Bank, N.A. Debit Card Overdraft Fee Litigation* (Jan. 9, 2020) MDL No. 2613, 6:15-MN-02613 (D.S.C.):

*The Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Declaration of Cameron R. Azari (ECF No. 220-1) and the Supplemental Declaration of Cameron R. Azari (ECF No. 225-1), the Court hereby finds that notice was accomplished in accordance with the Court's directives. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process and Federal Rule 23.*

**Judge Margo K. Brodie,** *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Dec. 13, 2019) MDL No. 1720, 05-md-1720 (E.D.N.Y.):

*The notice and exclusion procedures provided to the Rule 23(b)(3) Settlement Class, including but not limited to the methods of identifying and notifying members of the Rule 23(b)(3) Settlement Class, were fair, adequate, and sufficient, constituted the best practicable notice under the circumstances, and were reasonably calculated to apprise members of the Rule 23(b)(3) Settlement Class of the Action, the terms of the Superseding Settlement Agreement, and their objection rights, and to apprise members of the Rule 23(b)(3) Settlement Class of their exclusion rights, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, any other applicable laws or rules of the Court, and due process.*

**Judge Steven Logan,** *Knapper v. Cox Communications, Inc.* (Dec. 13, 2019) 2:17-cv-00913 (D. Ariz.):

*The Court finds that the form and method for notifying the class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order (Doc. 120). The Court further finds that the notice satisfied due process principles and the requirements of Federal Rule of Civil Procedure 23(c), and the Plaintiff chose the best practicable notice under the circumstances. The Court further finds that the notice was clearly designed to advise the class members of their rights.*

**Judge Manish Shah,** *Prather v. Wells Fargo Bank, N.A.* (Dec. 10, 2019) 1:17-cv-00481 (N.D. Ill.):

*The Court finds that the Notice Plan set forth in Section VIII of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

**Judge Liam O'Grady,** *Liggio v. Apple Federal Credit Union* (Dec. 6, 2019) 1:18-cv-01059 (E.D. Vir.):

*The Court finds that the manner and form of notice (the "Notice Plan") as provided for in the this Court's July 2, 2019 Order granting preliminary approval of class settlement, and as set forth in the Parties' Settlement Agreement was provided to Settlement Class Members by the Settlement Administrator. . . The Notice Plan was reasonably calculated to give actual notice to Settlement Class Members of the right to receive benefits from the Settlement, and to be excluded from or object to the Settlement. The Notice Plan met the requirements of Rule 23(c)(2)(B) and due process and constituted the best practicable notice under the circumstances.*

**Judge Brian McDonald,** *Armon, et al. v. Washington State University* (Nov. 8, 2019) 17-2-23244-1 (consolidated with 17-2-25052-0) (Sup. Ct. Wash.):

*The Court finds that the Notice Program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied CR 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide-and did provide-due and sufficient Notice to the Settlement Class of the pendency of the Litigation; certification of the Settlement Class for settlement purposes only; the existence and terms of the Settlement; the identity of Class Counsel and appropriate information about Class Counsel's then-forthcoming application for attorneys' fees and incentive awards to the Class Representatives; appropriate information about how to participate in the Settlement; Settlement Class Members' right to exclude themselves; their right to object to the Settlement and to appear at the Final Approval Hearing, through counsel if they desired; and appropriate*



*instructions as to how to obtain additional information regarding this Litigation and the Settlement. In addition, pursuant to CR 23(c)(2)(B), the Notice properly informed Settlement Class Members that any Settlement Class Member who failed to opt-out would be prohibited from bringing a lawsuit against Defendant based on or related to any of the claims asserted by Plaintiffs, and it satisfied the other requirements of the Civil Rules.*

**Judge Andrew J. Guilford,** *In re: Wells Fargo Collateral Protection Insurance Litigation* (Nov. 4, 2019) 8:17-ml-02797 (C.D. Cal.):

*Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the parties' settlement administrator, was able to deliver the court-approved notice materials to all class members, including 2,254,411 notice packets and 1,019,408 summary notices.*

**Judge Paul L. Maloney,** *Burch v. Whirlpool Corporation* (Oct. 16, 2019) 1:17-cv-00018 (W.D. Mich.):

*[T]he Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and applicable state laws and due process.*

**Judge Gene E.K. Pratter,** *Tashica Fulton-Green, et al. v. Accolade, Inc.* (Sept. 24, 2019) 2:18-cv-00274 (E.D. Pa.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).*

**Judge Edwin Torres,** *Burrow, et al. v. Forjas Taurus S.A., et al.* (Sept. 6, 2019) 1:16-cv-21606 (S.D. Fla.):

*Because the Parties complied with the agreed-to notice provisions as preliminarily approved by this Court, and given that there are no developments or changes in the facts to alter the Court's previous conclusion, the Court finds that the notice provided in this case satisfied the requirements of due process and of Rule 23(c)(2)(B).*

**Judge Amos L. Mazzant,** *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* (Aug. 30, 2019) 4:19-cv-00248 (E.D. Tex.):

*The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.*

*In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified 2011 Settlement Class; (iii) the claims and issues of the 2011 Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).*

**Judge Karon Owen Bowdre,** *In re: Community Health Systems, Inc. Customer Data Security Breach Litigation* (Aug. 22, 2019) MDL No. 2595, 2:15-cv-222 (N.D. Ala.):

*The court finds that the Notice Program: (1) satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process; (2) was the best practicable notice under the circumstances; (3) reasonably apprised Settlement Class members of the pendency of the Action and their right to object to the settlement or opt-out of the Settlement Class; and (4) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice. Approximately 90% of the 6,081,189 individuals identified as Settlement Class members received the Initial Postcard Notice of this Settlement Action.*

*The court further finds, pursuant to Fed. R. Civ. P. 23(c)(2)(B), that the Class Notice adequately informed Settlement Class members of their rights with respect to this action.*



**Judge Christina A. Snyder,** *Zaklit, et al. v. Nationstar Mortgage LLC, et al.* (Aug. 21, 2019) 5:15-cv-02190 (C.D. Cal.):

> *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

**Judge Brian M. Cogan,** *Luib v. Henkel Consumer Goods Inc.* (Aug. 19, 2019) 1:17-cv-03021 (E.D.N.Y.):

> *The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Aug. 16, 2019) 4:13-md-02420 MDL No. 2420 (N.D. Cal.):

> *The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order. [T]he notice program reached approximately 87 percent of adults who purchased portable computers, power tools, camcorders, or replacement batteries, and these class members were notified an average of 3.5 times each. As a result of Plaintiffs' notice efforts, in total, 1,025,449 class members have submitted claims. That includes 51,961 new claims, and 973,488 claims filed under the prior settlements.*

**Judge Jon Tigar,** *McKnight, et al. v. Uber Technologies, Inc., et al.* (Aug. 13, 2019) 3:14-cv-05615 (N.D. Cal.):

> *The settlement administrator, Epiq Systems, Inc., carried out the notice procedures as outlined in the preliminary approval. ECF No. 162 at 17-18. Notices were mailed to over 22 million class members with a success rate of over 90%. Id. at 17. Epiq also created a website, banner ads, and a toll free number. Id. at 17-18. Epiq estimates that it reached through mail and other formats 94.3% of class members. ECF No. 164 ¶ 28. In light of these actions, and the Court's prior order granting preliminary approval, the Court finds that the parties have provided adequate notice to class members.*

**Judge Gary W.B. Chang,** *Robinson v. First Hawaiian Bank* (Aug. 8, 2019) 17-1-0167-01 (Cir. Ct. of First Cir. Haw.):

> *This Court determines that the Notice Program satisfies all of the due process requirements for a class action settlement.*

**Judge Karin Crump,** *Hyder, et al. v. Consumers County Mutual Insurance Company* (July 30, 2019) D-1-GN-16-000596 (D. Ct. of Travis County Tex.):

> *Due and adequate Notice of the pendency of this Action and of this Settlement has been provided to members of the Settlement Class, and this Court hereby finds that the Notice Plan described in the Preliminary Approval Order and completed by Defendant complied fully with the requirements of due process, the Texas Rules of Civil Procedure, and the requirements of due process under the Texas and United States Constitutions, and any other applicable laws.*

**Judge Wendy Bettlestone,** *Underwood v. Kohl's Department Stores, Inc., et al.* (July 24, 2019) 2:15-cv-00730 (E.D. Pa.):

> *The Notice, the contents of which were previously approved by the Court, was disseminated in accordance with the procedures required by the Court's Preliminary Approval Order in accordance with applicable law.*



**Judge Andrew G. Ceresia, J.S.C.,** *Denier, et al. v. Taconic Biosciences, Inc.* (July 15, 2019) 00255851 (Sup Ct. N.Y.):

> The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of the CPLR.

