# EXHIBIT B

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE BEYER, CHRISTOPHER HAUSER CHARLES TYER, and STEFANIE BURTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSTAR BANCORP, INC., FLAGSTAR BANK, FSB, and ACCELLION, INC.,<br><br>Defendants. | Case No. 5:21-cv-02239-EJD<br><br>Hon. Edward J. Davila<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT** |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

The Court having held a Final Fairness Hearing on _____ __, 20___, at _____ _.m., in the Courtroom of The Honorable Edward J. Davila, United States District Court for the District of the Northern District of California (San Jose Division), Robert F. Peckham Federal Building, 280 South 1st Street, Courtroom 4 – 5th Floor, San Jose, California 95113, and having considered all matters submitted to it at the Final Fairness Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order (this "Order") and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members. Venue is proper in this Court.

2. This Order incorporates and makes a part hereof: (a) the Class Action Settlement Agreement dated September 3, 2021 including the definitions in the Settlement Agreement and (b) the Notices attached as Exhibits thereto, respectively, all of which were filed with the Court on September 3, 2021. All terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. <u>Certification of the Settlement Class for Purposes of Settlement</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as: all residents of the United States who were notified by Flagstar that their PII was compromised as a result of the FTA Data Breach. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Flagstar and Accellion, their subsidiaries, parent companies, successors, predecessors, and any entity in which Flagstar or Accellion, or their parents, have a controlling interest, and their current or former officers and

directors; (3) Persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded Persons (the "Settlement Class").

4. <u>Class Representatives</u>. Plaintiffs Grace Beyer, Christopher Hauser, Charles Tyer, and Stefanie Burton ("Class Representatives") are hereby appointed, for settlement purposes only, as representatives for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

5. <u>Class Counsel</u>. Tina Wolfson, Robert Ahdoot, and Andrew Ferich of Ahdoot & Wolfson, PC are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6. <u>Class Notice</u>. The Court finds that the dissemination of the Notices attached as Exhibits to the Settlement Agreement: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Class Counsel's motion for an award an attorneys' fees and expenses and for Service Payments to the Class Representatives; (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees and expenses and Service Payments to the Class Representatives) and (vii) their right to appear at the Final Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>Class Action Fairness Act Notice</u>. The notice to government officials, as given, complied with 28 U.S.C. § 1715.

8. <u>Objections</u>. [If Necessary] The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

9. <u>Final Settlement Approval and Dismissal of Claims</u>. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the consideration provided for in the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Flagstar in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court finds that, pursuant to Rule 23(e)(2), (A) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is fair, reasonable, and adequate taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Payments to the Class Representatives; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

10. <u>Dismissal with Prejudice</u>. The Action is hereby dismissed with prejudice as to Flagstar only. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

11. <u>Binding Effect</u>. The terms of the Settlement Agreement and of this Order shall be forever binding on Flagstar, Plaintiffs, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form, seeks or obtains

1  a Settlement benefit, or objected to the Settlement), as well as their respective successors and
2  assigns.

3     12.    <u>Opt Outs</u>. The persons listed on Exhibit 1, attached hereto and incorporated by
4  this reference, submitted timely and proper Requests for Exclusion, are excluded from the
5  Settlement Class, and are not bound by the terms of the Settlement Agreement or this Order.

6     13.    <u>Releases</u>. The Releases set forth in Paragraph 3.5 of the Settlement Agreement
7  are expressly incorporated herein in all respects. The Releases are effective as of the Effective
8  Date. Accordingly, this Court orders pursuant to this Order, without further action by anyone,
9  upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, that
10 Plaintiffs and each and every member of the Settlement Class shall have released the Released
11 Claims against the Released Parties. Notwithstanding the foregoing, nothing in this Order shall
12 bar any action by any of the Parties to enforce or effectuate the terms of the Settlement
13 Agreement or this Order.

14     14.    <u>Future Prosecutions Barred</u>. Plaintiffs and all Class Members are hereby barred
15 and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released
16 Claims against any of the Released Parties.

17     15.    <u>No Admission of Liability</u>. The Court hereby decrees that the Settlement, this
18 Order, and the fact of the Settlement do not constitute admissions or concessions by Flagstar of
19 any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class
20 certification for trial or dispositive motion practice. This Order is not a finding of the validity or
21 invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the
22 Settlement shall be offered or received in evidence as an admission, concession, presumption or
23 inference against Flagstar or any of the Released Parties in any proceeding, other than such
24 proceedings as may be necessary to consummate or enforce the Settlement Agreement or to
25 support a defense based on principles of res judicata, collateral estoppel, release, good faith
26 settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion
27 or similar defense.
28

16.  <u>Retention of Jurisdiction</u>. Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, consummation, and enforcement of the Settlement; (b) the administration of this Settlement; and (c) the Settlement Class Members for all matters relating to the Action.

17.  <u>Attorneys' Fees and Expenses</u>. Class Counsel are awarded attorneys' fees in the amount of $_____$, and reimbursement of expenses in the amount of $_____$, and such amounts shall be paid by the Settlement Administrator pursuant to and consistent with the terms of the Settlement.

18.  <u>Service Payments</u>. The Class Representatives are each awarded a Service Payment in the amount of $\_\_\_\_\_$, and such amounts shall be paid by the Settlement Administrator pursuant to and consistent with the terms of the Settlement Agreement.

19.  <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, Plaintiffs, by and through Class Counsel, and Flagstar are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs, by and through Class Counsel, and Flagstar may agree to reasonable extensions of time to carry out any of the provision of the Settlement Agreement.

20.  <u>Jurisdiction</u>. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions pursuant to the Settlement; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement Agreement and the Settlement.

21.  <u>Termination of Settlement</u>. If the Settlement is terminated as provided in the

Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and Flagstar, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

**IT IS SO ORDERED:**

Date: _____, 20\_\_

　　　　　　　　　　　　　　　　　　HONORABLE EDWARD J. DAVILA
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE