# EXHIBIT E

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE BEYER, CHRISTOPHER HAUSER, CHARLES TYER and STEFANIE BURTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSTAR BANCORP, INC., FLAGSTAR BANK, FSB, and ACCELLION, INC.,<br><br>Defendants. | Case No. 5:21-cv-02239-EJD<br><br>Hon. Edward J. Davila<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Case No. 5:21-cv-02239-EJD

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

# [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS**, Plaintiffs and Defendants Flagstar Bancorp, Inc. and Flagstar Bank, FSB (together, "Flagstar" and together with Plaintiffs, the "Parties") in the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") entered into by the Parties as of September 3, 2021 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action as to Flagstar only, upon the terms and conditions set forth in the Settlement Agreement;

**WHEREAS,** all defined terms used in this Order have the same meanings as set forth in the Settlement;

**WHEREAS**, Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action;

**WHEREAS**, on July 13, 2021, after considerable meet and confer, the Parties engaged in an all-day mediation session before the Honorable Jay C. Gandhi (Ret.) of JAMS. Although that mediation session did not result in a settlement, the Parties attended a second mediation session with Judge Gandhi on July 26, 2021, which did result in an agreement in principle to settle the claims in this Action against Flagstar as a nationwide class action settlement;

**WHEREAS**, following the mediation sessions with Judge Gandhi, and weeks of subsequent arm's length negotiations, the Parties were able to finalize all of the terms of this Settlement; and

**WHEREAS**, the Court has carefully reviewed the Settlement Agreement, including the exhibits attached thereto and all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record.

**NOW THERFORE, IT IS HEREBY ORDERED** that:

The Settlement, including the exhibits attached thereto, are preliminarily approved as

fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a final hearing on the Settlement as provided herein.

1. <u>Stay of the Action</u>. Pending the Fairness Hearing, all proceedings in the Action as they relate to Flagstar, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are hereby stayed.

2. <u>Certification for Settlement Purposes Only</u>. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are likely to be found to be satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this Action is impracticable, (b) there are questions of law and fact that are common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Plaintiffs and Class Counsel; (e) the questions of law and fact common to Settlement Class Members predominate over any individualized questions of law and fact; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

3. <u>Class Definition</u>. The Settlement Agreement defines the Settlement Class as: all residents of the United States who were notified by Flagstar that their PII was compromised as a result of the FTA Data Breach. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Flagstar and Accellion, their subsidiaries, parent companies, successors, predecessors, and any entity in which Flagstar or Accellion, or their parents, have a controlling interest, and their current or former officers and directors; (3) Persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded Persons.

4. <u>Class Representatives</u>. For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiffs Grace

1  Beyer, Christopher Hauser, Charles Tyer, and Stefanie Burton will fairly and adequately represent the interests of the Class in enforcing their rights in the Action and appoints them as Class Representatives. The Court preliminarily finds that they are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate Class Representatives.

5. Class Counsel. For purposes of the Settlement, the Court appoints Tina Wolfson, Robert Ahdoot, and Andrew Ferich of Ahdoot & Wolfson, PC as Class Counsel to act on behalf of the Class and the Class Representatives with respect to the Settlement. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Class Representatives and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

6. Administration. The firm of Epiq Class Action and Claims Solutions, Inc. is appointed as Settlement Administrator to administer the notice procedure and the processing of claims, under the supervision of Class Counsel.

7. Class Notice. The Court (a) approves, as to form and content, the proposed Claim Form for Flagstar FTA Data Breach Benefits ("Claim Form"), Notice of Flagstar FTA Data Breach Class Action Settlement ("Long Form Notice"), and summary notice of the proposed Settlement ("Summary Notice") submitted by the Parties as Exhibits A, D, and F, respectively, to the Settlement Agreement, and (b) finds and determines that mailing the Summary Notice, reminder emails to Class Members (if available), and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website (i) constitutes the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to submit a Claim (if applicable), their right to exclude themselves from the Settlement Class, the effect of the proposed Settlement (including the Releases to be provided thereunder), Class Counsel's motion for an award of attorneys' fees and expenses and for Service Payments, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii)

|   |   |
|---|---|
| 1 | constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the |
| 2 | proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil |
| 3 | Procedure, the Constitution of the United States (including the Due Process Clause), and all |
| 4 | other applicable laws and rules. |

constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

The Court further finds that all of the notices are written in simple terminology, and are readily understandable by Class Members. The date and time of the Final Fairness Hearing shall be included in all notices before they are disseminated. The Parties, by agreement, may revise the notices in ways that are appropriate to update those notices for purposes of accuracy and clarity, and may adjust the layout of those notices for efficient electronic presentation and mailing. No Class Member shall be relieved from the terms of the proposed Settlement, including the Releases provided for therein, based solely upon the contention that such Class Member failed to receive adequate or actual notice.

8. <u>Settlement Class List</u>. The Court orders Flagstar to provide the Settlement Administrator a list generated by Flagstar containing the last known name, email (if available), and physical mailing address for persons that fall under the definition of the Settlement Class (as defined above) within five days of the entry of this Order. The Settlement Administrator is directed to maintain the personally identifiable information that comprises the Settlement Class List in securely and confidentially and to use the Settlement Class List solely for purposes of effecting the Settlement.

9. <u>Notice Date</u>. The Court directs that the Settlement Administrator cause a copy of the Summary Notice be mailed to all members of the Class who have been identified by Flagstar through its records. The mailing is to be made via e-mail or by first class United States mail, postage prepaid, no later than the Notice Date, i.e., within thirty 30 days of entry of this Order. Direct notice shall be substantially completed within 21 days of the Notice Date. Contemporaneously with the mailing, the Settlement Administrator shall cause copies of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form, in forms available for download, to be posted on a website developed for the Settlement ("Settlement

1  Website").

2      10.    <u>Deadline to Submit Claim Forms</u>. Class Members will have ninety 90 days from the Notice Date to submit their Claim Forms ("Claims Deadline"), which is due, adequate, and sufficient time. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his or her Claim and the subject matter of the Settlement.

