KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KEVIN R. DOWNS (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150

POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
HAMMONDLAW, PC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
[Tel.] (310) 601-6766
[Fax] (310) 295-2385

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No:  21-cv-01155-EJD<br><br>Hon. Edward J. Davila<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT SUSMAN GODFREY L.L.P. AND HAMMONDLAW, P.C. AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date:  December 8, 2022<br>Time:  9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Ctrm:  4 – 5th Floor |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ........................................................................ 1

INTRODUCTION ........................................................................................................... 2

LEGAL STANDARD ..................................................................................................... 5

FACTUAL BACKGROUND ........................................................................................... 6

ARGUMENT .................................................................................................................... 7

     I.     The Susman-Hammond Team Conducted A Thorough Investigation................... 7

     II.    The Susman-Hammond Team Consistently Obtains Superior Results in
         Class Action Litigation and Trials. ........................................................................ 9

         A.     The Most Experience and Best Results in Class Actions ........................... 9

               1.     *Susman Godfrey* .................................................................... 13

               2.     *HammondLaw.* ..................................................................... 17

         B.     The Susman-Hammond Team Will Ensure Efficient Litigation
              of this Matter ............................................................................................ 18

         C.     The Susman-Hammond Team Advances Diversity................................. 19

     III.   The Susman-Hammond Team Has the Resources to Litigate This Case
         Most Effectively.................................................................................................... 20

CONCLUSION ................................................................................................................ 20

1

**TABLE OF AUTHORITIES**

2
**Page(s)**

3

**Cases**

4
*37 Besen Parkway, LLC v. John Hancock Life Ins. Co.*,
 15-cv-9924 (S.D.N.Y) ........................................................................................ 11

5

6
*Allergan, Inc. Proxy Violation Derivatives Litig.*,
 No. 2:17-cv-4776 (C.D. Cal.)............................................................................... 14

7

8
*Bernstein v. Cengage Learning, Inc.*,
 No. 18-cv-7877 (S.D.N.Y) ................................................................................... 11

9
*Cowan v. LifeLong Medical Care,*
Case No. 21CV000478/RG21113030

10
(Cal. Sup. Ct. Alameda Cty.) ............................................................................ 3, 13

11
*Dependable Component Supply Corp. v. Murata Mfg. Co.*,
 No. 5:18-CV-00198-EJD,

12
 2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) ......................................................... 8

13
*Ferrick v. Spotify USA Inc.*,
 No. 16-cv-8412 (S.D.N.Y.)............................................................................ 10, 14

14

15
*Fleisher v. Phoenix Life Ins. Co.*,
 Case No. 11-cv-8405 (S.D.N.Y.) ......................................................................... 15

16
*Flo & Eddie v. Sirius XM*,
 Case No. 2:13-cv-05693 (C.D. Cal.)................................................................ 15, 16

17

18
*Gola v. University of San Francisco*,
 Case No. CGC-18-565018 (Cal. Sup. Ct. San Fran. Cty.).............................. 12, 17

19

20
*Hanks v. The Lincoln Life & Annuity Company of New York et al.*,
 No. 1:16-cv-06399 (S.D.N.Y) ......................................................................... 11, 15

21
*In re Animation Workers Antitrust Litig.*,
 No. 14-cv-04062 (N.D. Cal. Sept. 15, 2016) .................................................. 10, 15

22

23
*In re Ashley Madison Data Breach Litig.*,
 MDL No. 2669 (E.D. Mo. Apr. 6, 2016) ........................................................... 3, 13

24

25
*In re: Blackbaud, Inc. Customer Data Breach Litig.*,
 Case No. 3:20-mm-02972-JMC (D.S.C.) ................................................. 2, 9, 14, 19

26

27
*In re Com. Explosives Litig.*,
 No. 2:96-md-1093S (D. Utah) ............................................................................. 11

28

*In re Crude Oil Commodity Futures Litig.*,
No. 11-cv-3600 (S.D.N.Y.) ............................................................................................. 11

*In re: Flint Water Cases*,
Case No. 16-cv-10444 (E.D. Mich.) ............................................................................... 11

*In re Heater Control Panels*,
No. 2:12-cv-00403, Dkt. No. 294 (E.D. Mich. Oct. 30, 2019) ........................................ 10

*In re Korean Air Lines Co. Antitrust Litig.*,
No. 07-cv-05107 (C.D. Cal.) ............................................................................................ 11

*In re Lease Oil Antitrust Litig.*,
No. MDL-1206 (S.D. Tex.) ............................................................................................... 11

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
No. 11-md-2262 (S.D.N.Y.) ............................................................................................. 11

*In re Mun. Derivatives Antitrust Litig.*,
No. 08-cv-2516 (S.D.N.Y.) ............................................................................................... 11

*In re NYC Bus Tour Antitrust Litig.*,
No. 13-cv-711 (S.D.N.Y.) ................................................................................................. 11

*In re Processed Egg Products Antitrust Litig.*,
No. 08-md-02002 (E.D. Pa.) ............................................................................................. 11

*In re Qualcomm Antitrust Litig.*,
No. 17-MD-02773-LHK,
2017 WL 2222531 (N.D. Cal. May 15, 2017) ............................................................ 8, 11

*In re Ready-Mixed Concrete Antitrust Litig.*,
No. 05-cv-00979 (S.D. Ind.) ............................................................................................. 11

*In re SSA Bonds Antitrust Litig.*,
No. 16-cv-3711, 2016 WL 7439365 (S.D.N.Y. Dec. 22, 2016) ....................................... 20

*In re Telescopes Antitrust Litig.*,
Case No. 5:20-cv-03639 (N.D. Cal.) ........................................................................... 11, 15

*In re: TikTok Inc. Consumer Privacy Litig.*,
Case No. 1:20-cv-04699 (N.D. Ill.) .......................................................................... *passim*

*In re: Toyota Motor Corp. Unintended Acceleration Mktg.,*
*Sales Pracs., and Prods. Liab. Litig.*,
No. 8:10-ml-2151 (C.D. Cal.) ..................................................................................... 10, 15

*In re: Universal Serv. Fund Tel. Billing Pracs. Litig.*,
No. 02-md-1468 (D. Kan.) ................................................................................................ 11

iii

*In re Vitamin C Antitrust Litig.*,
  No. 06-md-1738 (E.D.N.Y.) ................................................................ 11

*Leonard v. John Hancock Life Ins. Co. of New York*,
  No. 1:18-cv-04994 (S.D.N.Y.) ............................................................ 15

*Normand et al. v Loyola Marymount Univ.*,
  Case No. 19STCV17953 (Cal. Sup. Ct. L.A. Cty. Sept. 9, 2021) ......................... 12

*Paraggua v. LinkedIn Corp.*,
  No. 5:12-CV-03088 EJD,
  2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ........................................... 5

*Pereltsvaig v. The Bd. of Tr. of the Leland Stanford Jr. Univ.*,
  Case No. 17-CV-311521
  (Cal. Sup. Ct. Santa Clara Cty. Jan. 4, 2019) .......................................... 12

*Pino v. Cardone Cap., LLC*,
  No. 2:20-cv-08499 (C.D. Cal.) ............................................................ 11

*Rodriguez v. River City Bank*,
  Case No. 34-2021-00296612 (Cal. Sup. Ct. Sacramento Cty.) ..................... 3, 13

*Schulein v. Petroleum Dev. Corp.*,
  No. 8:11-cv-189 (C.D. Cal.) .............................................................. 14

*Senese v. Univ. of San Diego*,
  Case No. 37-2019-00047124-CU-OE-CTL
  (Cal. Sup. Ct. San Diego Cty. Feb. 8, 2022) ............................................ 12

*Siciliano et al v. Apple*,
  Case No. 1-13-257676 (Cal. Sup. Ct. Santa Clara Cty.) ................................ 12

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill. 2014) .......................................................... 20

*Stupar et al. v Univ of La Verne*,
  Case No. 19STCV33363 (Cal. Sup. Ct. L.A. Cty. Oct. 14, 2021) ..................... 12

*Sweetland-Gil v Univ. of the Pacific*,
  Case No. STK-CV-UOE-2019-0014682
  (Cal. Sup. Ct. San Joaquin Cty. Mar. 4, 2022) ........................................ 12

*White v. NCAA*,
  No. 06-cv-0999 (C.D. Cal.) .............................................................. 11

*White v. TransUnion, LLC*,
  239 F.R.D. 681 (C.D. Cal. 2006) ....................................................... 5

**Statutes**

California Confidentiality of Medical Information Act,
   Cal. Civ. Code §§ 56-56.265........................................................................................ 8

California Consumer Privacy Act,
   Cal. Civil Code § 1798.150.......................................................................................... 8

Washington Consumer Protection Act,
   RCW 19.255.020............................................................................................................ 8

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................... *passim*

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 8, 2022 at 9:00 a.m. in the courtroom of the Honorable Edward J. Davila of the United States District Court of the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23 for an order appointing Interim Co-Lead Class Counsel for the Plaintiff Class in the above-captioned actions. Specifically, Plaintiffs request that the Court appoint Susman Godfrey L.L.P and HammondLaw, P.C. as Plaintiffs' Interim Co-Lead Class Counsel.

This motion is based on this notice and motion, the accompanying memorandum of points and authorities in support of the motion, the concurrently filed Declarations of Krysta Kauble Pachman and Polina Brandler, and the Proposed Order lodged concurrently herewith.

1

**INTRODUCTION**

2      On behalf of our four clients, Susman Godfrey L.L.P. and HammondLaw, P.C. (the

3  "Susman-Hammond Team") propose a leadership structure of only our two firms.  We will

4  litigate the entire case with a tight-knit, efficient team of attorneys with deep experience litigating

5  class actions.

6      ***Data-Breach and Class-Action Expertise***.  The Susman-Hammond Team's "experience

7  in handling class actions, other complex litigation, and the types of claims asserted in the action,"

8  Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii), is unrivaled.  Attorneys from the Susman-Hammond Team

9  have been involved in litigating some of the largest and most complex class actions in recent

10 history.

11      Among the subset of applicant firms with this experience, the Susman-Hammond Team

12 stands out.  Leading the Susman Godfrey team is Krysta Pachman, who is co-lead counsel in *In*

13 *re: Blackbaud, Inc. Customer Data Breach Litigation*, a multi-district class action arising out of a

14 2020 ransomware attack.  Case No. 3:20-mm-02972-JMC, (D.S.C.).  In *Blackbaud*, the data

15 breach impacted thousands of companies, organizations, and educational institutions, all of which

16 provided individual consumer data to Blackbaud with an understanding that Blackbaud would

17 maintain adequate security measures.  Plaintiffs prevailed on three separate motions to dismiss.

18 They defeated Blackbaud's claims that plaintiffs lacked standing, demonstrated the viability of

19 plaintiffs' claims for negligence and gross negligence, and prevailed as to many statutory claims,

20 including plaintiffs' claims under the California Consumer Privacy Act and California Medical

21 Information Act, both of which will be important in this case as well.  Assisting Ms. Pachman is

22 Michael Gervais, who serves on the plaintiffs' steering committee for a class of TikTok users

23 accusing the platform of unlawfully collecting their biometric and other personal data.  *In re:*

24 *TikTok Inc. Consumer Privacy Litig.*, Case No. 1:20-cv-04699 (N.D. Ill.).  The court recently

25 granted final approval of a $92 million settlement, one of the largest privacy settlements to date.

26

27

28

*In re: TikTok*, Dkt. No. 264 (Aug. 22, 2022).   As a result of these and other cases, Law360 recently named Susman Godfrey as "Cybersecurity Group of the Year."[1]

HammondLaw has achieved remarkable success since it was founded in 2010.   The firm has successfully represented employees and consumers in over 70 complex class actions and has single-handedly caused a change of law in California employment law.   In recent years, HammondLaw began to represent consumers in data breach cases; HammondLaw was appointed to the Steering Committee in the data breach case against Ashley Madison (*In re Ashley Madison Data Breach Litigation,* MDL No. 2669 (E.D. Mo. Apr. 6, 2016)), recently obtained preliminary approval of a data breach class action settlement against River City Bank (*Rodriguez v. River City Bank,* Case No. 34-2021-00296612 (Cal. Sup. Ct. Sacramento Cty.)), and is currently putative Class Counsel in a data breach case against LifeLong Medical Care (*Cowan v. LifeLong Medical Care,* Case No. 21CV000478/RG21113030 (Cal. Sup. Ct. Alameda Cty.)).

***Thorough Investigation***.   Besides being trial-experienced leaders of complex data-breach class actions, the Susman-Hammond Team conducted a thorough investigation and extensively researched its claims before filing its complaint—the first to be filed in this matter.

Counsel reviewed numerous publications, articles, and press releases, as well as Accellion's own statements about its product.   They located plaintiffs to represent multiple putative classes.   And attorneys from the team conducted extensive legal research into the viable claims and took steps to ensure that class members had standing under newly-enacted state laws. The work that firms do to investigate and advance the class's interests is the first Rule 23(g) factor, and the quality of the Susman-Hammond Team's research and investigation supports its appointment as interim co-lead class counsel.

---

[1] Ben Kochman, *Cybersecurity Group of the Year: Susman Godfrey*, Law360 (Feb. 3, 2022, 2:02 PM),         https://www.law360.com/articles/1454702/cybersecurity-group-of-the-year-susman-godfrey.

1    ***Efficient Team***.   Under the factor of "resources that counsel will commit to representing

2    the class," Fed. R. Civ. P. 23(g)(1)(A)(iv), the Susman-Hammond Team again is the right choice.

3    The two firms have the track record of victories to prove that they have the leadership, deep

4    bench, and financial wherewithal to take this case to trial or negotiate the best settlements.

5        They also come as a lean and nimble team that can efficiently and effectively handle the

6    work themselves.  This strategy means that fewer attorneys spend a larger proportion of their time

7    litigating this case.  As a result, they have deeper institutional knowledge of the facts, law, and

8    theory, produce better work product, and litigate more efficiently.  Attorneys who oversee the

9    document review will know the facts—leading to successful, well-written and supported briefs.

10   Small numbers of attorneys will take related depositions, accumulate working knowledge of the

11   facts and previous testimony, and pursue consistent themes during cross-examination.  And

12   consistent with this Court's Standing Order provision on "Opportunities for Junior Lawyers,"

13   young associates from the Susman-Hammond Team are routinely expected to argue motions, take

14   and defend depositions by themselves, and examine witnesses at trial.  These and other synergies

15   and efficiencies can only be obtained by a small, coherent team with extensive expertise in this

16   specific area of law.

17       Other co-lead submissions will likely include an army of lawyers, all of whom have been

18   promised or expect work in return.  The Susman-Hammond Team could have lobbied for such a

19   structure behind their leadership proposal—the team includes some of the best known and

20   respected attorneys in the plaintiffs' bar.  We chose not to.  Such large structures lead to less

21   focus and efficiency and generally inferior results.  They also yield excessive attorney time billed

22   and excessive costs incurred, which means a larger share of proceeds diverted from the class to

23   the lawyers.  With the Susman-Hammond Team as interim co-lead counsel, there will be no

24   executive committees, layers of firms, or work farmed out on an ad hoc basis to the dozens of

25   different firms who have filed cases.  Class members deserve effective representation with no

26   duplication or wasted effort.

27

28

***Diversity.***   Finally, the Susman-Hammond Team is comprised of diverse attorneys, including women, people of color, first-generation immigrants, and newer practitioners.   They have held leading roles in class action litigation and will continue to ensure that diverse attorneys have leadership positions in the future.

In sum, the Court should appoint the Susman-Hammond Team as interim co-lead class counsel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))).  "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1)."  *Paraggua*, 2012 WL 3763889 at *1. Under Rule 23(g)(1), the court considers:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

1

**FACTUAL BACKGROUND**

2        Defendant Accellion, Inc. is a cloud solutions company focused on secure file sharing and

3   collaboration.  It markets its products as a way to safely transfer sensitive information via file

4   sharing.  From December 2020 through January 2021, cyber attackers exploited vulnerabilities in

5   the Accellion FTA product and threat actors were able to gain access to files that were transferred

6   using Accellion's service.  The Washington State Auditor's Office and The Kroger Company

7   were among the hundreds of affected customers.  Dkt. No. 27 ¶¶ 2–7.

8        In February 2021, plaintiff Madalyn Brown (represented by HammondLaw and Susman

9   Godfrey) sued Accellion on behalf of a nationwide class of individuals whose personally

10  identifiable information had been disclosed as a result of the breach.  Dkt. No. 1.  Brown later

11  amended to add additional plaintiffs and to represent subclasses including residents of the states

12  of Washington, California, and Oklahoma.  Dkt. No. 27.  After Brown filed her complaint,

13  various plaintiffs represented by other law firms filed 14 other cases against Accellion and other

14  defendants.  In April 2021, a plaintiff from the *Beyer* case moved to consolidate the cases, Dkt.

15  No. 37, and on March 14, 2022, this Court granted the *Beyer* plaintiff's motion and ordered all

16  parties to "meet and confer to discuss and submit a proposed briefing schedule for the motion for

17  appointment of interim co-lead class counsel."[2]  Dkt. No. 83 at 9.

18       Counsel filed competing briefing schedules.  Dkt. Nos. 92, 93.  Counsel for the *Fehlen*

19  plaintiffs then filed a renewed motion for preliminary settlement approval, Dkt. No. 99, after the

20  Court had denied an earlier motion for relief from the consolidation order and had vacated

21  hearings on their pending motions.  Although the consolidation order stayed the consolidated

22  cases pending the Court's appointment of interim co-lead class counsel, counsel for the *Beyer*,

23  *Doe*, *Harbour*, and *Vunisa* plaintiffs then filed two more motions for preliminary settlement

24  approval.  Dkt. Nos. 105, 107.  On September 8, 2022, the Court terminated the pending motions

25  _____

26  [2] The Court ordered 14 of the 15 cases consolidated and deferred ruling on consolidating

27  *Cochran*, Case No. 5:21-cv-01887-EJD.  Dkt. No. 83 at 5–6.

28

1   for settlement and ordered the parties to file motions for appointment of interim co-lead class
2   counsel.  Dkt. No. 109.

3                                          **ARGUMENT**

4          Each of the Rule 23(g)(1) factors merits appointing the Susman-Hammond team as
5   interim co-lead class counsel.  The firms thoroughly investigated the claims and prepared this
6   first-filed complaint against Accellion and have the resources to effectively litigate this case.  And
7   the firms bring to the table an extensive history of successfully representing plaintiffs in some of
8   the largest and highest-profile class actions in the country, as well as experience successfully
9   litigating complex data-breach cases.

10  **I.      The Susman-Hammond Team Conducted A Thorough Investigation.**

11         Rule 23(g) instructs the Court to consider the work undertaken to investigate the potential
12  claims in the action.  That factor supports the appointment of the Susman-Hammond Team.  The
13  Susman-Hammond Team was the first to file a complaint in this matter and has invested
14  substantial time and resources into researching and investigating the claims at issue.  Among
15  other things, they have:

16         •   Searched for and reviewed publications and other documents to determine the
17             scope of the breach;

18         •   Identified and researched which claims were viable under different states' laws;

19         •   Evaluated numerous potential class representatives; and

20         •   Researched and satisfied requirements for standing under the relevant statutes.

21         Before the complaint was filed, HammondLaw conducted a thorough investigation
22  regarding the data-breach in this matter.  It reviewed numerous publications, articles, and
23  interviews to determine the scope of the breach and the potential class members affected.
24  HammondLaw identified plaintiffs to represent multiple putative classes.  Attorneys from the
25  team also conducted significant legal research to determine which causes of action were viable
26  under different states' laws, which damages theories to assert, and whether this case could
27  feasibly be brought as a class action.

28

For example, counsel investigated and alleged a violation of the California Consumer Privacy Act, Cal. Civil Code § 1798.150, which provides California residents with a private right of action for unauthorized access and exfiltration, theft, or disclosure as a result of a business's violation of the duty to implement and maintain reasonable security procedures and practices. The CCPA, which went into effect in 2020, is the first data breach law to afford statutory damages to plaintiffs for a data breach, in the amount of $100 to $750 per consumer per incident, or actual damages, whichever is greater. Counsel then sent letters to Accellion's registered service agents in order to have standing to bring a class-wide action under the CCPA. *See* Amended Complaint, Dkt. No. 27 ¶ 83.

Counsel also researched, analyzed, and alleged a violation of Washington's data-breach provisions under the state's Consumer Protection Act, RCW 19.86.010, *et seq.* Under the Washington statute, a processor or business is liable if it "fails to take reasonable care to guard against unauthorized access to account information that is in the possession or under the control of the business or processor and the failure is found to be the proximate cause of the breach." RCW 19.255.020. Counsel thoroughly analyzed the newly-enacted statute and compared it to existing data-breach law to determine whether it provided a viable claim here. After filing the Amended Complaint, Dkt. No. 27, Counsel extensively analyzed the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56–56.265 and is prepared to promptly file a consolidated amended complaint including this additional claim.

The work counsel has done to investigate the claims is a crucial factor weighing in favor of appointment as interim class counsel. *See Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (Davila, J.) (appointing firms as interim co-lead class counsel due in large part to "the efforts expended by [the firms] to promptly identify and investigate the claims"); *In re Qualcomm Antitrust Litig.*, No. 17-MD-02773-LHK, 2017 WL 2222531, at *1 (N.D. Cal. May 15, 2017) (appointing Susman Godfrey interim co-lead class counsel because it had "performed considerable work in identifying

or investigating potential claims in this action").  The Susman-Hammond Team's investigation is indicative of the methodical and detailed work they will do for the class.

## II. The Susman-Hammond Team Consistently Obtains Superior Results in Class Action Litigation and Trials.

### A. The Most Experience and Best Results in Class Actions

Class members should be represented by counsel that will obtain the best results for the class possible.  *See* Fed. R. Civ. P. 23(g)(1)(A)(ii).  This team includes attorneys who have consistently won recoveries for classes that far surpass outcomes in comparable litigation, and they are highly knowledgeable about the applicable law.  Each firm has extensive experience litigating class actions, including the necessary specialized experience for this case in representing plaintiffs in data-breach cases.  In recognition of this expertise, attorneys from the team have been appointed interim class counsel and class counsel in many class actions.

*Blackbaud***.**  Krysta Pachman of Susman Godfrey was appointed as co-lead counsel in *In re: Blackbaud, Inc. Customer Data Breach Litigation*, a class action arising out of a 2020 ransomware attack.  Case No. 3:20-mm-02972-JMC, Dkt. No. 42 at 2 (D.S.C. Feb. 16, 2021).  Plaintiffs have successfully survived three separate rounds of motion to dismiss briefing, which included one of the only decisions to date to analyze the CCPA, finding that plaintiffs had successfully alleged Blackbaud was a "business" under the statute.  *Blackbaud*, Dkt. No. 143 at 11.  The same order found that plaintiffs had adequately pleaded claims under California's Medical Information Act, which will also be at issue in this case.  *Id.* at 16.  Plaintiffs in *Blackbaud* also obtained a ruling applying one state's laws to the entire class.  *Blackbaud*, Dkt. No. 265 at 9.  Plaintiffs motion for class certification is due later this year.

*TikTok***.**  Michael Gervais was appointed to the plaintiffs' steering committee in a class action on behalf of TikTok users accusing the platform of unlawfully collecting their biometric and other personal data.  *In re: TikTok Inc. Consumer Privacy Litig.*, Case No. 1:20-cv-04699 (N.D. Ill.).  Counsel from Susman Godfrey thoroughly researched and brought claims under the Federal Computer Fraud and Abuse Act, the Video Privacy Protection Act, and under California and Illinois state law.  After rejecting arguments from objectors, the court granted final approval

of a $92 million settlement, one of the largest privacy settlements to date.  TikTok also agreed to make changes to its data-collection policies.  *In re: TikTok*, Dkt. No. 264 (Aug. 22, 2022).  As a result of these and other cases, Law360 recently named Susman Godfrey as "Cybersecurity Group of the Year."[3]

**Animation Workers.**   Together, Susman Godfrey and HammondLaw successfully litigated *In re Animation Workers Antitrust Litigation*, obtaining a total recovery of $168.95 million on behalf of the class—over $13,000 per class member.  *See Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 WL 2423161, at *8 (N.D. Cal. June 5, 2017). Class members in *Animation*—highly skilled artists and engineers that created the animation and visual effects in motion pictures—suffered suppressed compensation as a result of the defendants' anti-solicitation and wage-fixing conspiracy.  *Id.* at *1, *3.  Susman Godfrey conducted a thorough pre-complaint investigation in *Animation*, uncovering harm to a new set of employees and a new method by which the defendants conducted their conspiracy.  *See* Pls.' Mot. for Att'ys' Fees, Expenses, & Serv. Awards at 1, *Animation*, No. 14–cv–04062, Dkt. No. 331 (N.D. Cal. Sept. 15, 2016).

**Automotive Parts.**  In *In re Automotive Parts Antitrust Litigation*, Susman Godfrey has helped to secure over $1.2 billion in settlements as co-lead counsel for a class of end-payor plaintiffs in a complex series of antitrust cases brought against suppliers in the automotive parts industry.  *See, e.g.*, Mot. for Final Approval of Fourth Round of Settlements at 19, *In re Heater Control Panels*, No. 2:12-cv-00403, Dkt. No. 294 (E.D. Mich. Oct. 30, 2019).

Susman Godfrey has been appointed to serve as lead or co-lead counsel in numerous other class actions, including:

- *Ferrick v. Spotify USA Inc.*, No. 16-cv-8412 (S.D.N.Y.)

---

[3] Ben Kochman, *Cybersecurity Group of the Year: Susman Godfrey*, Law360 (Feb. 3, 2022, 2:02 PM),        https://www.law360.com/articles/1454702/cybersecurity-group-of-the-year-susman-godfrey.

- *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litig.*, No. 8:10-ml-2151 (C.D. Cal.)

- *In re Telescopes Antitrust Litigation*, No. 5:20-cv-03639 (N.D. Cal.)

- *Bernstein v. Cengage Learning, Inc.*, No. 18-cv-7877 (S.D.N.Y)

- *Pino v. Cardone Capital, LLC*, No. 2:20-cv-08499 (C.D. Cal.)

- *In re Municipal Derivatives Antitrust Litigation*, No. 08-cv-2516 (S.D.N.Y.)

- *In re NYC Bus Tour Antitrust Litigation*, No. 13-cv-711 (S.D.N.Y.)

- *37 Besen Parkway, LLC v. John Hancock Life Ins. Co.*, 15-cv-9924 (S.D.N.Y)

- *Hanks v. The Lincoln Life & Annuity Company of New York et al.*, No. 1:16-cv-06399 (S.D.N.Y)

- *In re Crude Oil Commodity Futures Litigation*, No. 11-cv-3600 (S.D.N.Y.)

- *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262 (S.D.N.Y.)

- *In re Korean Air Lines Co. Antitrust Litigation*, No. 07-cv-05107 (C.D. Cal.)

- *In re Processed Egg Products Antitrust Litigation*, No. 08-md-02002 (E.D. Pa.)

- *In re Vitamin C Antitrust Litigation*, No. 06-md-1738 (E.D.N.Y.)

- *White v. NCAA*, No. 06-cv-0999 (C.D. Cal.)

- *In re Ready-Mixed Concrete Antitrust Litigation*, No. 05-cv-00979 (S.D. Ind.)

- *In re: Universal Service Fund Tel. Billing Practices Litigation*, No. 02-md-1468 (D. Kan.)

- *In re Lease Oil Antitrust Litigation*, No. MDL-1206 (S.D. Tex.)

- *In re: Flint Water Cases*, Case No. 16-cv-10444 (E.D. Mich.)

- *In re Commercial Explosives Litigation*, No. 2:96-md-1093S (D. Utah)

- *In re Qualcomm Antitrust Litigation*, No. 17-md-02773 (N.D. Cal.)

HammondLaw, while relatively young in comparison to the other applicants for leadership positions, has achieved remarkable success since it was founded in 2010. The firm has represented clients in over 70 class and representative employment and consumer actions; single-handedly caused a change of law in California through representation of adjunct instructors that challenged decades-long industry-wide employment practices; and was the first firm in the country to bring cases and secure settlements pursuant to the Automatic Renew Law, Cal.

11

Business and Professions Code §§ 17600 *et seq*. ("ARL") securing the largest settlement to date of $16.5 million on behalf of in-app subscribers in *Siciliano et al v. Apple,* Case No. 1-13-257676 (Cal. Sup. Ct. Santa Clara Cty.) pursuant to the ARL.

**Siciliano et al v. Apple.** Representing a class of approximately 4,000,000 California consumers, HammondLaw, along with co-counsel, diligently and thoroughly researched and brought a claim under California's Automatic Renewal Law ("ARL"). Plaintiffs survived two rounds of demurrers, a motion for judgment on the pleadings, and a motion for summary adjudication, and successfully certified the class. HammondLaw negotiated a then-record settlement under the ARL, which was approved by the court.

**Adjunct Faculty Cases.** HammondLaw has also represented California adjunct faculty in over 30 class and representative Private Attorneys' General Act, Cal. Labor Code §§ 2698 *et seq*. actions, and won judgment following trial in one such action—*Gola v. University of San Francisco,* Case No. CGC-18-565018 (Cal. Sup. Ct. San Fran. Cty.)—which is currently pending on appeal. Effective September 9, 2020, the California Legislature enacted AB 736, codified as Labor Code § 515.7, in direct response to the actions brought by HammondLaw. In total, HammondLaw has represented approximately 70,000 adjunct faculty members and has recovered over $45 million on their behalf. These cases include the following:

- *Pereltsvaig v. The Board of Trustees of the Leland Stanford Jr. University*, Case No. 17-CV-311521 (Cal. Sup. Ct. Santa Clara Cty. Jan. 4, 2019) ($886,890 on behalf of 398 adjunct instructors);

- *Normand et al. v Loyola Marymount University*, Case No. 19STCV17953 (Cal. Sup. Ct. L.A. Cty. Sept. 9, 2021) ($3,400,000 settlement on behalf of 1,655 adjunct instructors);

- *Stupar et al. v University of La Verne*, Case No. 19STCV33363 (Cal. Sup. Ct. L.A. Cty. Oct. 14, 2021) ($2,450,000 settlement on behalf of 1,364 adjunct instructors);

- *Senese v. University of San Diego,* Case No. 37-2019-00047124-CU-OE-CTL (Cal. Sup. Ct. San Diego Cty. Feb. 8, 2022) ($3,892,750 settlement on behalf of 2,071 adjunct instructors);

- *Sweetland-Gil v University of the Pacific,* Case No. STK-CV-UOE-2019-0014682 (Cal. Sup. Ct. San Joaquin Cty. Mar. 4, 2022) (certifying HammondLaw as class counsel for $1,800,000 settlement of Labor Code §§ 1194, 226(a), 226.2, 226.7, and 203 claims on behalf of 1,100 adjunct instructors).

***Data Breach Cases.*** HammondLaw was also appointed to the Steering Committee in the data breach case against Ashley Madison, *In re Ashley Madison Data Breach Litigation,* MDL No. 2669, which settled for $11.1 million on behalf of approximately 37 million customers, and has recently obtained preliminary approval of a class action settlement, for approximately 16,000 class members in a data breach case against River City Bank—*Rodriguez v. River City Bank,* Case No. 34-2021-00296612 (Cal. Sup. Ct. Sacramento Cty.). In addition, HammondLaw is currently putative class counsel in a data breach case, *Cowan v. LifeLong Medical Care,* Case No. 21CV000478/RG21113030 (Cal. Sup. Ct. Alameda Cty.).

The two firms are preeminent plaintiffs' class-action firms, with unparalleled expertise in this field. The team has a deep group of partners, associates, and staff attorneys, as well as a strong commitment to diversity and the development of younger attorneys. A brief summary of each firm's background and proposed teams is below.

### 1. Susman Godfrey

Since the firm's founding in 1980, Susman Godfrey has served as lead counsel in hundreds of class actions and other complex commercial disputes in courts throughout the country. Susman Godfrey's practice is dedicated exclusively to litigating and trying lawsuits. The firm has represented clients in some of the largest and most complex cases ever litigated and has demonstrated its ability to handle those cases effectively and efficiently. Susman Godfrey's experience is not confined to a single practice area. Rather, the firm has successfully represented its clients in a wide range of complex commercial disputes, including data breach and privacy class actions, antitrust class actions, insurance contract disputes, patent litigation, and other commercial cases. Susman Godfrey seeks the best results for its clients, including prosecuting this case through trial, if necessary. Susman Godfrey's experience is more fully detailed in its firm resume attached as Exhibit E to the Declaration of Krysta Kauble Pachman.

Susman Godfrey's experiences, track record of success, and staying power are reflected in its wide recognition as one of the nation's leading trial firms, including by The American Lawyer in its first-ever "Litigation Boutique of the Year" competition and, more recently, by being named

to the National Law Journal's "America's Elite Trial Lawyers" list and Law360's Class Action Group of the Year in 2017 and 2018, and Cybersecurity Group of the Year in 2022.  The firm's lawyers are consistently recognized as "Super Lawyers" and "Rising Stars" in the states where they practice.  Susman Godfrey currently has over one hundred lawyers nationwide in its four offices, over 90% of whom served in federal judicial clerkships after law school.

Susman Godfrey partner **Krysta Kauble Pachman** has secured hundreds of millions of dollars for plaintiffs in class action settlements, and currently serves as co-lead counsel in the *Blackbaud* data breach litigation MDL.  Her past successes include a deal valued at over $112 million for a class of music copyright owners in *Ferrick v. Spotify USA Inc.*, No. 16-cv-8412 (S.D.N.Y.); a $40 million settlement for a class of derivative investors in *Allergan, Inc. Proxy Violation Derivatives Litigation*, No. 2:17-cv-4776 (C.D. Cal.); and a deal worth $37.5 million for a class of more than 7,000 limited partners who invested in 12 oil and gas limited partnerships in the securities class action, *Schulein v. Petroleum Development Corp.*, No. 8:11-cv-189 (C.D. Cal.).  Ms. Pachman's work earned her recognition by *The Daily Journal* as a Top Woman Lawyer in 2022, by *Lawdragon* as one of the Top 500 Leading Plaintiff Financial Lawyers in 2021 and 2022, as a Future Star by *Benchmark Litigation* in 2022, as a Rising Star of the Plaintiffs' Bar by *National Law Journal*'s Elite Trial Lawyers in 2021, and one of the Top 40 Lawyers Under 40 by *The Daily Journal* in 2021. She was also named as a California Trailblazer in 2020 by *The Recorder*, as one of *Benchmark Litigation*'s "40 and Under Hot List" in 2020, and "One to Watch" in Commercial Litigation by *Best Lawyers* in 2021.  In 2018, Ms. Pachman was named as a Next Generation Woman Leader in Tech Law by *The Recorder*.  She has been named as a Southern California Rising Star by *Super Lawyers*® every year since 2017.

Ms. Pachman graduated from the UCLA School of Law and clerked for Chief Judge Philip S. Gutierrez of the Central District of California.

**Michael Gervais** is a partner at Susman Godfrey and has been involved in a number of significant class action cases, including *In re Tiktok, Inc. Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.), where he was appointed to serve on the Steering Committee and obtained a $92

million litigation-wide settlement; *Helen Hanks v. Voya Retirement Insurance and Annuity Company*, Case No. 16-cv-6399 (S.D.N.Y.), where he obtained a settlement worth $118 million, including a cash fund of over $92 million; and *Flo & Eddie v. Sirius XM*, Case No. 2:13-cv-05693 (C.D. Cal.), where he obtained payment of at least $25.5 million and royalties valued at up to $62 million.   He also currently serves as co-lead counsel in *In re Telescopes Antitrust Litigation*, Case No. 5:20-cv-03639 (N.D. Cal.) (Davila, J.).   Mr. Gervais was named by *Bloomberg Law* in "They've Got Next:  The 40 Under 40," was named to *Benchmark Litigation*'s 40 and Under Hot List in 2022, and was named by the *Los Angeles Business Journal* as a Minority Leader of Influence in 2021.   He is also a founding member of 1844, a group of black male lawyers practicing primarily in BigLaw and in-house legal departments around the country as well as a founding member of the Black BigLaw Pipeline.   He has also been named as a Southern California Rising Star by *Super Lawyers®* every year since 2020.

Mr. Gervais graduated from Yale Law School and clerked on the Ninth Circuit and for U.S. Supreme Court Justice Stephen Breyer.

**Steven Sklaver** is a partner at Susman Godfrey and has served as lead counsel in numerous class actions.   Most recently, the Southern District of New York approved a $123 million cash settlement on behalf of a class of life insurance policyholders suing John Hancock for cost-of-insurance overcharges.   *Leonard v. John Hancock Life Ins. Co. of New York*, No. 1:18-cv-04994 (S.D.N.Y.).   Mr. Sklaver was lead counsel for another certified class of insurance policy owners suing Phoenix Life Insurance Co. and helped secure what the court called "an excellent, excellent result for the class" and "the best settlement pound for pound for the class that I've ever seen."   *Fleisher v. Phoenix Life Ins. Co.*, Case No. 11-cv-8405 (S.D.N.Y.).   Mr. Sklaver was also involved in the *Animation* and *TikTok* cases.   Mr. Sklaver was recently named a "Litigation Star" in 2022 by *Benchmark Litigation* and was recognized for "Outstanding Antitrust Achievement in Private Law Practice" by the American Antitrust Institute in 2019 for his work on *In re: Automotive Parts Antitrust Litigation*.   He has been named one of *Lawdragon*'s 500 Leading Lawyers in America and Leading Plaintiff Financial Lawyers every year since 2020, was

a recipient of the California Lawyer Attorneys of the Year award in 2017, and was selected as part of "Top Plaintiff Lawyers in all of California" in 2016 and 2017 by *The Daily Journal*.  He has tried complex commercial and class action disputes — including jury trials and bench trials in federal and state court, as well as arbitrations.

Mr. Sklaver also represented the former members of the legendary rock group The Turtles in *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, Case No. 2:13-cv-05693 (C.D. Cal.), in a certified class action lawsuit against Sirius XM that settled less than 48 hours before the jury trial was scheduled to begin.  Sirius XM agreed to pay at least $25.5 million (over $16 million after fees and expenses) and royalties under a 10-year license that is valued up to $62 million as compensation for publicly performing without a license pre-1972 sound recordings.  Mr. Sklaver's many significant and widely covered class action results in 2016 helped secure Susman Godfrey's recognition as Law360's "Class Action Group of the Year" in early 2017.[4]

Mr. Sklaver has also handled numerous employment class actions across the country for defendants.  He served as trial counsel for Wal-Mart, the world's largest retailer, trying a large employment class action in California.  He also successfully defended and defeated class certification in numerous, substantial wage and hour matters for Alta-Dena Certified Dairy, LLC, dairy producers for Dean Foods, one of the leading food and beverage companies in the United States.

Mr. Sklaver graduated magna cum laude from Northwestern University School of Law and clerked for the Honorable David M. Ebel on the Tenth Circuit Court of Appeal.

**Kevin Downs** is an associate at Susman Godfrey.  He graduated magna cum laude from the University of Pennsylvania Law School in 2019 and then clerked for Chief Judge Lee H. Rosenthal in the Southern District of Texas before joining Susman Godfrey.  Mr. Downs has

---

[4] Diana Novak Jones, *Class Action Group of the Year: Susman Godfrey*, Law360 (Jan. 26, 2017, 2:23 PM), https://www.susmangodfrey.com/wp-content/uploads/2018/01/class-action-group-of-the-year-susman-godfrey.pdf.

represented plaintiffs and defendants in all kinds of commercial litigation, including in class action lawsuits.  Proving the firm's approach in giving young lawyers significant opportunities, Mr. Downs has taken and defended over two-dozen depositions, argued motions in court, and drafted major briefs that have led to the recovery of millions of dollars, all in less than two years of practice.  During law school, Mr. Downs served as an Associate Editor on the *University of Pennsylvania Journal of Business Law*.

### 2. HammondLaw.

HammondLaw was founded in 2010.  The firm focuses on class actions, and since its founding it has represented consumers and employees in over 70 class and representative action lawsuits, recovering over $100 million for its clients.  The firm has challenged entire industries and has effected changes in existing law, as well as in companies' practices and policies.

**Polina Brandler** is Counsel at HammondLaw, focusing on consumer and labor and employment cases.  Since joining HammondLaw in 2012, Ms. Brandler has been responsible for all facets of the firm's class actions, from pre-filing investigation, discovery, and motion practice, to appeal and settlement approval.  Ms. Brandler has been appointed class counsel on more than 45 class actions and tried the *Gola v. University of San Francisco* case alongside Mr. Hammond.  Ms. Brandler graduated from the Benjamin N. Cardozo School of Law in 2009.  After graduating, Ms. Brandler clerked for Judge Anita Dymant in the Los Angeles Superior Court, Appellate Division.  While in law school, Ms. Brandler completed a year-long clerkship for the Hon. Sandra S. Townes (E.D.N.Y.).

**Julian Hammond** founded HammondLaw, P.C., in 2010 to focus on class action lawsuits representing employees and consumers.  His practice covers wage and hour class action lawsuits, individual discrimination claims, multi-plaintiff arbitrations, and consumer class actions.  Mr. Hammond has been practicing law for nearly 20 years, beginning his practice of law in Australia, first as a Solicitor in New South Wales and then as a Barrister from approximately 2002 to 2008.  He has been practicing law in the United States for 15 years focusing exclusively on complex employment and consumer class and representative actions.  Mr. Hammond has extensive

litigation experience and is frequently at the forefront of major class action cases in both state and federal courts in California and Washington state.  Mr. Hammond has litigated more wage and hour cases on behalf of adjunct instructors in California than any other attorney.

Mr. Hammond graduated from the University of Technology in Sydney with a Bachelor of Law *summa cum laude* in 1999, and from New York University School of Law with a Master of Law in 2001.

**Adrian Barnes** is Counsel at HammondLaw.  Mr. Barnes graduated from Columbia Law School in 2007.  At Columbia, he was a James Kent Scholar and a member of the Columbia Law Review editorial board.  He won Columbia's Emil Schlesinger prize for the student most proficient in labor law, and spent the first part of his legal career representing unions in traditional labor law matters, arbitrating dozens of cases.  Over the past decade Mr. Barnes's practice has focused on wage and hour and consumer class actions.  Since joining HammondLaw in 2021, Mr. Barnes has successfully pursued and settled more than ten class and representative actions on behalf of classes of California consumers and employees.

**Ari Cherniak** is an associate at HammondLaw.  Mr. Cherniak handles all aspects of the firm's class action cases, including pre-filing investigation, continuing factual research and investigation, and discovery.  Mr. Cherniak has served as class counsel in over 50 class actions.  Mr. Cherniak graduated from Tulane Law School in 2011.

**B.** **The Susman-Hammond Team Will Ensure Efficient Litigation of this Matter**

As noted above, the Susman-Hammond Team has not promised work to legions of plaintiffs' firms (as sometimes happens in cases as large as this one).  These two firms propose to litigate the case themselves.  They come with deep reserves of attorneys devoted to representing plaintiffs in class actions.

To ensure cost-effective representation of the class, the Susman-Hammond Team proposes a number of common-sense measures.  *First*, primary responsibility for specific tasks in this litigation will be assigned to a single firm, and when appropriate, a single attorney.  *Second*, attendance at fact depositions will be limited to no more than one attorney from each firm (unless

a junior attorney has been assigned a lead role, in which case they can be supported by a more senior attorney).  *Third*, no more than one lawyer from each firm will bill for attending discovery hearings unless a junior lawyer is taking the lead, in which case a more senior attorney may also attend.

Each firm has robust timekeeping policies to ensure timely and detailed records of all billable time.  Time must be contemporaneously tracked by attorneys at each firm in time-keeping software.  Time descriptions must be sufficiently detailed to enable anyone reviewing the entries to identify the specific activity performed, the time spent and its purpose, and its relationship to the matter.  Time must be tracked in tenth-of-an-hour increments.  And time records are entered promptly at each firm, no later than the fifteenth day of the following month unless express permission is given by the supervising partner.  The Susman-Hammond Team commits to exchanging their time records with each other once a quarter to allow for transparency and inter-firm review.

### C.     The Susman-Hammond Team Advances Diversity

The Susman-Hammond Team has the additional benefit of a diverse leadership slate.  Both firms have a strong commitment to diversity.  Many of the attorneys described in this motion are women and people of color and bring unique experience to bear in advancing this litigation.  For example, Lead Counsel for the Susman team is Krysta Pachman.  Ms. Pachman was appointed by Judge Childs to the "most diverse leadership team ever" in the *Blackbaud Inc. Consumer Data Security Breach Litigation*, MDL No. 2972.[5]  Assisting Ms. Pachman is Michael Gervais, who clerked for Justice Stephen Breyer, is the first male partner of color in Susman Godfrey's Los Angeles office, and was appointed to the steering committee in the *TikTok* privacy

---

[5] Amanda Bronstad, *MDL Judge Taps 'Most Diverse Leadership Team Ever' in Data Breach Class Action*, Law.com (Mar. 3, 2021, 2:46 PM), https://www.law.com/nationallawjournal/2021/03/03/south-carolina-mdl-judge-taps-most-diverse-leadership-team-ever-in-data-breach-class-action/.

action previously described.  The team is also diverse because the attorneys seeking leadership positions includes newer practitioners who are at the forefront of class action litigation and will continue to build the pipeline to ensure that diverse attorneys have positions of leadership in the future.

### III.    The Susman-Hammond Team Has the Resources to Litigate This Case Most Effectively.

The final factor to be considered are the resources committed to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(iv).  Where the class faces well-financed adversaries represented by capable and well-funded counsel, it should be represented by counsel with similar resources.  *See In re SSA Bonds Antitrust Litig.*, No. 16-cv-3711, 2016 WL 7439365, at *3 (S.D.N.Y. Dec. 22, 2016) (the firms appointed had "substantially more resources at their disposal than the other applicant teams").  This Court must be satisfied that counsel "will commit sufficient attorney time and financial resources to vigorously prosecute the putative class's claims."  *Smith v. State Farm Mut. Auto. Ins. Co*., 301 F.R.D. 284, 289 (N.D. Ill. 2014).  The Susman-Hammond Team meets this standard.

The Susman-Hammond Team is formed by established and respected plaintiffs' firms, with decades of experience between them.  These two firms are well-capitalized and possess some of the largest and most robust investigatory and litigation teams in their field.  Collectively, they have offices in five cities across the United States.  Combined, the Susman-Hammond Team have the resources of over one hundred attorneys at their disposal.

Susman Godfrey consistently advances millions of dollars in litigation costs in matters of comparable or even greater size and complexity.  They do not receive any litigation funding to litigate class actions and commit to not receiving any here.  They will approach litigating against this well-funded adversary with the same commitment.

### CONCLUSION

The putative class members in this case deserve one team who can handle the case efficiently, try the case before the jury, and do so with substantial data-breach case experience. Plaintiffs Madalyn Brown, Cole McDowell, Christy Brockington, and Derek Dawes therefore

respectfully request that the Court appoint the Susman-Hammond Team as interim class counsel. A proposed order is attached.

Dated: September 29, 2022

KRYSTA KAUBLE PACHMAN
MICHAEL GERVAIS
STEVEN G. SKLAVER
KEVIN R. DOWNS
SUSMAN GODFREY L.L.P.

By:   */s/ Krysta Kauble Pachman*
Krysta Kauble Pachman

POLINA BRANDLER
JULIAN HAMMOND
ARI CHERNIAK
ADRIAN BARNES
HAMMONDLAW, P.C.

By:   */s/ Polina Brandler*
Polina Brandler

Attorneys for Plaintiffs Madalyn Brown, Cole McDowell, Christy Brockington, and Derek Dawes