**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE ACCELLION, INC. DATA BREACH LITIGATION

Case No: 21-cv-01155-EJD

Hon. Edward J. Davila

**[PROPOSED] ORDER GRANTING MOTION TO APPOINT SUSMAN GODFREY L.L.P. AND HAMMONDLAW, P.C. AS INTERIM CO-LEAD CLASS COUNSEL**

Before the Court is Plaintiffs Madalyn Brown, Cole McDowell, Christy Brockington, and Derek Dawes's Motion for Appointment of Susman Godfrey L.L.P. and HammondLaw, P.C. as interim co-lead class counsel.

Having considered the submissions of the parties, the arguments made at the December 8, 2022 hearing, and the relevant law, Brown's motion is GRANTED and the Court APPOINTS Susman Godfrey LLP and HammondLaw, P.C. as interim co-lead counsel.

## I. PROCEDURAL BACKGROUND

In February 2021, plaintiff Madalyn Brown sued Accellion on behalf of a nationwide class. Numerous other class actions were filed against Accellion following Brown's complaint. On March 14, 2022, this Court granted a motion to consolidate the cases and subsequently ordered all parties to file motions to serve as interim class counsel by September 29, 2022. Susman Godfrey and HammondLaw then filed a motion for appointment as interim co-lead class counsel.

## II. APPLICATION FOR APPOINTMENT AS INTERIM CLASS COUNSEL

### A. Legal Standard

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))). "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1)." *Paraggua*, 2012 WL 3763889 at *1. Under Rule 23(g)(1), the court considers:

> (i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

**B. The Rule 23(g) Factors Favor Appointment of Susman Godfrey and HammondLaw as Interim Co-Lead Class Counsel**

Each of the Rule 23(g)(1)(A) factors favor the appointment of Susman Godfrey and HammondLaw as interim co-lead class counsel.

Susman Godfrey and HammondLaw have done substantial original work identifying and investigating potential claims in the action. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). HammondLaw reviewed publications, articles, and interviews to determine the scope of the breach and the potential class members affected. HammondLaw identified plaintiffs to represent multiple putative classes and was the first to file a complaint. Susman Godfrey and HammondLaw researched and analyzed newly-enacted state laws to determine which causes of action to assert. Susman Godfrey has continued to evaluate additional claims.

Susman Godfrey and HammondLaw have significant levels of experience handling class actions and claims of the type asserted in this case. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii). The team of attorneys from Susman Godfrey and HammondLaw that will represent the class has obtained numerous exceptional results for plaintiffs in class actions.

Susman Godfrey and HammondLaw also have significant expertise in data-breach class actions, including cases involving claims under the same statutes at issue here. *See* Fed. R. Civ. P. 23(g)(1)(A)(iii). This experience will be a substantial benefit to the class.

Susman Godfrey and HammondLaw have sufficient resources to vigorously litigate on behalf of the class, as has been demonstrated by prior cases that both firms have successfully litigated on a contingency basis. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

Susman Godfrey and HammondLaw have also proposed a leadership structure where all work on this litigation will be performed by their two firms alone. This leadership structure is of substantial benefit to the class because it will increase the effectiveness and efficiency of interim lead counsel's representation on behalf of the class. *See* Fed. R. Civ. P. 23(g)(1)(B).

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Susman Godfrey L.L.P. and HammondLaw, P.C. as Plaintiffs' Interim Co-Lead Class Counsel.

2. Interim Co-Lead Class Counsel shall be responsible for the overall conduct of the litigation and shall be generally responsible for coordinating the activities of the proposed class(es) during pretrial proceedings and shall have the sole authority to:

a. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by designees) to the court and opposing parties the position of the proposed class(es) on all matters arising during pretrial proceedings;

b. coordinate the initiation and conduct of discovery on behalf of the proposed class(es) consistent with the requirements of Federal Rule of Civil Procedure 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. conduct settlement negotiations on behalf of the proposed class(es);

d. consult with and employ experts and consultants as necessary;

e. delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the proposed class(es) is conducted efficiently and effectively;

f. enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

g. maintain adequate time and disbursement records covering services as Interim Co-Lead Class Counsel; and

h. perform such other duties as may be incidental to proper coordination of the proposed class(es) pretrial activities or authorized by future order of Court.

3. Interim Co-Lead Class Counsel shall keep contemporaneous time and expense records indicating with specificity the hours and particular activities engaged in and shall provide such records to the Court.

4. This order shall apply to all Plaintiffs' class actions related, transferred, or coordinated to the above-captioned action.

IT IS SO ORDERED.

DATED: __________________, 2022.

EDWARD J. DAVILA
United States District Judge

Dated: September 29, 2022

Submitted by:

SUSMAN GODFREY L.L.P.

By /s/ Krysta Kauble Pachman
Krysta Kauble Pachman

KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KEVIN R. DOWNS (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150

HAMMONDLAW, P.C.

By /s/ Polina Brandler
Polina Brandler

POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
HAMMONDLAW, PC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
[Tel.] (310) 601-6766
[Fax] (310) 295-2385

*Attorneys for Plaintiffs and the Putative Classes*