MICHAEL F. RAM (SBN 104805)
MARIE N. APPEL (SBN 187483)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile:  (415) 358-6923
mram@forthepeople.com
mappel@forthepeople.com

*Counsel for Plaintiffs Zebelman, Bolton,
Whittaker, Sharp, Pollard and Desjardins*

[Additional Counsel Appear on Signature Page]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>**RESPONSE IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)**<br><br>DATE:     December 8, 2022<br>TIME:     9:00 a.m.<br>CTROOM:  4, 5th Floor<br>JUDGE:    Hon. Edward J. Davila |

# **TABLE OF CONTENTS**

I.   MOVANTS ARE THE ONLY APPLICANTS TO HAVE TAKEN CONCRETE ACTION TO PROTECT THE INTERESTS OF THE CLASS ..........................................2

II.  MOVANTS IMPLEMENT TIME AND EXPENSE PROTOCOLS AS PART OF THEIR STANDARD PRACTICE................................................................................5

III. MOVANTS HAVE PROPOSED A DIVERSE LEADERSHIP TEAM............................6

IV.  CONCLUSION................................................................................................................6

i

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
  55 F.3d 768 (3d Cir. 1995) ................................................................................................. 5

*In re Mun. Derivatives Antitrust Litig.*,
  252 F.R.D. 184 (S.D.N.Y. 2008) ........................................................................................ 4

*Razo v. AT&T Mobility Servs., LLC*,
  No. 1:20-cv-00172, 2021 WL 4988866 (E.D. Cal. Oct. 27, 2021) .................................... 2

**Statutes, Rules, and Regulations**

Federal Rules of Civil Procedure
  Rule 23(e)(2) ...................................................................................................................... 5
  Rule 23(g) ................................................................................................................. 1, 2, 5

**Other Authorities**

Bolch Judicial Institute, Duke Law School,
  *Guidelines and Best Practices for Large and Mass Tort MDLs*
  (2d ed., Sept. 2018) ........................................................................................................... 6

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004),
  §21.11 ................................................................................................................................ 2
  §22.923 .............................................................................................................................. 4

ii

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD

Plaintiffs Susan Zebelman in *Zebelman v. Accellion, Inc.*, No. 5:21-cv-01203-EJD, Eugene Bolton in *Bolton v. Accellion, Inc.*, No. 5:21-cv-01645-EJD, Valerie Whittaker in *Whittaker v. Accellion, Inc.*, No. 5:21-cv-01708-EJD, Aaron Sharp in *Sharp v. Accellion, Inc.*, No. 5:21-cv-02525-EJD, Janet Pollard in *Pollard v. Accellion, Inc. and Flagstar Bancorp, Inc.*, No. 5:21-cv-02572-EJD, and Amiresse Desjardins in *Desjardins v. Accellion, Inc.*, No. 5:21-cv-04743-EJD (collectively, "Movants"), respectfully submit this Response in Support of their Motion to appoint John A. Yanchunis and Joseph P. Guglielmo as Interim Co-Lead Class Counsel, and to appoint Gary F. Lynch, Kate M. Baxter-Kauf, Jonathan M. Rotter, and Sabita J. Soneji as members of a Plaintiffs' Steering Committee (ECF No. 112) (the "Motion").[1]

Four competing slates have moved this Court for appointment to lead this consolidated action: (1) Movants; (2) Girard Sharp LLP, seeking appointment as Interim Co-Lead Class Counsel (ECF No. 111); (3) Tina Wolfson, seeking appointment as Interim Class Counsel supported by a three-person Plaintiffs' Steering Committee (ECF No. 113); and (4) Susman Godfrey L.L.P. and HammondLaw, P.C., as Interim Co-Lead Class Counsel (ECF No. 114).

Movants maintain that they are the only applicants that warrant appointment as Interim Co-Lead Class Counsel as they have demonstrated their commitment to the class and have taken concrete steps to protect the putative class and obtain the best possible result for those that have been aggrieved by Defendants arising out of the Data Breach. Movants respectfully submit that although each slate argues that it has presented the necessary experience and credentials to satisfy Rule 23(g)(1) and (4), the paramount question for the Court is which applicant is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). For the reasons set forth in their Motion and as explained further below, Movants respectfully submit that they are best able to represent the interests of the class and should be appointed as Interim Co-Lead Class Counsel.

---

[1] Capitalized terms not otherwise defined herein retain the same meaning as defined in Movants' Motion.

I.  **MOVANTS ARE THE ONLY APPLICANTS TO HAVE TAKEN CONCRETE ACTION TO PROTECT THE INTERESTS OF THE CLASS**

Ms. Wolfson claims that she is the "natural choice for leadership" of this consolidated action because she purports to have "done the most work on behalf of the class members." ECF No. 113 at 2.[2] In reality, Ms. Wolfson has worked in defiance of this Court's orders, court-appointed leadership in related Accellion cases, and without the consent or involvement of other counsel. Those actions demonstrate why Ms. Wolfson is unable to represent the best interests of the class. By acting to protect the interests of the class, as set forth in Movants' Motion, Movants have demonstrated that they are best able to represent the interests of the class.

As an attorney who litigates class actions, Ms. Wolfson should be well-aware that the purpose of appointing interim class counsel is to clarify "responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, ***and negotiating settlement***." MANUAL FOR COMPLEX LITIGATION, §21.11, at 246 (4th ed. 2004) (emphasis added).

The Manual for Complex Litigation recognizes that the appointment of class counsel is necessary to avoid one of the "recurring potential abuses in class action litigation," (*id.*, §21.61), the reverse auction, which allows "defendants to select certain plaintiffs' counsel with whom to negotiate a precertification and perhaps prefiling a settlement class action, resulting in a settlement with the lowest bid." *Id.*, §22.923; *see also* Fed. R. Civ. P. 23(g), Advisory Comm. Notes (2003) (characterizing appointment of appropriate class counsel as "critically important to the successful handling of a class action").

The record before the Court reveals that by negotiating settlements that were actively concealed from other counsel, Ms. Wolfson's maneuverings have created the appearance of at

---

[2] To the extent Ms. Wolfson argues that her proposed settlements support her appointment as interim lead counsel, courts in this Circuit have noted that such facts are not "a factor in the Rule 23(g) analysis." *Razo v. AT&T Mobility Servs., LLC*, No. 1:20-cv-00172, 2021 WL 4988866, at *2 (E.D. Cal. Oct. 27, 2021).

2

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD

least two potential reverse auctions. First, in *Angus v. Flagstar Bank, FSB*, No. 2:21-cv-10657 (E.D. Mich.) ("*Angus*"), filed against Flagstar, as set forth in Movant's Motion. There, the court on July 30, 2021 appointed Mr. Yanchunis as Interim Lead Counsel and specifically authorized Mr. Yanchunis as the individual on behalf of the class to "[n]egotiate with defense counsel with respect to settlement and other matters." *Angus*, ECF No. 33, at 3-4. During an initial mediation, Mr. Yanchunis refused to accept a settlement proposal he deemed unfair, unreasonable, and inadequate. *Beyer v. Flagstar Bancorp, Inc.*, No. 5:21-cv-02239-EJD (N.D. Cal.), Declaration of John A. Yanchunis in Support of Motion to Intervene and to Sever and Transfer Claims and in Opposition to Preliminary Approval of Settlement (N.D. Cal. Dec. 23, 2021) (ECF No. 62-1), ¶¶3-4. Rather than collaboratively work with Mr. Yanchunis, Ms. Wolfson scheduled and conducted a second mediation with Flagstar, unbeknownst to either Mr. Yanhunis or the *Angus* court (*Angus*, ECF No. 36 at 6), which resulted in the settlement pending before this Court. ECF No. 54.

Second, as set forth in the Motion to Intervene filed by the Plaintiffs in *Stone v. Accellion USA LLC*, No. 21-2-01439-5 SEA (Wash. Super. Ct., Kings Cnty.) ("*Stone*"), though Ms. Wolfson claims that her firm "spearheaded efforts to invite numerous counsel who filed cases against Accellion to the Accellion mediations" (ECF No. 113-1, ¶34), counsel for the *Stone* Plaintiffs have attested to contrary facts surrounding Ms. Wolfson's efforts. Declarations submitted on this docket establish that counsel for the *Stone* Plaintiffs told Ms. Wolfson that "a global settlement with Accellion required participation from counsel that represented classes in the different data breaches," a proposal that Ms. Wolfson "rejected." ECF No. 94-1, ¶20. Rather than invite other counsel, including Movants to participate, Ms. Wolfson instead "took the position" that counsel "could not share the fact that the mediation occurred with anyone, including counsel representing classes in the different data breaches." *Id.*, ¶21. Indeed, counsel for the *Stone* Plaintiffs "proposed to Accellion that they mobilize a broad coalition of plaintiffs' counsel, to engage in further settlement discussions with Accellion that would consider, and give voice to, the various interests of the different customer breach classes across the country," and in fact, "gathered support for the second mediation from plaintiffs' counsel around the country." *Id.*, ¶23. Accellion then "went silent until . . . it reported to Proposed Intervenors' counsel that it had reached settlement with

3

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD

Settling Plaintiffs' Counsel.  Proposed Intervenors were never consulted about the settlement." *Id.*, ¶25.

In both situations, Defendants were able to "select certain plaintiffs' counsel with whom to negotiate . . . resulting in a settlement with the lowest bid," creating the appearance of a reverse auction warned about in the Manual for Complex Litigation.  MANUAL FOR COMPLEX LITIGATION, §22.923.

The one authority Ms. Wolfson cites in support of her claim that her efforts "compel" her appointment, *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184 (S.D.N.Y. 2008), hardly supports her appointment.  In *Mun. Derivatives*, following reports that the United States was investigating an unlawful conspiracy in the municipal derivatives market, plaintiffs' counsel entered into an agreement with one potential defendant through which counsel agreed not to seek treble damages in exchange for information pertaining to the alleged conspiracy.  *Id.* at 185. Following the investigation of the relevant claims over 18 months, counsel then initiated the first-filed action.  *Id.*  After copy-cat actions were filed shortly thereafter, the J.P.M.L. consolidated the proceedings. Within four months of the initial complaint's filing, counsel moved for appointment as interim co-lead counsel.  *Id.*  At the time the motion for appointment was filed, "no settlement ha[d] yet been reached."  *In re Mun. Derivatives Antitrust Litig.*, No. 1:08-cv-02516-VM-GWG, Mem. of Law in Support of Mot. for Appointment of Interim Leadership Structure, ECF No. 142 at 2 (S.D.N.Y. July 11, 2008).  The facts here could not be more different.  Ms. Wolfson was not the first to file, nor was she the only counsel investigating Defendants' conduct; the J.P.M.L. denied consolidation; Ms. Wolfson solicited conversations with Defendants while this Court was considering whether to consolidate these actions (ECF No. 113-1, ¶¶9-10) ("Between the filing of the Motion to Consolidate on April 7, 2021, and the Order granting it on March 14, 2022 (ECF No. 83), I initiated separate dialogues with counsel for Kroger, Accellion, Flagstar Bank, and Centene/Health Net, to determine how to best advance these litigations. . . .  These separate conversations ultimately led to discussions of whether early resolution could be reached with each Defendant . . . ."); and Ms. Wolfson agreed to class-wide settlements before the Court determined who would serve as class counsel.

4

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD

Movants respectfully suggest that rewarding counsel for exploiting the vacuum in court-appointed leadership would undermine the policies animating Rule 23(g), would send the wrong message to the bar, and would taint putative class members' confidence in any settlement before the Court.  The deficiencies identified herein cannot merely be remedied merely by allowing potential class members to later object to the proposed settlements.  Rule 23's procedural protections build upon one another to protect putative class members.  The standard applicable at final approval, that a proposed settlement be "fair, reasonable, and adequate" (Fed. R. Civ. P. 23(e)(2)), is guarded by Rule 23(g)'s command, which ensures that any proffered settlement was negotiated by the counsel "best" able to represent the interests of the class.  *See, e.g.*, *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 788 (3d Cir. 1995) ("[B]ecause the court does not appoint a class counsel until the case is certified, attorneys jockeying for position might attempt to cut a deal with defendants by underselling the plaintiffs' claims relative to other attorneys.").  What is clear is that Movants have demonstrated why they should be appointed as Interim Co-Lead Class Counsel as they have: devoted the time and work to advancing this litigation on behalf of the class; sought to protect and defend the class from improper procedural maneuvers; demonstrated their ability to work well with other counsel; and have the necessary experience and knowledge of the law to successfully lead this litigation.

## II.     MOVANTS IMPLEMENT TIME AND EXPENSE PROTOCOLS AS PART OF THEIR STANDARD PRACTICE

Certain applicants stress to the Court that they should be appointed in part because of their practices for tracking time and expense.  ECF No. 111 at 13; ECF No. 114 at 19.  However, proposing such routine organizational protocols is not a basis to appoint an applicant as interim lead counsel.  Movants do agree that time and expense protocols serve a valuable function, which is why Movants implement such protocols as part of their standard practice in the actions that they lead.  For example in *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, No. 1:17-md-02800-TWT (N.D. Ga.) (ECF No. 232 at 9), Movants were part of the court-appointed leadership that implemented a time and expense protocol setting forth parameters to all plaintiffs' counsel governing how time and expenses would be recorded, what time would be compensable and that

5

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD

such information would be submitted to the court on a quarterly basis. *Id.* Movants are committed to efficiently managing this consolidated action, and consistent with their standard practice, would similarly implement time and expense reporting protocols in this action as well.

### III.   MOVANTS HAVE PROPOSED A DIVERSE LEADERSHIP TEAM

Certain applicants correctly emphasize the diversity of their proposed teams. Similarly, Movants have proposed a team that is diverse in terms of gender, race, experience, and national origin. As recognized by Duke Law School's guidelines regarding plaintiffs' leadership structures in consolidated actions, "[a]ppointing lawyers with diverse perspectives and experience will create a well-rounded and effective team." Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass Tort MDLs*, at 42 (2d ed., Sept. 2018), *available at* https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch. Movants have a track record of encouraging newer attorneys to take responsibility for assignments commensurate with their capabilities, including briefing and arguing substantive motions. That commitment to mentoring the next generation of leaders in the Plaintiffs' bar will continue through Movants' appointment in this case.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs Zebelman, Bolton, Whittaker, Sharp, Pollard, and Desjardins respectfully request that the Court grant their Motion and appoint John A. Yanchunis and Joseph P. Guglielmo as Interim Co-Lead Class Counsel, and appoint Gary F. Lynch, Kate M. Baxter-Kauf, Jonathan M. Rotter, and Sabita J. Soneji as members of a Plaintiffs' Steering Committee.

DATED: October 6, 2022                  By:      */s/ Michael F. Ram*
                                                 MICHAEL F. RAM (SBN 104805)
                                                 MARIE N. APPEL (SBN 187483)
                                                 **MORGAN & MORGAN**
                                                 **COMPLEX LITIGATION GROUP**
                                                 711 Van Ness Avenue, Suite 500
                                                 San Francisco, CA 94102
                                                 Telephone: (415) 358-6913
                                                 Facsimile:  (415) 358-6923
                                                 mram@forthepeople.com
                                                 mappel@forthepeople.com

John A. Yanchunis*
Ryan D. Maxey*
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

Joseph P. Guglielmo (*pro hac vice*)
Carey Alexander (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
calexander@scott-scott.com

Gary F. Lynch
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com

Kate M. Baxter-Kauf
**LOCKRIDGE GRINDAL NAUEN, PLLP**
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
kmbaxter-kauf@locklaw.com

Jonathan M. Rotter (CA 234137)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
jrotter@glancylaw.com

7

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD

Sabita J. Soneji (SBN 224262)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510)-254-6808
ssoneji@tzlegal.com

*Counsel for Plaintiffs Zebelman, Bolton, Whittaker, Sharp, Pollard, and Desjardi*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Michael F. Ram*
MICHAEL F. RAM (SBN 104805)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile:  (415) 358-6923
mram@forthepeople.com

9

RESPONSE IN SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO RULE 23(G)
Case No. 5:21-CV-01155-EJD