TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 310.474.9111
Facsimile:  310.474.8585

ANDREW W. FERICH (*pro hac vice*)
aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: 310.474.9111
Facsimile:  310.474.8585

*Proposed Interim Class Counsel*

[Additional counsel appear on the signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>**RESPONSE IN SUPPORT OF MOTION TO APPOINT TINA WOLFSON AS INTERIM CLASS COUNSEL AND BEN BARNOW, TIMOTHY BLOOD AND MATTHEW GEORGE TO THE PLAINTIFFS' STEERING COMMITTEE**<br><br>Date: January 12, 2023<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor |

I.  INTRODUCTION

The competing leadership applications confirm that the Court should grant the application of Tina Wolfson and the proposed PSC comprised of Ben Barnow, Timothy Blood and Matthew George (the "Ahdoot Wolfson Team").

To date, the Ahdoot Wolfson Team undertook an enormous amount of work in conducting informal pre-mediation and affirmative post-mediation discovery, attending numerous mediation sessions, and spending numerous additional hours negotiating, memorializing, and moving for approval of four fair, reasonable, and adequate settlements that, if approved, would resolve this litigation entirely. As a result of these efforts, the Kroger class has already received substantial benefits. The Ahdoot Wolfson Team has demonstrated their commitment to working in the best interest of the classes and has done the most work for the classes. They should be appointed to lead without regard to the existence of the remaining settlements. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *see also In re Mun. Derivatives Antitrust Litig.,* 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (counsel team that engaged in pre-appointment settlement negotiations and mediation that culminated in a class-wide settlement was appointed as interim class counsel).

The competing applicants hopefully recognize the significant work that they would need to start from scratch to prosecute these cases. Appointing any other applicant—whether one firm or six, as the "Morgan & Morgan Team" suggest—would inevitably lead to duplication of work already performed by the Ahdoot Wolfson Team, which would be inefficient and harm the classes. The Ahdoot Wolfson Team is best positioned to achieve the best results for the classes in the most efficient way, just as they have shown and done to date.

The application of the Morgan & Morgan Team (ECF No. 112) should be denied for the additional reason that it misrepresents events of the Flagstar mediation and Michigan litigation. Most importantly, the Eastern District of Michigan has already heard and rejected all these arguments, staying that litigation pending final approval of the settlement with Flagstar in this Court—facts that only support the appointment of the Ahdoot Wolfson Team.

Finally, only the Ahdoot Wolfson Team's application proposes a diverse candidate at the top level of leadership. As the proposed Interim Class Counsel, Ms. Wolfson, one of the very few female

- 1 -

leaders of a national class action firm, offers diversity of gender and life experience. *See* Bolch Judicial Institute, Duke Law School, Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.), at 37–38, *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.

The Court should grant the application of Tina Wolfson of Ahdoot Wolfson, Ben Barnow of Barnow and Associates, P.C., Timothy G. Blood of Blood Hurst & O'Reardon, LLP, and Matthew B. George of Kaplan Fox & Kilsheimer LLP.

## II. ADDITIONAL PROCEDURAL BACKGROUND TO CLARIFY THE RECORD

### A. Mr. Yanchunis Files Cases Against Kroger In the Southern District Of Ohio and Flagstar Bank In the Eastern District Of Michigan

Mr. Yanchunis filed an action against Kroger, *Abrams*, No. 1:21-cv-00240-MRB, in the Southern District of Ohio on April 7, 2021. Notably this action was filed nearly a month after Ms. Wolfson and Mr. Barnow filed the settled *Cochran* matter in this Court on March 17, 2021. Mr. Yanchunis ultimately orchestrated a group of 15 lawyers representing 11 firms in 6 other cases against Kroger filed in the Southern District of Ohio.[1]

Mr. Yanchunis took a similar approach in the Eastern District of Michigan with Flagstar. There, he filed the *Angus* matter (No. 2:21-cv-10657) on March 25, 2021, just 3 business days before Ahdoot Wolfson filed *Beyer* in this Court on March 30, 2021. Mr. Yanchunis again formed a group of 7 lawyers from 7 firms who filed 3 cases against Flagstar Bank in that court.[2]

### B. The Southern District of Ohio Stays the Ohio Proceedings In Deference to This Court; Mr. Yanchunis and His Co-Counsel's Intervention And Objections to the Kroger Settlement Are Overruled; *Cochran* Is Granted Final Approval and Settlement Benefits Are Distributed

On March 10, 2022, Judge Timothy Black of the Southern District of Ohio granted Kroger's motion to stay all Kroger FTA Data Breach proceedings in that court pending final approval of the

---

[1] *Jones*, No. 1:21-cv-00146 (filed Mar. 3, 2021); *Govaert*, No 1:21-CV-00174 (filed Mar. 11, 2021); *Doty*, No. 1:21-CV-00198 (filed Mar. 23, 2021); *Strohm*, No. 1:21-CV-00226 (filed Apr. 2, 2021); *Buck*, No. 1:21-CV-00279 (filed Apr. 19, 2021); and *Baer*, No. 1:21-CV-001323 (filed May 13, 2021).

[2] *Angus, supra*; *Garcia*, No. 2:21-cv-10671 (filed Mar. 26, 2021); and *Burdick*, No. 2:21-cv-10786 (filed Apr. 7, 2021). Girard Sharp's later-filed action in Michigan, *Hawkins*, No. 2:21-cv-11165 (filed May 19, 2021), was not included in the Yanchunis coalition.

- 2 -

RESPONSE ISO MOTION TO APPOINT TINA WOLFSON AS INTERIM CLASS COUNSEL AND BEN BARNOW, TIMOTHY BLOOD AND MATTHEW GEORGE TO THE PLAINTIFFS' STEERING COMMITTEE
No. 5:21-CV-01155-EJD

nationwide class action settlement reached with Kroger by Ahdoot Wolfson and Barnow and Associates. *Jones*, ECF No. 36.

Following the stay in Ohio, Mr. Yanchunis and his co-counsel attempted to intervene in *Cochran* and oppose the motion for preliminary approval of the Kroger settlement. *Cochran*, No. 5:21-cv-01887-EJD, ECF No. 57. These efforts failed. *Id*., ECF No. 98 (granting preliminary approval); ECF No. 99 (denying motion to intervene and oppose settlement). Some of Mr. Yanchunis's co-counsel persisted with disruption. They also filed objections to final approval of the Kroger settlement that were overruled. *See id*., ECF Nos. 107, 115, 116 (granting final settlement approval, overruling objections, and entering judgment). No appeal was filed. Concurrently filed Declaration of Tina Wolfson ("Wolfson Decl. II") ¶ 4. The excellent settlement and the benefits it provided were determined to be fair, reasonable, and adequate by this Court, and the settlement benefits have been distributed to the class members. *Id*. ¶ 5.

### C. Morgan & Morgan Is Invited to Participate in a Mediation with Flagstar in *Beyer*

On July 13, 2021, after Ahdoot Wolfson initiated resolution discussions, obtained the necessary information to evaluate potential early resolution, and secured the mediation date, Flagstar participated in a joint mediation with Ahdoot Wolfson and Morgan & Morgan before Judge Gandhi. *Id*. ¶ 6. Mr. Yanchunis states that he refused to agree to terms that were acceptable to Ahdoot Wolfson (ECF No. 112, at 5:3-6), but as he acknowledges, Flagstar did not reach agreement with Ahdoot Wolfson's clients either that day.  There was no proposal that Ahdoot Wolfson accepted and Morgan & Morgan rejected. Wolfson Decl. II ¶ 7. Similarly, while rehashing a status conference held in the Michigan court on July 16, 2021, Mr. Yanchunis doesn't mention that he did not tell Judge Tarnow that his firm participated in mediation that had come about as a result of Ahdoot Wolfson's efforts. *Id.* ¶ 8. Ahdoot Wolfson was not at liberty to mention the mediation as a courtesy to defense counsel, who specifically requested that the fact of mediation stay confidential. *Id.* ¶ 9.

### D. Ahdoot Wolfson and Flagstar Attend a Second Mediation and Reach a Settlement

While the details of the mediation proceeding are subject to confidentiality, it was apparent to Ahdoot Wolfson why Flagstar did not invite Mr. Yanchunis to the second mediation on July 26, 2021. Ahdoot Wolfson, who then represented the only case with a California Consumer Privacy Act cause

of action carrying statutory damages, was compelled by its fiduciary duty to explore resolution for the class and agreed to attend. Wolfson Decl. II ¶ 10. Agreement was reached on a $5.9 million non-reversionary settlement pursuant to Judge Gandhi's double blind mediators' proposal, after a long day of zealous negotiations. *Id.* ¶ 11. Ahdoot Wolfson accepted the proposal because they believed it is fair, reasonable, and adequate, and in the best interest of the class (as they comprehensively set forth in their previously filed Motion for Preliminary Approval). *Id.* ¶ 11.

Ahdoot Wolfson was never under any obligation to engage solely in joint mediations with Morgan & Morgan or to breach their confidentiality obligations to appease Mr. Yanchunis. *Id.* ¶ 12. To the contrary, Ahdoot Wolfson owed Plaintiffs and the class a duty to negotiate with Flagstar in good faith with or without Morgan & Morgan. *Id*. And when Flagstar expressed a willingness to engage in a second mediation, Ahdoot Wolfson fulfilled its fiduciary duty to the class to explore whether a fair, reasonable, and adequate settlement could be reached. *Id*.

### E. The Eastern District of Michigan Stays *Angus* Pending Final Approval of the *Beyer* Settlement

On September 21, 2021, Magistrate Judge David R. Grand granted Flagstar's motion to stay the Michigan case pending the outcome of the present case, overruling Mr. Yanchunis's Opposition. *Angus*, ECF Nos. 30, 34, 46. Judge Grand opined that while "none of the named plaintiffs [in *Angus*] have alleged an actual injury resulting from the data breach, the *Beyer* case asserts a claim under the California Consumer Protection Act, which provides for statutory damages ranging from $100 to $750 per class member," and concluded that it made sense for Flagstar to deal with the plaintiffs who had the most leverage. *Angus*, ECF No. 46, at 2.

Judge Grand rejected Mr. Yanchunis's suggestion that Ahdoot Wolfson's participation in a second mediation with Flagstar relating to *Beyer* should "raise a red flag" (*id.* at 2-3 n.2) or that his firm had some right to be included in the second mediation:

> "[T]he *Angus* plaintiffs point to no law that *required* Flagstar to include them in this follow-up mediation session, and courts have concluded that a defendant is free to settle with a party in one jurisdiction not represented by interim lead counsel in another jurisdiction. *See Pearson v. Target Corp.*, 968 F.3d 827, 830, 835 (7th Cir. 2020) (rejecting a settlement objector's argument that, given his counsel's pre-settlement interim appointment in another jurisdiction, "his counsel was the only counsel 'with authority' to settle his proposed class's claims").

*Angus*, ECF No. 46, at 2-3 (emphasis in original). Morgan & Morgan filed objections to the stay order and decision. *Id.* ECF Nos. 47, 50. The objection was denied. *Id.* ECF No. 53.

### F. Ahdoot Wolfson Re-Filed the Motions for Preliminary Approval Per the Court Clerk's Instructions After Defendants Requested New Hearing Dates

As already clarified in the Ahdoot Wolfson Team's motion (ECF No. 113, at 8:11-27), Ahdoot Wolfson re-filed the motions for preliminary approval per the Court clerk's instructions after counsel for Accellion requested a new hearing date for the motion for preliminary approval of that settlement, which the clerk provided in connection with scheduling a hearing on a motion to intervene filed by counsel for plaintiffs in a Washington state court case (ECF No. 94). Wolfson Decl. II ¶ 13. Ahdoot Wolfson did not request this hearing date, and simply re-filed the motion for preliminary approval at what it thought was the Court's request. *Id*.

Then Flagstar Bank's and Centene/Health Net's counsel also requested hearing dates for the motions for preliminary approval on those settlements. *Id*. ¶ 14. Just as was the case with the Accellion settlement, Ahdoot Wolfson re-filed the motion for preliminary approval of the Flagstar and Centene/Health Net settlements only after the clerk granted the respective defendants a hearing date. *Id*.

There was no misconduct by Ahdoot Wolfson (or Flagstar) in mediating the now-consolidated *Beyer* case and settling that matter. The Morgan & Morgan Team's accusations challenge civility and result from Mr. Yanchunis's failure to work cooperatively with other counsel and his failed strategy to commandeer the litigation.

## III. THE AHDOOT WOLFSON TEAM IS THE BEST CHOICE TO LEAD THIS CONSOLIDATED LITIGATION

### A. The Ahdoot Wolfson Team Did the Most Work for the Benefit of the Classes

The competing applications cannot deny, do not deny, and thus concede that the Ahdoot Wolfson Team has done the most work for the class. During the pendency of the Motion to Consolidate, the Ahdoot Wolfson Team got to work and invested significant human and financial resources into conducting significant discovery, consulting with experts, spending countless hours negotiating settlements in and outside of formal mediation sessions, and memorializing and bringing the four settlements for approval. ECF No. 113, at 5:21-7:28, 11:1-12:26; ECF No. 113-1 (initial

Wolfson Decl.). This factor alone compels the Ahdoot Wolfson Team's appointment. Fed. R. Civ. P. 23g(1)(A)(i); *see also In re Mun. Derivatives Antitrust Litig.,* 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (counsel team that engaged in pre-appointment settlement negotiations and mediation that culminated in a class-wide settlement was appointed as interim class counsel). The Ahdoot Wolfson Team is best armed with the knowledge they already gained through informal and confirmatory discovery to litigate the cases.

### B. Appointing Any Counsel Other Than the Ahdoot Wolfson Team to Lead the Litigation Will Result in Delay and Duplication of Work

If the Court grants any of the competing applications, those counsel will have to start from scratch to duplicate the work already done by the Ahdoot Wolfson Team. Duplication of work in this event is inevitable.

### C. The Ahdoot Wolfson Team Has Most Advanced the Interests of the Class

Contrary to the complaints of the Morgan & Morgan Team, the Ahdoot Wolfson Team always acted in the best interest of the class rather than their own self-interest, as supported by the record in the Flagstar litigation. Unfortunately, the Morgan & Morgan Team never explored what was truly available to the class at the Flagstar mediation by cooperating and working together with Ahdoot Wolfson and instead torpedoed those efforts. To imply that Ahdoot Wolfson "sold out" the class is hypocritical because Morgan & Morgan as well as every firm on its slate has worked cooperatively with each member of the Ahdoot Wolfson Team in other matters, has acknowledged their stellar reputations and work ethic, and achieved successful results with the talents of the Ahdoot Wolfson Team members.

### D. The Ahdoot Wolfson Team Is the Only Team That Offers Diversity at the Top Level of Leadership

Only the Ahdoot Wolfson Team's application proposes a diverse candidate at the top level of leadership. As the proposed Interim Class Counsel, Ms. Wolfson, one of the very few female leaders of a national class action firm, and a former political refugee, offers diversity of gender and life experience. Appointing Ms. Wolfson and the Ahdoot Wolfson Team members to leadership would comply with MDL guidance by promoting diversity. *See* Bolch Judicial Institute, Duke Law School,

Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.), at 37–38, *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.

## IV.  CONCLUSION

For all of the foregoing reasons, and those set forth in the Ahdoot Wolfson Team's opening motion and brief, Plaintiffs Grace Beyer, Christopher Hauser, Charles Tyer, Stefanie Burton, John Harbour, Tami Wisnesky, Joweli Vunisa, J. Doe, Douglas Fehlen, Tony Blake, David Artuso, Teresa Bazan, Lorriel Chhay, Samantha Griffith, Allen Chao, and Augusta McCain respectfully request that the Court 1) grant this Motion, 2) enter the Proposed Order previously submitted by the Ahdoot Wolfson Team, 3) appoint Tina Wolfson of Ahdoot Wolfson as Interim Class Counsel, and 4), appoint Ben Barnow of Barnow and Associates, P.C., Timothy G. Blood of Blood Hurst & O'Reardon, LLP and Matthew B. George of Kaplan Fox & Kilsheimer LLP to a Plaintiffs' Steering Committee.

In the alternative, Plaintiffs request appointment of Tina Wolfson of Ahdoot & Wolfson, PC, and Ben Barnow of Barnow and Associates, P.C., with respect to Defendant Accellion; Tina Wolfson of Ahdoot & Wolfson, PC, with respect to Defendant Flagstar Bank; and Tina Wolfson of Ahdoot & Wolfson, PC, Matthew B. George of Kaplan Fox & Kilsheimer LLP, and Timothy G. Blood of Blood Hurst & O'Reardon, LLP with respect to Defendant Centene Corporation/Health Net.

Dated: October 6, 2022                Respectfully submitted,

*/s/ Tina Wolfson*
TINA WOLFSON (SBN 174806)
*twolfson@ahdootwolfson.com*
ROBERT AHDOOT (SBN 172098)
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 310.474.9111
Facsimile:  310.474.8585

ANDREW W. FERICH (*pro hac vice*)
*aferich@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087

Telephone: 310.474.9111
Facsimile:  310.474.8585

*Proposed Interim Class Counsel*

BEN BARNOW (*pro hac vice*)
*b.barnow@barnowlaw.com*
ANTHONY L. PARKHILL (*pro hac vice*)
*aparkhill@barnowlaw.com*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Telephone: 312-621-2000
Facsimile:  312-641-5504

TIMOTHY G. BLOOD (SBN 149343)
*tblood@bholaw.com*
PAULA R. BROWN (SBN 254142)
*pbrown@bholaw.com*
JENNIFER L. MACPHERSON (SBN 202021)
*jmacpherson@bholaw.com*
**BLOOD HURST & O'REARDON, LLP**
501 West Broadway, Suite 1490
San Diego, CA 92101
Telephone: 619.338.1100
Facsimile:  619.338.1101

LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415.772.4700
Facsimile:  415.772.4707

JOEL B. STRAUSS (*pro hac vice*)
*jstrauss@kaplanfox.com*
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212.687.1980
Facsimile:  212.687.7714

*Proposed Plaintiffs' Steering Committee*