TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 310.474.9111
Facsimile:  310.474.8585

ANDREW W. FERICH (*pro hac vice*)
aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: 310.474.9111
Facsimile:  310.474.8585

*Proposed Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>**SECOND DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT TINA WOLFSON AS INTERIM CLASS COUNSEL AND BEN BARNOW, TIMOTHY BLOOD AND MATTHEW GEORGE TO THE PLAINTIFFS' STEERING COMMITTEE**<br><br>Date:     January 12, 2023<br>Time:     9:00 a.m.<br>Judge:    Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor |

I, Tina Wolfson, declare as follows:

1. I am a founding partner at the law firm of Ahdoot & Wolfson, PC ("Ahdoot Wolfson"), counsel for Plaintiffs in this action. I am admitted to practice law in California and before this court and am a member in good standing with the State Bar of California. I make this Declaration in support of Plaintiffs' Response in Support of Motion to Appoint Tina Wolfson as Interim Class Counsel and Ben Barnow, Timothy Blood, and Matthew George to the Plaintiffs' Steering Committee.

2. I make this declaration based on my personal knowledge of the matters set forth herein and based on my active participation in all material aspects of this litigation. If called upon to do so, I could and would testify competently thereto.

3. The Declarations of Tina Wolfson, Ben Barnow, Timothy Blood and Matthew George in Support of Plaintiffs' Motion to Appoint Interim Class Counsel and Plaintiffs' Steering Committee previously filed in this action on September 29, 2022 (ECF Nos. 113-1, 113-2, 113-3, 113-4) are incorporated by reference.

4. Following the stay in Ohio, Mr. Yanchunis and his co-counsel attempted to intervene in *Cochran* and oppose the motion for preliminary approval of the Kroger settlement. *Cochran*, No. 5:21-cv-01887-EJD, ECF No. 57. These efforts failed. *Id*., ECF No. 98 (granting preliminary approval); ECF No. 99 (denying motion to intervene and oppose settlement). Some of Mr. Yanchunis's co-counsel persisted with disruption. They also filed objections to final approval of the Kroger settlement that were overruled. *See id*., ECF Nos. 107, 115, 116 (granting final settlement approval, overruling objections, and entering judgment). No appeal was filed.

5. The excellent settlement and the benefits it provided were determined to be fair, reasonable, and adequate by this Court, and the settlement benefits have been distributed to the class members.

6. On July 13, 2021, after Ahdoot Wolfson initiated resolution discussions, obtained the necessary information to evaluate potential early resolution, and secured the mediation date, Flagstar participated in a joint mediation with Ahdoot Wolfson and Morgan & Morgan before Judge Gandhi.

7. Mr. Yanchunis states that he refused to agree to terms that were acceptable to Ahdoot Wolfson (ECF No. 112, at 5:3-6), but as he acknowledges, Flagstar did not reach agreement with Ahdoot Wolfson's clients either that day.  There was no proposal that Ahdoot Wolfson accepted and Morgan & Morgan rejected.

8. Similarly, while rehashing a status conference held in the Michigan court on July 16, 2021, Mr. Yanchunis doesn't mention that he did not tell Judge Tarnow that his firm participated in mediation that had come about as a result of Ahdoot Wolfson's efforts.

9. Ahdoot Wolfson was not at liberty to mention the mediation as a courtesy to defense counsel, who specifically requested that the fact of mediation stay confidential.

10. While the details of the mediation proceeding are subject to confidentiality, it was apparent to Ahdoot Wolfson why Flagstar did not invite Mr. Yanchunis to the second mediation on July 26, 2021. Ahdoot Wolfson, who then represented the only case with a California Consumer Privacy Act cause of action carrying statutory damages, was compelled by its fiduciary duty to explore resolution for the class and agreed to attend.

11. Agreement was reached on a $5.9 million non-reversionary settlement pursuant to Judge Gandhi's double blind mediators' proposal, after a long day of zealous negotiations. Ahdoot Wolfson accepted the proposal because they believed it is fair, reasonable, and adequate, and in the best interest of the class (as they comprehensively set forth in their previously filed Motion for Preliminary Approval).

12. Ahdoot Wolfson was never under any obligation to engage solely in joint mediations with Morgan & Morgan or to breach their confidentiality obligations to appease Mr. Yanchunis. To the contrary, Ahdoot Wolfson owed Plaintiffs and the class a duty to negotiate with Flagstar in good faith with or without Morgan & Morgan. And when Flagstar expressed a willingness to engage in a second mediation, Ahdoot Wolfson fulfilled its fiduciary duty to the class to explore whether a fair, reasonable, and adequate settlement could be reached.

13. As already clarified in the Ahdoot Wolfson Team's motion (ECF No. 113, at 8:11-27), Ahdoot Wolfson re-filed the motions for preliminary approval per the Court clerk's instructions after

1. counsel for Accellion requested a new hearing date for the motion for preliminary approval of that settlement, which the clerk provided in connection with scheduling a hearing on a motion to intervene filed by counsel for plaintiffs in a Washington state court case (ECF No. 94). Ahdoot Wolfson did not request this hearing date, and simply re-filed the motion for preliminary approval at what it thought was the Court's request.

14. Then Flagstar Bank's and Centene/Health Net's counsel also requested hearing dates for the motions for preliminary approval on those settlements. Just as was the case with the Accellion settlement, Ahdoot Wolfson re-filed the motion for preliminary approval of the Flagstar and Centene/Health Net settlements only after the clerk granted the respective defendants a hearing date.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of October, at Los Angeles, California.

_____
Tina Wolfson

- 3 -

SECOND DECLARATION OF TINA WOLFSON ISO PLAINTIFFS' MOTION TO APPOINT TINA WOLFSON
AS INTERIM CLASS COUNSEL AND BEN BARNOW, TIMOTHY BLOOD AND MATTHEW GEORGE
TO THE PLAINTIFFS' STEERING COMMITTEE
No. 5:21-CV-01155-EJD