KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KEVIN R. DOWNS (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150

POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
HAMMONDLAW, PC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
[Tel.] (310) 601-6766
[Fax] (310) 295-2385

*Attorneys for Plaintiffs and the Putative Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No: 21-cv-01155-EJD<br><br>Hon. Edward J. Davila<br><br>**RESPONSE IN SUPPORT OF MOTION TO APPOINT SUSMAN GODFREY L.L.P. AND HAMMONDLAW, P.C. AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date:   January 12, 2023<br>Time:  9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Ctrm:  4 – 5th Floor |

The Susman-Hammond Team combines formidable expertise in complex class actions with a lean, efficient proposed leadership structure, and a demonstrated ability to effectively work on the putative classes' behalf. Under any individual Rule 23(g) factor, the Susman-Hammond Team stands out.

All the firms seeking appointment to a leadership position are excellent firms. But the Susman-Hammond Team's commitment to diversity and efficient leadership structure set it apart from the others. The Court should appoint the Susman-Hammond Team as interim co-lead class counsel.

### I. The Susman-Hammond Team is Diverse

All the firms seeking appointment are accomplished, experienced firms. The Susman-Hammond team, however, is uniquely qualified to serve as interim co-lead counsel because of the firms' commitment to diverse leadership. *See* Fed. R. Civ. P. 23(g)(1)(B) (the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class").

The Susman-Hammond Team's diverse leadership slate brings a variety of experiences that would benefit the class. This Court has recognized the benefits that diverse leadership can provide. *See Hightower v. Celestron Acquisition, LLC*, No. 5:20-cv-03639-EJD, Dkt. No. 101 at 22 (N.D. Cal., Sept. 30, 2020) (Davila, J.) ("One thing that you know that my colleagues in the Northern District seek to, what we aspire to in these cases, and particularly in the firms, is to have a broader reach on the leadership teams of individuals who previously, for whatever reason, haven't had that opportunity or haven't made those appearances."). Appointing class leadership that includes newer practitioners helps alleviate the "repeat player" problem in class counsel appointments. *See In re Robinhood Outage Litig.*, No. 20-CV-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) (denying motion for appointment as interim class counsel due to a lack of diversity and explaining that "the proposed counsel appear to be lawyers and law firms that have enjoyed a number of leadership appointments in other cases," highlighting "the 'repeat

player' problem in class counsel appointments that has burdened class action litigation and MDL proceedings"). This quality sets the Susman-Hammond Team apart.

## II. The Competing Leadership Structures Are Less Efficient

The other leadership proposals do not match the Susman-Hammond Team's efficiency. Susman Godfrey and HammondLaw propose a leadership structure of only two firms, with no steering committees, layers of firms, or work farmed out to the different firms who have filed cases. Those structures lead to less focus and efficiency and yield excessive attorney time billed and excessive costs incurred, with a larger share of proceeds diverted from the class to the lawyers.

The Susman-Hammond Team has proposed a number of measures to ensure efficiency. Specific tasks will be assigned to a single firm and a single attorney when appropriate. Only one attorney from each firm will attend fact depositions unless a junior attorney has been assigned a leading role. And no more than one lawyer from each firm will bill for attending discovery hearings unless a junior lawyer is taking the lead. The Susman-Hammond Team has also committed to exchanging detailed time records each quarter to allow for transparency and inter-firm review.

Fewer lawyers and firms means less duplicated or wasted work and less time billed. *See, e.g.*, *Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *5 n.14 (S.D. Tex. Aug. 31, 2018) ("Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses.") (quoting Manual For Complex Litigation (Fourth) § 10.221 (2004)).

Courts in this district have denied requests to appoint leadership structures involving multiple firms and committees for this very reason when plaintiffs cannot show that the structure best serves the interests of efficiency and economy. *See Aberin v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2017 WL 3641793, at *3 (N.D. Cal. Aug. 24, 2017) (denying request for three-firm executive committee when the plaintiffs "failed to demonstrate that the interests of efficiency and economy are best served by appointing a three-firm executive counsel"). None of

the other proposals justify why such a large structure serves the classes' interests, and they do not match the Susman-Hammond Team's efficiency.

### III. The Susman-Hammond Team Satisfies the Rule 23(g) Factors

The "work counsel has done in identifying or investigating potential claims in the action," Fed. R. Civ. P. 23(g)(1)(A)(i), favors the Susman-Hammond team. It was the first to file a complaint in this matter and has invested substantial time and resources into researching and investigating the claims at issue. That work included reviewing publications, articles, and interviews to determine the scope of the breach and the potential class members affected, researching and evaluating newly-enacted statutes to determine viable claims for different classes, evaluating class representatives, and investigating potential new claims to assert. That work supports the Susman-Hammond Team's appointment. *See In re Qualcomm Antitrust Litig.*, No. 17-MD-02773-LHK, 2017 WL 2222531, at *1 (N.D. Cal. May 15, 2017) (appointing Susman Godfrey interim co-lead class counsel because it had "performed considerable work in identifying or investigating potential claims in this action").

The Adhoot Wolfson firm argues that its team should be appointed lead counsel because of its work in attempting to settle the case prior to being appointed interim class counsel. But as explained in Brown's Opposition to Administrative Motion For Relief, Dkt. No. 88 at 2, 5–6, it is problematic for a firm to undertake such settlement efforts prior to being appointed lead counsel. To the contrary, the Court should ensure that interim class counsel represents the best interests of the class, to avoid letting defendants negotiate settlements with their preferred adversaries. *See Rahman v. Gate Gourmet, Inc.*, No. 3:20-CV-03047-WHO, 2021 WL 5973046, at *4 (N.D. Cal. Nov. 22, 2021) ("Courts are highly skeptical of reverse auctions."); *Paraggua v. LinkedIn Corp.*, No. 5:12-CV-03088-EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (Davila, J.) ("Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.").

3
RESPONSE IN SUPPORT OF MOTION TO APPOINT SUSMAN GODFREY L.L.P. AND HAMMONDLAW, P.C. AS INTERIM CO-LEAD CLASS COUNSEL
Case No: 21-cv-01155-EJD

"Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," as well as "counsel's knowledge of the applicable law" further supports the Susman-Hammond Team's appointment. Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii). Attorneys from the Susman-Hammond Team have served in leadership positions in many other data-breach and privacy class actions, some involving the same statutes at issue here. This experience weighs in favor of Susman-Hammond. *In re Apple & AT & TM Antitrust Litig.*, No. C 07-05152-JW, 2008 WL 1766761, at *2 (N.D. Cal. Apr. 15, 2008) (appointing firm with substantial experience in the type of class action at issue).

And when it comes to the "resources that counsel will commit to representing the class," Fed. R. Civ. P. 23(g)(1)(A)(iv), the Susman-Hammond Team again stands out. The team is formed by established and respected plaintiffs' firms, with decades of experience between them. Susman Godfrey routinely advances millions of dollars in litigation costs. And where the class faces well-financed adversaries, it should be represented by counsel with similar resources. *See Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (appointing firms as co-lead interim class counsel due in part to "the extensive amount of resources which they have available to expend on this case").

### IV.  Conclusion

The Court should deny the three other motions for appointment as interim co-lead class counsel. For the reasons stated above and in the Susman-Hammond Team's motion, the Court should appoint Susman Godfrey and HammondLaw as interim co-lead class counsel.

Dated: October 6, 2022

KRYSTA KAUBLE PACHMAN
MICHAEL GERVAIS
STEVEN G. SKLAVER
KEVIN R. DOWNS
SUSMAN GODFREY L.L.P.

By:  */s/ Krysta Kauble Pachman*
Krysta Kauble Pachman

4
RESPONSE IN SUPPORT OF MOTION TO APPOINT SUSMAN GODFREY L.L.P. AND HAMMONDLAW, P.C. AS INTERIM CO-LEAD CLASS COUNSEL
Case No: 21-cv-01155-EJD

POLINA BRANDLER
JULIAN HAMMOND
ARI CHERNIAK
ADRIAN BARNES
HAMMONDLAW, P.C.

By:  */s/ Polina Brandler*
      Polina Brandler

Attorneys for Plaintiffs Madalyn Brown, Cole McDowell, Christy Brockington, and Derek Dawes