UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADALYN BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELLION, INC., et al.,<br><br>Defendants. | Case No.   5:21-cv-01155-EJD<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: ECF No. 94 |

Counsel for a class of Washington plaintiffs who were injured by a data breach involving Accellion, Inc. and the Washington State Auditor's Office ("Proposed Intervenors") seek to intervene in this consolidated action to oppose the preliminary approval of the Parties' proposed settlement. Notice of Motion and Motion to Intervene ("Mot."), ECF No. 94. Certain Plaintiffs and Defendants oppose Proposed Intervenors' motion. Having considered the parties' and Proposed Intervenors' submissions, the Court DENIES the motion to intervene.

## I.   BACKGROUND

### A.   Accellion and the Data Breach

Defendant Accellion, Inc. is a cloud-based software company that offered products and services for secure file transfers between third parties. One such product was the File Transfer Appliance ("FTA"). In December 2020, several threat actors exploited vulnerabilities in the FTA product, allowing them to access and steal sensitive data from FTA clients.

The Washington State Auditor's Office ("SAO") was one such institution who had used FTA to transfer files relating to an audit of the State's unemployment benefits program. As a result, the data breach compromised the personal identifying information of 1.6 million

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO INTERVENE
1

Washington unemployment claimants, including names, Social Security numbers, dates of birth, street and email addresses, and bank and routing numbers. Mot. 3.

### B.      Proposed Intervenors' Proceedings

On February 2, 2021, Proposed Intervenors initiated proceedings in Washington State Superior Court titled, *Stone v. Accellion USA LLC*, Case No. 21-2-01439-5 SEA. Proposed Intervenors assert claims against both Accellion and the SAO, and no other class action has pursued claims against the SAO. Decl. David Berger ("Berger Decl.") ¶ 18, ECF No. 94-1. The proceedings in *Stone* have progressed to dispositive motions, where the SAO's motion to dismiss was denied and Accellion's motion to dismiss has been heard but remains pending. *Id.* ¶¶ 8–15.

On January 6, 2022, plaintiffs in a case before this Court—*Fehlen, et al. v. Accellion*, Case No. 5:21-cv-01353-EJD—filed a stipulation to amend their complaint to include a plaintiff injured in the breach of SAO's data and information. Shortly thereafter, on January 12, 2022, the *Fehlen* plaintiffs filed a motion for preliminary approval of a class-wide settlement against Accellion that purported to release the Proposed Intervenors' claims against Accellion. Mot. 6–7. The Washington state court subsequently stayed the *Stone* proceedings pending the settlement proceedings in *Fehlen*. Berger Decl. ¶ 16.

On March 14, 2022, the Court consolidated all cases arising from the Accellion data breach except for *Cochran v. Kroger Co.*, Case No. 5:21-cv-01887-EJD. ECF No. 83. This consolidation included the *Fehlen* action in which the proposed Accellion class settlement was pending preliminary approval.

On May 5, 2022, Proposed Intervenors filed their motion with the Court, seeking intervention to stay SAO-related claims against Accellion and to challenge the motion for preliminary approval. ECF No. 94. Accellion and the *Fehlen* plaintiffs opposed intervention.

After the motion to intervene was fully briefed but before it was heard, the Court terminated all pending motions for preliminary approval of class settlement, including the settlement with Accellion. ECF No. 109.

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO INTERVENE

2

## II. LEGAL STANDARD

A court must permit a nonparty to intervene in a pending lawsuit and gain party status if a federal statute confers an unconditional right to intervene. Fed. R. Civ. P. 24(a)(1). Where, as here, the nonparty does not claim a right to intervene by a federal statute, the party must show that:

> (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation and quotation marks omitted); *see also* Fed. R. Civ. P. 24(a)(2); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and 'we are guided primarily by practical considerations.'") (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986)).

If a party cannot meet the standard to intervene as of right, the Court may still allow permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(B) (allowing intervention if the party has a claim or defense that shares with the main action a common question of law or fact). An applicant who seeks permissive intervention must prove that it meets three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412. Even if an applicant satisfies those threshold requirements, the court retains discretion to deny intervention. *See Orange Cty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court . . . .").

## III. DISCUSSION

Proposed Intervenors argue that they satisfy the requirements for intervention as of right under Rule 24(a)(2) and, in the alternative, that they should be allowed to permissively intervene under Rule 24(b)(1)(B). The Court addresses each request in turn.

### A. Intervention of Right

To establish a right to intervene, Proposed Intervenors must show they have (1) a

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO INTERVENE
3

significant protectable interest, (2) which may be impaired or impeded, (3) the application is timely, and (4) lack of adequate representation by the existing parties. "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). The Court finds that Proposed Intervenors has failed to show that their interests may be impaired or impeded if they are not permitted to intervene and, therefore, the Court does not proceed to address the remaining elements.

Proposed Intervenors argue that preliminary approval of the settlement against Accellion would impair their interests in litigating their claims against the SAO in Washington. Mot. 13–14. They claim that these interests would be harmed regardless of the ability to object or opt out of any proposed class settlement. *Id.*

However, it has been the well-established law in this circuit that class members' interests are not impaired "if they have 'other means' to protect them." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). Specifically, courts have consistently held that "the ability to file objections and opt out of a class settlement, as dictated by Rule 23, are sufficient to protect the interests of class members in a typical case seeking damages." *Gonzalez v. CoreCivic of Tennessee, LLC*, 2018 WL 3689564, at *3 (E.D. Cal. Aug. 1, 2018) (collecting cases); *see also, e.g.*, *Cody v. SoulCycle, Inc.*, 2017 WL 8811114, at *4 (C.D. Cal. Sept. 20, 2017) ("Many district courts have similarly denied intervention where putative class members can adequately protect their interests via the Rule 23 mechanisms.") (collecting cases); *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) ("[Class member] may opt out of the Settlement and litigate his claims independently, or he may instead object to it. These options adequately protect his interests.") (collecting cases). Proposed Intervenors seek to intervene "for the sole reason that preliminary approval of the proposed settlement would cause harm to them." Reply 1. However, as members of the proposed settlement class, they can also protect their interests by opting out or objecting to the settlement in the fairness hearing process. With those means available to Proposed Intervenors, the Court

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO INTERVENE
4

cannot say that their interests would be impaired or impeded in this case.[1]

Proposed Intervenors argue that their interests would be impaired notwithstanding the Rule 23 safeguards, relying primarily on a decision from the Eighth Circuit, *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001 (8th Cir. 2020). Although *Swinton* does support Proposed Intervenors' theory, the Eighth Circuit also acknowledged that its decision parts company with the holdings of several district courts that have "ruled that class members are not entitled to intervene because they can protect their interests by opting out of the class." *Id.* at 1004–05. To the Court's knowledge, there is no analogous authority in the Ninth Circuit to support Proposed Intervenors' position.

Given the overall weight of cases that have rejected the type of argument Proposed Intervenors raise here and the absence of in-circuit authority supporting Proposed Intervenors' interpretation of Rules 23 and 24, the Court finds that Proposed Intervenors' interests would not be impaired or impeded if they were unable to intervene. Accordingly, Proposed intervenors have not demonstrated that they are entitled to intervene as of right under Rule 24(a)(2).

### B. Permissive Intervention

Proposed Intervenors have also moved for permissive intervention pursuant to Rule 24(b), though they have not presented any arguments separate from their Rule 24(a) arguments. Mot. 24–25. A court may grant permissive intervention when the applicant for intervention shows (1) independent grounds for jurisdiction, (2) that the motion is timely, and (3) a common question of law or fact with the applicant's claim or defense and the main action. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). In the context of permissive intervention, however, the Court must analyze the timeliness element "more strictly than [it does] with intervention as of right." *League of United Latin Am. Citizens*, 131 F.3d at 1308.

The Court recognizes that the impairment of an interest is not a required showing for the Court to permit Proposed Intervenors to intervene. However, Proposed Intervenors' "sole reason"

---

[1] The Court further notes that, since Proposed Intervenors completed their briefing, the Court has terminated all motions for preliminary approval of settlement in this consolidated matter, including the settlement that was the "sole reason" for Proposed Intervenors' motion. ECF No. 109 (terminating ECF No. 99).

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO INTERVENE
5

for intervening in this action was to protect their interests from any prejudice that may arise from preliminary approval of the settlement against Accellion. Reply 1. They had also represented that their interests would not be adequately represented by the counsel who had reached settlement with Accellion and other defendants prior to the appointment of interim class counsel. *See, e.g.*, Mot. 16–20. Presently, all motions for preliminary approval of settlements have been terminated, ECF No. 109, and the Court has appointed interim co-lead counsel to review the proposed settlements on the table who were not involved in the settlement negotiations with Accellion. ECF No. 143. Having mitigated Proposed Intervenors' "sole reason" for intervention, as well as their concerns of "procedural irregularities" with the proposed settlements, the Court declines to exercise its discretion to permit intervention.

## IV. CONCLUSION

Based on the foregoing, Proposed Intervenors' motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: February 10, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO INTERVENE
6