Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com

Krysta K. Pachman (State Bar No. 280951)
Michael Gervais (State Bar No. 330731)
Steven G. Sklaver (State Bar No. 237612)
Kevin R. Downs (State Bar No. 331993)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Hon. Edward J. Davila<br>Courtroom: 4 – 5th Floor<br>April 13, 2023<br>10:00 a.m. |

Pursuant to the Court's February 10, 2023 Order Appointing Interim Co-Lead Counsel (ECF No. 143), and following meet and confer sessions with Defendants and among various Plaintiffs' counsel, the parties provide this Joint Status Conference Statement in advance of the Status Conference scheduled for April 13, 2023.

In its February 10 Order, the Court stated its expectation that Interim Co-Lead Counsel would "engage in a healthy dialogue and arrive at a polished strategy to the class's benefit." ECF No. 143 at 7. The Court instructed Interim Co-Lead Counsel to: (1) "Evaluate whether certain claims or parties in the consolidat[ed] action may be appropriately severed and transferred"; (2) "Propose a strategy for severance should any be warranted"; and (3) "Evaluate the proposed settlements reached with the various Defendants, with special attention to the heightened fairness standard that accompanies pre-certification settlements." *Id*. The Court also directed Interim Co-Lead Counsel to maintain accurate, contemporaneous timekeeping records and exchange those records with each other, as well as providing them on a quarterly basis to the Court. *Id*. at 7-8. As summarized below, since the Court issued this Order, the parties have made progress toward complying with each of these directives.

### 1.    Evaluation of the Settlements and Potential Severance

Immediately after the Court's Order, Interim Co-Lead Counsel began conferring in an effort to reconcile their respective approaches to the tasks at hand. Interim Co-Lead Counsel also solicited and received input from various other Plaintiffs' attorneys as to the issues they view as important regarding the settlements previously reached and the approach going forward. The other Plaintiffs' counsel involved in these communications included both counsel in this consolidated action and counsel in cases in other jurisdictions arising out of the Accellion data breaches.

**Evaluation of the Settlements.** Interim Co-Lead Counsel have adopted and implemented an orderly method for evaluating the proposed settlements. The process involves all parties with an interest in this litigation and, thus far, has centered on gathering and analyzing relevant information while consulting with both Defendants and other Plaintiffs' counsel.

Interim Co-Lead Counsel to date have made substantial progress in evaluating the proposed settlements. After the Court's Order, Interim Co-Lead Counsel began conferring with both Defendants and Plaintiffs' counsel in the related Accellion cases. In late February, Interim Co-Lead Counsel

participated in an initial call with each of the Defendants to discuss the pending settlements, and asked each Defendant to provide the information that had been provided to Plaintiffs' counsel in prior settlement communications. The Defendants provided their initial productions on March 4, 2023 (Accellion), February 28 (Flagstar), and March 20 (Health Net).

Based on their review of the settlements and the initial materials provided, and their discussions with counsel for Defendants and counsel for other Plaintiffs, Interim Co-Lead Counsel identified certain areas that they believe merit further inquiry. Accordingly, Interim Co-Lead Counsel sent Defendants follow-up questions and requests, on March 10, 2023 (Accellion), March 10 (Flagstar), and March 23 (Health Net). Accellion provided certain additional information on March 21, and Defendants have raised concerns regarding the nature and scope of some of the requests. Flagstar provided additional information on March 28. The parties have been conferring about whether additional information will be provided by the three Defendants. During the week of March 27, interim co-lead counsel separately met with each of the Defendants to discuss the information received to date and potential follow-up work. During those calls, the parties raised questions and addressed various issues related to the class action settlements previously reached by each Defendant.[1]

Throughout this ongoing process of settlement assessment, Interim Co-Lead Counsel have communicated regularly with other Plaintiffs' counsel via zoom and telephone conferences, as well as email, to keep counsel apprised of the progress, solicit their views on the discussions, and seek additional information when appropriate. Interim Co-Lead Counsel anticipate continuing their transparent and collaborative approach to this litigation by continuing to provide information to (and soliciting information, as needed, from) Plaintiffs' counsel in the related Accellion cases.

Interim Co-Lead Counsel expect to complete their evaluation of each proposed settlement within 30 days after the status conference.

**Possible Severance.** Interim Co-Lead Counsel respectfully recommend against severance pending completion of their evaluation of the proposed settlements, at which point Interim Co-Lead Counsel will address the possibility of severance for litigation or settlement approval purposes. A

---

[1] Interim Co-Lead Counsel have separately raised the potential issues they have identified with the proposed settlements with other Plaintiffs' counsel.

coordinated process of settlement evaluation in the consolidated action, as directed by the Court, is most efficient, will ensure consistency across the settlements, and will maximize the benefits to all Class members. To that end, Interim Co-Lead Counsel have consulted regarding their ongoing evaluation of the proposed Health Net settlement with both Plaintiffs' counsel who presented the settlement for approval in *Harbour, et al. v. California Health & Wellness Plan, et al.*, No. 5:21-cv-03322-EJD (N.D. Cal.), and Plaintiffs' counsel with cases against Health Net pending in state court.[2]

**Time and Expense Protocol.** Also consistent with the Court's Order, on March 8, co-lead counsel filed a proposed Order that included a protocol for time and expense submissions. ECF No. 147. After that filing, counsel for certain Plaintiffs asked to meet and confer regarding the contents of the proposed order. Following discussions, Interim Co-Lead Counsel submitted an agreed amended protocol for Court approval on March 20. ECF No. 150.

## 2. <u>Proposed Schedule</u>

To ensure this matter continues to proceed efficiently, the parties respectfully request that the Court set a further status conference for May 25, or on another date convenient for the Court, with an additional status report due seven days before the conference. In that report, the parties anticipate that they will provide their positions on the directives identified by the Court in its February 10 order. Given the status of the parties' discussions, the parties propose that the April 13 status conference be taken off calendar, unless the Court has matters it would like to address.

Dated: April 3, 2023

Respectfully submitted,

By:  /s/ *Adam E. Polk*

Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800

---

[2] *Cunanan v. Health Net, LLC, et al.*, No. 21CV381776 (Cal. Super. Ct. Santa Clara Cnty.); *Olson v. Health Net, LLC, et al.*, No. 21CV386581 (Cal. Super. Ct. Santa Clara Cnty.).

apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com

Krysta K. Pachman (State Bar No. 280951)
Michael Gervais (State Bar No. 330731)
Steven G. Sklaver (State Bar No. 237612)
Kevin R. Downs (State Bar No. 331993)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Class Counsel*

By:      /s/ *Melanie M. Blunschi*
Michael H. Rubin
Melanie M. Blunschi
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-395-8129
michael.rubin@lw.com
melanie.blunschi@lw.com

Serrin A. Turner
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
serrin.turner@lw.com

*Counsel for Accellion, Inc.*

By:      /s/ *Nathanial J. Wood*
Nathanial John Wood
**CROWELL & MORING LLP**
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
213-622-4750
Email: nwood@crowell.com

4

Rebecca Suarez
**CROWELL & MORING LLP**
275 Battery Street, 23rd Floor
San Francisco, CA 94111
415-365-7278
rsuarez@crowell.com

*Counsel for California Health and Wellness
Plan, Health Net of California, Inc.,
Health Net Life Insurance Company, Health
Net Community Solutions, Inc., and Health
Net, LLC*


By:    /s/ *William E. Ridgway*
Caroline W Van Ness
**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**
525 University Avenue, Suite 1400
Palo Alto, CA 94301
(650) 470-4500
caroline.vanness@skadden.com

William Elliott Ridgway
Branka Cimesa
**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**
155 N. Wacker Drive, Ste. 2700
Chicago, IL 60606
312-407-0917
william.ridgway@skadden.com
Branka.Cimesa@skadden.com

*Counsel for Bancorp, Inc. and Flagstar
Bank, FSB*


## FILER'S ATTESTATION

I, Adam E. Polk, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel have concurred in this filing.


By:    /s/ *Adam E. Polk*

5