Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
Kimberly Macey (State Bar No. 342019)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

Krysta Kauble Pachman (280951)
Michael Gervais (330731)
Steven G. Sklaver (237612)
Kevin R. Downs (331993)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>[~~PROPOSED~~] AMENDED PROTOCOL FOR INTERIM CO-LEAD COUNSEL'S TIME AND EXPENSE SUBMISSIONS |

The Court hereby enters this Order establishing a protocol for the recording, submission and review of attorneys' fees and expenses incurred by counsel for the Plaintiffs in this consolidated action.

I.   **INTERIM CO-LEAD COUNSEL'S TIME AND EXPENSE RECORDS**

   A.   <u>General Standards</u>

   1.   This protocol shall not apply to time and expenses prior to appointment of Interim Co-Lead Counsel. Nothing in this protocol shall prevent Plaintiffs' counsel from filing fee applications for pre-appointment attorneys' fees and expenses in connection with this matter.

   2.   Time and expense reports generated pursuant to this Order will be considered as submitting counsel's representation to the Court, under oath, that the time and expenses submitted meet the criteria set forth below.

   3.   Only time and expenses submitted to Interim Co-Lead Counsel in compliance with this Protocol will be considered as potentially compensable.

   4.   Only time and expenses authorized in advance by Interim Co-Lead Counsel that advance the litigation will be considered as compensable.

   B.   <u>Time Reporting</u>

   5.   All time shall be maintained in tenth-of-an hour increments. Time entries not maintained in tenth-of-an-hour increments may be disallowed.

   6.   All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Legal Assistant, or Contract Attorney). "Contemporaneous" means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Full descriptions of the work performed are required. Time entries that are not sufficiently detailed will not be considered for payment.

   7.   Participating counsel will maintain their time records in an electronic database. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

8. Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time. Billing rates may be adjusted at the conclusion of the matter dependent on uniform or local rates given relative years of experience to ensure the rate change reflects the value added.

9. Only time spent on matters that advance the litigation will be considered in determining fees. Interim Co-Lead Counsel will be responsible for auditing time and expense records for compliance with the directives set forth in this Order. Girard Sharp LLP and Susman Godfrey LLP will each designate one attorney to periodically review and approve timekeeping and bills each month and strike any duplicative or unreasonable fees and costs.

10. Interim Co-Lead Counsel's auditing responsibilities, notwithstanding the ultimate determination of what is compensable work, and the extent or rate at which it is compensable, is within the purview of the Court.

### 1. *Compensable Time*

11. Compensable work done on behalf of the proposed class may include, but is not limited to:

- communications with clients, including class members;
- fact investigation and factual and legal research;
- preparation of research memoranda, pleadings and briefs;
- conducting document discovery (e.g., reviewing, indexing, and coding documents);
- preparation for and attendance at depositions;
- preparation of and responding to discovery requests;
- preparation for and attendance at hearings;
- preparation for and attendance at meetings with defense counsel or with co-counsel;
- work with experts;
- settlement and settlement negotiations and related activities;
- appellate work;
- trial preparation and trial; and

- performance of administrative matters specifically related to tasks undertaken for the benefit of the proposed class.

### 2. Non-Compensable Time

12. Compensable work does not include:
    - excessive time for a particular task;
    - duplicative time;
    - "read and review" time (e.g., billing time for reading every document filed on the court's docket regardless of whether it related to the individual's responsibilities) unless specifically related to a billable task;
    - time for reviewing or drafting emails that exceeds the actual time spent;
    - time for which descriptions are missing or incomplete; and
    - internal firm time for firm management.

## C. Expense Reporting

13. All costs and expenses in this case will be advanced by Interim Co-Lead Counsel. Interim Co-Lead Counsel will seek reimbursement of all such costs and expenses following any judgment or settlement. Interim Co-Lead Counsel may seek contributions to a litigation fund from other participating counsel.

14. Interim Co-Lead Counsel is entirely self-funded for this matter. If that changes, Interim Co-Lead Counsel will report the change to the Court within 14 days.

### 1. Expenses

15. To be eligible for reimbursement, expenses must meet the requirements of this section. Expenses must be:
    - expressly authorized by Interim Co-Lead Counsel;
    - timely submitted;
    - reasonable in amount; and
    - supported by adequate documentation.

16. Reimbursable expenses include:

- costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents;
- Legal research (e.g., LEXIS, Westlaw, or PACER charges);
- Deposition, court reporter, and transcript costs;
- costs for the electronic storage, retrieval, and searches of ESI;
- Court, filing, and service costs;
- group administration matters, such as meetings and conference calls;
- reasonable travel expenses, including lodging and meals;
- expert witness and consultant fees and related expenses;
- investigator fees and related expenses;
- printing, copying, coding, and scanning;
- telephone, postage charges, and courier charges;
- data and materials provided by outside third-party vendors, consultants and attorneys;
- witness expenses, including travel;
- translation costs; and
- bank or financial institution charges.

### 2. *Expense Limitations*

17. Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by Interim Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare**: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.
- **Hotel**: Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred

will be reimbursed.  Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

- **Meals**:  Meal expenses must be reasonable.  Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.
- **Cash Expenses**:  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides etc.) will be reimbursed up to $50.00 per day, as long as the expenses are properly itemized.
- **Rental Automobiles**:  Luxury automobile rentals will not be reimbursed.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.
- **Mileage**:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.63 per mile).
- **Parking**: Parking will be limited to actual documented costs.

18. Other non-travel expenses will be limited as follows:

- **Long Distance and Cellular Telephone**:  Long distance and cellular telephone charges must be documented.
- **Shipping, Courier, and Delivery Charges**:  All such claimed expenses must be documented.
- **Postage Charges**:  A contemporaneous postage log or other supporting documentation must be maintained.  Postage charges are to be reported at actual cost.

- **Telefax Charges**: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.
- **In-House Photocopy**: A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge is $0.30 per page.
- **Computerized Research**: Claims for LEXIS, Westlaw, PACER, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

D. **Verification of Expenses**

19. Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported by credit card statements, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis, but shall be maintained by the attorneys and may be required later as a condition of payment.

II. **SUBMITTING AND EXCHANGING TIME AND EXPENSE REPORTS**

A. **Timing of Submission and Exchange**

20. Firms will submit time and expense reports to Girard Sharp LLP and Susman Godfrey LLP on a monthly basis. The first time and expense submission will be due April 20, 2023 and should include common benefit time and expenses from the date of appointment of counsel, February 10, 2023. Thereafter, firms will submit time and expense reports on a monthly basis. Such reports must be submitted no later than the twentieth day of the month following the end of the month being reported. For example, January reports are due no later than February 20.

21. Interim Co-lead Counsel will also exchange time and expense reports on a monthly basis. The first such exchange will occur March 20, 2023 and will include all qualifying time and expense entries from the date of appointment of counsel, February 10, 2023. Thereafter, Interim Co-Lead Counsel will exchange time and expense reports on a monthly basis. Such reports must be submitted no later than

the twentieth day of the month following the end of the month being reported. For example, January reports are due no later than February 20.

22. Girard Sharp LLP and Susman Godfrey LLP will be responsible for collecting and preserving, in an electronic format, time and expense reports for all counsel. Time and expense reports will be made available to any Plaintiffs' counsel in the consolidated litigation upon request.

23. Any time and expense records submitted more than three months in arrears may not be considered or included in any compilation of time or expense calculation and may be disallowed, except for good cause shown and with Court approval.

### B. Content of Time and Expense Reports

24. Each monthly time and expense report submission must include a detailed spreadsheet, time spent and fees accrued, and a summary of monthly expenses, in a form to be provided by Interim Co-Lead Counsel.

## III. SUBMISSIONS TO THE COURT

25. On a quarterly basis, Interim Co-Lead Counsel will submit *in-camera* summary time and expense reports. Interim Co-Lead Counsel should make a single submission consisting of each firm's separate summary time and expense report.

26. Interim Co-Lead Counsel's first submission, including common benefit time and expenses from the date of appointment of counsel, will be due to the court on May 20, 2023. Thereafter, each submission to the Court will be due on the twentieth day of the month following the end of the preceding three-month period reported. For example, the second submission will be due on August 20, 2023.

27. Interim Co-Lead Counsel and all other counsel may be required to submit detailed time records in connection with any fee application.

**IT IS SO ORDERED.**

Dated: May 1, 2023        By: _____
                              The Honorable Edward J. Davila
                              United States District Judge

Dated: March 20, 2023

Respectfully submitted,

By:     /s/ *Adam E. Polk*

Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
Kimberly Macey (State Bar No. 342019)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

Krysta Kauble Pachman (280951)
Michael Gervais (330731)
Steven G. Sklaver (237612)
Kevin R. Downs (331993)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Plaintiffs' Counsel*