UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155 EJD<br><br>**CASE MANAGEMENT ORDER** |

On June 1, 2023, the parties appeared before the Court for a status conference following the Court's appointment of and instructions to Interim Lead Counsel. At the conference, Interim Lead Counsel indicated that they did not intend to re-file the previously terminated motions for preliminary approval of the settlements reached between certain plaintiffs and Defendants Accellion, Inc. and Flagstar Bank. Accellion and Flagstar Bank—as well as the settling plaintiffs—opposed Interim Lead Counsel's decision, petitioning the Court to reinstate the motions for preliminary approval.

The Court will decline the invitation to initiate class settlement proceedings over the opposition of Interim Lead Counsel. The Court appointed Girard Sharp and Susman Godfrey as Interim Lead Counsel with the express expectation that they would review the pending settlements and with the understanding that, if necessary, they may decline to pursue the existing settlements. To the extent certain parties and counsels contend that Interim Lead Counsel's appointment merely operated to provide an advisory opinion on the settlements before the preliminary approval motions were inevitably reinstated, such contentions are incongruous with the Court's Order Appointing Interim Lead Class Counsel, as well as its history of decisions in this matter. Here, the Court elected to consolidate these specific cases while preliminary approval motions were pending (ECF No. 83), denied an administrative request to defer the lead counsel appointment process in favor of the settlement motions (ECF No. 90), expressly terminated and vacated hearings on the settlement motions (ECF No. 91), and again terminated the same motions a second time when they

were re-filed with the Court (ECF No. 109). In short, the Court will not subvert the settlement authority or judgment of duly appointed Interim Lead Counsel who are under—and, so far, appear to have acted accordingly with—a duty to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Certain plaintiffs' counsels have also requested that the Court entertain further motions for lead counsel appointment pursuant to its Order Appointing Interim Lead Class Counsel (ECF No. 143). *See* Joint Status Conference Statement 16, ECF No. 158. The Court had previously left open the possibility of expanding the lead counsel team in the event that the class litigation needs would call for additional resources. ECF No. 143, at 6. The Court does not find that the present case has proceeded to such a point in litigation where additional counsel would be necessary. To avoid any further ambiguity on this point, the Court hereby AMENDS its Order Appointing Interim Lead Class Counsel to clarify that any subsequent counsel appointment on this basis would be appointed only in a capacity to support Interim Lead Counsel's litigation efforts.

Accordingly, based on the parties' Joint Status Conference Statement and the discussions held at the status conference, IT IS ORDERED that the following schedule shall apply to this case:

| EVENT | DEADLINE |
|---|---|
| Consolidated Complaint | June 30, 2023 |
| Responses to Consolidated Complaint | July 31, 2023 |
| Joint Case Management Conference Statement | August 14, 2023 |
| Further Case Management Conference | August 31, 2023 |
| Deadline to Attend Settlement Conference | September 29, 2023 |

IT IS FURTHER ORDERED that this case be REFERRED to Judge van Keulen to schedule and conduct a settlement conference.

**IT IS SO ORDERED.**

Dated: June 13, 2023

EDWARD J. DAVILA
United States District Judge