1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
Michael H. Rubin (CA Bar No. 214636)
 *michael.rubin@lw.com*
Melanie M. Blunschi (CA Bar No. 234264)
 *melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
 *serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

*Attorneys for Defendant Accellion, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

IN RE ACCELLION, INC. DATA BREACH
LITIGATION.

CASE NO.  5:21-cv-01155-EJD

**DEFENDANT ACCELLION, INC.'S
REQUEST FOR CONSIDERATION UNDER
INCORPORATION BY REFERENCE
DOCTRINE AND JUDICIAL NOTICE IN
SUPPORT OF MOTION TO DISMISS
CONSOLIDATED CLASS ACTION
COMPLAINT**

Date:   Sept. 21, 2023
Time:   9:00 a.m.
Judge:  Hon. Edward J. Davila
Courtroom: 4 – 5th Floor

## I.      INTRODUCTION

Defendant Accellion, Inc. ("Accellion") respectfully requests that the Court consider the following document, attached to the Declaration of Melanie M. Blunschi filed concurrently herewith, in connection with Accellion's Motion to Dismiss ("Motion to Dismiss") Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 170, the "Complaint" or "CAC"):

1. **Exhibit 1** – a true and correct copy of the Accellion Solutions License Agreement ("EULA"), which is publicly available at https://www.accellion.com/legal/asla/.

The EULA may properly be considered by the Court in connection with the Motion to Dismiss because the EULA is subject to judicial notice and is incorporated by reference into the Complaint. In particular, Plaintiffs link to a copy of the EULA in the Complaint and quote its terms, and the EULA forms the basis of Plaintiffs' putative breach of contract claim against Accellion.

## II.     LEGAL STANDARD

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). It has long been recognized that a court may "consider a document if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cnty. Of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (internal quotation marks and citation omitted); *see also Cohen v. CRB Systems, Inc.*, 625 F. Supp. 3d 997, 1000, n.3 (N.D. Cal. 2022) (considering contract underlying plaintiff's breach of contract claim under the incorporation by reference doctrine); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (considering documents cited throughout complaint). The doctrine "prevents plaintiffs from selecting only

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1   portions of documents that support their claims, while omitting portions of those very documents

2   that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

3          Additionally, judicial notice is proper where the information at issue is "not subject to

4   reasonable dispute" because it is either (1) "generally known within the trial court's territorial

5   jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot

6   reasonably be questioned." Fed. R. Evid. 201(b). Thus, in considering a motion to dismiss under

7   Federal Rule of Civil Procedure 12(b)(6), a court may consider judicially noticeable material

8   without converting the motion into one for summary judgment. *See, e.g., Khoja*, 899 F.3d at 999;

9   *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

10  **III.   ARGUMENT**

11      **A.   The EULA Is Incorporated by Reference In The Complaint**

12         The Court may consider the EULA under the incorporation by reference doctrine because

13  the Complaint links directly to the EULA and refers to its terms, and because Plaintiffs' breach of

14  contract claim depends exclusively on the EULA. CAC ¶ 196 (citing to the EULA available at

15  "https://www.kiteworks.com/legal/asla/" and quoting its terms); *see generally id.* ¶¶ 192-202

16  (third-party beneficiary breach of contract claim based on the EULA).

17         Plaintiffs expressly refer to and quote from the EULA in the Complaint, which they allege

18  is the contract between Accellion and its customers "related to the FTA platform" at issue in the

19  litigation. CAC ¶¶ 195; *see also id.* ¶ 196 (alleging that Accellion agreed through the EULA to

20  "maintain in confidence and not disclose any Confidential Information acquired directly or

21  indirectly from the other party"). Plaintiffs rely on provisions of the EULA to claim that they are

22  third-party beneficiaries of the agreement, including the above-quoted "confidentiality" clause and

23  the EULA's California choice-of-law provision. *Id.* ¶¶ 196-198. The EULA further forms the basis

24  of Plaintiffs' putative breach of contract claim against Accellion, as Plaintiffs allege that Accellion

25  breached the EULA by "failing to keep the PII and PHI of Plaintiffs and Class members secure

26  and confidential." *Id.* ¶ 200.

27         Courts routinely consider contracts under the incorporation by reference doctrine where,

28  as here, the contract is referenced and forms the basis of a breach of contract claim asserted in a

complaint. *See, e.g., Cohen* 625 F. Supp. 3d at 1000, n.3 (N.D. Cal. 2022) (finding that a contract between the parties was incorporated by reference into the complaint where "it is extensively referenced and form[ed] the basis" of the plaintiff's breach of contract claim); *Royal 4 Systems, Inc. v. RLI Insurance Co.*, 2022 WL 19263327, at *4 (N.D. Cal. Dec. 9, 2022) (denial of defense letters were incorporated by reference because they "form[ed] the basis of Plaintiff's breach of contract claim" and were "referenced in the Complaint"); *CJ Freshway Am. Corp. v. Mesquat Int'l Trading Co.*, 2022 WL 16942831, at *2 (C.D. Cal. Sept. 2, 2022) (considering purchase agreements as part of a motion to dismiss because they "form[ed] the basis of Plaintiffs' breach of contract claim and therefore are incorporated by reference"); *Dominguez v. Federal Insurance Co.*, 2021 WL 6882212, at *2 (C.D. Cal. Oct. 8, 2021) (considering insurance contract under the incorporation by reference doctrine where contract "form[ed] the basis of Plaintiff's claims because all of Plaintiff's claims depend on a breach of [the insurance] contract").

Because the EULA is referenced and linked in the Complaint and forms the basis of Plaintiffs' breach of contract claim, it is appropriate to consider the EULA in connection with the Motion to Dismiss here.

### B.    The EULA Is Properly Subject to Judicial Notice

The Court may also take judicial notice of the EULA for purposes of the Motion to Dismiss. The EULA is publicly available online, at the URL quoted by Plaintiffs in the Complaint. CAC ¶ 196 (citing to "https://www.kiteworks.com/lega/asla/"). The existence and contents of the EULA are therefore "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Zurich Ins. Co. v. Country Villa Serv. Corp.*, 2014 WL 12588687, at *4 (C.D. Cal. Oct. 2, 2014) ("Judicial notice of contracts is proper when contracts are integral to the complaint and no party disputes the contracts' identity and accuracy").

In addition, courts routinely take judicial notice of the existence and contents of terms of use that are available online. *See, e.g., Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235, 1242 (N.D. Cal. 2017) (taking judicial notice of the existence of Facebook's Statement of Rights and Responsibilities, which was referenced in the complaint, in dismissing an unjust enrichment

claim); *In re Google, Inc. Priv. Policy Litig.*, 2012 WL 6738343, at *3-4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of "past and present Terms of Service and Privacy Policies" as "matter[s] of public record"); *Datel Holdings v. Microsoft*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of terms of use available online).

Accordingly, the Court may take judicial notice of the existence of the EULA, and the statements contained therein, for purposes of the Motion to Dismiss.

## IV.   CONCLUSION

For the foregoing reasons, Accellion respectfully requests that the Court consider the EULA in assessing Accellion's Motion to Dismiss.

Dated:  July 31, 2023                    Respectfully submitted,


LATHAM & WATKINS LLP

By /s/ *Michael H, Rubin*
    Michael H. Rubin (CA Bar No. 214636)
    *michael.rubin@lw.com*
    Melanie M. Blunschi (CA Bar No. 234264)
    *melanie.blunschi@lw.com*
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111-6538
    Telephone: +1.415.391.0600

    Serrin Turner (*pro hac vice*)
    *serrin.turner@lw.com*
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: +1.212.906.1200


    *Attorneys for Defendant Accellion, Inc.*