WILLIAM E. RIDGWAY (SBN 247529)
william.ridgway@skadden.com
LINDSEY SIELING (*pro hac vice*)
lindsey.sieling@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Upper Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

CAROLINE VAN NESS (SBN 281675)
caroline.vanness@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Attorneys for Defendants
NEW YORK COMMUNITY BANCORP, INC.,
f/k/a FLAGSTAR BANCORP, INC. and
FLAGSTAR BANK, N.A., f/k/a FLAGSTAR BANK, FSB

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>**DEFENDANT FLAGSTAR BANCORP, INC. AND FLAGSTAR BANK, FSB'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS PURSUANT TO CIVIL LOCAL RULE 3-13**<br><br>Honorable Edward J. Davila |

Pursuant to Civil Local Rule 3-13, Defendants New York Community Bancorp, Inc., f/k/a Flagstar Bancorp, Inc. and Flagstar Bank, N.A., f/k/a Flagstar Bank, FSB (together, "Flagstar") respectfully give the Court notice of the following pending action: *Angus v. Flagstar Bank, FSB*, No. 21-cv-10657, filed March 25, 2021, in the Eastern District of Michigan ("Pending Action" or "*Angus*"). *See* Declaration of William E. Ridgway ("Ridgway Decl."), Ex. 1.

The Pending Action is a consolidated putative class action against Flagstar Bank, FSB relating to the Accellion, Inc. ("Accellion") file transfer appliance data breach (the "Accellion Data Breach") and includes the first-filed action against Flagstar. Ridgway Decl. ¶¶ 2-3. The Pending Action asserts claims against Flagstar Bank, FSB for negligence, breach of implied contract, invasion of privacy, breach of confidence, and unjust enrichment on behalf of a putative nationwide class of impacted individuals. *See* Ridgway Decl., Ex. 1. The Pending Action also asserts claims of violations of state consumer protection laws on behalf of various putative state subclasses. *See id.* The Pending Action and this action both arise out of the same body of operative facts and assert similar common law and consumer protection law claims against Flagstar.

On September 21, 2021, the Pending Action was stayed pending disposition of nationwide class settlement proceedings in *Beyer v. Flagstar Bank & Accellion, Inc.*, No. 5:21-cv-02239 (N.D. Cal. Mar. 30, 2021). Ridgway Decl. ¶ 5. On August 7, 2023, the Eastern District of Michigan lifted the stay of the Pending Action and ordered plaintiffs to file a Third Consolidated Class Action Complaint by August 21, 2023, with Flagstar's response due within 28 days of the filing of plaintiffs' complaint. *Id.* ¶ 7.

The claims against Flagstar should be severed and transferred to the Eastern District of Michigan pursuant to Federal Rule of Civil Procedure 21, the first-to-file rule, and 28 U.S.C. § 1404(a). The Eastern District of Michigan is where: Flagstar is headquartered, the majority of documents and likely witnesses are located, and a putative class action involving substantially similar parties and issues is currently proceeding against Flagstar. Severing and transferring the Flagstar claims to the Eastern District of Michigan where the first-filed action is pending will "avoid conflicts, conserve resources and promote an efficient determination of the action[s]," Civ. Local R. 3-13(b)(3)(C), and serve the "convenience of parties and witnesses" and the "interest of

justice," 28 U.S.C. § 1404(a). *See also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) ("The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly." (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979))); *W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Texas Sys.*, No. C 10-3595 SBA, 2011 WL 97785, at *4 (N.D. Cal. Jan. 12, 2011) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that Section 1404(a) was designed to prevent.").

In lieu of Flagstar filing a motion, Plaintiffs and Flagstar have stipulated and agreed to sever and transfer the Flagstar claims to the Eastern District of Michigan pursuant to Federal Rule of Civil Procedure 21, the first-to-file rule, and 28 U.S.C. § 1404(a). A joint stipulation and proposed order is filed concurrently herewith.

DATED:  August 10, 2023            Respectfully submitted,

By:  /s/ William E. Ridgway

WILLIAM E. RIDGWAY (SBN 247529)
william.ridgway@skadden.com
LINDSEY SIELING (*pro hac vice*)
lindsey.sieling@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Upper Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

CAROLINE VAN NESS (SBN 281675)
caroline.vanness@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570