WILLIAM E. RIDGWAY (SBN 247529)
william.ridgway@skadden.com
LINDSEY SIELING (*pro hac vice*)
lindsey.sieling@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Upper Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

CAROLINE VAN NESS (SBN 281675)
caroline.vanness@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Attorneys for Defendants
NEW YORK COMMUNITY BANCORP, INC.,
f/k/a FLAGSTAR BANCORP, INC. and
FLAGSTAR BANK, N.A., f/k/a FLAGSTAR BANK, FSB

[Additional counsel on signature page]

**GRANTED**
Judge Edward J. Davila
August 15, 2023

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 21-CV-01155-EJD<br><br>Hon. Edward J. Davila<br><br>**JOINT STIPULATION TO SEVER AND TRANSFER THE FLAGSTAR CLAIMS TO THE EASTERN DISTRICT OF MICHIGAN AND TO TOLL AND EXTEND FLAGSTAR'S DEADLINE TO RESPOND TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT; AND**<br><br>**[PROPOSED] ORDER** |

Plaintiffs Amber Chavez, Derek Dawes, Amiresse Desjardins, Randy Muniz, Robert Olson, Jr., Holly Ringling, Heather Rodriguez, Sherie Taylor, Tito Torres, Valerie Whittaker, and Kimberly Worrick (together, "Plaintiffs") and Defendants New York Community Bancorp, Inc., f/k/a Flagstar Bancorp, Inc. and Flagstar Bank, N.A., f/k/a Flagstar Bank, FSB (together, "Flagstar") (collectively, the "Parties") jointly stipulate, pursuant to Civil Local Rules 3-13(d), 7-1(a)(5), and 7-12, to sever and transfer the claims against Flagstar to the Eastern District of Michigan, where the stay of an overlapping putative class action was recently lifted, and, pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, to toll and extend Flagstar's deadline to answer, move, or otherwise respond to Plaintiffs' Consolidated Class Action Complaint (the "Consolidated Complaint"):

WHEREAS, beginning in February 2021, several plaintiffs filed suit—in this District and others—against Accellion, Inc. ("Accellion") and its File Transfer Appliance (FTA) clients, including Flagstar, Kroger, and Health Net, relating to a data breach impacting the Accellion FTA file sharing platform (the "Accellion Data Breach").

WHEREAS, on March 25, 2021, Plaintiffs Philip Angus and Mark Wiedder filed the first putative class action complaint against Flagstar relating to the Accellion Data Breach in the Eastern District of Michigan, where Flagstar is headquartered. *See Angus v. Flagstar Bank, FSB*, No. 2:21-cv-10657, ECF No. 1 (E.D. Mich. filed Mar. 25, 2021) (hereinafter, "*Angus*").

WHEREAS, in the weeks following March 25, 2021, six additional putative class actions were filed against Flagstar relating to the Accellion Data Breach—two in this District and four in the Eastern District of Michigan.

WHEREAS, on April 6, April 7, and July 29, 2021, the Eastern District of Michigan court entered orders consolidating the cases pending against Flagstar in the Eastern District of Michigan relating to the Accellion Data Breach (the "Michigan Action"). *Angus*, ECF Nos. 4, 9, and 31.

WHEREAS, on July 26, 2021, Flagstar and the plaintiff in *Beyer v. Flagstar Bank & Accellion, Inc.*, No. 5:21-cv-02239 (N.D. Cal. filed Mar. 30, 2021) reached a $5.9 million nationwide class action settlement of the claims against Flagstar relating to the Accellion Data Breach.

1  WHEREAS, on July 28, 2021, Flagstar moved to stay the Michigan Action pending
2  disposition of nationwide class settlement proceedings in *Beyer*. *Angus*, ECF No. 30.

3  WHEREAS, on July 30, 2021, the Michigan court entered an order appointing John
4  Yanchunis of Morgan & Morgan as interim lead counsel in the Michigan Action (hereinafter
5  "Michigan Interim Lead Counsel"). *Angus*, ECF No. 33.

6  WHEREAS, on September 3, 2021, the *Beyer* plaintiffs filed a motion for preliminary
7  approval of the class action settlement. *Beyer*, ECF No. 54.

8  WHEREAS, on September 21, 2021, the Michigan court granted Flagstar's motion to stay
9  the Michigan Action. *Angus*, ECF No. 46.

10  WHEREAS, on December 23, 2021, plaintiffs in the Michigan Action moved to intervene
11  in *Beyer*. *Beyer*, ECF No. 62.

12  WHEREAS, on March 14, 2022, before the Court ruled on the *Beyer* plaintiffs' motion for
13  preliminary approval of the Flagstar settlement and the Michigan plaintiffs' motion to intervene,
14  the Court consolidated the Accellion-related cases naming Accellion, Flagstar, and/or Health Net,
15  creating a Master Docket and Master File for the Consolidated Cases under Case No. 21-cv-01155.
16  ECF No. 83. The Court also vacated all pending motions, including the *Beyer* plaintiffs' motion for
17  preliminary approval. *Id.*

18  WHEREAS, on September 6, 2022, the *Beyer* plaintiffs re-filed their motion for
19  preliminary approval of the Flagstar settlement. ECF No. 107.

20  WHEREAS, on September 8, 2022, the Court issued an order setting a briefing schedule on
21  the appointment of interim lead counsel and again vacated the *Beyer* plaintiffs' pending motion for
22  preliminary approval of the Flagstar settlement. ECF No. 109.

23  WHEREAS, on September 29, 2022, the Court received four separate lead counsel motions
24  and, on October 6, 2022, also received responses and/or oppositions to the various applications.
25  ECF Nos. 111–14; 122–25. Defendants did not file any opposition to these motions.

26  WHEREAS, plaintiffs' motions for appointment as interim lead or co-lead class counsel
27  were heard on January 12, 2023. ECF No. 136.

28

1. WHEREAS, on February 10, 2023, the Court issued an Order appointing Girard Sharp L.L.P. and Susman Godfrey L.L.P. Interim Co-lead Counsel. ECF No. 143. The Court directed Interim Co-lead Counsel, among other things, to "[e]valuate whether certain claims or parties in the consolidat[ed] action may be appropriately severed and transferred; [p]ropose a strategy for severance should any be warranted; and [e]valuate the proposed settlements reached with the various Defendants, with special attention to the heightened fairness standard that accompanies pre-certification settlements." *Id.*

2. WHEREAS, on April 3, 2023, Interim Co-lead Counsel recommended against severance of the Flagstar claims pending completion of their evaluation of the proposed settlement, at which point Interim Co-Lead Counsel would address the possibility of severance for litigation or settlement approval purposes. ECF No. 153.

3. WHEREAS, on May 19, 2023, Interim Co-lead Counsel recommended against preliminary approval of the Flagstar settlement. ECF No. 158.

4. WHEREAS, on June 13, 2023, the Court entered a Case Management Order in which it declined to initiate class settlement proceedings over the opposition of Interim Co-lead Counsel. ECF No. 167. The Court also set the following schedule for the case: consolidated complaint due June 30, 2023; responses to the consolidated complaint due July 31, 2023; joint case management conference statement due August 14, 2023; further case management conference to be held on August 31, 2023; and deadline to attend settlement conference by September 29, 2023.

5. WHEREAS, on June 22, 2023, plaintiffs in the Michigan Action moved to lift the stay. *Angus*, ECF No. 55.

6. WHEREAS, on June 30, 2023, Plaintiffs filed the Consolidated Complaint, asserting eight causes of action (Counts 1-3, 5-6, 8-9, and 12) against Flagstar. ECF No. 170.

7. WHEREAS, Flagstar and Interim Co-Lead Counsel agreed to participate in a mediation before retired United States Magistrate Judge Suzanne Segal on August 1, 2023.

8. WHEREAS, on July 6, 2023, Flagstar filed a response opposing the motion to lift the stay in the Michigan Action given this Court's order that the parties participate in a settlement conference by September 29, 2023. *Angus*, ECF No. 60.

1    WHEREAS, on July 26, 2023, the Parties jointly stipulated to an extension of Flagstar's
2 deadline to respond to the Consolidated Complaint until August 14, 2023. ECF No. 172.
3    WHEREAS, on July 27, 2023, the Court granted the Parties' stipulation and ordered the
4 deadline for Flagstar to respond to the Consolidated Complaint be extended to August 14, 2023.
5 ECF No. 173.
6    WHEREAS, on August 1, 2023, Interim Co-Lead Counsel, Michigan Interim Lead Counsel,
7 and Flagstar participated in an all-day mediation session before Judge Segal. The mediation did not
8 result in a settlement.
9    WHEREAS, on August 4, 2023, Flagstar and Michigan Interim Lead Counsel agreed to lift
10 the stay of the Michigan Action.
11    WHEREAS, on August 7, 2023, the Eastern District of Michigan court entered a stipulated
12 order granting plaintiffs' motion to lift the stay, ordering plaintiffs to file their third consolidated
13 class action complaint within fourteen (14) days, and ordering Flagstar to file its response to the
14 third consolidated class action complaint within twenty-eight days of plaintiffs' filing it. *Angus*,
15 ECF No. 64.
16    WHEREAS, the Parties have met and conferred and agreed that it would "avoid conflicts,
17 conserve resources and promote an efficient determination of the action," Civil Local Rule 3-
18 13(b)(3)(C), and serve the "convenience of parties and witnesses" and the "interest of justice," 28
19 U.S.C. § 1404(a), to sever and transfer the claims against Flagstar—set out in Counts 1-3, 5-6, 8-9,
20 and 12 of the Consolidated Complaint—to the Eastern District of Michigan where the first-filed
21 action against Flagstar is pending.
22    WHEREAS, in lieu of Flagstar filing a motion to sever and transfer, the Parties have agreed
23 to request, pursuant to Federal Rule of Civil Procedure 21, the first-to-file rule, 28 U.S.C. § 1404(a),
24 and Civil Local Rule 3-13, that the Court sever and transfer the claims against Flagstar to the
25 Eastern District of Michigan.
26    WHEREAS, the Parties agree that the claims against Flagstar could have originally been
27 brought in the Eastern District of Michigan, where Flagstar is headquartered. *See* 28 U.S.C. §
28 1391(b)(1), (2), and (c)(2).

WHEREAS, the Parties agree that severing and transferring the Flagstar claims will serve the convenience of parties and witnesses because the Eastern District of Michigan is where: Flagstar is headquartered, the majority of documents and likely witnesses are located, and a putative class action involving substantially similar parties and issues is already proceeding against Flagstar. Severing and transferring the Flagstar claims will also serve the interest of justice because it will avoid the risk of inconsistent judgments and judicial waste if both actions are allowed to proceed against Flagstar in separate districts.

WHEREAS, pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, the Parties have further agreed, subject to Court approval, to toll and extend Flagstar's deadline to answer, move, or otherwise respond to Plaintiffs' Consolidated Complaint pending transfer of the Flagstar claims.

WHEREAS, tolling and extending Flagstar's deadline to respond to the Consolidated Complaint will not have any impact on the remaining dates set by the Court.

Now therefore, it is hereby stipulated and agreed, by and between the attorneys for the undersigned Parties, that:

1. The claims against Flagstar—set out in Counts 1-3, 5-6, 8-9, and 12 of the Consolidated Complaint—shall be severed and transferred to the Eastern District of Michigan;
2. Flagstar's deadline to answer, move, or otherwise respond to the Consolidated Complaint shall be tolled pending transfer of the Flagstar claims, and Flagstar's time to answer, move, or otherwise respond to the Consolidated Complaint shall be determined as ordered by the transferee court; and
3. ~~In the event the Court declines to sever and transfer the Flagstar claims, Flagstar's deadline to respond to the Consolidated Complaint will be 21 days from the date of entry of the Court's order denying the severance and transfer.~~

**IT IS SO STIPULATED.**

DATED: August 10, 2023

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ William E. Ridgway
WILLIAM E. RIDGWAY
Attorney for Defendants NEW YORK COMMUNITY BANCORP, INC., f/k/a FLAGSTAR BANCORP, INC. and FLAGSTAR BANK, N.A., f/k/a FLAGSTAR BANK, FSB

DATED: August 10, 2023

GIRARD SHARP LLP

By: /s/ Adam E. Polk
ADAM E. POLK
Interim Co-Lead Class Counsel

DATED: August 10, 2023

SUSMAN GODFREY L.L.P.

By: /s/ Krysta Kauble Pachman
KRYSTA KAUBLE PACHMAN
Interim Co-Lead Class Counsel

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: August 15, 2023

The Honorable Edward J. Davila
United States District Court Judge