Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
Reid Gaa (State Bar No. 330141)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com

KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KEVIN R. DOWNS (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150


*Interim Co-Lead Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No:  21-cv-01155-EJD <br><br> Hon. Edward J. Davila <br><br><br> **JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER** |

Whereas, Accellion, Inc. ( "Accellion") developed a product named File Transfer Appliance or FTA, which customers licensed from Accellion to transfer and store data;

Whereas, in December 2020 and January 2021, malicious actors compromised instances of the FTA software for certain customers;

Whereas, plaintiffs subsequently filed claims against Accellion in state and federal courts around the country, alleging they were injured as a result of the FTA compromises;

Whereas, these lawsuits include *Stone, et al. v. Accellion USA LLC et al.*, No. 21-2-01439-5 SEA (Wash. Super. Ct., filed Feb 2, 2021);  the cases consolidated into *In Re Accellion Data Breach Litigation*, No. 5:2021-cv-01155 (N.D. Cal., first case filed Feb. 17, 2021); and *Erazo, et al. v. The Regents of the University of California, et al.*, No. RG21097796 (Cal. Super. Ct. Apr. 27, 2021) (hereinafter, "Accellion Cases" refers, collectively, to *Stone*, *In Re Accellion*, and *Erazo)*;

Whereas, proceedings in *Stone* and *Erazo* were stayed pending consideration of proposed settlement proceedings in *In Re Accellion*;

Whereas, the stays in *Stone* and *Erazo* have been or soon will be lifted;

Whereas, Plaintiffs in *Stone, Erazo,* and *In Re Accellion* anticipate that there will be significant overlap in the discovery they will seek from Accellion in their separate cases; and

Whereas, Plaintiffs and Accellion wish to avoid unnecessary duplication of discovery and resulting inefficiencies for the Parties and the Court.

Accordingly, Plaintiffs in the Accellion Cases and Accellion ("the Parties"), by and through their counsel, hereby stipulate to coordinate discovery between Plaintiffs and Accellion as follows:

**I.  General Provisions**

    A.    In each of the Accellion Cases, the Parties will enter into substantively identical versions of this Joint Discovery Coordination Stipulation and the Protective Order and ESI Protocol attached as Exhibits A and B, respectively.

    B.    The Parties consent to service of any discovery document solely by email.

    C.    Plaintiffs will provide a Service List to Accellion Defendants and update it as needed.

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

D.   Additional parties may join in this Stipulation provided that the existing Parties all consent, and subject to the approval of each Court where this Stipulation is filed.

E.   Except as expressly provided, this Stipulation is not intended to alter any rules regarding civil procedure, discovery, or evidence in any of the Accellion Cases.

F.   Any Party that serves or has served a pleading or motion on another Party in any Accellion Case shall serve an unredacted copy of the pleading or motion on all counsel listed in the current Service List, subject if necessary to the Protective Orders in that case.

## II.  Discovery Requests

A.   "Discovery Requests" includes interrogatories, requests for admission, and requests for the production of documents.

B.   To the extent requests have not already been served, before serving Discovery Requests on Accellion, Plaintiffs will meet and confer and attempt to agree on joint Discovery Requests that can be used in each of the Accellion Cases ("Coordinated Requests").

C.   Coordinated Requests will be considered served in each of the Accellion Cases and will count against any discovery limitations applicable in each case.

D.   Any disputes arising out of Coordinated Requests will be resolved in the Northern District of California in *In Re Accellion Data Breach Litigation*, No. 5:2021-cv-01155 (N.D. Cal., first case filed Feb. 17, 2021) and according to that court's rules. The Parties agree in each of the Accellion Cases to abide by the Northern District of California's resolution of such disputes arising out of Coordinated Requests.

E.   Plaintiffs in the Accellion Cases may serve Discovery Requests in addition to Coordinated Requests ("Individual Requests"). Plaintiffs will endeavor to avoid service of discovery that calls for a response or production that Accellion already has agreed to provide or produce, or is duplicative or cumulative of one or more Coordinated Requests. Accellion reserves the right to object to any Individual Request on grounds that it is duplicative or cumulative of a Coordinated Request.

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

F.      Any disputes arising out of Individual Requests, including any disputes concerning whether an Individual Request is duplicative of a Coordinated Request, will be resolved in the court in which the Individual Request was served and according to that court's rules.

G.      To the extent any Discovery Requests have already been served in an Accellion case as of the time this Stipulation is entered, Plaintiffs will share, within 7 calendar days of entry of this Stipulation, those Discovery Requests with all Plaintiffs' counsel listed in the most current Service List in each of the other Accellion Cases.

H.      To the extent the use of search terms are required to identify and produce documents and information responsive to Discovery Requests, Plaintiffs shall coordinate and jointly negotiate a single set of search terms applicable to Accellion.

## III. Discovery Responses

A.      Responses to Coordinated Requests will be served on all counsel listed in the most current Service List provided by Plaintiffs to Accellion, in compliance with the relevant protective orders.

B.      Responses to Coordinated Requests will be considered served in each of the Accellion Cases.

C.      Responses to Coordinated Requests shall comply with the rules and standards applicable in *In re Accellion*.

D.      Responses to Individual Requests need only be served on the requesting Plaintiff(s) and shall comply with the rules and standards applicable to the jurisdiction and case in which the Individual Request was served.

E.      Plaintiffs will share, within 7 calendar days of service, the Responses to Individual Requests with all Plaintiffs' counsel listed in the most current Service List in each of the other Accellion Cases.

F.      A Plaintiff in one of the Accellion Cases may use Responses to Individual Requests from any of the other Accellion Cases as if originally produced in that Plaintiff's case.

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

G.      To the extent any Responses to Discovery Requests have already been served in an Accellion case as of the time this Stipulation is entered, Plaintiffs will share, within 7 calendar days of entry of this Stipulation, those Responses to Discovery Requests and any correspondence memorializing negotiations over the scope of Accellion's responses and/or productions with all Plaintiffs' counsel listed in the most current Service List in each of the other Accellion Cases.

## IV. Document Productions

A.      Documents produced in response to Coordinated Requests will be served on all counsel listed in the most current Service List provided by Plaintiffs to Accellion, in compliance with the relevant protective orders.

B.      Documents produced in response to Individual Requests need only be served on the requesting Plaintiff(s).

C.      Plaintiffs in the Accellion Cases will share documents produced in response to Individual Requests with Plaintiffs in the other Accellion Cases.

D.      A Plaintiff in one of the Accellion Cases may use documents produced in response to Individual Requests in any of the other Accellion Cases as if originally produced in that Plaintiff's case.

E.      To avoid confusion, Accellion will apply unique alphanumeric identifiers (e.g., Bates numbers) that will indicate whether the document was produced in response to a Coordinated Request or an Individual Request from a specified case.

## V. Depositions

A.      The following provisions shall apply to all depositions in the Accellion Cases of witnesses who are current or former employees, officers, or directors of Accellion and any depositions of Accellion as a corporate entity (collectively, "Accellion Deponents").

B.      Plaintiffs in each case shall be entitled to no more than 12 depositions of Accellion Deponents. The Parties agree to meet and confer should Plaintiffs believe that additional depositions of Accellion Deponents are reasonably required. Any disputes arising out

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

of a request for additional depositions of Accellion Deponents will be resolved in the northern District of California in *In Re Accellion Data Breach Litigation*, No. 5:2021-cv-01155 (N.D. Cal., first case filed Feb. 17, 2021).

C.     Before noticing the deposition of an Accellion Deponent, Plaintiffs will meet and confer and attempt to jointly select particular Accellion Deponents to depose ("Coordinated Depositions").

D.     Plaintiffs will meet and confer and jointly select a time, date, and location for the Coordinated Deposition, and all Plaintiffs' counsel will jointly cover the costs associated with Coordinated Depositions. In a Coordinated Deposition of an individual, one attorney will be designated to conduct the principal examination. Following the principal examination, attorneys for other Plaintiffs will be given the opportunity to question the witness, subject to applicable time limitations on the deposition. Questioning attorneys will make reasonable efforts to avoid duplicative questioning.

E.     The Parties will attempt in good faith to coordinate depositions conducted under Fed. R. Civ. P. 30(b)(6) or an analogous rule ("Corporate Deposition"). If coordinated, Plaintiffs may assign the principal examination on different topics to different individuals. To the extent necessary, Plaintiffs may designate portions of their allotted time for any Corporate Deposition for examination on issues specific to one of the individual Accellion cases, in which case the Corporate Deposition shall proceed under the rules applicable to an Individual Deposition (defined below).

F.     The Parties recognize that Coordinated Depositions will require additional time to allow examination by Plaintiffs in each of the Accellion Cases. If a witness's testimony is taken in a Coordinated Deposition, then a presumptive 9-hour on-the-record time limit applies for Coordinated Depositions of percipient witness. The length for the deposition of Accellion's corporate representative(s) shall not exceed 14 hours of total time and, if there are multiple designees, no less than 7 hours per designee.

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

G.     The Notice for a Coordinated Deposition may be served in any of the Accellion Cases. Coordinated Depositions shall proceed in accordance with the Federal Rules of Civil Procedure and any deposition rules of the Northern District of California.

H.     A Coordinated Deposition will count as one deposition in each of the Accellion Cases and will count against the number of depositions permitted in each case (which shall not exceed 12 depositions of Accellion Deponents in any individual case).

I.     Any disputes arising out of Coordinated Depositions will be resolved in the Northern District of California in *In Re Accellion Data Breach Litigation*, No. 5:21-cv-01155 (N.D. Cal., first case filed Feb. 17, 2021).

J.     Plaintiffs may notice and take depositions in addition to the Coordinated Depositions ("Individual Depositions"). Notice for an Individual Deposition shall be served via email on all parties. Plaintiffs in other Accellion cases shall be permitted to attend, but not participate, in an Individual Deposition, and receive transcripts of Individual Depositions, so long as they are bound by the Protective Order entered in one of the Accellion Cases.

K.     Any Individual Depositions will count against the number of depositions of Accellion Deponents permitted for Plaintiffs in the case for which the Individual Deposition was noticed (the combined total of Individual Depositions and Coordinated Depositions shall not exceed 12 depositions of Accellion deponents in any individual case).

L.     An Accellion Deponent deposed in an Individual Deposition may not be deposed in another Individual Deposition without the consent of the Accellion Deponent or a Court order. Notwithstanding the foregoing, a party may depose as a fact witness, an individual who has been previously deposed or will be deposed as an entity's corporate representative.  The Parties agree to confer concerning the identity of any witness intended to be produced as a corporate representative in advance of the Corporate Deposition, and to confer in good faith regarding the feasibility of deposing that witness

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

in both his or her individual capacity and as a corporate representative concurrently. The Parties reserve the right to seek to expand or limit this paragraph for good cause.

M.   Any disputes arising out of an Individual Deposition will be resolved in the jurisdiction from which the applicable deposition notice was issued and according to that jurisdiction's rules.

N.   For Coordinated Depositions, Plaintiffs will share within 7 calendar days all stenographic and videographic deposition recordings, rough and final transcripts, and exhibits with Plaintiffs in any of the other Accellion Cases, subject to any confidentiality designations that restrict the use of testimony to a specific Accellion Case.

O.   A Plaintiff in one of the Accellion Cases may use any deposition recordings, transcripts, and exhibits from any of the other Accellion Cases as if originally produced in that Plaintiff's case.

P.   Unless otherwise specified, an objection by a Plaintiff in any of the Accellion Cases shall be deemed an objection by all Plaintiffs in all of the Accellion Cases.

Q.   Counsel shall use previously marked exhibits in subsequent depositions rather than re-marking the same documents with different exhibit numbers. All documents marked as exhibits will be retained with the original transcript. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.

R.   Subject to Paragraph L, above, if Plaintiffs in any of the Accellion Cases notice the deposition (either coordinated or individual) of an Accellion witness, Plaintiffs in the other Accellion Cases must cross-notice the deposition at least five calendar days before the deposition is scheduled or waive the right to depose that witness without a showing of good cause.

7

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

**VI.   PROTECTION OF CONFIDENTIAL INFORMATION**

A.   The Protective Order in effect in each of the Accellion Cases is hereby modified to permit the disclosure and production of Protected Material (as defined therein) to each Party hereto, and the use of such material by each Party hereto, as if they were a Party to the Protective Order in each of the Accellion Cases; however, third-party Confidential information that is not at issue in other cases need not be produced.

B.   The Protective Order in effect in each of the Accellion Cases shall govern the handling by the Parties to such Accellion Case of protected material produced hereunder, and, unless modified by the designating party, confidentiality designations applied in one Accellion Case shall apply in all Accellion Cases.

C.   The Protective Order in effect in each of the Accellion Cases shall govern the production of any documents containing confidential information of non-parties, including any notice requirements to those non-parties.

**VII.   MODIFICATIONS TO ORDER**

A.   This Stipulation may be modified only by agreement of the parties or by order of the Court upon a showing of good cause.

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

Dated: November 22, 2023                     Respectfully submitted,


By:   /s/ *Adam E. Polk*
Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com

*Interim Co-Lead Class Counsel and Counsel for the Erazo Plaintiffs*


By:   /s/ *Krysta K. Pachman*
Krysta K. Pachman (State Bar No. 280951)
Michael Gervais (State Bar No. 330731)
Steven G. Sklaver (State Bar No. 237612)
Kevin R. Downs (State Bar No. 331993)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Class Counsel*


By:   /s/ *Jason T. Dennett*
Kim d. Stephens, P.S., WSBA#11984
kstephens@tousley.com
Jason T. Dennett, WSBA #30686
jdennett@tousley.com
Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
Kaleigh N. Boyd, WSBA #52684
kboyd@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700

9

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD

Seattle, Washington 98101-3147
Tel: (206) 682-5600

By:   /s/ *David M. Berger*
David M. Berger (SBN 277526)
Jeffrey Kosbie (SBN 305424)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Tel: (510) 350-9700
dmb@classlawgroup.com
jbk@classlawgroup.com

*Counsel for Stone Plaintiffs*

By:   /s/ *Michael H. Rubin*
Michael H. Rubin
Melanie M. Blunschi
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-395-8129
michael.rubin@lw.com
melanie.blunschi@lw.com

Serrin A. Turner
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
serrin.turner@lw.com

*Counsel for Accellion, Inc.*

**FILER'S ATTESTATION**

I, Adam E. Polk, am the ECF User whose ID and password are being used to file this

document. In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel have concurred in

this filing.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____   _____
Hon. Edward J. Davila
United States District/Magistrate Judge

10

JOINT DISCOVERY COORDINATION STIPULATION AND [PROPOSED] ORDER
Case No. 5:21-cv-01155-EJD