KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KEVIN R. DOWNS (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
Trevor T. Tan (State Bar No. 281045)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com

*Interim Co-Lead Plaintiffs' Counsel*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br>**JOINT RULE 26(f) REPORT**<br>Hon. Edward J. Davila |

In accordance with Federal Rule of Civil Procedure ("Rule") 26(f), Plaintiffs Amber Chavez, Derek Dawes, Amiresse Desjardins, Randy Moniz, Robert Olson, Jr., Holly Ringling, Heather Rodriguez, Sherie Taylor, Tito Torres, Valerie Whittaker, and Kimberly Worrick (collectively, "Plaintiffs") and Defendant Accellion, Inc. ("Accellion") hereby file this Joint Rule 26(f) Report.

A. **NATURE OF THE CASE**

***Plaintiffs' Position.*** Plaintiffs contend that Accellion failed to safeguard and protect its file sharing transfer software product called File Transfer Appliance ("FTA"), resulting in unauthorized third parties gaining access to large amounts of Personally Identifiable Information ("PII") stored on, or being transferred through, FTA. After verifying that FTA contained multiple security vulnerabilities, Accellion released two patches, too late to avoid the damage from the cyber invasion. Moreover, Accellion's "fix" proved inadequate to secure the 20-year-old FTA product. Shortly after the first attack, a second attack began, on January 20, 2021. As a consequence, each Plaintiff has suffered an intrusion on their privacy and a loss of control of their private data, as well as the loss of sensitive personal information. Plaintiffs now confront an increased risk of experiencing identity theft in the future and, since the data breach, have suffered actual identity theft or fraud. Not only have Plaintiffs spent time and/or money to mitigate their exposure to identity theft or fraud, but their personal information also lost value due to being exposed and some incurred out-of-pocket losses. Plaintiffs also have experienced emotional distress.

Plaintiffs sue Accellion for: (1) negligence; (2) negligence per se; (3) violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798.140 *et seq.* ("CCPA"); (4) violation of the Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.* ("CMIA"); (5) violation of the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.* ("CCRA"); (6) invasion of privacy (intrusion upon seclusion); (7) breach of contract (third-party beneficiary); (8) unjust enrichment; (9) violation of the Right to Privacy, Cal. Const., Art. 1, §§ 1, 12; and (10) violation of the Washington Consumer Protection Act ("WCPA"), RW 19.86.010 *et seq.*

On January 29, 2024, the Court issued its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 217). The Court denied the motion to dismiss Plaintiffs' negligence and WCPA claims, and dismissed with leave to amend Plaintiffs' CCPA, CMIA, CCRA, intrusion upon seclusion, unjust

enrichment, and California Constitutional claim, and denied with prejudice Plaintiffs' claims for negligence per se, breach of contract, and Michigan Consumer Protection Act claims. Plaintiffs anticipate amending to assert certain of the dismissed claims in accordance with the below schedule.

*Accellion's Position.* Plaintiffs' claims arise out of distinct criminal attacks occurring in December 2020 and January 2021 on customers that used Accellion's FTA software (the "Attacks"), and which exploited previously-unknown ("zero-day") vulnerabilities in FTA. Accellion licensed FTA to customers for their own use in securely transferring files. Accellion itself did not collect, store, or transfer information on behalf of its customers, nor were Accellion's own systems compromised as part of the Attacks. Rather, the "private data" referenced in Plaintiffs' statement was data collected by FTA customers and stored on their FTA systems, and that data was never in Accellion's possession and was not stolen from Accellion. Upon discovering the zero-day vulnerabilities, Accellion promptly issued patches to its customers that fully remediated the vulnerabilities.

Accellion expressly denies any liability as to Plaintiffs' individual claims and as to the claims of the putative class members, and intends to mount a vigorous defense. Accellion has already addressed numerous deficiencies in Plaintiffs' claims, and the complaint as a whole, in its Motion to Dismiss, which the Court granted in substantial part on January 29, 2024. Accellion is not a proper defendant for Plaintiffs' claims, and Plaintiffs have not identified any actionable injury or harm flowing from the breach—even now, three years after the Attacks, their allegations still consist of speculative risks of future harm, vague claims of "emotional distress," and conclusory allegations of "fraud" and unnecessary out-of-pocket expenses. As for the claims for which the Court denied the Motion to Dismiss, Accellion vigorously disputes the factual allegations of the consolidated complaint on which the Court relied in holding that Plaintiffs had adequately pled claims for negligence and violation of the WCPA.

B. **CASE MANAGEMENT ORDERS**

On August 22, 2023, the Court entered a modified version of the Parties' Stipulated Protective Order (Dkt. 189). The Court also entered the Parties' Joint Stipulation re Expert Discovery on October 26, 2023 (Dkt. 202) and the Parties' Joint Discovery Coordination Stipulation on November 27, 2023,

to coordinate discovery in the concurrent state and federal actions[1] (Dkt. 206). Additionally, the Parties have filed a Joint Stipulation Regarding Discovery of Electronic Information to govern the discovery of ESI, and the Court entered an order for the Parties to make certain changes to the ESI stipulation to comply with Judge Van Keulen's Civil and Discovery Referral Matters Standing Order (Dkt. 210). The Parties filed a revised ESI Stipulation to comply with the Court's order and, on December 18, 2023, Judge Van Keulen entered the Parties' revised ESI stipulation (Dkt. 214).

An initial case management conference has not yet been held in this matter. The parties therefore respectfully request that the Court schedule an initial case management conference in February 2024 to address each of the issues in the Standing Order for All Judges of the Northern District of California.

C. **STATUS OF DISCOVERY TO DATE**

On August 15, 2023, Plaintiffs propounded their First Set of Coordinated Requests for Production of Documents on Accellion, which they served in conjunction with Plaintiffs in the parallel Washington state court action, *Stone, et al. v. Accellion USA LLC et al.*, No. 21-2-01439-5 SEA (Wash. Super. Ct., filed Feb. 2, 2021) as well as Plaintiffs in *Erazo, et al. v. Regents of the University of California, et al.*, No. RG21097796 (Cal. Super. Ct., filed Apr. 27, 2021). Accellion responded to these document requests on September 21, 2023. Plaintiffs believe the responses are deficient, and noted several deficiencies in a letter dated October 6, 2023, and requested to meet and confer during the week of October 9, 2023. Plaintiffs have requested that Accellion identify those categories of documents for which it seeks to use search terms, explain the basis for its request, and provide a set of search terms and custodians to facilitate document production, and to separately begin production of those materials that can be produced without the need for search terms. Accellion believes that Plaintiffs' document requests are substantially overbroad and, in many cases, untethered to any claim or defense in the case. Accellion has been working with Plaintiffs to reasonably narrow the requests through the meet and

---

[1] The Parties' Joint Discovery Coordination Stipulation provides for coordinating discovery in *Stone, et al. v. Accellion USA LLC et al.*, No. 21-2-01439-5 SEA (Wash. Super. Ct., filed Feb 2, 2021); *In re Accellion Data Breach Litigation*, No. 5:21-cv-01155 (N.D. Cal., first case filed Feb. 17, 2021); and *Erazo, et al. v. The Regents of the University of California, et al.*, No. RG21097796 (Cal. Super. Ct. Apr. 27, 2021).

confer process. In particular, the parties met and conferred on October 30, 2023, and again on January 24, 2024, where they scheduled a further conference to identify which subsets of the requested documents are undisputed and can be produced by Accellion more quickly.

On January 5, 2024, Plaintiffs served their First Coordinated Set of Interrogatories on Accellion. On January 11, 2024, Plaintiffs served their Second Set of Coordinated Requests for Production for Documents on Accellion, which they served in conjunction with Plaintiffs in the parallel Washington state court action, *Stone, et al. v. Accellion USA LLC et al.*, No. 21-2-01439-5 SEA (Wash. Super. Ct., filed Feb. 2, 2021) as well as Plaintiffs in *Erazo, et al. v. Regents of the University of California, et al.*, No. RG21097796 (Cal. Super. Ct., filed Apr. 27, 2021). Accellion has not yet responded to these requests. Additionally, Plaintiffs have served third-party subpoenas on numerous Accellion customers affected by the data breaches in order to obtain information regarding Class members and their injuries. Plaintiffs have engaged with the third parties, and are in the process of negotiating the production of responsive documents.

**D.  DISCOVERY PLAN**

The Parties met over the course of several video conferences to discuss the requirements of Rule 26. In these meetings, the Parties discussed the issues listed in the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, the Parties' respective preservation obligations, and the categories of witnesses who may possess discoverable information.

**1.  Initial Disclosures**:

The Parties do not believe that any changes to the requirements of Rule 26(a) are currently necessary. The Parties exchanged Initial Disclosures pursuant to Rule 26(a)(1) on November 13, 2023.

**2.  Subjects of Discovery**:

a.  **Plaintiffs' Position**

In light of the Court's Order on Defendant's motion to dismiss, Plaintiffs believe discovery should proceed in full, and that it should not be conducted in phases or limited to particular issues. At this stage of the case, Plaintiffs do not have sufficient information to determine when discovery should be completed. Plaintiffs intend to depose Accellion's employees and witnesses identified by Accellion
...

in discovery and will seek production of relevant documents in Accellion's possession. Plaintiffs will also serve document requests, interrogatories, requests for admissions, and third-party subpoenas. The subjects on which Plaintiffs intend to seek discovery include, but are not limited to:

- Accellion's security measures for the FTA software;
- Accellion's risk analysis of the FTA software;
- Accellion's knowledge of FTA's security vulnerabilities;
- Accellion's data breach preparedness;
- Accellion's data breach response policies and practices;
- Accellion's response to the December 2020 FTA data breach;
- Accellion's response to the January 2021 FTA data breach;
- Information about the Accellion customers affected by the FTA data breaches;
- Accellion's communications with FTA customers about upgrading to Kiteworks;
- Information about the Class; and
- Documents relating to the Plaintiffs.

b.  Defendant's Position

Accellion believes that conducting full-scale discovery is premature at this time, given the still unresolved state of the pleadings and the limited number of Accellion customers implicated by the current plaintiffs. Accellion's view is that discovery should be initially focused on the nature of the Attacks and the FTA software, and Accellion's communications with the Accellion customers that Plaintiffs interacted with. The core documents responsive to the first general category of documents—the nature of the Attacks and the FTA software—were already produced to Plaintiffs under Rule 408 and, to streamline discovery, the Rule 408 designation has been withdrawn, though the confidentiality designations remain in full force. Concerning the second general category of documents, Plaintiffs and Accellion are meeting and conferring in good faith.

Accellion intends to seek discovery from Plaintiffs, including the production of documents in Plaintiffs' possession, depositions of the named Plaintiffs, and written discovery in the form of interrogatories and requests for admission. The subjects on which Accellion intends to seek discovery include, without limitation:

- Any harm or injury that Plaintiffs claim in relation to the Attacks;
- Data breach notifications received by Plaintiffs;
- Any remedial actions taken by Plaintiffs following the Attacks, including the purchase of any credit monitoring or identity protection services;
- Plaintiffs' relationship with Accellion (if any) and Accellion's FTA customers; and
- The nature of the information Plaintiffs allege was compromised in the Attacks.

Accellion also intends to issue third party subpoenas.

Notably, Accellion does not have any documents or information in its possession concerning Plaintiffs or the identity of any putative class members, or concerning the information that its customers collected or stored on FTA that was allegedly exposed in the Attacks. That information can be obtained, if at all, directly from Accellion's FTA customers.

### 3. Issues About Disclosure, Discovery, or Preservation of ESI

The Parties filed a revised Joint Stipulation Regarding Discovery of Electronic Information to comply with the Court's November 30, 2023, Order (Dkt. 210), the Court entered the Parties' Joint Discovery Coordination Stipulation (Dkt. 206), and the Parties anticipate these documents will resolve any issues regarding disclosure, discovery, or the preservation of electronically stored information, including the form or forms in which it should be produced.

### 4. Issues About Claims of Privilege or Protection as Trial-Preparation Materials

The Parties have not identified any issues regarding claims of privilege or of protection as trial-preparation materials. At this time, the Parties anticipate that these issues will be addressed by the Stipulated Protective Order and the anticipated Joint Stipulation Regarding Discovery of Electronic Information.

### 5. Proposed Changes to Limits on Discovery

The Parties do not believe that further changes to the limits on discovery, beyond the Joint Stipulation Regarding Discovery of Electronic Information (Dkt. 210) and the Parties' Joint Discovery Coordination Stipulation (Dkt. 206), are necessary at this time. The Parties agree to meet and confer if

it becomes apparent in the course of discovery that expansion or restriction of the limits set forth in the Federal Rules of Civil Procedure is warranted.

Plaintiffs note that, in light of the large number of third parties at issue in this case, enlargement of the limit on depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i) may be required.

**6.     Other Orders**

At this time, the Parties have not identified any other orders the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

**E.     CASE SCHEDULE**

The parties jointly propose that the Court enter the following schedule:

| EVENT | DEADLINE |
|---|---|
| Deadline to File Amended Complaint[2] | March 14, 2024 |
| Deadline for Defendant to Substantially Complete Production of Documents in Response to Plaintiffs' First and Second Sets of Requests for Production of Documents | June 12, 2024 |
| Deadline to File Motion for Class Certification and Designation of Opening Class Certification Experts with Reports | August 26, 2024 |
| Deadline to File Opposition to Motion for Class Certification and Designation of Rebuttal Class Certification Experts with Reports | September 26, 2024 |
| Deadline to File Reply in Support of Motion for Class Certification and Reply Class Certification Experts Reports | October 25, 2024 |
| Hearing on Motion for Class Certification | November 14, 2024 |
| Joint Trial Setting Conference Statement *(see Section III(C)(2) of Standing Order for Civil Cases)* | December 9, 2024 |
| Trial Setting Conference *(see Section III(C)(1) of Standing Order for Civil Cases)* | December 19, 2024 |
| Fact Discovery Cutoff | January 13, 2025 |

---

[2] If Defendant responds by way of motion, the parties are to meet and confer regarding an appropriate briefing schedule.

| EVENT | DEADLINE |
|---|---|
| Designation of Opening Merits Experts with Reports | February 14, 2025 |
| Designation of Rebuttal Merits Experts with Reports | March 14, 2025 |
| Expert Discovery Cutoff | March 24, 2025 |
| Deadline for Filing Dispositive Motions *(see Section IV and V of Standing Order for Civil Cases)* and *Daubert* Motions | April 25, 2025 |
| Hearing on Anticipated Dispositive Motion(s) and *Daubert* Motions | July 17, 2025 |

F. **SETTLEMENT AND ADR**

The parties attended a settlement conference before Judge Van Keulen on October 25, 2023. The case did not resolve. The Parties believe further ADR would be premature at this time.

G. **OTHER MATERIALS OF IMPORTANCE**

The Parties are not aware of any other matters that need to be addressed by the Court at this time.

Dated: February 9, 2024

*/s/     Adam E. Polk*
Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
Trevor T. Tan (State Bar No. 281045)
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com

SUSMAN GODFREY L.L.P.
Krysta K. Pachman (State Bar No. 280951)
Michael Gervais (State Bar No. 330731)
Steven G. Sklaver (State Bar No. 237612)
Kevin R. Downs (State Bar No. 331993)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029

Tel: (310) 789-3100
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Plaintiffs' Counsel*

Dated: February 9, 2024

/s/     Fred Norton
Fred Norton
Bree Hann
Janelle Sampana
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
(510) 906-4900
fnorton@nortonlaw.com
bhann@nortonlaw.com
jsampana@nortonlaw.com

Camilo Artiga-Purcell
ACCELLION, INC.
1510 Fashion Island Blvd, Suite 100
San Mateo, CA 94404
(415) 515-4724
camilo.apurcell@kiteworks.com

*Attorneys for Defendant Accellion, Inc.*

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the ECF filer attests that the other signatory listed, on whose behalf the filing is submitted, concurs in this filing's content and has authorized this filing.

Dated: February 9, 2024                               /s/      *Adam E. Polk*