Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Janelle Sampana (CA SBN 336398)
jsampana@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
*Accellion, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 21-CV-01155-EDJ<br><br>**ACCELLION, INC.'S RESPONSE STATEMENT TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 229)**<br><br>**N.D. Cal. L.R. 79-5** |

Pursuant to Local Rule 79-5(c), Defendant Accellion, Inc. ("Accellion") submits this response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Dkt. 229.

As stated in Plaintiffs' motion, portions of Plaintiffs' Amended Consolidated Class Action Complaint (Dkt. 230) contain, summarize, or reflect the content of materials that Accellion has designated as Protected Material pursuant to the Stipulated Protective Order (Dkt. 189), or which potentially reflect confidential, proprietary, or private information. Accordingly, Plaintiffs requested that the Court consider whether the following documents should be filed under seal:

| Document | Description | Designating Party |
| --- | --- | --- |
| Complaint | Plaintiffs' Amended Consolidated Class Action Complaint:<br><br>Page 13, lines 21-28; Page 14, lines 1-2, 4-10; Page 16, lines 12-19, 21-23; Page 17, lines 1, 3-8, 10-11 | Accellion, Inc. |

Under Local Rule 79-5(f)(3), Accellion bears responsibility to establish that all of the designated material is sealable, and must "file a statement and/or declaration as described in subsection (c)(1)" of Local Rule 79-5.

Accellion does not move to seal these portions of Plaintiffs' Amended Consolidated Class Action Complaint; however, Accellion reserves the right to move to seal the underlying documents should the need arise in future. Accellion notes that Plaintiffs could have obviated the need for a motion to seal and Accellion's response, had they asked Accellion about sealing before filing.

Accellion notes that, in their Amended Consolidated Class Action Complaint, Plaintiffs chose to selectively quote only a portion of the underlying documents. Had Plaintiffs presented the Court with the documents in full it would have been apparent that these documents actually debunk Plaintiffs' allegations and underscore that Accellion timely responded to all critical security vulnerabilities, i.e., P0s. Further, the cited documents do not support Plaintiffs' insinuation that Accellion knew about the December 2020 or January 2021 zero-day criminal hacks in advance; it did not, and Plaintiffs' allegations to the contrary are unsupported and reckless. Accellion strongly objects to Plaintiffs'

1

ACCELLION, INC.'S RESPONSE STATEMENT TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 21-CV-01155-EDJ

mischaracterization of these documents to impugn Accellion's security standards, but recognizes that this is a dispute for another day.

Dated:  March 21, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Bree Hann*
Bree Hann

Attorneys for Defendant
ACCELLION, INC.

2

ACCELLION, INC.'S RESPONSE STATEMENT TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 21-CV-01155-EDJ