KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KEVIN R. DOWNS (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

ADAM E. POLK (273000)
apolk@girardsharp.com
JORDAN ELIAS (228731)
jelias@girardsharp.com
SIMON S. GRILLE (294914)
sgrille@girardsharp.com
KYLE P. QUACKENBUSH (322401)
kquackenbush@girardsharp.com
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846

*Interim Co-Lead Plaintiffs' Counsel*

FRED NORTON (224725)
fnorton@nortonlaw.com
BREE HANN (215695)
bhann@nortonlaw.com
JANELLE SAMPANA (336398)
jsampana@norotnlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Tel: (510) 906-4900

CAMILO ARTIGA-PURCELL (273229)
camilo.apurcell@kiteworks.com
ACCELLION, INC.
1510 Fashion Island Blvd, Suite 100
San Mateo, CA 94404
Tel: (415) 515-4724

*Attorneys for Defendant Accellion, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>**JOINT STATEMENT AND PROPOSED ORDERS RE: PROPOSED SEARCH TERMS AND CUSTODIANS**<br><br>Hon. Susan van Keulen |

March 29, 2024

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Submission re: Accellion's Obligation to Provide Search Terms and Custodians
*In re Accellion, Inc. Data Breach Litigation*, Case No. 5:21-cv-01155-EJD (N.D. Cal.)

Dear Judge van Keulen:

Pursuant to Your Honor's January 18, 2023 Civil and Discovery Referral Matters Standing Order, Plaintiffs Rose Becker, Amber Chavez, Karlina Chavez, Derek Dawes, Amiresse Desjardins, Alvaro Galvis, Jamie McDole, Randy Moniz, Robert Olson, Jr., Holly Ringling, Heather Rodriguez, Sherie Taylor, Tito Torres, Valerie Whittaker, and Kimberly Worrick (collectively, "Plaintiffs") and Defendant Accellion, Inc. ("Accellion") jointly submit this statement summarizing the status of the parties' disputes and identifying an issue for resolution. Specifically, the parties seek the Court's guidance on their continuing disputes regarding search terms and custodians under the Court's ESI Order.

Plaintiffs filed their Amended Consolidated Class Action Complaint on March 14, 2024. The parties are meeting and conferring on a briefing schedule for Accellion's renewed motion to dismiss the remaining claims. Accellion's deadline to substantially complete production of documents responsive to Plaintiffs' first two sets of requests for production is June 12, 2024. Fact discovery closes on January 13, 2025. Dkt. No. 219. A trial date has not yet been set. **Exhibit A** contains each party's respective proposed order and proposed compromise with respect to the foregoing issues.

# PLAINTIFFS' STATEMENT

Plaintiffs respectfully seek the Court's intervention given Accellion's refusal to propose search terms and custodians in compliance with the Joint Stipulation and Order Re Discovery of Electronically Stored Information ("ESI Order"), Dkt. No. 214.

## I. Proposed Search Terms and Custodians

Accellion has failed to meaningfully propose search terms and custodians for this matter under the ESI Order. Thus, Plaintiffs respectfully ask that the Court order Accellion to propose search terms and custodians within seven days.

On December 18, 2023, the Court entered its ESI Order, which requires Accellion, as the "producing party," to propose a set of search terms and custodians. Dkt. No. 214 at 10 ("Where a producing party proposes to limit its search obligations by the use of search terms, it will make a good faith and reasonable effort to investigate what search terms and source-files will be reasonably likely to uncover responsive information and then propose those search terms and source-files for the requesting party's consideration.").

During approximately five months of negotiations, Plaintiffs have repeatedly requested that Accellion propose search terms and custodians tailored to the needs of this case as required by the ESI Order. *See* Dkt. No. 218 at 5; Dkt. No. 221 at 2. Most recently, Plaintiffs requested in their portion of the Joint Supplement to the Rule 26(f) report, filed on February 22, 2024, that Accellion provide a proposal on search terms and custodians by March 6, 2024. Dkt. No. 221 at 2. Accellion declined to do so. Instead, Accellion proposed using search terms and custodians from two insurance coverage disputes in which Accellion is a party: *Illinois National Insurance Co. v. Accellion, Inc.*, Case No. 22-cv-393712 (Santa Clara County Super. Ct.) and *AIG Specialty Insurance Co. v. Accellion, Inc.*, Case No. 22-cv-20272-DLG (S.D. Fla.). Accellion's proposal violates the requirements of the ESI Order and is insufficient for several other reasons.

*First*, search terms from matters with separate parties, claims, and issues are not a helpful starting point for negotiating search terms and custodians relevant to this consumer class action. Accellion's counsel here did not draft or negotiate the search terms or custodians agreed to in either of these matters and could not inform Plaintiffs how or why the parties agreed to the enumerated search

terms or custodians. Accellion also admitted via email on February 27, 2024, that the search terms and custodians from *Illinois National Insurance* were "differen[t] in issues and scope." Even so, on the parties' meet and confer call the next day, Accellion stood by its proposal.

*Second*, Accellion's approach inappropriately shifts to Plaintiffs the burden of proposing search terms and custodians tailored to this case, ignoring the ESI Order. *See* Dkt. No. 214 at 10 (requiring producing party to "make a good faith and reasonable effort to investigate what search terms and source files will be reasonably likely to uncover responsive information"). According to Accellion, Plaintiffs should identify which search terms and custodians needed in this case are missing from the materials in the other cases, and which of those search terms and custodians are irrelevant in this case. Yet Accellion is plainly in a superior position to identify these matters. *See, e.g.*, *Weinstein v. Katapult Grp., Inc.*, 2022 WL 4548798, at *2 (N.D. Cal. Sept. 29, 2022) ("Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information."); *Spieker v. Quest Cherokee, LLC*, 2008 WL 4758604, at *2 (D. Kan. Oct. 30, 2008) ("Since the documents were created, stored, and/or maintained by [defendant], defendant is in the better position to develop the most appropriate list of search terms capable of producing the requested documents.").

*Third*, both of Accellion's search term proposals are missing obvious terms that should be search terms *in this matter*. To name a few examples, in *Illinois National Insurance*, the proposal does not contain terms like "anomaly," "encrypt," "file transfer," "firewall," "log," "policy," "rule," "stress testing," or "bugcrowd." The proposal in *AIG* does not contain terms like "error," "patch," "update," "notice," "infiltrate," "penetration," "test," "stress testing," or "release." Both proposals also include search terms specific to those matters that would unreasonably narrow the scope of Accellion's production here. For example, the *Illinois National Insurance* proposal includes search terms specific to "Foley" (presumably the law firm Foley & Lardner LLP), and the *AIG* proposal includes terms specific to the "University of Miami." Although these Accellion customers also are relevant to this matter, they are far from the only customers that were subject to the Data Breach and related issues. Thus, as used in Accellion's proposals, these terms would unduly limit the scope of necessary search terms for this matter.

Further, only one proposal, from the *Illinois National Insurance* matter, includes custodians. And it is not clear why those particular custodians were chosen or why others were omitted. For instance, omitted from Accellion's proposed custodian list is Marissa Kandarian, its Director of Worldwide Orders & Renewals, whom Accellion listed on its initial disclosures in this case.[1]

---

[1] While Accellion agreed to this custodian on February 28, 2024, Accellion's counsel could not explain the basis for selecting the enumerated custodians in the proposal.

**ACCELLION'S STATEMENT**

Accellion has complied and is complying with the ESI Order with respect to search terms. As Accellion has repeatedly made clear in its prior filings,

> Accellion agrees the parties should discuss and agree upon search terms but believes that it will be more efficient and more effective to have that discussion after the production of non-custodial documents, which is and has been ongoing. With the benefit of that production (in addition to the documents and data that Accellion produced to prior class counsel in settlement discussions and has made available for discovery), the parties will be better informed as to the appropriate search terms and custodians that are most relevant to the case.

Dkt. 221 (February 22, 2024 Joint Supplement to Rule 26(f) Report) at 3. Accellion prefers this approach because it is not interested in merely suggesting search terms; it wants to propose search terms that Plaintiffs can intelligently comment on and agree to. That way there will be fewer disagreements and the parties can avoid iteratively renegotiating and re-running search term variants that could have been resolved at the outset. That is what the ESI Order contemplates. *See* ESI Order at 10 ("Proposed search terms will be subject to negotiation with and input from the requesting party.").

Consistent with that approach, Accellion has prioritized the production of non-custodial documents (in addition to the substantial number of custodial and non-custodial documents that Accellion had already produced).

In addition, while Accellion believes it is premature for the parties to agree on which search terms and custodians apply, it has provided the negotiated and agreed upon search terms from *Illinois National Insurance Co. v. Accellion, Inc.*, Case No. 22-cv-393712 (Santa Clara County Super. Ct.) and *AIG Specialty Insurance Co. v. Accellion, Inc.*, Case No. 22-cv-20272-DLG (S.D. Fla.). Accellion believes that its approach is neither insufficient nor a violation of the ESI Order.

*First*, both *Illinois National Insurance* and *AIG Specialty Insurance* are helpful to the Parties' search term discussions. Both cases were brought against Accellion and involve the December 2020 and January 2021 data breaches—the very same data breaches involved in this case. Accellion's provision of these search terms demonstrates its good faith and reasonable effort to investigate what search terms and source files will be reasonably likely to uncover responsive information.

*Second*, Accellion is complying with the ESI Order by proposing search terms, asking Plaintiffs to negotiate, and seeking Plaintiffs' input.  *See* ESI Order at 10 .  On March 11, 2024, Accellion sent Plaintiffs the *AIG Specialty Insurance* search terms, custodians, and hit report by email and invited Plaintiffs to provide feedback and to set up a call to discuss.  Plaintiffs did not respond at all until March 26, 2024.  At that time, they did not comply with the ESI Order's mandate that they negotiate the search terms.  Instead, they sent their draft of this discovery letter and stated that they wanted to seek the intervention of the Court.

*Third*, Plaintiffs for the first time suggest that Accellion use search terms like "anomaly," "encrypt," "file transfer," "firewall," "log," "policy," "rule," "stress testing," "bugcrowd," "error," "patch," "update," "notice," "infiltrate," "penetration," "test," "stress testing," or "release."  With appropriate limiters, some of these terms may be appropriate for use in this case, but Plaintiffs failed to propose these search terms prior to seeking this Court's intervention.  Plaintiffs continue to ignore Accellion's offer to discuss and modify search terms and violate the ESI Order's meet and confer requirement.

Accellion respectfully requests that the Court deny Plaintiffs' untimely request for intervention, and instead order Plaintiffs to propose and discuss the search terms that they believe are appropriate.

| | | |
|---|---|---|
| 1 | Dated: March 29, 2024 | Respectfully submitted, |
| 2 | | */s/ Adam E. Polk* |
| | | Adam E. Polk (State Bar No. 273000) |
| 3 | | Jordan Elias (State Bar No. 228731) |
| | | Simon S. Grille (State Bar No. 294914) |
| 4 | | Kyle P. Quackenbush (State Bar No. 322401) |
| 5 | | GIRARD SHARP LLP |
| | | 601 California Street, Suite 1400 |
| 6 | | San Francisco, CA 94108 |
| | | Tel: (415) 981-4800 |
| 7 | | apolk@girardsharp.com |
| | | jelias@girardsharp.com |
| 8 | | sgrille@girardsharp.com |
| | | kquackenbush@girardsharp.com |
| 9 | | |
| | | Krysta K. Pachman (State Bar No. 280951) |
| 10 | | Michael Gervais (State Bar No. 330731) |
| | | Steven G. Sklaver (State Bar No. 237612) |
| 11 | | Kevin R. Downs (State Bar No. 331993) |
| 12 | | SUSMAN GODFREY L.L.P. |
| | | 1900 Avenue of the Stars, Suite 1400 |
| 13 | | Los Angeles, California 90067-6029 |
| | | Tel: (310) 789-3100 |
| 14 | | kpachman@susmangodfrey.com |
| | | mgervais@susmangodfrey.com |
| 15 | | ssklaver@susmangodfrey.com |
| | | kdowns@susmangodfrey.com |
| 16 | | |
| 17 | | *Interim Co-Lead Plaintiffs' Counsel* |
| 18 | Dated: March 29, 2024 | */s/ Fred Norton* |
| | | Fred Norton |
| 19 | | Bree Hann |
| | | Janelle Sampana |
| 20 | | THE NORTON LAW FIRM PC |
| 21 | | 299 Third Street, Suite 200 |
| | | Oakland, CA 94607 |
| 22 | | (510) 906-4900 |
| | | fnorton@nortonlaw.com |
| 23 | | bhann@nortonlaw.com |
| | | jsampana@nortonlaw.com |
| 24 | | |
| 25 | | Camilo Artiga-Purcell |
| | | ACCELLION, INC. |
| 26 | | 1510 Fashion Island Blvd, Suite 100 |
| | | San Mateo, CA 94404 |
| 27 | | (415) 515-4724 |
| | | camilo.apurcell@kiteworks.com |
| 28 | | |
| | | *Attorneys for Defendant Accellion, Inc.* |

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the ECF filer attests that the other signatory listed, on whose behalf the filing is submitted, concurs in this filing's content and has authorized this filing.

Dated: March 29, 2024                                         /s/     *Adam E. Polk*
                                                                             Adam E. Polk