UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ACCELLION, INC.<br>DATA BREACH LITIGATION | Case No.  21-cv-01155-EJD   (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE**<br>Re: Dkt. No. 232 |

Before the Court is the Parties' joint submission of their discovery dispute concerning the selection of search terms and custodians in accordance with the stipulated order regarding the discovery of electronically stored information entered in this case (the "ESI Order" at Dkt. 214). *See* Dkt. 232.  The joint submission reflects an unfortunate failure to meet and confer constructively, and in person as necessary, to develop at least an initial set of search terms and custodians.  Yet the Parties are well aware of the undersigned's robust meet-and-confer requirement to resolve discovery disputes; clearly, they did not comply with that requirement here.  Accordingly, the Court **ORDERS** as follows:

- The Parties shall appear for an **in-person hearing on April 23, 2024, at 10:00 a.m. Counsel appearing must have full knowledge of this dispute and the authority to negotiate and compromise regarding the selection of search terms and custodians. Counsel must also be prepared to remain in attendance the entire business day until the outstanding issues are resolved.**

- By **April 19, 2024**, the Parties shall meet and confer **either in person or by video** to further discuss this dispute.  By **noon on April 22, 2024**, the Parties shall inform the Court whether they have resolved the dispute without further intervention from the Court.  The Court provides the following guidance for the Parties' meet and confer:

    o Related cases may provide a good starting point for the identification of appropriate

search terms and custodians, provided that counsel can speak to the utility of the proffered terms. If counsel does not know why certain terms or customs were identified, they must find out. Proposing terms and custodians used in related cases does not absolve counsel of its responsibilities under the ESI Order.

- In the joint submission, Plaintiffs identify both custodians that are missing from and search terms that are inappropriate in Defendant's proffer. It is not clear if Plaintiffs communicated these concerns to Defendant prior to submitting this dispute to the Court. If Plaintiffs have search terms and custodians in mind, they must put those on the table and not sit on an overly formalistic reading of the ESI Order.
- Defendant suggests that it is possible that its non-custodial production will inform the identification of search terms and custodians. But without a date certain for the completion of that production, the suggestion rings hollow. It may be beneficial for the Parties to consider running ESI searches in phases as additional custodians and search terms come to light.

In sum, both sides have work to do to resolve this dispute, and that work begins with this Order and will continue through the April 23 hearing until the Parties agree on at least an initial set of search terms and custodians.

**SO ORDERED.**

Dated: April 16, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge