Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
Kyle P. Quackenbush (State Bar No. 322401)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kquackenbush@girardsharp.com

Krysta K. Pachman (State Bar No. 280951)
Michael Gervais (State Bar No. 330731)
Steven G. Sklaver (State Bar No. 237612)
Kevin R. Downs (State Bar No. 331993)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Plaintiffs' Counsel*

Fred Norton (State Bar No. 224725)
Bree Hann (State Bar No. 215695)
Janelle Sampana (State Bar No. 336398)
Emily Kirk (State Bar No. 348547)
**THE NORTON LAW FIRM PC**
299 Third Street, Suite 200
Oakland, CA 94607
Tel: (510) 906-4900
fnorton@nortonlaw.com
bhann@nortonlaw.com
jsampana@nortonlaw.com
ekirk@nortonlaw.com

Camilo Artiga-Purcell (State Bar No. 273229)
**ACCELLION, INC.**
1510 Fashion Island Blvd, Suite 100
San Mateo, CA 94404
Tel: (415) 515-4724
camilo.apurcell@kiteworks.com

*Attorneys for Defendant Accellion, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD-SVK <br><br> **STIPULATION AND [PROPOSED] ORDER RE SEARCH TERM AND TEXT MESSAGE DISCOVERY; RECOMMENDED EXTENSION TO CASE SCHEDULE** <br><br> Hon. Susan van Keulen |

1    In accordance with the Court's April 22, 2024 Order as Modified to Vacate Discovery Hearing, Dkt. 242, and the Parties Joint Notice re Search Term Discussions, Dkt. 249, Plaintiffs Rose Becker, Karlina Chavez, Derek Dawes, Amiresse Desjardins, Alvaro Galvis, Jamie McDole, Randy Moniz, Robert Olson, Jr., Holly Ringling, Heather Rodriguez, Sherie Taylor, Tito Torres, Valerie Whittaker, and Kimberly Worrick (collectively, "Plaintiffs") and Defendant Accellion, Inc. ("Accellion" and, together with Plaintiffs, the "Parties"), jointly stipulate and agree as follows:

WHEREAS, the Court ordered the Parties to meet and confer on search terms and custodians by April 19, 2024, and scheduled an in-person hearing on April 23, 2024, at 10:00 a.m. Dkt. 232. The Parties were also ordered to inform the Court by April 22, 2024, whether they had resolved their dispute. *Id.*

WHEREAS, on April 18, 2024, Accellion provided Plaintiffs with proposed search terms.

WHEREAS, on April 19, 2024, the Parties met and conferred in-person and over Zoom to discuss search terms. The same day, the Parties filed a joint stipulation requesting the Court vacate the discovery hearing scheduled for April 22 and set deadlines for continuing meet and confers concerning search terms (Dkt. 241), which the Court entered (Dkt. 242). Pursuant to that Order, Plaintiffs sent Accellion a counterproposal that included 80 search terms on April 19.

WHEREAS, Accellion ran each of the 80 search terms without modification for the timeframe December 1, 2018, through April 30, 2021, three times across—(1) Microsoft Teams and Outlook (searched together), (2) Jira, and (3) Confluence. In the aggregate, the Microsoft Teams and Outlook searches returned 12,679,086 hits, the Jira searches returned 1,838 hits, and the Confluence searches returned 25,975 hits. On May 10, 2024, Accellion provided Plaintiffs hit reports for the search terms in Plaintiffs' counterproposal, expressed that it did not agree to review such large data sets, and proposed narrowing the search terms for searches that returned in excess of 500 hits.

WHEREAS, on May 13, 2024, Plaintiffs responded to Accellion's position on Plaintiffs' counterproposal, including that they did not agree to cabin the search terms absent some review by Accellion of the data sets.

WHEREAS, on May 15, 2024, the Parties met and conferred over Zoom.

1  WHEREAS, on May 17, 2024, the Parties filed a joint notice regarding search term discussions (Dkt. 249), in which the Parties agreed to submit a stipulation and proposed order setting forth the Parties' agreement concerning production of documents responsive to Plaintiffs' first and second document requests on or before May 29, 2024. Given the size of the data sets in question, Accellion also stated that it might need to seek an extension of its deadline for substantial completion of production of documents responsive to Plaintiffs' first and second requests for production of documents.

WHEREAS, the Parties met and conferred on May 24, 2024, over Zoom and agreed on a production protocol that balanced Plaintiffs' first and second requests for production of documents, the burden imposed by the size of the data sets returned by the searches, and confidentiality concerns. Specifically, given the large size of the data sets in question, the Parties agreed that Accellion would be permitted to designate all documents produced using search terms as "CONFIDENTIAL" under the Parties' Stipulated Protective Order (Dkt. 189) to avoid the time and expense of reviewing each document for confidentiality concerns. The Parties also agreed that the procedures for de-designating documents marked "CONFIDENTIAL" under the Parties' Stipulated Protective Order (Dkt. 189) would continue to apply.

WHEREAS, the Parties also agreed that Accellion would search text messages for the timeframe December 16, 2020 through March 1, 2021, between and among three agreed-upon company executives, if any there may be, for any non-privileged communications responsive to Plaintiffs' first and second requests for production of documents. For the text messages, instead of running search terms, the Parties agreed Accellion would review all communications between and among the three executives for the timeframe in question.

NOW, THEREFORE, the Parties jointly stipulate and request that the Court enter an order requiring Accellion to use the following search method and set the following deadlines for document production:

1. Accellion agrees to search for and produce documents that hit on the 80 search terms included in Plaintiffs' April 19 counterproposal located on Accellion's Microsoft Teams, Microsoft Outlook, Jira, and Confluence systems for the timeframe December 1, 2018,

through April 30, 2021. All documents produced in this manner will be deemed "CONFIDENTIAL" under the Parties' Stipulated Protective Order (Dkt. 189) and do not need to be individually bates stamped or tagged "CONFIDENTIAL." The Parties agree Accellion may claw back any privileged material inadvertently transmitted to counsel for Plaintiffs in accordance with the Stipulated Protective Order. Dkt. No. 189.

    a. Regarding Accellion's search of Microsoft Teams and Microsoft Outlook:

        i. Consistent with the Order re Discovery of Electronically Stored Information (Dkt. 214), Accellion may exclude from production all communications with its outside counsel and does not need to log these communications on a privilege log.

        ii. Accellion shall (i) search for and segregate all communications with Accellion's prior in-house counsel Wendy McCallum during the agreed timeframe, (ii) run all agreed-upon search terms across this segregated data set, (iii) conduct a privilege review and log privileged documents, and (iv) produce all non-privileged, responsive documents, if any there may be, returned by the agreed-upon search terms from this subset of data.

    b. Regarding its search of Jira and Confluence, Accellion shall produce all non-privileged documents that hit upon the agreed-upon search terms.

2. Accellion agrees to search for and produce non-privileged text messages for the timeframe December 16, 2020 through March 1, 2021, between and among three company executives, if any there may be, for any non-privileged communications responsive to Plaintiffs' first and second requests for production of documents. Plaintiffs reserve the ability to seek additional text messages from Accellion if discovery demonstrates the existence of such text messages.

3. Accellion shall produce all documents subject to the Parties' Stipulated Protective Order (Dkt. 189) and Order re Discovery of Electronically Stored Information (Dkt. 214), unless otherwise noted in this Order.

4. Accellion shall produce documents in response to Plaintiffs' first and second set of document requests as described above by the following deadlines:

| EVENT | DEADLINE |
|---|---|
| Accellion shall produce all non-privileged documents on Microsoft Teams and Outlook that hit on Plaintiffs' April 19 search terms, and to produce responsive text messages. | July 12, 2024 |
| Accellion shall produce all non-privileged documents on Jira and Confluence that hit on Plaintiffs' April 19 search terms. | July 26, 2024 |

The Parties also jointly stipulate and respectfully request that Magistrate Judge Susan van Keulen RECOMMEND that the District Court extend the case schedule as follows:

| EVENT | DEADLINE |
|---|---|
| Deadline for Accellion to Substantially Complete Production of Documents in Response to Plaintiffs' First and Second Sets of Requests for Production of Documents. | July 26, 2024 |

**IT IS SO STIPULATED.**

Dated: May 29, 2024                /s/ *Adam E. Polk*

Adam E. Polk (State Bar No. 273000)
Jordan Elias (State Bar No. 228731)
Simon S. Grille (State Bar No. 294914)
Kyle P. Quackenbush (State Bar No. 322401)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kquackenbush@girardsharp.com

Krysta K. Pachman (State Bar No. 280951)
Michael Gervais (State Bar No. 330731)
Steven G. Sklaver (State Bar No. 237612)
Kevin R. Downs (State Bar No. 331993)

**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Tel: (310) 789-3100
kpachman@susmangodfrey.com
mgervais@susmangodfrey.com
ssklaver@susmangodfrey.com
kdowns@susmangodfrey.com

*Interim Co-Lead Plaintiffs' Counsel*

Dated: May 29, 2024            */s/ Camilo Artiga-Purcell*

Camilo Artiga-Purcell (State Bar No. 273229)
**ACCELLION, INC.**
1510 Fashion Island Blvd, Suite 100
San Mateo, CA 94404
Tel: (415) 515-4724
camilo.apurcell@kiteworks.com

Fred Norton (State Bar No. 224725)
Bree Hann (State Bar No. 215695)
Janelle Sampana (State Bar No. 336398)
Emily Kirk (State Bar No. 348547)
**THE NORTON LAW FIRM PC**
299 Third Street, Suite 200
Oakland, CA 94607
Tel: (510) 906-4900
fnorton@nortonlaw.com
bhann@nortonlaw.com
jsampana@nortonlaw.com
ekirk@nortonlaw.com

*Attorneys for Defendant Accellion, Inc.*

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the ECF filer attests that the other signatory listed, on whose behalf the filing is submitted, concurs in this filing's content and has authorized this filing.

Dated: May 29, 2024            */s/      Adam E. Polk*

Adam E. Polk

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED OR RECOMMENDED.**

Dated:_____

_____
HON. SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE