Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Rebecca Kutlow (CA SBN 333944)
rkutlow@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
Heather Bates (CA SBN 337703)
hbates@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Telephone: (510) 906-4900

Camilo Artiga-Purcell (CA SBN 273229)
camilo.apurcell@kiteworks.com
ACCELLION, INC.
1510 Fashion Island Blvd, Suite 100
San Mateo, CA 94404
Telephone: (415) 515-4724

Attorneys for Defendant
*Accellion, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 21-CV-01155-EDJ<br><br>**DEFENDANT ACCELLION, INC.'S ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

# ANSWER TO COMPLAINT

Defendant Accellion, Inc. (Accellion), by and through its attorneys at The Norton Law Firm PC, hereby responds below to the factual allegations contained in the Amended Consolidated Class Action Complaint (ACC). Accellion denies all allegations that it has had control of or access to any plaintiff's or purported class member's PII, PHI, or other data at any point in time relevant to the ACC. Accellion denies all other allegations in the ACC, except as expressly set forth below. Moreover, while Accellion includes some of the ACC's headings for ease of reference, Accellion denies any factual allegations contained in those headings of the ACC unless specifically admitted below.

Accellion admits that plaintiffs purport to bring this action against Accellion individually and on behalf of the purported class defined in the ACC.

## I. SUMMARY OF THE ACTION

1. Accellion admits that plaintiffs seek relief for individuals whose PII or PHI were allegedly exposed to unauthorized actors from December 2020 to January 2021. Accellion denies the remaining allegations in paragraph 1.

2. Accellion admits its website stated in the past that it "enables millions . . . from every walk of life to do their jobs without putting their organization at risk. When they click the Accellion button, they know it's the safe and secure way to share information . . . ." Accellion denies the remaining allegations in paragraph 2. Accellion avers that plaintiffs admit they were not aware of and did not rely on any statement by Accellion about the security of the FTA. (Plaintiffs' Supp. Resp. to RFAs No. 260-261.)

3. Accellion admits it advised its clients to upgrade to a more secure product, the Kiteworks product, for years leading up to the December 2020 and January 2021 FTA attacks by unauthorized actors (the Attacks). Accellion admits it did not remove the FTA from the market before the Attacks occurred. Accellion denies the remaining allegations in paragraph 3.

4. Accellion admits that plaintiffs seek punitive and nominal damages and injunctive relief. Accellion denies the allegation that its cyber security is or was at any time deficient. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 4, and on that basis denies them.

## II. PARTIES

### A. Plaintiffs

5. Accellion lacks sufficient information to admit or deny the allegations in paragraph 5, and on that basis denies them.

6. Accellion lacks sufficient information to admit or deny the allegations in paragraph 6, and on that basis denies them.

7. Accellion lacks sufficient information to admit or deny the allegations in paragraph 7, and on that basis denies them.

8. Accellion lacks sufficient information to admit or deny the allegations in paragraph 8, and on that basis denies them.

9. Accellion avers that Amiresse Desjardins voluntarily dismissed her claims against Accellion, thus no response is required. To the extent a response is required, Accellion lacks sufficient information to admit or deny the allegations in paragraph 9, and on that basis denies them.

10. Accellion lacks sufficient information to admit or deny the allegations in paragraph 10, and on that basis denies them.

11. Accellion lacks sufficient information to admit or deny the allegations in paragraph 11, and on that basis denies them.

12. Accellion lacks sufficient information to admit or deny the allegations in paragraph 12, and on that basis denies them.

13. Accellion lacks sufficient information to admit or deny the allegations in paragraph 13, and on that basis denies them.

14. Accellion avers that Holly Ringling voluntarily dismissed her claims against Accellion, thus no response is required. To the extent a response is required, Accellion lacks sufficient information to admit or deny the allegations in paragraph 14, and on that basis denies them.

15. Accellion lacks sufficient information to admit or deny the allegations in paragraph 15, and on that basis denies them.

16. Accellion avers that Sherie Taylor voluntarily dismissed her claims against Accellion, thus no response is required. To the extent a response is required, Accellion lacks sufficient information

to admit or deny the allegations in paragraph 16, and on that basis denies them.

17. Accellion avers that Tito Torres voluntarily dismissed his claims against Accellion, thus no response is required. To the extent a response is required, Accellion lacks sufficient information to admit or deny the allegations in paragraph 17, and on that basis denies them.

18. Accellion avers that Valerie Whittaker voluntarily dismissed her claims against Accellion, thus no response is required. To the extent a response is required, Accellion lacks sufficient information to admit or deny the allegations in paragraph 18, and on that basis denies them.

19. Accellion lacks sufficient information to admit or deny the allegations in paragraph 19, and on that basis denies them.

### B. Defendant

20. Accellion admits it is a Delaware corporation, but denies that its principal place of business is in Palo Alto, California.

### III. JURISDICTION AND VENUE

21. The allegations in paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, Accellion lacks sufficient information to admit or deny the allegations in paragraph 21, and on that basis denies them.

22. The allegations in paragraph 22 state legal conclusions to which no response is required, but Accellion does not deny that the Court has personal jurisdiction over Accellion in this case.

23. The allegations in paragraph 23 state legal conclusions to which no response is required, but Accellion does not deny that venue in this District is proper.

24. The allegations in paragraph 24 state legal conclusions to which no response is required, but Accellion does not deny that assignment of this action to the San Jose district is appropriate.

### IV. FACTUAL ALLEGATIONS

25. Accellion denies the allegations in paragraph 25.

26. Accellion denies the allegations in paragraph 26.

27. Accellion denies the allegations in paragraph 27.

28. Accellion denies the allegations in paragraph 28.

29. Accellion denies the allegations in paragraph 29.

3

30. Accellion denies the allegations in paragraph 30.

31. Accellion denies the allegations in paragraph 31.

32. Accellion lacks sufficient information to admit or deny the allegations in paragraph 32, and on that basis denies them.

33. Accellion denies the allegations in paragraph 33.

34. Accellion admits that the FTA was almost 20 years old by December 2020. Accellion admits it encouraged customers to switch to Kiteworks. Accellion denies the remaining allegations in paragraph 34.

35. The document cited in paragraph 35 speaks for itself. Accellion denies the remaining allegations in paragraph 35.

36. The document cited in paragraph 36 speaks for itself. Accellion denies the paragraph's implication that the vulnerability described in paragraph 36 is the same or related to the vulnerability described in paragraph 39; Accellion notes plaintiffs have admitted in discovery that these vulnerabilities are different. Accellion admits the remaining allegations in paragraph 36.

37. The document cited in paragraph 37 speaks for itself. Accellion denies the paragraph's implication that the vulnerability described in paragraph 37 is the same or related to the vulnerability described in paragraph 39; Accellion notes plaintiffs have admitted in discovery that these vulnerabilities are different. Accellion admits the remaining allegations in paragraph 36.

38. Accellion admits the allegations in paragraph 38.

39. Accellion denies that the documents cited in paragraph 39 evidence Accellion's knowledge of related vulnerabilities in the FTA months before the Attacks. Accellion avers that plaintiffs admit the "OS Command" vulnerability described in paragraph 36 of the Complaint is different from the "SQL Injection" vulnerability described in paragraph 39 of the Complaint (Plaintiffs' Resp. to RFA No. 264), and that the "OS Command" vulnerability described in paragraph 36 of the Complaint is different from the "OS Command Execution" vulnerability described in paragraph 39 of the Complaint. (Plaintiffs' Resp. to RFA No. 265). Accellion further avers that plaintiffs admit the "Blind SQL Injection vulnerability" described in paragraph 37 of the Complaint is different from the "SQL Injection" vulnerability described in paragraph 39 of the Complaint (Plaintiffs' Resp. to RFA No.

4

268), and that the "Blind SQL Injection vulnerability" described in paragraph 37 of the Complaint is different from the "OS Command Execution" vulnerability described in paragraph 39 of the Complaint. (Plaintiffs' Resp. to RFA No. 269). Accellion denies the allegation about the source of the vulnerabilities. Accellion admits the remaining allegations in paragraph 39.

40. Accellion admits it released a patch on December 20, 2020, and on December 23, 2020. Accellion denies the remaining allegations in paragraph 40.

41. The website cited in paragraph 41 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 41, and on that basis, denies them.

42. Accellion lacks sufficient information to admit or deny the allegations in paragraph 42, and on that basis, denies them.

43. Accellion denies the allegations in paragraph 43.

44. Accellion denies the allegations in paragraph 44.

45. Accellion denies the allegation in paragraph 45.

46. The website cited in paragraph 46 speaks for itself. Accellion denies the remaining allegations in paragraph 46.

47. The document cited in paragraph 47 speaks for itself. Accellion denies the remaining allegations in paragraph 47.

48. The documents cited in paragraph 48 speak for themselves. Accellion denies the remaining allegations in paragraph 48.

49. The document cited in paragraph 49 speaks for itself. Accellion denies the remaining allegations in paragraph 49.

50. The documents cited in paragraph 50 speak for themselves. Accellion denies the remaining allegations in paragraph 50.

51. The document cited in paragraph 51 speaks for itself. Accellion denies the remaining allegations in paragraph 51.

52. Accellion denies the allegation that the Attacks "foreseeably" resulted in the exposure and theft of highly confidential data and further denies the implication that Accellion was aware of the nature of the data stored by its customers on the FTA. Accellion lacks sufficient information to admit or

deny the remaining allegations in paragraph 52, and on that basis denies them.

53. The website cited in paragraph 53 speaks for itself. Accellion denies the remaining allegations in paragraph 53.

54. The website cited in paragraph 54 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 54, and on that basis denies them.

55. The website cited in paragraph 55 speaks for itself. Accellion admits the remaining allegations in paragraph 55.

56. Accellion lacks sufficient information to admit or deny the allegations in paragraph 56, and on that basis denies them.

57. The press release cited in paragraph 57 speaks for itself. Accellion denies the remaining allegations in paragraph 57.

58. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 58, and on that basis denies them.

59. The statement cited in paragraph 59 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 59, and on that basis, denies them.

60. Accellion lacks sufficient information to admit or deny the allegations in paragraph 60, and on that basis denies them.

61. The statement cited in paragraph 61 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 61, and on that basis, denies them.

62. Accellion lacks sufficient information to admit or deny the allegations in paragraph 62, and on that basis denies them.

63. The statement cited in paragraph 63 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 63, and on that basis, denies them.

64. Accellion lacks sufficient information to admit or deny the allegations in paragraph 64, and on that basis denies them.

65. Accellion lacks sufficient information to admit or deny the allegations in paragraph 65, and on that basis denies them.

66. Accellion denies the allegations in paragraph 66.

67. Accellion lacks sufficient information to admit or deny that all companies listed in paragraph 67 were "affected" by the Attacks, and on that basis denies the allegations in paragraph 67.

68. The article cited in paragraph 68 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 68, and on that basis denies them.

69. Accellion admits the allegation in paragraph 69.

70. Accellion denies the allegations in paragraph 70.

71. Accellion denies the allegations and legal conclusions in paragraph 71, and avers that plaintiffs admit they were not aware of and did not rely on any statement by Accellion about the security of the FTA. (Plaintiffs' Supp. Resp. to RFAs 260-261.)

72. Accellion denies the allegations and legal conclusions in paragraph 72.

73. Accellion denies the allegations and legal conclusions in paragraph 73.

74. Accellion denies the allegations in paragraph 74.

75. Accellion denies the allegations and legal conclusions in paragraph 75, and avers that plaintiffs admit they were not aware of and did not rely on any statement by Accellion about the security of the FTA. (Plaintiffs' Supp. Resp. to RFAs 260-261.)

76. Accellion denies the allegations and legal conclusions in paragraph 76, and avers that plaintiffs admit they were not aware of and did not rely on any statement by Accellion about the security of the FTA. (Plaintiffs' Supp. Resp. to RFAs 260-261.)

77. Accellion denies the allegations and legal conclusions in paragraph 77.

78. Accellion denies the allegations and legal conclusions in paragraph 78.

79. Accellion denies the allegations in paragraph 79 that characterize Accellion's products. Accellion lacks sufficient information to admit or deny the remainder of the allegations in paragraph 79, and on that basis denies them.

80. The paraphrased statement attributed to the FTC in paragraph 80 is not sourced, and so Accellion lacks sufficient information to admit or deny that allegation and on that basis denies it. Accellion admits the remaining allegations in paragraph 80.

81. The publication referenced in paragraph 81 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 81 and on that basis denies them.

7

82. Accellion lacks sufficient information to admit or deny the allegations in paragraph 82 and on that basis denies them.

83. Accellion lacks sufficient information to admit or deny the allegations in paragraph 83 and on that basis denies them.

84. Accellion denies the allegations in paragraph 84.

85. The document cited in paragraph 85 speaks for itself. Accellion denies the remaining allegations in paragraph 85.

86. Accellion denies the allegations in paragraph 86.

87. The statement cited in paragraph 87 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 87, and on that basis denies them.

88. Accellion is without sufficient information to admit or deny the allegations in paragraph 88, and on that basis, denies them.

89. The article cited in paragraph 89 speaks for itself. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 89, and on that basis denies them.

90. The websites cited in paragraph 90 speak for themselves. Accellion lacks sufficient information to admit or deny the remaining allegations in paragraph 90, and on that basis denies them.

91. Accellion lacks sufficient information to admit or deny the allegations in paragraph 91, and on that basis denies them.

92. Accellion lacks sufficient information to admit or deny the allegations in paragraph 92, and on that basis denies them.

93. Accellion lacks sufficient information to admit or deny the allegations in paragraph 93, and on that basis denies them.

94. Accellion lacks sufficient information to admit or deny the allegations in paragraph 94, and on that basis, denies them.

95. Accellion lacks sufficient information to admit or deny the allegations in paragraph 95, and on that basis, denies them.

96. Accellion lacks sufficient information to admit or deny the allegations in paragraph 96, and on that basis, denies them.

97. The articles cited in paragraph 97 speak for themselves. Accellion lacks sufficient information to admit or deny the allegations in paragraph 97, and on that basis, denies them.

98. Accellion lacks sufficient information to admit or deny the allegations in paragraph 98, and on that basis, denies them.

99. Accellion lacks sufficient information to admit or deny the allegations in paragraph 99, and on that basis, denies them.

100. Accellion lacks sufficient information to admit or deny the allegations in paragraph 100, and on that basis, denies them.

101. Accellion lacks sufficient information to admit or deny the allegations and legal conclusions in paragraph 101, and on that basis, denies them.

102. Accellion lacks sufficient information to admit or deny the allegations in paragraph 102, and on that basis denies them.

103. Accellion lacks sufficient information to admit or deny the allegations in paragraph 103, and on that basis denies them.

104. Accellion lacks sufficient information to admit or deny the allegations in paragraph 104, and on that basis denies them.

105. Accellion lacks sufficient information to admit or deny the allegations and legal conclusions in paragraph 105, and on that basis, denies them.

106. Accellion lacks sufficient information to admit or deny the allegations and legal conclusions in paragraph 106, and on that basis denies them.

107. Accellion lacks sufficient information to admit or deny the allegations in paragraph 107, and on that basis, denies them.

108. Accellion lacks sufficient information to admit or deny the allegations in paragraph 108, and on that basis denies them.

109. Accellion lacks sufficient information to admit or deny the allegations in paragraph 109 about the nature of plaintiffs' and putative class members' PII and PHI, and on that basis, denies them. Accellion denies the remaining allegations of paragraph 109.

110. Accellion denies the allegations and legal conclusions in paragraph 110. Accellion avers

that plaintiffs admit that "Flagstar's breach of its obligations of its implied contracts with Plaintiffs and Flagstar Subclass members directly resulted in the [FTA] Data Breach"; that the "damages sustained by Plaintiffs" and some purported class members were "the direct and proximate result of Flagstar's breaches of implied contract"; and that "Flagstar's lax data security protocols also resulted in a second data breach unrelated to Accellion less than 12 months after the [Attacks] at issue in this litigation." (Plaintiffs' Resp. to RFAs No. 276-278.)  Accellion also avers that plaintiffs admit that Accellion's customers Aspect Software (AKA Alvaria, Inc.), the Australia Securities and Investment Commission, Beaumont Health, Brown Rudnick LLP, Centene Corp., Community Memorial Health System, Danaher, Department of Transportation Office of the Secretary, El Paso Electric Company, Health Net, The Kroger Co., Lehigh Valley Health Network, Morgan Stanley, QIMR Berghofer Medical Research Institute, Shell, Singtel, The Small Business Administration, Stanford University, Trillium Community Health Plan, the University of California system, and the University of Colorado have each disclosed they have experienced other recent data breaches unrelated to the Accellion FTA. (Plaintiffs' Resp. to RFAs at pp. 113-118).

111.　Accellion denies the allegations and legal conclusions in paragraph 111.

112.　Accellion denies the allegations and legal conclusions in paragraph 112.

### V.　CLASS ACTION ALLEGATIONS

113.　Accellion admits plaintiffs purport to bring this lawsuit under Rules 23(a), (b), and (c) of the Federal Rules of Civil Procedure, but denies that this suit may or should be maintained as a class action.  Accellion denies the remaining allegations in paragraph 113.

114.　The allegations in paragraph 114 state legal contentions and/or conclusions, to which no response is required.  To the extent a response is required, Accellion denies that this suit may or should be maintained as a class action.

115.　The allegations in paragraph 115 state legal contentions and/or conclusions, to which no response is required.  To the extent a response is required, Accellion denies that this suit may or should be maintained as a class action.

116.　The allegations in paragraph 116 state legal contentions and/or conclusions, to which no response is required.  To the extent a response is required, Accellion denies that this suit may or should

be maintained as a class action.

117. The allegations in paragraph 117 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Accellion denies that this suit may or should be maintained as a class action.

118. The allegations in paragraph 118 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Accellion denies that this suit may or should be maintained as a class action.

119. The allegations in paragraph 119 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Accellion denies that this suit may or should be maintained as a class action.

120. The allegations in paragraph 120 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Accellion denies that this suit may or should be maintained as a class action.

121. The allegations in paragraph 121 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Accellion denies that this suit may or should be maintained as a class action.

**FIRST CAUSE OF ACTION**
**Negligence and/or Gross Negligence**
**On Behalf of the Class, or, in the Alternative, the State Subclasses**

122. The allegations in paragraph 122 contain an incorporation statement, to which no response is required. To the extent a response is required, Accellion denies the paragraph's allegations.

123. Accellion denies the allegations and legal conclusions in paragraph 123.

124. Accellion denies the allegations and legal conclusions in paragraph 124.

125. Accellion denies the allegations and legal conclusions in paragraph 125.

126. Accellion denies the allegations and legal conclusions in paragraph 126.

127. Accellion denies the allegations and legal conclusions in paragraph 127.

128. Accellion denies the allegations and legal conclusions in paragraph 128.

129. Accellion denies the allegations and legal conclusions in paragraph 129.

130. Accellion denies the allegations and legal conclusions in paragraph 130.

11

131. Accellion denies the allegations and legal conclusions in paragraph 131.

132. Accellion denies the allegations and legal conclusions in paragraph 132.

133. Accellion denies the allegations and legal conclusions in paragraph 133.

134. Accellion denies the allegations and legal conclusions in paragraph 134.

135. Accellion denies the allegations and legal conclusions in paragraph 135.

136. Accellion denies the allegations and legal conclusions in paragraph 136.

137. Accellion denies the allegations and legal conclusions in paragraph 137.

138. Accellion denies the allegations and legal conclusions in paragraph 138.

139. Accellion denies the allegations and legal conclusions in paragraph 139.

140. Accellion denies the allegations and legal conclusions in paragraph 140.

141. Accellion denies the allegations and legal conclusions in paragraph 141.

142. Accellion denies the allegations and legal conclusions in paragraph 142.

143. Accellion denies the allegations and legal conclusions in paragraph 143.

144. Accellion denies the allegations and legal conclusions in paragraph 144.

145. Accellion denies the allegations and legal conclusions in paragraph 145.

## SECOND CAUSE OF ACTION

### Violation of Washington Consumer Protection Act, RW 19.86.010 *et seq*.
### On Behalf of the Washington Subclass

146. The allegations in paragraph 146 contain an incorporation statement, to which no response is required.  To the extent a response is required, Accellion denies the paragraph's allegations.

147. The allegations in paragraph 147 state legal contentions and/or conclusions, to which no response is required.

148. The allegations in paragraph 148 state legal conclusions, to which no response is required.  To the extent a response is required, Accellion denies the paragraph's allegations.

149. The allegations in paragraph 149 state legal conclusions, to which no response is required.  To the extent a response is required, Accellion denies the paragraph's allegations.

150. Accellion denies the allegations and legal conclusions in paragraph 150.

151. Accellion denies the allegations and legal conclusions in paragraph 151.

152. Accellion denies the allegations and legal conclusions in paragraph 152.

153. Accellion denies the allegations and legal conclusions in paragraph 153.

154. Accellion denies the allegations and legal conclusions in paragraph 154.

155. Accellion denies the allegations and legal conclusions in paragraph 155.

156. Accellion admits that plaintiffs seek damages on behalf of themselves and a putative class, but Accellion denies that plaintiffs and any member of the putative class are entitled to any relief in this case. Accellion denies the remaining allegations in paragraph 156.

## PRAYER FOR RELIEF

Accellion denies that this suit may be maintained as a class action, denies that plaintiffs are entitled to any of the relief requested in the ACC, and specifically denies each of the requests for relief set forth in plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

By alleging these or other defenses, Accellion does not concede that it has the burden of proof or persuasion with respect to any defense or related issue. Accellion specifically reserves all affirmative or other defenses as may become available or apparent upon further case developments. In particular, Accellion notes that claims asserted on behalf of absent class members of the putative class may raise distinct questions of law or fact that entitle Accellion to affirmative defenses different from, or in addition to, the defenses applicable to plaintiffs. As no class has been certified and absent class members are not parties to this proceeding, Accellion denies it has any obligation to identify or plead affirmative defenses that would apply to any putative class member other than plaintiffs.

### First Affirmative Defense: Failure to State a Claim

The ACC fails to allege facts sufficient to state a claim upon which relief can be granted.

### Second Affirmative Defense: Lack of Article III Standing

Plaintiffs and/or the putative class members lack standing, either individually or in a representative capacity, to assert the claims in the ACC. Plaintiffs and/or putative class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the complaint.

### Third Affirmative Defense: Statute of Limitations

Plaintiffs' claims and/or those made by the putative class are barred in whole or in part by the applicable statutes of limitation and repose.

### Fourth Affirmative Defense: No Cognizable Injury

Plaintiffs and/or the putative class members have incurred no cognizable damages.

### Fifth Affirmative Defense: Class Action Not Appropriate

Plaintiffs' claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 as the proposed class does not satisfy that Rule's requirements.

### Sixth Affirmative Defense: No Duty

Plaintiffs' negligence claims and/or those of the putative class are barred because Accellion does not owe a common law or statutory duty of care to plaintiffs to protect against third-party criminal attack any information plaintiffs and/or the putative class members provided to Accellion's customers.

### Seventh Affirmative Defense: No Liability

To the extent plaintiffs and/or the putative class have suffered damages, their damages were caused by the acts of others for whose conduct Accellion was not responsible, including but not limited to the criminals who perpetrated the Attacks, Accellion's customers who controlled or maintained plaintiffs' and/or putative class members' data, and for those whose actions Accellion cannot be found liable.

### Eighth Affirmative Defense: No Actual or Proximate Cause

Plaintiffs' claims and/or those of the putative class are barred in whole or in part by a lack of proximate or actual cause.

### Ninth Affirmative Defense: Failure to Mitigate Damages

To the extent plaintiffs and/or the putative class have suffered any damages, they have failed to take reasonable steps to mitigate those purported damages.

### Tenth Affirmative Defense: Economic Loss Doctrine

Plaintiffs' negligence claims and/or those of the putative class are barred by the economic loss doctrine.

### Eleventh Affirmative Defense: No Unfair or Deceptive Acts or Practices

The Washington plaintiffs' claim under the Washington Consumer Protection Act is barred because Accellion's alleged acts or practices of trade or commerce are not unfair or deceptive within the

meaning of the Washington Consumer Protection Act or otherwise.

**Twelfth Affirmative Defense: No Injury to Public Interest**

The Washington plaintiffs' claim under the Washington Consumer Protection Act is barred because Accellion's alleged conduct is not injurious to the public interest.

**Thirteenth Affirmative Defense: Due Process and Excess Fines**

Plaintiffs' claims and/or those of the putative class are barred in whole or in part because the Washington Consumer Protection Act violates Accellion's substantive and procedural due process rights under the United States Constitution. The award of the requested statutory damages would violate Accellion's substantive and procedural due process rights under the United States Constitution and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

**Fourteenth Affirmative Defense: Impropriety of Class-Wide Declaratory or Injunctive Relief**

To the extent plaintiffs and/or the putative class seek injunctive relief, such relief is barred, including because plaintiffs and the putative class have not suffered irreparable harm and/or there is no real, immediate, or ongoing threat of injury. Moreover, neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the putative class as a whole because Accellion has not acted or refused to act on grounds that apply generally to the putative class.

**Fifteenth Affirmative Defense: Equitable Defenses**

Plaintiffs' claims and/or those made by the putative class are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable doctrines.

**Sixteenth Affirmative Defense: Compliance with Law**

Accellion alleges that at all times relevant to the ACC, Accellion's conduct and activities were in compliance with federal, state, and local law.

**Seventeenth Affirmative Defense: Sophisticated Intermediary**

Plaintiffs' claims and/or those made by the putative class are barred in whole or in part because Accellion discharged any alleged duty owed to plaintiffs and/or the putative classes by informing sophisticated intermediaries of the product's risks and how to mitigate them. In particular, Accellion alleges that it reasonably relied on its customers to mitigate any risk, since those customers had an

15

independent duty to exercise reasonable care in handling plaintiffs' and/or the putative classes' information and were in a better position to do so.

WHEREFORE, Accellion prays for judgment as follows:

1. That plaintiffs and the putative class take nothing and that no class be certified;

2. That the Court enter judgment in favor of Accellion on each cause of action alleged in the ACC;

3. That Accellion be awarded its costs, expenses, and attorneys' fees; and

4. That the Court grant Accellion all further legal or equitable relief that the Court deems just and proper.

Dated: January 16, 2025

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Bree Hann*
Bree Hann

Attorneys for Defendant
ACCELLION, INC.