EXHIBIT 1

| State | The elements of a negligence claim are consistent across all states. | Accellion had a duty to protect Plaintiffs' personally identifiable information from the Data Breach. | |
|---|---|---|---|
| | | Under each state's law, Accellion owed Plaintiffs a duty to act reasonably to protect them against the reasonably foreseeable Data Breach. | The "special relationship" between Accellion and Plaintiffs imposes a duty to protect them against the Data Breach. |
| California | Under California law, the elements for negligence are: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 816 (Cal. App. 4th Dist. 2013) (citation omitted). | Under California law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Weirum v. RKO Gen., Inc.*, 539 P.2d 36, 41 (Cal. 1975) (holding broadcaster liable for the conduct of third parties because his conduct created an undue risk of harm); *see also Brown v. USA Taekwondo*, 483 P.3d 159, 165 n.6 (Cal. 2021) (clarifying that the distinction between nonfeasance and misfeasance is "imprecise and prone to misinterpretation," and holding that the "proper question" to establish duty is "whether the actor's entire conduct created a risk of harm."). | Under California law, Accellion and Plaintiffs had a "special relationship" that imposed a duty on Accellion to protect Plaintiffs against the Data Breach. *See In re Accellion, Inc. Data Breach Litig.*, 2024 WL 4592367, at *3 (N.D. Cal. Oct. 28, 2024) (holding Accellion had a duty of care under California law because a special relationship existed); *see also id.* ("California courts consider whether four factors are present when determining if a special relationship exists: (1) dependence, (2) control, (3) limits to the scope of the community to which a duty of care is owed, and (4) benefits to the duty-holder."). |
| Georgia | Under Georgia law, the elements of negligence are: "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Rasnick v. Krishna Hosp., Inc.*, 713 S.E.2d 835, 837 (Ga. 2011) (citation omitted). | Under Georgia law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360, 1366–71 (N.D. Ga. 2021) (holding plaintiffs properly pled negligence under Georgia law based on a foreseeability theory in a data breach involving hackers); *see also In re Equifax, Inc., Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2022 WL 1122841, at *7–8 (N.D. Ga. Apr. 13, 2022) (similar); *Amos v. City of Butler*, 242 Ga. App. 505, 506, 529 S.E.2d 420, 422 (2000) ("[T]he legal duty to exercise ordinary care arises from the foreseeable, unreasonable risk of harm from such conduct."), | N/A |

| Illinois | Under Illionois law, the elements of negligence include that "the defendant owed a duty of care, a breach of that duty, and an injury proximately caused by the breach." *Wojdyla v. Park Ridge*, 592 N.E. 2d 1098, 1100 (Ill. 1992) (citations omitted). | Under Illinois law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Wittmeyer v. Heartland All. for Human Needs & Rights*, 2024 WL 182211, at *2 (N.D. Ill. Jan. 17, 2024) (analyzing Illinois negligence law in a data breach and declining "to find, as a matter of law, that [defendant] owed no duty to the plaintiffs to safeguard their personal information."); *see also Flores v. Aon Corp.*, 242 N.E.3d 340, 354 (Ill. App. Dist. 2023) (cleaned up) (holding defendant had a common law duty to protect plaintiffs' PII in data breach case where "it is foreseeable that a failure to maintain reasonable security measures would allow unauthorized third parties to gain access to stored personal information, and it is likely that a data breach of this information would cause injury to the individuals that the personal information belongs to; . . . defendant is a sophisticated company that provides cyber security services to its clients, so it is well aware of the risks of providing inadequate security measures for personal information; and . . . [p]roviding reasonable security measures for the storage of personal information would not be a large burden for defendant, given its experience and expertise in cyber security."). | N/A |
| Michigan | Under Michigan law, "[t]o establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v. Consumers Power Co.*, | Under Michigan law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Hummel v. Teijin Auto. Techs., Inc.*, 2023 WL 6149059, at *7-8 (E.D. Mich. Sept. 20, 2023) (finding that plaintiffs plausibly alleged a duty of care for a negligence claim in a data breach action as defendants breached a duty by failing to encrypt Plaintiff's PII on its servers). | Under Michigan state law, Accellion and Plaintiffs had a "special relationship" imposing a duty on Accellion to protect Plaintiffs against the Data Breach. *See Roberts v. Pinkins*, 430 N.W.2d 808, 810–11 (Mich. 1988) (internal citations omitted) ("In determining whether there exists a 'special relationship or circumstance,' and thus a legal duty to act, the court must balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of |

| | | | |
|---|---|---|---|
| | 615 N.W.2d 17, 20 (Mich. 2000). | | occurrence, and the relationship between the parties. Other factors which may give rise to a duty include the foreseeability of the criminal activity, the defendant's ability to comply with the proposed duty, the victim's inability to protect himself from the criminal activity, the costs of providing protection, and whether the plaintiff had bestowed some economic benefit on the defendant."); *Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*, 485 F. Supp. 3d 885, 899 n.4 (E.D. Mich. 2020) (holding that although a data host did not have a duty to protect a data owner in the specific facts of the case, "the court does not exclude the possibility that a data host may have a special relationship with a data owner and a duty to prevent cyberattacks in other contexts"). |
| Oklahoma | Under Oklahoma law, negligence requires (1) a duty of care owed by the defendant to the plaintiff; (2) the failure of the defendant to meet that duty; and (3) an injury proximately caused by that breach of duty. *Franklin v. Toal*, 19 P.3d 834, 837 (Okla. 2000). | Under Oklahoma law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Carr v. Oklahoma Student Loan Auth.*, 699 F. Supp. 3d 1241, 1247–48 (W.D. Okla. 2023) (holding that a defendant with possession of plaintiffs' PII had a duty to reasonably safeguard that information, regardless of privity considerations because defendant put plaintiffs "in such a position with regard to another that it is obvious that if [defendant] did not use due care in [defendant's] own conduct [defendant] will cause injury to the other[.]"). | N/A |
| Tennessee | Under Tennessee law, the elements of negligence include "duty, breach of duty, causation, proximate cause, and damages." *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 | Under Tennessee law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Haney v. Charter Foods N., LLC*, 2024 WL 4054361, at *8 (E.D. Tenn. Aug. 28, 2024) (analyzing Tenessee law in a data breach case and predicting that the Tenenessee Supreme Court would find "a duty to take reasonable care to protect Plaintiffs from the | N/A |

| | | | |
|---|---|---|---|
| | (Tenn. 1993) (citations omitted). | data breach."). | |
| Texas | Under Texas state law, the elements of negligence include: "(1) a duty owed by one person to another, (2) a breach of that duty and (3) damages proximately resulting from the breach." *Smith v. Sewell*, 858 S.W.2d 350, 355-56 (Tex. 1993) (citations omitted). | Under Texas state law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 291 (Tex. 1996) (holding that "[defendant's] affirmative act of recommending Estes as a potential scoutmaster to the church created a duty on the part of [defendant] to use reasonable care in light of the information it had received," relying on Resatement (Second) of Torts § 302B, cmt. e, D); s*ee also In re Capital One Consumer Data Security Breach Litigation*, 488 F. Supp. 3d 374, 397 (E.D. Va. 2020) (upholding plaintiffs' negligence claims for data breach under Texas law, concluding "the Texas Supreme Court would recognize a duty separate and apart from the parties' contractual relationship where plaintiffs alleged that by creating a so-called data lake without adequate safeguards to protect against hacking [and] defendants created a hazardous condition that threatened the plaintiffs with foreseeable injuries"). | N/A |
| Washington | Under Washington law, elements of negligence include "the existence of a duty, a breach thereof, a resulting injury, and proximate causation between the breach and the resulting injury." *Schooley v. Pinch's Deli Mkt., Inc.*, 951 P.2d 749, 752 (Wash. 1998) (en banc) (citation omitted). | Under Washington law, Accellion owed Plaintiffs a duty to act reasonably to protect them against a reasonably foreseeable data breach. *See Parrilla v. King Cnty.*, 157 P.3d 879, 884 (Wash. 2007) ("If a third party's criminal conduct is reasonably foreseeable, an actor may have a duty to avoid actions that expose another to that misconduct."); *Nunley v. Chelan-Douglas Health Dist.*, 2024 WL 4631030, at *5-6 (Wash. App. Div. 3, Oct. 31, 2024) (imposing a duty on a company charged with collecting and storing PII and PHI based on Washington caselaw, the Second Restatement, and public policy); *Krefting v. Kaye-Smith Enterprises* | Under Washington law, Accellion and Plaintiffs had a "special relationship" imposing a duty on Accellion to protect Plaintiffs against the Data Breach. *See Barlow v. State*, 540 P.3d 783, 785 (Wash. 2024) (en banc) (holding that a univerity and its students have a special relationship thereby imposing a duty to use reasonable care to protect students from foreseeable injury at the hands of other students within campus confines or university sponsored and controlled events, citing with approval the California Supreme Court decision in *Regents of University of California* |

| | | |
|---|---|---|
| | *Inc.*, 2023 WL 4846850, at *4-5 (W.D. Wash. July 28, 2023) (imposing a duty when a company's affirmative acts exposed plaintiff's PII and PHI to a data breach). | *v. Superior Court*, 413 P.3d 656, 669 (2018)). |

| State | The economic loss rule does not bar Plaintiffs' negligence claims. | Each state's law regarding causation for a negligence claim encompasses both proximate and but-for cause. |
|---|---|---|
| California | Under California law, when the parties are in a special relationship, liability in negeligence for purely economic losses is permissible. *See Whitesides v. E\*TRADE Securities, LLC*, 2021 WL 930794, at *4 (N.D. Cal. Mar. 11, 2021) (allowing for recovery of economic losses in tort when there is a special relationship between the parties); *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 654 (N.D. Cal. 2020) (holding that economic loss doctrine would not bar recovery in a data breach both because there was a special relationship between the parties and time spent was alleged as a harm). | California law defines causation to include proximate and but-for cause. For a negligence claim under California law, a plaintiff must show cause in fact and proximate cause. California applies the substantial factor test for cause in fact, which subsumes but-for causation. *See Michaels v. Greenberg Traurig, LLP*, 277 Cal. Rptr. 3d 1, 16 (Cal. App. 5th Dist. 2021) (holing that "a cause in fact is something that is a substantial factor in bringing about the injury") (internal citations omitted). And proximate cause is defined as "that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produced the injury [or damage complained of] and without which such result would not have occurred." *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1044 (C.D. Cal. 2019) (citing *California v. Superior Court*, 197 Cal. Rptr. 914, 920 (Cal. App. 3d Dist. 1984)). |
| Georgia | The economic loss rule does not bar Plaintiffs' negligence claims under Georgia law. *Gen. Elec. Co. v. Lowe's Home Centers, Inc.*, 608 S.E.2d 636, 637 (Ga. 2005) ("The 'economic loss rule' generally provides that *a contracting party* who suffers purely economic losses must seek his remedy in contract and not in tort.") (emphasis added); *see also In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295, 1321 (N.D. Ga. 2019) (holding economic loss rule did not bar Plaintiffs' negligence claims in data breach case). | Georgia law defines causation to include proximate and but-for cause. "To establish causation, the plaintiff must prove that the defendant's negligence was both the 'cause-in-fact' and the 'proximate cause' of the injury. Cause-in-fact requires a determination that, but for the defendant's act, the injury to the plaintiff would not have occurred." *Blondell v. Courtney Station 300 LLC*, 865 S.E.2d 589, 594–95 (Ga. App. 2021) (internal citations removed). Proximate cause requires that "[a] wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience." *Dowdell v. Wilhelm*, 699 S.E.2d 30, 32 (Ga. App. 2010) |

| | | |
|---|---|---|
| Illinois | The economic loss rule does not bar Plaintiffs' negligence claims under Illinois law. *See Flores v. Aon Corp.*, 242 N.E.3d 340, 360-61 (Ill. App. Dist. 2023) (holding economic loss rule did not bar plaintiffs' negligence claim under Illinois law); *Wittmeyer v. Heartland All. for Hum. Needs & Rts.*, 2024 WL 182211, at *3 (N.D. Ill. Jan. 17, 2024) (same). | Illinois law defines causation to include proximate and but-for cause. In Illinois, causation consists of two components: cause in fact and legal cause. To analyze a cause in fact, courts may use either the but for test or the substantial factor test. Legal cause involves the assessment of foreseeability. *See Turcios v. DeBruler Co.*, 32 N.E.3d 1117, 1124 (Ill. 2015) (describing cause in fact and legal cause). |
| Michigan | Michigan courts recongize the availability of economic damages in negligence suit, as long as the economic losses are linked to an actual, present injury. *See Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 656 N.W.2d 858, 866 (Mich. App. 2002) (refusing to apply the economic loss doctrine to a negligence claim where there was no contractual relationship between the parties); *see also Rakyta v. Munson Healthcare*, 2021 WL 4808339, at *3 (Mich. App. Oct. 14, 2021) (noting that economic losses in a data breach were recoverable in a negligence suit as long as there was proof of present misuse of Plaintiffs' PII). | To to state claim for negligence under Michigan law, a plaintiff must plausibly allege "both cause in fact and proximate causation." *Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*, 485 F. Supp. 3d 885 (E.D. Mich. 2020) (citing *Romain v. Frankenmuth Mut. Ins. Co.*, 762 N.W.2d 911, 913 (Mich. 2009)). Michigan courts define "cause in fact" as requiring a showing of "but for the defendant's actions, the plaintiff's injury would not have occurred." *Rupert v. Daggett*, 695 F.3d 417, 425 (6th Cir. 2012) (cleaned up and citation omitted). Additionally, proximate cause is a quintessential foreseeability inquiry, "the focus of which is whether the result of conduct that created a risk of harm and any intervening causes were foreseeable." *Id.* |
| Oklahoma | Oklahoma only applies the economic loss rule to products liability cases when a party's losses are solely economic and do not involve damages to person or property. *See Schmitendorf v. Juicy's Vapor Lounge Inc.*, 2023 WL 6313199, at *4 (D. Kan. Sept. 27, 2023), *report and recommendation adopted as modified*, 2024 WL 959587 (D. Kan. Mar. 6, 2024) (applying Oklahoma law and noting that "Oklahoma courts have adopted the economic loss rule in connection with products liability cases when a party's losses are solely economic and do not involve damages to person or property"). | In a negligence cause of action under Oklahoma law, "[p]roximate cause consists of both cause in fact and legal cause." *Jones v. Mercy Health Ctr., Inc.*, 155 P.3d 9, 14 (Okla. 2006). "Cause in fact is the threshold 'but for' question, while legal causation is a limiting principal that requires a determination based on both common sense and policy arguments." *Id.* (internal quotations and citations omitted). "Foreseeability is an essential element of proximate cause in Oklahoma." *Atherton v. Devine*, 602 P.2d 634, 636 (Okla. 1979); *id.* at 367 ("In an action for injuries caused by the defendant's negligence, it is a jury question whether the injurious consequences resulting from the negligence could have reasonably been foreseen or anticipated."). |

| Tennessee | The economic loss rule does not bar Plaintiffs' negligence claims under Tennessee law. *See In re HCA Healthcare, Inc. Data Sec. Litig.*, 2024 WL 3857330, at *4 (M.D. Tenn. Aug. 15, 2024) (citing *Com. Painting Co. Inc. v. Weitz Co. LLC*, 676 S.W.3d 527, 538 (Tenn. 2023)) (holding that there is "no compelling reason to extend the economic loss doctrine to services contracts" in a data breach claim). | In Tennessee, a plaintiff must prove two kinds of causation: causation in fact and proximate cause. Tennessee courts use a but for test for the cause in fact element and incorporates a substantial factor test in their proximate cause three-pronged test. *See King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (describing cause in fact and proximate cause). |
|---|---|---|
| Texas | The economic loss rule does not bar Plaintiffs' negligence claims under Texas law. *See In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 397 (E.D. Va. 2020) (applying Texas law in data breach case and holding that "if faced with this case, the Texas Supreme Court would recognize a duty separate and apart from the parties' contractual relationship; and for that reason, the Court will not dismiss Plaintiffs' negligence claim under Texas law based on the economic loss rule"). | Texas law defines causation to include proximate and but-for cause. "Proximate cause in Texas consists of two concepts: (1) cause in fact, and (2) foreseeability. . . Cause in fact means the act or omission was a substantial factor in bringing about the injury without which no harm would have occurred." Foreseeability requires that "a person of ordinary prudence (using ordinary care) should have anticipated the damages to others caused by his negligent act." *Hall v. Martin*, 851 S.W.2d 905, 911 (Tex. App.—Beaumont 1993). |
| Washington | Washington courts no longer apply the economic loss rule and therefore, the rule does not bar economic losses as recovery. *See Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 243 P.3d 521, 526 (Wash. 2010) (en banc) (holding that the "independent duty doctrine," which holds that an "injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract," is more applicable in cases where the Court must distinguish between tort and contract recovery). | Under Washington law, proximate cause includes cause-in-fact, or but-for causation, as an integral part thereof. *See Leonard v. McMenamins Inc.*, 2024 WL 4188974, at *6 (W.D. Wash. Sept. 13, 2024) (citing *Wuthrich v. King Cnty.*, 366 P.3d 926, 930 (Wash. 2016)) ("Washington recognizes two elements to proximate cause: cause in fact and legal causation."). "Cause in fact refers to the 'but for' consequences of an act—the physical connection between an act and an injury." *Hartley v. State*, 698 P.2d 77, 83 (Wash. 1985). "Legal causation, on the other hand, rests on policy considerations as to how far the consequences of defendant's acts should extend." *Id*; *see also Meyers v. Ferndale Sch. Dist.*, 481 P.3d 1084, 1090 (Wash. 2021) (en banc) ("Legal causation is, among other things, a concept that permits a court for sound policy reasons to limit liability where duty and foreseeability concepts alone indicate liability can arise."). |

| State | State law recognizes damages in the form of lost value of PII, credit monitoring, and/or time spent. | In the alternative, a majority of states' recognize nominal damages in negligence actions. |
|---|---|---|
| California | **California courts, including this Court, recognize loss of value of PII as a form of recoverable damages.** *In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 637 (N.D. Cal. 2024) (citing *In re Experian Data Breach Litig.*, 2016 WL 7973595, at \*5 (C.D. Cal. Dec. 29, 2016) (internal brackets and quotation marks omitted)) (recognizing that courts "have now recognized Loss of Value of PII as a viable damages theory"); *see also In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at \*14 (N.D. Cal. May 27, 2016) ("the Ninth Circuit and a number of district courts have approved" loss of value of PII as a damages theory). <br><br> **California courts recognize credit monitoring costs as a form of recoverable damages.** *See Doe v. Sutherland Healthcare Sols., Inc.*, 2021 WL 5765978, at \*11 (Cal. Ct. App. Dec. 6, 2021) (unpublished) ("It is an entirely appropriate application of the principles underlying *Potter's* holding that the cost of prospective medical monitoring is cognizable injury in a negligence action to impose responsibility for the cost of credit monitoring services on defendants found liable for a data breach if plaintiffs prove causation."). <br><br> **California courts, including this Court, recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 637 (N.D. Cal. 2024)  (recognizing that time spent responding to a data breach is a form of economic and non-economic damage). | Nominal damages can be awarded in tort actions under California law. Nominal damages pursuant to California Civil Code Section 3360 are available when "although there have been, real, actual injury and damages suffered by a plaintiff, the extent of plaintiff's injury and damages cannot be determined from the evidence presented." *Genisman v. Carley*, 239 Cal. Rptr. 3d 780, 787 (Cal. App. 6th Dist. 2018) (citing *Avina v. Spurlock*, 28 Cal.App.3d 1086, 1088 (Cal. App. 5th Dist. 1972); Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."). Awards of modest amounts, such as $36, have been upheld. *See California Artichoke & Vegetable Growers Corp. v. Larson*, 2022 WL 71676, at \*4 (Cal. Ct. App. Jan. 7, 2022)). |
| Georgia | **Georgia courts recognize credit monitoring costs as a form of recoverable damages.** *Collins v. Athens Orthopedic Clinic, P.A.*, 307 Ga. 555, 560, 837 S.E.2d 310, 314 (2019) (holding allegations of "imminent and substantial" risk of identity theft in data breach was sufficient to state a cognizable injury and discussing credit monitoring). | Nominal damages can be awarded in tort actions under Georgia law. "[C]ase law makes clear nominal damages are awarded: (1) where no actual damage flows from the injury; or (2) where the violation of a right is shown, substantial damages claimed, and |

| | | |
|---|---|---|
| | **Georgia courts recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1262-63 (11th Cir. 2021) (finding Article III standing injury-in-fact requirement met based, in part, on allegations that Plaintiffs "spent time, money, or effort dealing with the [data] breach"). | some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent." *Wal-mart Stores E., LP v. Leverette*, 901 S.E.2d 607, 613 (Ga. App. 2024) (citation omitted). Even very large nominal damages awards, up to $625,000, have been upheld. *See id.* at 616 (collecting cases). |
| Illinois | **Illinois courts recognize credit monitoring costs as a form of recoverable damages.** *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 694 (7th Cir. 2015) (recognizing that the cost of credit-monitoring services is "more than de minimis" and sufficient for injury); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 967 (7th Cir. 2016) (same).<br><br>**Illinois courts recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688,  (7th Cir. 2015) (holding that plaintiffs' injury from time spent mitigating the consequences of a data breach were sufficient for standing purposes at the motion to dismiss stage); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 967 (7th Cir. 2016) (same); *Florence v. Or. Express, Inc.*, 674 F. Supp. 3d 472, 479 (N.D. Ill. 2023) (affirming the viability of *Remijas* and *Lewert* post-*TransUnion*); *In re Mondelez Data Breach Litig.*, 2024 WL 2817489, at *3 (N.D. Ill. June 3, 2024) (same). | Nominal damages are not awarded in tort actions under Illinois law. *See Crosby v. City of Chicago*, 11 Ill. App. 3d 625, 629, 298 N.E.2d 719, 722 (1973) ("It is presently the law of Illinois that a plaintiff must prove actual damage in a negligence case before he can recover."). |
| Michigan | **Michigan courts recognize loss of value of PII as a form of recoverable damages.** *Kingen v. Warner Norcross + Judd LLP*, 2023 WL 11965363, at *2-3 (W.D. Mich. Oct. 5, 2023), *reconsideration denied, motion to certify appeal granted*, 2023 WL 11960672 (W.D. Mich. Nov. 29, 2023) (finding Plaintiffs' loss of value of PII sufficient for injury-in-fact under standing). | Nominal damages can be awarded in tort actions under Michigan law. "Nominal damages are those damages recoverable where [a] plaintiff's rights have been violated by breach of contract or tortious injury, but no actual damages have been sustained or none can be proved." *4041–49 W Maple Condo. Ass'n v. Countrywide Home Loans, Inc.*, 768 N.W.2d 88, 92 |

| | | |
|---|---|---|
| | **Michigan courts recognize credit monitoring costs as a form of recoverable damages.** *Hummel v. Teijin Automotive Techs., Inc.*, 2023 WL 6149059, at *11-13 (E.D. Mich. Sept. 20, 2023) (finding plaintiffs sufficiently pled damages for the purpose of breach of contract in a data breach in part due to "expenses and/or time spent on credit monitoring and identity theft insurance"); *Kingen v. Warner Norcross + Judd LLP*, 2023 WL 11965363, at *4 (W.D. Mich. Oct. 5, 2023) (discussing the viability of recovery of credit monitoring costs)<br><br>**Michigan courts recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *Hummel v. Teijin Automotive Techs., Inc.*, 2023 WL 6149059, at *11-13 (E.D. Mich. Sept. 20, 2023) (finding plaintiffs  sufficiently pled damages for the purpose of breach of contract in a data breach in part due to time spent remediating the consequences of the breach); *Lochridge v. Quality Temp. Services, Inc.*, 2023 WL 4303577, at *4, *6 (E.D. Mich. June 30, 2023) (finding plaintiffs' allegations that they spent time remediating the effects of the data breach was sufficient for a damages showing). | (Mich. App. 2009) (citing 7 Michigan Civil Jurisprudence, Damages § 9, p. 313). |
| Oklahoma | **Oklahoma courts recognize credit monitoring costs as a form of recoverable damages.** *Ruskiewicz v. Oklahoma City U.*, 2023 WL 6471716, at *3 (W.D. Okla. Oct. 4, 2023) (citing with approval the Third Circuit's decision in *Clemens v. ExecuPharm, Inc.*, 48 F.4th 146 (3d Cir. 2022), which upheld credit monitoring damages for Plaintiffs who had their PII posted online by CL0P).<br><br>**Oklahoma courts recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *Carr v. Oklahoma Student Loan Auth.*, 2023 WL 6929850, at *3 (W.D. Okla. Oct. 19, 2023) (finding Plaintiffs' injury--namely, "spen[ding] considerable time and effort to mitigate the fallout of the data breach--sufficient for standing for its negligence claim, as such "damages are neither speculative, uncertiain, nor hypothetical future harms"). | Nominal damages can be awarded in tort actions under Oklahoma law. Oklahoma law provides that "[w]hen a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages." Okla. Stat. tit. 23, § 98; *see also Autumn Wood Farms, LLC v. Bynum*, 361 P.3d 540, 543 (Okla. Civ. App. Div. 3, 2015) (holding that $1 is the typical amount of nominal damages awarded under Oklahoma law). |

| | | |
|---|---|---|
| Tennessee | **Tennessee courts recognize loss of value of PII damages as a form of recoverable damages.** *See Cahill v. Meml. Heart Inst., LLC*, 2024 WL 4311648, at *3 (E.D. Tenn. Sept. 26, 2024) (recognizing loss of value of PII as cognizable injury).<br><br>**Tennessee courts recognize credit monitoring costs as a form of recoverable damages.** *See Haney v. Charter Foods N., LLC*, 2024 WL 4054361, at *5 (E.D. Tenn. Aug. 28, 2024) (holding that out of pocket credit monitoring expenses constituted injury for a data breach claim); *Galaria v. Nationwide Mut. Ins. Co.*, 663 Fed. Appx. 384, 388-89 (6th Cir. 2016) (unpublished) (same).<br>**Tennessee courts recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *See Galaria v. Nationwide Mut. Ins. Co.*, 663 Fed. Appx. 384 (6th Cir. 2016) (unpublished) (citing *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015) and *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963 (7th Cir. 2016) favorably); *see also Haney v. Charter Foods N., LLC*, 2024 WL 4054361, at *4-5 (E.D. Tenn. Aug. 28, 2024) (declaring that *Galaria* is good law after *TransUnion*). | Nominal damages are not awarded in tort actions under Tennessee law. *See Colston v. Citizens Tri-Cnty. Bank*, 2004 WL 2363650, at *6 (Tenn. Ct. App. Oct. 20, 2004) ("It is well settled that, in negligence cases wherein damages are an element of the right to recover, nominal damages are never proper."). |
| Texas | **Texas courts recognize loss of value of PII damages as a form of recoverable damages.** *Compare Smith v. Am. Pain & Wellness, PLLC*, 2024 WL 4028050, at *8 (E.D. Tex. Sept. 3, 2024) (holding plaintiffs satisfied Article III standing in data breach case and denying motion to dismiss negligence cause of action under Texas law, which alleged dimunition of PII as an alleged injury).<br><br>**Texas courts recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *See Smith v. Am. Pain and Wellness, PLLC*, 2024 WL 4028050, at *7 (E.D. Tex. Sept. 3, 2024) (holding that the injury-in-fact requirement of Article III standing is met by time spent remediating the consequences of a breach, as "[n]amed Plaintiffs could have expended their time and money on other things; however, the Data Breach forced them to take precautions they | Nominal damages can be awarded in tort actions under Texas law. The Supreme Court of Texas stated that nominal damages are available for some cases such as loss of credit reputation, trespass, or violation of a civil right. *See Footnote 21 MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660 (Tex. 2009) (allowing for nominal damages in cases such as loss of credit reputation, trespass, or violation of a civil right); *see also Wilson v. Hart*, 332 S.W.2d 107, 110 (Tex. App. Amarillo 1960) ("When a plaintiff sues for damages for the invasion of a legal right, and fails to show on the trial any actual damage sustained by him, he may yet be entitled to recover |

| | | |
|---|---|---|
| | otherwise would not have taken"); *Hays v. Frost & Sullivan, Inc.*, 2024 WL 4052741, at *4-8 (W.D. Tex. Aug. 16, 2024), report and recommendation adopted, 2024 WL 4047166 (W.D. Tex. Sept. 4, 2024) (considering other circuit courts' caselaw post-*TransUnion* and finding standing for time spent remediating consequences from a data breach). | nominal damages and cost of suit."); *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 665 (Tex. 2009) (allowing for $10 in nominal damages awarded). |
| Washington | **Washington courts recognize loss of value of PII damages as a form of recoverable damages.** *Nunley v. Chelan-Douglas Health Dist.*, 2024 WL 4631030, at *11 (Wash. Ct. App. Oct. 31, 2024) ("We follow the line of cases that hold that a person's means of identification, PII and PHI, can have value and conceivably that value can be diminished or destroyed when their identities are misappropriated for illegal purposes.").<br><br>**Washington courts recognize time spent remediating the consequences of a data breach as a form of recoverable damages.** *Nunley v. Chelan-Douglas Health Dist.*, 558 P.3d 513, 527-28 (Wash. App. Div. 3 2024) (finding that standing is met when plaintiffs alleged present harm in additional to an imminent risk of identity theft, with the costs and time spent remediating such potential harms sufficient to meet injury-in-fact). | Nominal damages can be awarded in tort actions under Washington law. *See Holmes v. Toothaker*, 328 P.2d 146, 148 (Wash. 1958) (declining to reverse a jury's verdict failing to grant nominal damages for negligence claims on appeal, thereby indicating that nominal damages are viable in such claims). |