1  Jacob M. Heath (SBN 238959)
2  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
   1000 Marsh Road
3  Menlo Park, CA  94025-1015
   Telephone: (650) 614-7400
4  Facsimile: (650) 614-7401
   jheath@orrick.com
5
   *Attorney for Non-Party*
6  *The Regents of the University of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-CV-01155-EJD<br><br>**THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S LOCAL RULE 79-5(C)(1) STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 343)**<br><br>Hon. Edward J. Davila |

Pursuant to Civil Local Rules 7-11 and 79-5 and the Stipulated Protective Order entered by the Court on August 22, 2023 (ECF No. 189), Non-Party The Regents of the University of California (the "Regents") hereby requests an order that portions of the Reply Report of Russell W. Magnum III, Ph.D filed in support of Plaintiffs' Reply in Support of Motion for Class Certification, referenced in Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 343), be maintained under seal.[1] In support of this request, the Regents submits this statement, the accompanying Declaration of Norman J. Hamill, and a proposed order.

The Regents seeks to seal the following portions from the Reply Report of Russell W. Magnum III, Ph.D in Support of Plaintiffs' Motion for Class Certification ("Proposed Sealings"):

- Paragraph 23 (sentences three to six, ten and eleven);
- Paragraph 25 (sentences one, two, and four);
- Paragraph 26 (first three sentences);
- Paragraph 27 (first three sentences); and
- Paragraph 55 (second-to-last sentence).

A court applies one of two standards in evaluating motions to seal: the good cause standard, which applies to non-dispositive matters, and the more stringent compelling reasons standard, which applies to dispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (applying good cause standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (citation omitted); *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (applying good cause standard in connection with motion for class certification because "the vast majority of other courts within [the Ninth] [C]ircuit" has ruled that it is non-dispositive). Here, the Proposed Sealings were submitted by Plaintiffs in support of their motion for class

---

[1] The Regents of the University of California is considered an instrumentality of the state and therefore is immune from suit under the Eleventh Amendment. *See, e.g.*, *BV Eng'g v. Univ. of Cal. L.A.*, 858 F.2d 1394, 1395 (9th Cir. 1988) (holding that The University of California and the Board of Regents enjoy Eleventh Amendment immunity as instrumentalities of the state); *Spingola v. Regents of the Univ. of Cal.*, No. C 99-1076, 2000 WL 1780260, at *4 (N.D. Cal. Nov. 21, 2000) (same). Accordingly, the submission of this response to an administrative motion should not be construed as a waiver of sovereign immunity.

1  certification, which is a non-dispositive motion. Accordingly, the good cause standard applies. *See*
2  *Pintos*, 605 F.3d at 678; *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *2.

3      Under the good cause standard, the party seeking to maintain information under seal must
4  make a "particular showing" that "specific prejudice or harm will result" if the document is not
5  filed under seal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 113-31. Ninth Circuit
6  courts routinely seal sensitive personal information of third-party individuals, including names and
7  other data, to protect their privacy and confidential interests. *See, e.g.*, *Hernandez v. County of*
8  *Monterey*, No. 13-cv-02354, 2023 WL 4688522, at *3-4 (N.D. Cal. Jul. 21, 2023) (finding good
9  cause to seal, *inter alia*, "names, dates of birth, and booking numbers"); *Alegre v. United States*,
10 No. 16-cv-2442, 2021 WL 4934982, at *3 (S.D. Cal. July 29, 2021) (sealing "private and sensitive
11 information, including names, dates of birth, and addresses"); *McArdle v. AT&T Mobility LLC*, No.
12 09-cv-1117, 2018 WL 6803743, at *6 (N.D. Cal. Aug. 13, 2018) (sealing "documents containing
13 sensitive personal information").

14     Good cause exists to seal the Proposed Sealings. Each Proposed Sealing contains
15 confidential information about individuals whose data was obtained in a cybersecurity incident
16 involving the Accellion file transfer appliance the Regents utilized, to which there was unauthorized
17 access in December 2020 to January 2021 (the "Incident"). Specifically, the Proposed Sealings
18 contain the names of four putative class members in this action and the related matter, *Erazo v. The*
19 *Regents of the University of California*, No. RG21097796 (Alameda Cnty. Super. Ct. Apr. 27,
20 2021) ("Erazo"), and the categories of their information impacted by the Incident.

21     The information contained in the Proposed Sealings is not publicly known, was produced
22 in the *Erazo* litigation and reproduced in this action with a "Highly Confidential – Attorneys' Eyes
23 Only" confidential designation, and is confidential personal information of non-parties that the
24 Regents have maintained in confidence. *See* Decl. of Norman J. Hamill ¶ 4. Specifically, this
25 information reveals confidential, sensitive information about putative class members, including
26 their identity and data impacted by the Incident, the public disclosure of which can undermine their
27 privacy rights. California federal courts have ruled that sealing similar information is proper. *See*
28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

3

THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA'S LOCAL RULE
79-5(C)(1) STATEMENT
CASE NO. 5:21-CV-01155-EJD

1  *Hernandez*, 2023 WL 4688522, at *3-4; *Alegre*, 2021 WL 4934982, at *3; *McArdle*, 2018 WL
2  6803743, at *6.

3      Further, the Proposed Sealings are narrowly tailored to seek the sealing only of sealable
4  material. *See* Civil L.R. 79-5(b). Although disclosing the Proposed Sealings could harm the putative
5  class members, there is little to no public interest in its disclosure. The information that the Regents
6  seek to seal will not inhibit the ability of the public to understand the issues in this case.

7      Accordingly, the Regents respectfully submits that good cause exists to justify sealing the
8  Proposed Sealings.

10  Dated: March 31, 2025      Respectfully submitted,

11      */s/ Jacob M. Heath*
    Jacob M. Heath (SBN 238959)
12      **ORRICK, HERRINGTON & SUTCLIFFE LLP**
    1000 Marsh Road
13      Menlo Park, CA  94025-1015
    Telephone: (650) 614-7400
14      Facsimile: (650) 614-7401
15      jheath@orrick.com

16      *Attorney for Non-Party*
    *The Regents of the University of California*

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW

4

THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA'S LOCAL RULE
79-5(C)(1) STATEMENT
CASE NO. 5:21-CV-01155-EJD

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I caused the foregoing The Regents of the University of California's Local Rule 79-5(C)(1) Statement in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 343) to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

Dated: March 31, 2025            */s/ Jacob M. Heath*
                                 Jacob M. Heath