**Judge Vince G. Chhabria,** *Parsons v. Kimpton Hotel & Restaurant Group, LLC* (July 11, 2019) 3:16-cv-05387 (N.D. Cal.):

> Pursuant to the Preliminary Approval Order, the notice documents were sent to Settlement Class Members by email or by first-class mail, and further notice was achieved via publication in People magazine, internet banner notices, and internet sponsored search listings. The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiff. The Notice and Notice Program constituted sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

**Judge Daniel J. Buckley,** *Adlouni v. UCLA Health Systems Auxiliary, et al.* (June 28, 2019) BC589243 (Sup. Ct. Cal.):

> The Court finds that the notice to the Settlement Class pursuant to the Preliminary Approval Order was appropriate, adequate, and sufficient, and constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and the opportunity to exclude themselves from the Settlement Class or present objections to the settlement. The notice fully complied with the requirements of due process and all applicable statutes and laws and with the California Rules of Court.

**Judge John C. Hayes III,** *Lightsey, et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA, et al.* (June 11, 2019) 2017-CP-25-335 (Ct. of Com. Pleas., S.C.):

> These multiple efforts at notification far exceed the due process requirement that the class representative provide the best practical notice. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140 (1974); Hospitality Mgmt. Assoc., Inc. v. Shell Oil, Inc., 356 S.C. 644, 591 S.E.2d 611 (2004). Following this extensive notice campaign reaching over 1.6 million potential class member accounts, Class counsel have received just two objections to the settlement and only 24 opt outs.

**Judge Stephen K. Bushong,** *Scharfstein v. BP West Coast Products, LLC* (June 4, 2019) 1112-17046 (Ore. Cir., County of Multnomah):

> The Court finds that the Notice Plan was effected in accordance with the Preliminary Approval and Notice Order, dated March 26, 2019, was made pursuant to ORCP 32 D, and fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.

**Judge Cynthia Bashant,** *Lloyd, et al. v. Navy Federal Credit Union* (May 28, 2019) 17-cv-1280 (S.D. Cal.):

> This Court previously reviewed, and conditionally approved Plaintiffs' class notices subject to certain amendments. The Court affirms once more that notice was adequate.

**Judge Robert W. Gettleman,** *Cowen v. Lenny & Larry's Inc.* (May 2, 2019) 1:17-cv-01530 (N.D. Ill.):

> Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the elements specified by the Court in the preliminary approval order. Adequate notice of the amended settlement and the final approval hearing has also been given. Such notice informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a means to obtain additional information; was adequate notice under the circumstances; was valid, due, and sufficient notice to all Settlement Class [M]embers; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.



**Judge Edward J. Davila,** *In re: HP Printer Firmware Update Litigation* (Apr. 25, 2019) 5:16-cv-05820 (N.D. Cal.):

> *Due and adequate notice has been given of the Settlement as required by the Preliminary Approval Order. The Court finds that notice of this Settlement was given to Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.*

**Judge Claudia Wilken,** *Naiman v. Total Merchant Services, Inc., et al.* (Apr. 16, 2019) 4:17-cv-03806 (N.D. Cal.):

> *The Court also finds that the notice program satisfied the requirements of Federal Rule of Civil Procedure 23 and due process. The notice approved by the Court and disseminated by Epiq constituted the best practicable method for informing the class about the Final Settlement Agreement and relevant aspects of the litigation.*

**Judge Paul Gardephe,** *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* (Mar. 31, 2019) 15-cv-9924 (S.D.N.Y.):

> *The Notice given to Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and provided due and adequate notice to the Class.*

**Judge Alison J. Nathan,** *Pantelyat, et al. v. Bank of America, N.A., et al.* (Jan. 31, 2019) 16-cv-08964 (S.D.N.Y.):

> *The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.*

**Judge Kenneth M. Hoyt,** *Al's Pals Pet Card, LLC, et al. v. Woodforest National Bank, N.A., et al.* (Jan. 30, 2019) 4:17-cv-3852 (S.D. Tex.):

> *[T]he Court finds that the class has been notified of the Settlement pursuant to the plan approved by the Court. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715.*

**Judge Robert M. Dow, Jr.,** *In re: Dealer Management Systems Antitrust Litigation* (Jan. 23, 2019) MDL No. 2817, 18-cv-00864 (N.D. Ill.):

> *The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.*

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(Ford)** (Dec. 20, 2018) MDL No. 2599 (S.D. Fla.):

> *The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: .(i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States*



*Constitution (including the Due Process Clause), FED. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Herndon,** *Hale v. State Farm Mutual Automobile Insurance Company, et al.* (Dec. 16, 2018) 3:12-cv-00660 (S.D. Ill.):

*The Class here is estimated to include approximately 4.7 million members. Approximately 1.43 million of them received individual postcard or email notice of the terms of the proposed Settlement, and the rest were notified via a robust publication program "estimated to reach 78.8% of all U.S. Adults Aged 35+ approximately 2.4 times." Doc. 966-2 ¶¶ 26, 41. The Court previously approved the notice plan (Doc. 947), and now, having carefully reviewed the declaration of the Notice Administrator (Doc. 966-2), concludes that it was fully and properly executed, and reflected "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. P. 23(c)(2)(B). The Court further concludes that CAFA notice was properly effectuated to the attorneys general and insurance commissioners of all 50 states and District of Columbia.*

**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund, et al. v. Bank of America, N.A., et al.* (Nov. 13, 2018) 14-cv-7126 (S.D.N.Y.):

*The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 26, 2018 Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge William L. Campbell, Jr.,** *Ajose, et al. v. Interline Brands, Inc.* (Oct. 23, 2018) 3:14-cv-01707 (M.D. Tenn.):

*The Court finds that the Notice Plan, as approved by the Preliminary Approval Order: (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was reasonable and the best practicable notice under the circumstances; (iii) reasonably apprised the Settlement Class of the pendency of the action, the terms of the Agreement, their right to object to the proposed settlement or opt out of the Settlement Class, the right to appear at the Final Fairness Hearing, and the Claims Process; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice.*

**Judge Joseph C. Spero,** *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (Oct. 15, 2018) 3:16-cv-05486 (N.D. Cal.):

*[T]the Court finds that notice to the class of the settlement complied with Rule 23(c)(3) and (e) and due process. Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement, voluntary dismissal, or compromise. Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B)…The notice program included notice sent by first class mail to 1,750,564 class members and reached approximately 95.2% of the class.*

**Judge Marcia G. Cooke,** *Dipuglia v. US Coachways, Inc.* (*Sept. 28, 2018)* 1:17-cv-23006 (S.D. Fla.):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the Case 1:17-cv-23006-MGC Document 66 Entered on FLSD Docket 09/28/2018 Page 3 of 7 4 proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Beth Labson Freeman,** *Gergetz v. Telenav, Inc.* (Sept. 27, 2018) 5:16-cv-04261 (N.D. Cal.):

*The Court finds that the Notice and Notice Plan implemented pursuant to the Settlement Agreement, which consists of individual notice sent via first-class U.S. Mail postcard, notice provided via email, and the posting of relevant Settlement documents on the Settlement Website, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons*


HILSOFT NOTIFICATIONS

*entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of this Court.*

**Judge M. James Lorenz,** *Farrell v. Bank of America, N.A.* (Aug. 31, 2018) 3:16-cv-00492 (S.D. Cal.):

*The Court therefore finds that the Class Notices given to Settlement Class members adequately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Dean D. Pregerson,** *Falco, et al. v. Nissan North America, Inc., et al.* (July 16, 2018) 2:13-cv-00686 (C.D. Cal.):

*Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by first-class mail was given in an adequate and sufficient manner, and constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Lynn Adelman,** *In re: Windsor Wood Clad Window Product Liability Litigation* (July 16, 2018) MDL No. 2688, 16-md-02688 (E.D. Wis.):

*The Court finds that the Notice Program was appropriately administered, and was the best practicable notice to the Class under the circumstances, satisfying the requirements of Rule 23 and due process. The Notice Program, constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; fully satisfied the requirements of the Constitution of the United States (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law; and is based on the Federal Judicial Center's illustrative class action notices.*

**Judge Stephen K. Bushong,** *Surrett, et al. v. Western Culinary Institute, et al.* (June 18, 2018) 0803-03530 (Ore. Cir. County of Multnomah):

*This Court finds that the distribution of the Notice of Settlement was effected in accordance with the Preliminary Approval/Notice Order, dated February 9, 2018, was made pursuant to ORCP 32 D, and fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund, et al. v. Bank of America, N.A., et al.* (June 1, 2018) 14-cv-7126 (S.D.N.Y.):

*The mailing of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice distribution efforts described in the Motion for Final Approval, as provided for in the Court's October 24, 2017 Order Providing for Notice to the Settlement Class and Preliminarily Approving the Plan of Distribution, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge Brad Seligman,** *Larson v. John Hancock Life Insurance Company (U.S.A.)* (May 8, 2018) RG16813803 (Sup. Ct. Cal.):

*The Court finds that the Class Notice and dissemination of the Class Notice as carried out by the Settlement Administrator complied with the Court's order granting preliminary approval and all applicable requirements of law, including, but not limited to California Rules of Court, rule 3.769(f) and the Constitutional requirements of due process, and constituted the best notice practicable under the circumstances and sufficient notice to all persons entitled to notice of the Settlement.*

*[T]he dissemination of the Class Notice constituted the best notice practicable because it included mailing individual notice to all Settlement Class Members who are reasonably identifiable using the same method used to inform class members of certification of the class, following a National Change of Address search and run through the LexisNexis Deceased Database.*



**Judge Federico A. Moreno,** ***Masson v. Tallahassee Dodge Chrysler Jeep, LLC*** (May 8, 2018) 17-cv-22967 (S.D. Fla.):

> *The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Chancellor Russell T. Perkins,** ***Morton v. GreenBank*** (Apr. 18, 2018) 11-135-IV (20th Jud. Dist. Tenn.):

> *The Notice Program as provided or in the Agreement and the Preliminary Amended Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class members who could be identified through reasonable effort. The Notice Plan fully satisfied the requirements of Tennessee Rule of Civil Procedure 23.03, due process and any other applicable law.*

**Judge James V. Selna,** ***Callaway v. Mercedes-Benz USA, LLC*** (Mar. 8, 2018) 8:14-cv-02011 (C.D. Cal.):

> *The Court finds that the notice given to the Class was the best notice practicable under the circumstances of this case, and that the notice complied with the requirements of Federal Rule of Civil Procedure 23 and due process.*

> *The notice given by the Class Administrator constituted due and sufficient notice to the Settlement Class, and adequately informed members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.*

> *The Court has considered and rejected the objection . . . [regarding] the adequacy of the notice plan. The notice given provided ample information regarding the case. Class members also had the ability to seek additional information from the settlement website, from Class Counsel or from the Class Administrator*

**Judge Thomas M. Durkin,** ***Vergara, et al., v. Uber Technologies, Inc.*** (Mar. 1, 2018) 1:15-cv-06972 (N.D. Ill.):

> *The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.*

**Judge Federico A. Moreno,** ***In re: Takata Airbag Products Liability Litigation*** **(Honda & Nissan)** (Feb. 28, 2018) MDL No. 2599 (S.D. Fla.):

> *The Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED R. CIV. R. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Susan O. Hickey,** ***Larey v. Allstate Property and Casualty Insurance Company*** (Feb. 9, 2018) 4:14-cv-04008 (W.D. Kan.):

> *Based on the Court's review of the evidence submitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval*



*Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.*

**Judge Muriel D. Hughes,** *Glaske v. Independent Bank Corporation* (Jan. 11, 2018) 13-009983 (Cir. Ct. Mich.):

*The Court-approved Notice Plan satisfied due process requirements . . . The notice, among other things, was calculated to reach Settlement Class Members because it was sent to their last known email or mail address in the Bank's files.*

**Judge Naomi Reice Buchwald,** *Orlander v. Staples, Inc.* (Dec. 13, 2017) 13-CV-0703 (S.D.N.Y.):

*The Notice of Class Action Settlement ("Notice") was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement Agreement and Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23 and the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

**Judge Lisa Godbey Wood,** *T.A.N. v. PNI Digital Media, Inc.* (Dec. 1, 2017) 2:16-cv-132 (S.D. Ga.):

*Notice to the Settlement Class Members required by Rule 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.*

**Judge Robin L. Rosenberg,** *Gottlieb v. Citgo Petroleum Corporation* (Nov. 29, 2017) 9:16-cv-81911 (S.D. Fla):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Donald M. Middlebrooks,** *Mahoney v. TT of Pine Ridge, Inc.* (Nov. 20, 2017) 9:17-cv-80029 (S.D. Fla.):

*Based on the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement Agreement, and upon the Declaration of Cameron Azari, Esq. (DE 61-1), the Court finds that Class Notice provided to the Settlement Class was the best notice practicable under the circumstances, and that it satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).*

**Judge Gerald Austin McHugh,** *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric, et al.* (Nov. 8, 2017) 2:14-cv-04464 (E.D. Pa.):

*Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* (BMW, Mazda, Toyota, & Subaru) (Nov. 1, 2017) MDL No. 2599 (S.D. Fla.):

*[T]he Court finds that the Class Notice has been given to the Class in the manner approved in the Preliminary Approval Order. The Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and Final Order and Final Judgment in the Action, whether*



*favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Charles R. Breyer,** *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (May 17, 2017) MDL No. 2672 (N.D. Cal.):

*The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used." (Dkt. No. 3188-2 ¶ 24.)*

**Judge Rebecca Brett Nightingale,** *Ratzlaff, et al. v. BOKF, NA d/b/a Bank of Oklahoma, et al.* (May 15, 2017) CJ-2015-00859 (Dist. Ct. Okla.):

*The Court-approved Notice Plan satisfies Oklahoma law because it is "reasonable" (12 O.S. § 2023(E)(l)) and it satisfies due process requirements because it was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).*

**Judge Joseph F. Bataillon,** *Klug v. Watts Regulator Company* (Apr. 13, 2017) No. 8:15-cv-00061 (D. Neb.):

*The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December 7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed.*

**Judge Yvonne Gonzalez Rogers,** *Bias v. Wells Fargo & Company, et al.* (Apr. 13, 2017) 4:12-cv-00664 (N.D. Cal.):

*The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.*

*Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.*

*Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).*

**Judge Carlos Murguia,** *Whitton v. Deffenbaugh Industries, Inc., et al.* (Dec. 14, 2016) 2:12-cv-02247 and *Gary, LLC v. Deffenbaugh Industries, Inc., et al.* 2:13-cv-02634 (D. Kan.):

*The Court determines that the Notice Plan as implemented was reasonably calculated to provide the best notice practicable under the circumstances and contained all required information for members of the proposed Settlement Class to act to protect their interests. The Court also finds that Class Members were provided an adequate period of time to receive Notice and respond accordingly.*

**Judge Yvette Kane,** *In re: Shop-Vac Marketing and Sales Practices Litigation* (Dec. 9, 2016) MDL No. 2380 (M.D. Pa.):

*The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.*



**Judge Timothy D. Fox,** *Miner v. Philip Morris USA, Inc.* (Nov. 21, 2016) 60CV03-4661 (Ark. Cir. Ct.):

> The Court finds that the Settlement Notice provided to potential members of the Class constituted the best and most practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Arkansas Rules of Civil Procedure.

**Judge Eileen Bransten,** *In re: HSBC Bank USA, N.A.,* **as part of** *In re: Checking Account Overdraft Litigation* (Oct. 13, 2016) 650562/2011 (Sup. Ct. N.Y.):

> This Court finds that the Notice Program and the Notice provided to Settlement Class members fully satisfied the requirements of constitutional due process, the N.Y. C.P.L.R., and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.

**Judge Jerome B. Simandle,** *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* (Sept. 20, 2016) MDL No. 2540 (D.N.J.):

> The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.

**Judge Marcia G. Cooke,** *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* (Apr. 11, 2016) 14-23120 (S.D. Fla.):

> Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc. [Hilsoft Notifications], has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Mar. 22, 2016) 4:13-md-02420 MDL No. 2420 (N.D. Cal.):

> From what I could tell, I liked your approach and the way you did it. I get a lot of these notices that I think are all legalese and no one can really understand them. Yours was not that way.

**Judge Christopher S. Sontchi,** *In re: Energy Future Holdings Corp, et al.* (July 30, 2015) 14-10979 (Bankr. D. Del.):

> Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**Judge David C. Norton,** *In re: MI Windows and Doors Inc. Products Liability Litigation* (July 22, 2015) MDL No. 2333, 2:12-mn-00001 (D.S.C.):

> The court finds that the Notice Plan, as described in the Settlement and related declarations, has been faithfully carried out and constituted the best practicable notice to Class Members under the circumstances of this Action, and was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with Notice.
>
> The court also finds that the Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action; (2) their right to exclude themselves from the Settlement Class and the proposed Settlement; (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Named Plaintiffs or Class Counsel, or the award of attorney's and representative fees); (4) their right to appear at the fairness hearing (either on their own or through counsel hired at their own expense); and (5) the binding and

 HILSOFT NOTIFICATIONS

*preclusive effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all Persons who do not request exclusion from the Settlement Class. As such, the court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the rules of this court, and any other applicable law, and provided sufficient notice to bind all Class Members, regardless of whether a particular Class Member received actual notice.*

**Judge Robert W. Gettleman,** *Adkins, et al. v. Nestlé Purina PetCare Company, et al.* (June 23, 2015) 1:12-cv-02871 (N.D. Ill.):

*Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*

**Judge James Lawrence King,** *Steen v. Capital One, N.A.* (May 22, 2015) 2:10-cv-01505 (E.D. La.) and 1:10-cv-22058 (S.D. Fla.) as part of *In re: Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.):

*The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15). This Settlement with Capital One was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so. Azari Decl. ¶¶ 30-39.*

**Judge Rya W. Zobel,** *Gulbankian et al. v. MW Manufacturers, Inc.* (Dec. 29, 2014) 1:10-cv-10392 (D. Mass.):

*This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court finds that the Notice Plan that was implemented by the Claims Administrator satisfies the requirements of FED. R. CIV. P. 23, 28 U.S.C. § 1715, and Due Process, and is the best notice practicable under the circumstances. The Notice Plan constituted due and sufficient notice of the Settlement, the Final Approval Hearing, and the other matters referred to in the notices. Proof of the giving of such notices has been filed with the Court via the Azari Declaration and its exhibits.*

**Judge Edward J. Davila,** *Rose v. Bank of America Corporation, et al.* (Aug. 29, 2014) 5:11-cv-02390 and 5:12-cv-0400 (N.D. Cal.):

*The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing. The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.*

**Judge James A. Robertson, II,** *Wong, et al. v. Alacer Corp.* (June 27, 2014) CGC-12-519221 (Sup. Ct. Cal.):

*Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. Based on the Declaration of Cameron Azari dated March 7, 2014, such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of California Civil Code Section 1781, California Civil Code of Civil Procedure Section 382, Rules 3.766 of the California Rules of Court, and due process.*



**Judge John Gleeson,** *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Dec. 13, 2013) MDL No. 1720, 05-md-01720 (E.D.N.Y.):

> The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards… The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.

**Judge Lance M. Africk,** *Evans, et al. v. TIN, Inc., et al.* (July 7, 2013) 2:11-cv-02067 (E.D. La.):

> The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

**Judge Edward M. Chen,** *Marolda v. Symantec Corporation* (Apr. 5, 2013) 3:08-cv-05701 (N.D. Cal.):

> Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out . . . The Court . . . concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.

**Judge Ann D. Montgomery,** *In re: Zurn Pex Plumbing Products Liability Litigation* (Feb. 27, 2013) MDL No. 1958, 08-md-1958 (D. Minn.):

> The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.

> The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).

**Magistrate Judge Stewart,** *Gessele, et al. v. Jack in the Box, Inc.* (Jan. 28, 2013) 3:10-cv-960 (D. Ore.):

> Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.

**Judge Carl J. Barbier,** *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Medical Benefits Settlement)* (Jan. 11, 2013) MDL No. 2179 (E.D. La.):

> Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)



*The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.*

**Judge Carl J. Barbier, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Economic and Property Damages Settlement)*** (Dec. 21, 2012) MDL No. 2179 (E.D. La.):

*The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation. The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.*

*The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.*

*The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.*

**Judge Alonzo Harris, *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.*** (Aug. 17, 2012) 12-C-1599 (27th Jud. D. Ct. La.):

*Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.*

**Judge James Lawrence King, *Sachar v. Iberiabank Corporation*** (Apr. 26, 2012) as part of ***In re: Checking Account Overdraft*** MDL No. 2036 (S.D. Fla):

*The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims . . . [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment." In re: Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1104-05 (5th Cir. 1977). The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class*


HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE          10300 SW ALLEN BLVD          BEAVERTON, OR 97005          T 503-597-7697

*Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.*

**Judge Bobby Peters, *Vereen v. Lowe's Home Centers*** (Apr. 13, 2012) SU10-cv-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*

**Judge Lee Rosenthal, *In re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation*** (Mar. 2, 2012) MDL No. 2046 (S.D. Tex.):

*The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement… Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members. (Docket Entry No. 106, ¶ 32). Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re: Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at *23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197.*

**Judge John D. Bates, *Trombley v. National City Bank*** (Dec. 1, 2011) 1:10-cv-00232 (D.D.C.) as part of ***In re: Checking Account Overdraft Litigation*** MDL No. 2036 (S.D. Fla.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr., *Schulte v. Fifth Third Bank*** (July 29, 2011) 1:09-cv-06655 (N.D. Ill.):

*The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle, *Williams v. Hammerman & Gainer Inc.*** (June 30, 2011) 11-C-3187-B (27th Jud. D. Ct. La.):

*Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others more fully described in this Court's order of 30th day of March 2011 were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court*



*to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Stefan R. Underhill, *Mathena v. Webster Bank, N.A.*** (Mar. 24, 2011) 3:10-cv-01448 (D. Conn.) as part of ***In re: Checking Account Overdraft Litigation*** MDL No. 2036 (S.D. Fla.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*

**Judge Ted Stewart, *Miller v. Basic Research, LLC*** (Sept. 2, 2010) 2:07-cv-00871 (D. Utah):

*Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans. Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a neutral, Court-approved Internet website; and 5) a toll-free telephone number. Similar mixed media plans have been approved by other district courts post class certification. The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi, *Pavlov v. Continental Casualty Co.*** (Oct. 7, 2009) 5:07-cv-2580 (N.D. Ohio):

*As previously set forth in this Memorandum Opinion, the elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims. With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson, *In re: Department of Veterans Affairs (VA) Data Theft Litigation*** (Sept. 23, 2009) MDL No. 1796 (D.D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances. The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*

## LEGAL NOTICE CASES

Hilsoft has served as a notice expert for planning, implementation and/or analysis in the following partial list of cases:

| | |
|---|---|
| ***Yamagata et al. v. Reckitt Benckiser LLC*** | N.D. Cal., No. 3:17-cv-03529 |
| ***Thompson et al. v. Community Bank, N.A.*** **(Overdraft)** | N.D.N.Y., No. 8:19-cv-0919 |
| ***Silveira v. M&T Bank*** | C.D. Cal., No. 2:19-cv-06958 |
| ***In re Toll Roads Litigation; Borsuk et al. v. Foothill/Eastern Transportation Corridor Agency, et al.*** **(OCTA Settlement)** | C.D. Cal., No. 8:16-cv-00262 |
| ***In Re: Toll Roads Litigation*** **(3M/TCA Settlement)** | C.D. Cal., No. 8:16-cv-00262 |



| | |
|---|---|
| *Pearlstone v. Wal-Mart Stores, Inc.* (Sales Tax) | C.D. Cal., No. 4:17-cv-02856 |
| *Zanca, et al. v. Epic Games, Inc.* (Fortnite or Rocket League Video Games) | Sup Ct. Wake Cnty., N.C., No. 21-CVS-534 |
| *In re: Flint Water Cases* | E.D. Mich., No. 5:16-cv-10444 |
| *Kukorinis, et al. v. Walmart, Inc.* | S.D. Fla., No. 1:19-cv-20592 |
| *Grace v. Apple, Inc.* | N.D. Cal., No. 17-CV-00551 |
| *Alvarez v. Sirius XM Radio Inc.* | C.D. Cal., No. 2:18-cv-8605 |
| *In re: Pre-Filled Propane Tank Antitrust Litigation* | W.D. Mo., No. MDL No. 2567, No. 14-2567 |
| *In re: Disposable Contact Lens Antitrust Litigation* (ABB Concise Optical Group, LLC) | M.D. Fla., No. 3:15-md-02626 |
| *Bally v. State Farm Insurance Company* | N.D. Cal., No. 3:18-cv-04954 |
| *Morris v. Provident Credit Union* (Overdraft) | Sup. Ct. Cal. Cty. of San Fran., No. CGC-19-581616 |
| *Pennington v. Tetra Tech, Inc. et al.* | N.D. Cal., No. 3:18-cv-05330 |
| *Maldonado et al. v. Apple Inc, et al.* | N.D. Cal., No. 3:16-cv-04067 |
| *UFCW & Employers Benefit Trust v. Sutter Health, et al.* | Sup. Ct. of Cal., Cnty of San Fran., No. CGC 14-538451 Consolidated with CGC-18-565398 |
| *Fitzhenry v. Independent Home Products, LLC* (TCPA) | D.S.C., No. 2:19-cv-02993 |
| *In re: Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc., et al.* | C.D. Cal., Nos. 8:17-CV-00838 & 18-cv-02223 |
| *Sager, et al. v. Volkswagen Group of America, Inc., et al.* | D.N.J., No. 18-cv-13556 |
| *Bautista v. Valero Marketing and Supply Company* | N.D. Cal., No. 3:15-cv-05557 |
| *Snee Farm Lakes Homeowner's Association Inc. v. The Commissioners of Public Works for the Town of Mount Pleasant d/b/a Mount Pleasant Waterworks* | Ct. of Com. Pleas., S.C., No. 2018-CP-10-2764 |
| *Richards, et al. v. Chime Financial, Inc.* | N.D. Cal., No. 4:19-cv-06864 |
| *In re: Health Insurance Innovations Securities Litigation* | M.D. Fla., No. 8:17-cv-02186 |
| *Fox, et al. v. Iowa Health System d.b.a. UnityPoint Health* (Data Breach) | W.D. Wis., No. 18-cv-327 |
| *Smith v. Costa Del Mar, Inc.* | M.D. Fla., No. 3:18-cv-1011 |
| *Al's Discount Plumbing, et al. v. Viega, LLC* (Building Products) | M.D. Pa., No. 19-cv-00159 |
| *The Weinstein Company Holdings, LLC* | Bankr. D. Del., No. 18-10601 |
| *Rose v. The Travelers Home and Marine Insurance Company, et al.* | E.D. Pa., No. 19-cv-00977 |
| *Paris et al. v. Progressive American Insurance Company, et al.* | S.D. Fla., No. 19-cv-21761 |
| *Chinitz v. Intero Real Estate Services* | N.D. Cal., No. 5:18-cv-05623 |
| *Eastwood Construction LLC, et al. v. City of Monroe*<br>*The Estate of Donald Alan Plyler Sr., et al. v. City of Monroe* | Sup. Ct. N.C., Nos. 18-CVS-2692 & 19-CVS-1825 |



| | |
|---|---|
| *Garvin v. San Diego Unified Port District* | Sup. Ct. Cal., No. 37-2020-00015064 |
| *Consumer Financial Protection Bureau v. Siringoringo Law Firm* | C.D. Cal., No. 8:14-cv-01155 |
| *Robinson v. Nationstar Mortgage LLC* | D. Md., No. 8:14-cv-03667 |
| *Drazen v. GoDaddy.com, LLC* and *Bennett v. GoDaddy.com, LLC* (TCPA) | S.D. Ala., No. 1:19-cv-00563 |
| *In re: Libor-Based Financial Instruments Antitrust Litigation* | S.D.N.Y., MDL No. 2262, No. 1:11-md-2262 |
| *Izor v. Abacus Data Systems, Inc.* (TCPA) | N.D. Cal., No. 19-cv-01057 |
| *Cook, et al. v. South Carolina Public Service Authority, et al.* | Ct. of Com. Pleas. 13th Jud. Cir. S.C., No. 2019-CP-23-6675 |
| *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals* | 30th Jud. Dist. Tenn., No. CH-13-04871-1 |
| *In re: Roman Catholic Diocese of Harrisburg* | Bank. Ct. M.D. Pa., No. 1:20-bk-00599 |
| *Denier, et al. v. Taconic Biosciences, Inc.* | Sup Ct. N.Y., No. 00255851 |
| *Robinson v. First Hawaiian Bank* (Overdraft) | Cir. Ct. of First Cir. Haw., No. 17-1-0167-01 |
| *Burch v. Whirlpool Corporation* | W.D. Mich., No. 1:17-cv-00018 |
| *Armon, et al. v. Washington State University* (Data Breach) | Sup. Ct. Wash., No. 17-2-23244-1 consolidated with No. 17-2-25052-0 |
| *Wilson, et al. v. Volkswagen Group of America, Inc., et al.* | S.D. Fla., No. 17-cv-23033 |
| *Prather v. Wells Fargo Bank, N.A.* (TCPA) | N.D. Ill., No. 1:17-cv-00481 |
| *In re: Wells Fargo Collateral Protection Insurance Litigation* | C.D. Cal., No. 8:17-ml-02797 |
| *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.* | D. Ore., No. 3:16-cv-00580 |
| *Coffeng, et al. v. Volkswagen Group of America, Inc.* | N.D. Cal., No. 17-cv-01825 |
| *In re: Disposable Contact Lens Antitrust Litigation* (CooperVision, Inc.) | M.D. Fla., No. 3:15-md-02626 |
| *Audet, et al. v. Garza, et al.* | D. Conn., No. 3:16-cv-00940 |
| *Hyder, et al. v. Consumers County Mutual Insurance Company* | D. Ct. of Travis County Tex., No. D-1-GN-16-000596 |
| *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:19-cv-00248 |
| *In re: TD Bank, N.A. Debit Card Overdraft Fee Litigation* | D.S.C., MDL No. 2613, No. 6:15-MN-02613 |
| *Liggio v. Apple Federal Credit Union* | E.D. Vir., No. 1:18-cv-01059 |
| *Garcia v. Target Corporation* (TCPA) | D. Minn., No. 16-cv-02574 |
| *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy* | N.D. Ill., No. 1:18-cv-1061 |
| *McKinney-Drobnis, et al. v. Massage Envy Franchising* | N.D. Cal., No. 3:16-cv-6450 |



| | |
|---|---|
| *In re: Optical Disk Drive Products Antitrust Litigation* | N.D. Cal., MDL No. 2143, No. 3:10-md-2143 |
| *Stone, et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:17-cv-00001 |
| *In re: Kaiser Gypsum Company, Inc., el al.* (Asbestos) | Bankr. W.D. N.C., No. 16-31602 |
| *Kuss v. American HomePatient, Inc., et al.* (Data Breach) | M.D. Fla., No. 8:18-cv-2348 |
| *Lusnak v. Bank of America, N.A.* | C.D. Cal., No. 14-cv-1855 |
| *In re: Premera Blue Cross Customer Data Security Breach Litigation* | D. Ore., No. 3:15-md-2633 |
| *Elder v. Hilton Worldwide Holdings, Inc.* (Hotel Stay Promotion) | N.D. Cal., No. 16-cv-00278 |
| *Grayson, et al. v. General Electric Company* (Microwaves) | D. Conn., No. 3:13-cv-01799 |
| *Harris, et al. v. Farmers Insurance Exchange and Mid Century Insurance Company* | Sup. Ct Cal., No. BC 579498 |
| *Lashambae v. Capital One Bank, N.A.* (Overdraft) | E.D.N.Y., No. 1:17-cv-06406 |
| *Trujillo, et al. v. Ametek, Inc., et al.* (Toxic Leak) | S.D. Cal., No.3:15-cv-01394 |
| *Cox, et al. v. Ametek, Inc., et al.* (Toxic Leak) | S.D. Cal., No. 3:17-cv-00597 |
| *Pirozzi, et al. v. Massage Envy Franchising, LLC* | E.D. Mo., No. 4:19-CV-807 |
| *Lehman v. Transbay Joint Powers Authority, et al.* (Millennium Tower) | Sup. Ct. Cal., No. GCG-16-553758 |
| *In re: FCA US LLC Monostable Electronic Gearshift Litigation* | E.D. Mich., MDL No. 2744 & No. 16-md-02744 |
| *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A., as part of In re: Checking Account Overdraft* | S.D. Fla., No. 1:10-CV-22190, as part of MDL No. 2036 |
| *Behfarin v. Pruco Life Insurance Company, et al.* | C.D. Cal., No. 17-cv-05290 |
| *In re: Renovate America Finance Cases* | Sup. Ct, Cal., County of Riverside, No. RICJCCP4940 |
| *Nelson v. Roadrunner Transportation Systems, Inc.* (Data Breach) | N.D. Ill., No. 1:18-cv-07400 |
| *Skochin, et al. v. Genworth Life Insurance Company, et al.* | E.D. Vir., No. 3:19-cv-00049 |
| *Walters, et al. v. Target Corp.* (Overdraft) | S.D. Cal., No. 3:16-cv-1678 |
| *Jackson, et al. v. Viking Group, Inc., et al.* | D. Md., No. 8:18-cv-02356 |
| *Waldrup v. Countrywide Financial Corporation, et al.* | C.D. Cal., No. 2:13-cv-08833 |
| *Burrow, et al. v. Forjas Taurus S.A., et al.* | S.D. Fla., No. 1:16-cv-21606 |
| *Henrikson v. Samsung Electronics Canada Inc.* | Ontario Sup. Ct., No. 2762-16cp |
| *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation* | E.D. Pa., No. 2:09-md-02034 |
| *Lightsey, et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA, et al.* | Ct. of Com. Pleas., S.C., No. 2017-CP-25-335 |



| | |
|---|---|
| *Rabin v. HP Canada Co., et al.* | Quebec Ct., Dist. of Montreal, No. 500-06-000813-168 |
| *McIntosh v. Takata Corporation, et al.; Vitoratos, et al. v. Takata Corporation, et al.; and Hall v. Takata Corporation, et al.* | Ontario Sup Ct., No. CV-16-543833-00CP; Quebec Sup. Ct of Justice, No. 500-06-000723-144; & Court of Queen's Bench for Saskatchewan, No. QBG. 1284 or 2015 |
| *Di Filippo v. The Bank of Nova Scotia, et al.* (Gold Market Instrument) | Ontario Sup. Ct., No. CV-15-543005-00CP & No. CV-16-551067-00CP |
| *Adlouni v. UCLA Health Systems Auxiliary, et al.* | Sup. Ct. Cal., No. BC589243 |
| *Lloyd, et al. v. Navy Federal Credit Union* | S.D. Cal., No. 17-cv-1280 |
| *Luib v. Henkel Consumer Goods Inc.* | E.D.N.Y., No. 1:17-cv-03021 |
| *Zaklit, et al. v. Nationstar Mortgage LLC, et al.* (TCPA) | C.D. Cal., No. 5:15-cv-02190 |
| *In re: HP Printer Firmware Update Litigation* | N.D. Cal., No. 5:16-cv-05820 |
| *In re: Dealer Management Systems Antitrust Litigation* | N.D. Ill., MDL No. 2817, No. 18-cv-00864 |
| *Mosser v. TD Bank, N.A. and Mazzadra, et al. v. TD Bank, N.A.,* as part of *In re: Checking Account Overdraft* | E.D. Pa., No. 2:10-cv-00731, S.D. Fla., No. 10-cv-21386 and S.D. Fla., No. 1:10-cv-21870, as part of S.D. Fla., MDL No. 2036 |
| *Naiman v. Total Merchant Services, Inc., et al.* (TCPA) | N.D. Cal., No. 4:17-cv-03806 |
| *In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation* | Sup. Ct. Cal., No. CV2016-013446 |
| *Parsons v. Kimpton Hotel & Restaurant Group, LLC* (Data Breach) | N.D. Cal., No. 3:16-cv-05387 |
| *Stahl v. Bank of the West* | Sup. Ct. Cal., No. BC673397 |
| *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* | S.D.N.Y., No. 15-cv-9924 |
| *Tashica Fulton-Green, et al. v. Accolade, Inc.* | E.D. Pa., No. 2:18-cv-00274 |
| *In re: Community Health Systems, Inc. Customer Data Security Breach Litigation* | N.D. Ala., MDL No. 2595, No. 2:15-CV-222 |
| *Al's Pals Pet Card, LLC, et al. v. Woodforest National Bank, N.A., et al.* | S.D. Tex., No. 4:17-cv-3852 |
| *Cowen v. Lenny & Larry's Inc.* | N.D. Ill., No. 1:17-cv-01530 |
| *Martin v. Trott* (MI - Foreclosure) | E.D. Mich., No. 2:15-cv-12838 |
| *Knapper v. Cox Communications, Inc.* (TCPA) | D. Ariz., No. 2:17-cv-00913 |
| *Dipuglia v. US Coachways, Inc.* (TCPA) | S.D. Fla., No. 1:17-cv-23006 |
| *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (TCPA) | N.D. Cal., No. 3:16-cv-05486 |
| *First Impressions Salon, Inc., et al. v. National Milk Producers Federation, et al.* | S.D. Ill., No. 3:13-cv-00454 |
| *Raffin v. Medicredit, Inc., et al.* | C.D. Cal., No. 15-cv-4912 |

| | |
|---|---|
| *Gergetz v. Telenav, Inc.* (TCPA) | N.D. Cal., No. 5:16-cv-04261 |
| *Ajose, et al. v. Interline Brands Inc.* (Plumbing Fixtures) | M.D. Tenn., No. 3:14-cv-01707 |
| *Underwood v. Kohl's Department Stores, Inc., et al.* | E.D. Pa., No. 2:15-cv-00730 |
| *Surrett, et al. v. Western Culinary Institute, et al.* | Ore. Cir., County of Multnomah, No. 0803-03530 |
| *Vergara, et al., v. Uber Technologies, Inc.* (TCPA) | N.D. Ill., No. 1:15-CV-06972 |
| *Watson v. Bank of America Corporation, et al.;*<br>*Bancroft-Snell et al. v. Visa Canada Corporation, et al.;*<br>*Bakopanos v. Visa Canada Corporation, et al.;*<br>*Macaronies Hair Club and Laser Center Inc. operating as Fuze Salon v. BofA Canada Bank, et al.;*<br>*Hello Baby Equipment Inc. v. BofA Canada Bank and others*<br>*(Visa and Mastercard Canadian Interchange Fees)* | Sup. Ct. of B.C., No. VLC-S-S-112003;<br>Ontario Sup. Ct., No. CV-11-426591;<br>Sup. Ct. of Quebec, No. 500-06-00549-101;<br>Ct. of QB of Alberta, No. 1203-18531;<br>Ct. of QB of Saskatchewan, No. 133 of 2013 |
| *In re: Takata Airbag Products Liability Litigation* (OEMs – BMW, Mazda, Subaru, and Toyota) | S.D. Fla., MDL No. 2599 |
| *In re: Takata Airbag Products Liability Litigation* (OEMs – Honda and Nissan) | S.D. Fla., MDL No. 2599 |
| *In re: Takata Airbag Products Liability Litigation* (OEM – Ford) | S.D. Fla., MDL No. 2599 |
| *Poseidon Concepts Corp., et al.* (Canadian Securities Litigation) | Ct. of QB of Alberta, No. 1301-04364 |
| *Callaway v. Mercedes-Benz USA, LLC* (Seat Heaters) | C.D. Cal., No. 8:14-cv-02011 |
| *Hale v. State Farm Mutual Automobile Insurance Company, et al.* | S.D. Ill., No. 3:12-cv-0660 |
| *Farrell v. Bank of America, N.A.* (Overdraft) | S.D. Cal., No. 3:16-cv-00492 |
| *In re: Windsor Wood Clad Window Products Liability Litigation* | E.D. Wis., MDL No. 2688, No. 16-MD-02688 |
| *Wallace, et al, v. Monier Lifetile LLC, et al.* | Sup. Ct. Cal., No. SCV-16410 |
| *In re: Parking Heaters Antitrust Litigation* | E.D.N.Y., No. 15-MC-0940 |
| *Pantelyat, et al. v. Bank of America, N.A., et al.* (Overdraft / Uber) | S.D.N.Y., No. 16-cv-08964 |
| *Falco et al. v. Nissan North America, Inc., et al.* (Engine – CA & WA) | C.D. Cal., No. 2:13-cv-00686 |
| *Alaska Electrical Pension Fund, et al. v. Bank of America N.A., et al.* (ISDAfix Instruments) | S.D.N.Y., No. 14-cv-7126 |
| *Larson v. John Hancock Life Insurance Company (U.S.A.)* | Sup. Ct. Cal., No. RG16813803 |
| *Larey v. Allstate Property and Casualty Insurance Company* | W.D. Kan., No. 4:14-cv-04008 |
| *Orlander v. Staples, Inc.* | S.D.N.Y., No. 13-cv-0703 |
| *Masson v. Tallahassee Dodge Chrysler Jeep, LLC* (TCPA) | S.D. Fla., No. 1:17-cv-22967 |
| *Gordon, et al. v. Amadeus IT Group, S.A., et al.* | S.D.N.Y., No. 1:15-cv-05457 |
| *Alexander M. Rattner v. Tribe App., Inc., and*<br>*Kenneth Horsley v. Tribe App., Inc.* | S.D. Fla., Nos. 1:17-cv-21344 & 1:14-cv-2311 |



| | |
|---|---|
| *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric, et al.* | E.D. Pa., No. 2:14-cv-04464 |
| *Mahoney v. TT of Pine Ridge, Inc.* | S.D. Fla., No. 9:17-cv-80029 |
| *Ma, et al. v. Harmless Harvest Inc.* (Coconut Water) | E.D.N.Y., No. 2:16-cv-07102 |
| *Reilly v. Chipotle Mexican Grill, Inc.* | S.D. Fla., No. 1:15-cv-23425 |
| *The Financial Oversight and Management Board for Puerto Rico as representative of Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy)* | D. Puerto Rico, No. 17-04780 |
| *In re: Syngenta Litigation* | 4th Jud. Dist. Minn., No. 27-CV-15-3785 |
| *T.A.N. v. PNI Digital Media, Inc.* | S.D. Ga., No. 2:16-cv-132 |
| *Lewis v. Flue-Cured Tobacco Cooperative Stabilization Corporation (n/k/a United States Tobacco Cooperative, Inc.)* | N.C. Gen. Ct of Justice, Sup. Ct. Div., No. 05 CVS 188, No. 05 CVS 1938 |
| *McKnight, et al. v. Uber Technologies, Inc., et al.* | N.D. Cal., No. 14-cv-05615 |
| *Gottlieb v. Citgo Petroleum Corporation* (TCPA) | S.D. Fla., No. 9:16-cv-81911 |
| *Farnham v. Caribou Coffee Company, Inc.* (TCPA) | W.D. Wis., No. 16-cv-00295 |
| *Jacobs, et al. v. Huntington Bancshares Inc., et al.* (FirstMerit Overdraft Fees) | Ohio C.P., No. 11CV000090 |
| *Morton v. Greenbank* (Overdraft Fees) | 20th Jud. Dist. Tenn., No. 11-135-IV |
| *Ratzlaff, et al. v. BOKF, NA d/b/a Bank of Oklahoma, et al.* (Overdraft Fees) | Dist. Ct. Okla., No. CJ-2015-00859 |
| *Klug v. Watts Regulator Company* (Product Liability) | D. Neb., No. 8:15-cv-00061 |
| *Bias v. Wells Fargo & Company, et al.* (Broker's Price Opinions) | N.D. Cal., No. 4:12-cv-00664 |
| *Greater Chautauqua Federal Credit Union v. Kmart Corp., et al.* (Data Breach) | N.D. Ill., No. 1:15-cv-02228 |
| *Hawkins v. First Tennessee Bank, N.A., et al.* (Overdraft Fees) | 13th Jud. Cir. Tenn., No. CT-004085-11 |
| *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* (Bosch Settlement) | N.D. Cal., MDL No. 2672 |
| *In re: HSBC Bank USA, N.A.* | Sup. Ct. N.Y., No. 650562/11 |
| *Glaske v. Independent Bank Corporation* (Overdraft Fees) | Cir. Ct. Mich., No. 13-009983 |
| *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company* | 11th Jud. Cir. Fla, No. 15-27940-CA-21 |
| *In re: Lithium Ion Batteries Antitrust Litigation* | N.D. Cal., MDL No. 2420, No. 4:13-MD-02420 |
| *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* | S.D. Fla., No. 14-cv-23120 |
| *Small v. BOKF, N.A.* | D. Colo., No. 13-cv-01125 |
| *Forgione v. Webster Bank N.A.* (Overdraft Fees) | Sup. Ct. Conn., No. X10-UWY-CV-12-6015956-S |



| | |
|---|---|
| *Swift v. BancorpSouth Bank*, as part of *In re: Checking Account Overdraft* | N.D. Fla., No. 1:10-cv-00090, as part of S.D. Fla, MDL No. 2036 |
| *Whitton v. Deffenbaugh Industries, Inc., et al.* <br> *Gary, LLC v. Deffenbaugh Industries, Inc., et al.* | D. Kan., No. 2:12-cv-02247 <br> D. Kan., No. 2:13-cv-02634 |
| *In re: Citrus Canker Litigation* | 11th Jud. Cir., Fla., No. 03-8255 CA 13 |
| *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* | D.N.J., MDL No. 2540 |
| *In re: Shop-Vac Marketing and Sales Practices Litigation* | M.D. Pa., MDL No. 2380 |
| *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599 |
| *Opelousas General Hospital Authority v. PPO Plus, L.L.C., et al.* | 27th Jud. D. Ct. La., No. 13-C-5380 |
| *Russell Minoru Ono v. Head Racquet Sports USA* | C.D. Cal., No. 2:13-cv-04222 |
| *Kerry T. Thibodeaux, M.D. (A Professional Medical Corporation) v. American Lifecare, Inc.* | 27th Jud. D. Ct. La., No. 13-C-3212 |
| *Gattinella v. Michael Kors (USA), Inc., et al.* | S.D.N.Y., No. 14-civ-5731 |
| *In re: Energy Future Holdings Corp., et al.* (Asbestos Claims Bar Notice) | Bankr. D. Del., No. 14-10979 |
| *Dorothy Williams d/b/a Dot's Restaurant v. Waste Away Group, Inc.* | Cir. Ct., Lawrence Cnty., Ala., No. 42-cv-2012- 900001.00 |
| *Kota of Sarasota, Inc. v. Waste Management Inc. of Florida* | 12th Jud. Cir. Ct., Sarasota Cnty., Fla., No. 2011-CA-008020NC |
| *Steen v. Capital One, N.A.*, as part of *In re: Checking Account Overdraft* | E.D. La., No. 2:10-cv-01505 and 1:10-cv-22058, as part of S.D. Fla., MDL No. 2036 |
| *Childs, et al. v. Synovus Bank, et al.*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *In re: MI Windows and Doors Inc. Products Liability Litigation* (Building Products) | D.S.C., MDL No. 2333 |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Scharfstein v. BP West Coast Products, LLC* | Ore. Cir., County of Multnomah, No. 1112-17046 |
| *Adkins, et al. v. Nestlé Purina PetCare Company, et al.* | N.D. Ill., No. 1:12-cv-02871 |
| *Smith v. City of New Orleans* | Civil D. Ct., Parish of Orleans, La., No. 2005-05453 |
| *Hawthorne v. Umpqua Bank* (Overdraft Fees) | N.D. Cal., No. 11-cv-06700 |
| *Gulbankian, et al. v. MW Manufacturers, Inc.* | D. Mass., No. 1:10-cv-10392 |
| *Costello v. NBT Bank* (Overdraft Fees) | Sup. Ct. Del Cnty., N.Y., No. 2011-1037 |
| *In re American Express Anti-Steering Rules Antitrust Litigation (II) (Italian Colors Restaurant)* | E.D.N.Y., MDL No. 2221, No. 11-MD-2221 |



| | |
|---|---|
| *Wong, et al. v. Alacer Corp.* **(Emergen-C)** | Sup. Ct. Cal., No. CGC-12-519221 |
| *Mello et al. v. Susquehanna Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *In re: Plasma-Derivative Protein Therapies Antitrust Litigation* | N.D. Ill., No. 09-CV-7666 |
| *Simpson v. Citizens Bank* **(Overdraft Fees)** | E.D. Mich., No. 2:12-cv-10267 |
| *George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC, et al. v. Bestcomp, Inc., et al.* | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| *Simmons v. Comerica Bank, N.A.*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *McGann, et al., v. Schnuck Markets, Inc.* **(Data Breach)** | Mo. Cir. Ct., No. 1322-CC00800 |
| *Rose v. Bank of America Corporation, et al.* **(TCPA)** | N.D. Cal., Nos. 5:11-cv-02390 & 5:12-cv-0400 |
| *Johnson v. Community Bank, N.A., et al.* **(Overdraft Fees)** | M.D. Pa., No. 3:12-cv-01405 |
| *National Trucking Financial Reclamation Services, LLC, et al. v. Pilot Corporation, et al.* | E.D. Ark., No. 4:13-cv-00250 |
| *Price v. BP Products North America* | N.D. Ill., No. 12-cv-06799 |
| *Yarger v. ING Bank* | D. Del., No. 11-154-LPS |
| *Glube, et al. v. Pella Corporation, et al.* **(Building Products)** | Ont. Super. Ct., No. CV-11-4322294-00CP |
| *Fontaine v. Attorney General of Canada* **(Mistassini Hostels Residential Schools)** | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 |
| *Miner v. Philip Morris Companies, Inc., et al.* **(Light Cigarettes)** | Ark. Cir. Ct., No. 60CV03-4661 |
| *Williams v. SIF Consultants of Louisiana, Inc., et al.* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| *Evans, et al. v. TIN, Inc., et al.* **(Environmental)** | E.D. La., No. 2:11-cv-02067 |
| *Anderson v. Compass Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Casayuran v. PNC Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Eno v. M & I Marshall & Ilsley Bank* as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Blahut v. Harris, N.A.*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *In re: Zurn Pex Plumbing Products Liability Litigation* | D. Minn., MDL No. 1958, No. 08-md-1958 |
| *Saltzman v. Pella Corporation* **(Building Products)** | N.D. Ill., No. 06-cv-4481 |
| *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* **(Mastercard & Visa)** | E.D.N.Y., MDL No. 1720, No. 05-MD-1720 |
| *RBS v. Citizens Financial Group, Inc.*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |



| | |
|---|---|
| *Gessele, et al. v. Jack in the Box, Inc.* | D. Ore., No. 3:10-cv-960 |
| *Vodanovich v. Boh Brothers Construction* (Hurricane Katrina Levee Breaches) | E.D. La., No. 05-cv-4191 |
| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (Medical Benefits Settlement) | E.D. La., MDL No. 2179 |
| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (Economic & Property Damages Settlement) | E.D. La., MDL No. 2179 |
| *Marolda v. Symantec Corporation* (Software Upgrades) | N.D. Cal., No. 3:08-cv-05701 |
| *Opelousas General Hospital Authority v. FairPay Solutions* | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| *Fontaine v. Attorney General of Canada* (Stirland Lake and Cristal Lake Residential Schools) | Ont. Super. Ct., No. 00-CV-192059 CP |
| *Nelson v. Rabobank, N.A.* (Overdraft Fees) | Sup. Ct. Cal., No. RIC 1101391 |
| *Case v. Bank of Oklahoma*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Harris v. Associated Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Wolfgeher v. Commerce Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *McKinley v. Great Western Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Lawson v. BancorpSouth* (Overdraft Fees) | W.D. Ark., No. 1:12cv1016 |
| *LaCour v. Whitney Bank* (Overdraft Fees) | M.D. Fla., No. 8:11cv1896 |
| *Sachar v. Iberiabank Corporation*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Williams v. S.I.F. Consultants* (CorVel Corporation) | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Gwiazdowski v. County of Chester* (Prisoner Strip Search) | E.D. Pa., No. 2:08cv4463 |
| *Williams v. Hammerman & Gainer, Inc.* (SIF Consultants) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc.* (Risk Management) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc.* (Hammerman) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Gunderson v. F.A. Richard & Assocs., Inc.* (First Health) | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Delandro v. County of Allegheny* (Prisoner Strip Search) | W.D. Pa., No. 2:06-cv-00927 |
| *Mathena v. Webster Bank, N.A.*, as part of *In re: Checking Account Overdraft* | D. Conn, No. 3:10-cv-01448, as part of S.D. Fla., MDL No. 2036 |
| *Vereen v. Lowe's Home Centers* (Defective Drywall) | Ga. Super. Ct., No. SU10-CV-2267B |
| *Trombley v. National City Bank*, as part of *In re: Checking Account Overdraft* | D.D.C., No. 1:10-CV-00232, as part of S.D. Fla., MDL No. 2036 |



| | |
|---|---|
| *Schulte v. Fifth Third Bank* (Overdraft Fees) | N.D. Ill., No. 1:09-cv-06655 |
| *Satterfield v. Simon & Schuster, Inc.* (Text Messaging) | N.D. Cal., No. 06-CV-2893 |
| *In re: Heartland Data Payment System Inc. Customer Data Security Breach Litigation* | S.D. Tex., MDL No. 2046 |
| *Coyle v. Hornell Brewing Co.* (Arizona Iced Tea) | D.N.J., No. 08-CV-2797 |
| *Holk v. Snapple Beverage Corporation* | D.N.J., No. 3:07-CV-03018 |
| *Weiner v. Snapple Beverage Corporation* | S.D.N.Y., No. 07-CV-08742 |
| *Gunderson v. F.A. Richard & Assocs., Inc.* (Cambridge) | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Miller v. Basic Research, LLC* (Weight-loss Supplement) | D. Utah, No. 2:07-cv-00871 |
| *In re: Countrywide Customer Data Breach Litigation* | W.D. Ky., MDL No. 1998 |
| *Boone v. City of Philadelphia* (Prisoner Strip Search) | E.D. Pa., No. 05-CV-1851 |
| *Little v. Kia Motors America, Inc.* (Braking Systems) | N.J. Super. Ct., No. UNN-L-0800-01 |
| *Opelousas Trust Authority v. Summit Consulting* | 27th Jud. D. Ct. La., No. 07-C-3737-B |
| *Steele v. Pergo* (Flooring Products) | D. Ore., No. 07-CV-01493 |
| *Pavlov v. Continental Casualty Co.* (Long Term Care Insurance) | N.D. Ohio, No. 5:07-cv-2580 |
| *Dolen v. ABN AMRO Bank N.V.* (Callable CD's) | Ill. Cir. Ct., Nos. 01-L-454 & 01-L-493 |
| *In re: Department of Veterans Affairs (VA) Data Theft Litigation* | D.D.C., MDL No. 1796 |
| *In re: Katrina Canal Breaches Consolidated Litigation* | E.D. La., No. 05-4182 |

Hilsoft-cv-146