    11.    <u>Exclusion from Class</u>. Any person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such person who desires to request exclusion from the Class must submit a fully-completed Request For Exclusion. To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event the Settlement Class Members submit a Request for Exclusion to the Settlement Administrator via US Mail, such Request for Exclusion must be in writing and must identify the case name *Beyer, et al. v. Flagstar Bancorp, Inc., et al.*, Case No. 5:21-cv-02239-EJD (N.D. Cal.); state the name, address and telephone number of the Settlement Class Members seeking exclusion; be physically signed by the Person(s) seeking exclusion; and must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *Beyer, et al. v. Flagstar Bancorp, Inc., et al.*, U.S.D.C. Case No. 5:21-cv-02239-EJD (N.D. Cal.)." Any Person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

    12.    <u>Final Fairness Hearing</u>. A hearing will be held by this Court in the Courtroom of The Honorable Edward J. Davila, United States District Court for the District of the Northern District of California (San Jose Division), Robert F. Peckham Federal Building, 280 South 1st Street, Courtroom 4 – 5th Floor, San Jose, California 95113 at _____ __.m. on _____, 2021

5    Case No. 5:21-cv-02239-EJD
ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

1  ("Final Fairness Hearing"), to determine: (a) whether the Settlement should be approved as fair,
2  reasonable, and adequate to the Class; (b) whether the Final Approval Order should be entered
3  in substance materially the same as Exhibit B to the Settlement Agreement; (c) whether the Class
4  Representatives' proposed Settlement Benefits as described in Section 4 of the Settlement
5  Agreement should be approved as fair, reasonable, and adequate to the Class; (d) whether to
6  approve the application for Service Awards for the Class Representatives or an award of
7  attorneys' fees and litigation expenses; and (e) any other matters that may properly be brought
8  before the Court in connection with the Settlement. The Final Fairness Hearing is subject to
9  continuation or adjournment by the Court without further notice to the Class. The Court may
10 approve the Settlement with such modifications as the Parties may agree to, if appropriate,
11 without further notice to the Class.

12         13.    <u>Objections and Appearances</u>. Any Settlement Class Member may comment in
13 support of or in opposition to the Settlement and may do so in writing, in person, or through
14 counsel, at his or her own expense, at the Final Fairness Hearing. Except as the Court may order
15 otherwise, no objection to the Settlement shall be heard, and no papers, briefs, pleadings, or
16 other documents submitted by any objector shall be received and considered by the Court unless
17 such objector mails to the Court (c/o the Class Action Clerk, U.S. District Court for the Northern
18 District of California) or files in person at any location of the United States District Court for
19 the Northern District of California a written objection with the caption *Beyer, et al. v. Flagstar*
20 *Bancorp, Inc., et al.*, U.S.D.C. Case No. 5:21-cv-02239-EJD (N.D. Cal.), that includes: (i) the
21 Settlement Class Member's full name, current mailing address, and telephone number; (ii) a
22 signed statement that he or she believes himself or herself to be a member of the Settlement
23 Class; (iii) whether the objection applies only to the objector, a subset of the Settlement Class,
24 or the entire Settlement Class, (iv) the specific grounds for the objection; (v) all documents or
25 writings that the Settlement Class Member desires the Court to consider; and (vi) a statement
26 regarding whether they (or counsel of their choosing) intend to appear at the Final Fairness
27 Hearing. All written objections must be postmarked no later than the Objection Deadline. Any
28

| | |
|---|---|
| 1 | objector who fails to object in the manner prescribed herein shall be deemed to have waived his |
| 2 | or her objections and forever be barred from making any such objections in the Action or in any |
| 3 | other action or proceeding |

14. <u>Claimants</u>. Class Members who have been identified from Flagstar's records and who submit within 90 days of the Notice Date a valid Claim Form approved by the Settlement Administrator may qualify to receive Credit Monitoring and Insurance Services, a Documented Loss Payment, or a Cash Fund Payment. Any such Class Member who does not submit a timely Claim Form in accordance with this Order shall not be entitled to receive Credit Monitoring and Insurance Services, a Documented Loss Payment, or a Cash Fund Payment, but shall nevertheless be bound by any final judgment entered by the Court. Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

15. <u>Release</u>. Upon the entry of the Court's order for final judgment after the Final Fairness Hearing, the Class Representatives and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims (except through the Claim Form procedures) against Flagstar and the Released Parties arising from the Released Claims, and the Class Representatives and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims.

16. <u>Funds Held by Settlement Administrator</u>. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

17. <u>Motion for Attorneys' Fees and Expenses, and Service Payments; Final Approval</u>

7                                Case No. 5:21-cv-02239-EJD
ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

Motion; Response to Objection(s). At least 35 days before the Objection Deadline, Class Counsel may file a motion for an award of reasonable attorneys' fees, costs and expenses ("Fee Award and Costs") and for Service Payments. No later than 14 days after the Objection Deadline, Class Counsel must file the motion, supporting brief, and supporting documents in support of a request for final approval of the Settlement and the Settlement Benefits, and response(s) to any Objection to the Settlement. Any reply papers must be filed and served no later than 7 days prior to the Final Fairness Hearing.

18. Reasonable Procedures. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

19. Extension of Deadlines. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class. Class Members must check the Settlement Website (www.FlagstarFTADataBreachSettlement.com) regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Fairness Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Class.

20. If Effective Date Does Not Occur. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Preliminary Approval Order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED:**

Date: _____, 2021

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE