Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Bree Hann (SBN 215695)
bhann@nortonlaw.com
Gil Walton (SBN 324113)
gwalton@nortonlaw.com
Emily Kirk (SBN 348547)
ekirk@nortonlaw.com
Rebecca Kutlow (SBN 333944)
rkutlow@nortonlaw.com
Heather Bates (SBN 337703)
hbates@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Telephone: (510) 906-4900

Camilo Artiga-Purcell (SBN 273229)
camilo.apurcell@kiteworks.com
ACCELLION, INC.
1510 Fashion Island Blvd, Suite 100
San Mateo, CA 94404
Tel: (415) 515-4724

Attorneys for Defendant
*Accellion, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 21-CV-01155-EJD<br><br>**ACCELLION, INC.'S OBJECTIONS TO EVIDENCE USED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: April 17, 2025<br>Time: 9:00 AM<br>Judge: Hon. Edward J. Davila<br>Courtroom: 4 – 5th Floor |

Pursuant to Civil Local Rule 7-3(d), Defendant Accellion, Inc. objects to the new evidence Plaintiffs filed with their Reply in Support of Motion for Class Certification. Dkt. 345. First, Plaintiffs submitted an entirely new expert report by Darren J. Mott, who was not previously disclosed. Second, Plaintiffs submitted three new declarations from FTA customers (Centene, Kroger, and the Washington State Auditor's Office) that were not included with Plaintiffs' original motion. This evidence could have and should have been included in their opening brief. Accellion has no opportunity to address Plaintiffs' characterization of this new evidence or rebut the arguments that this new evidence allegedly supports. Accordingly, Accellion objects to Plaintiffs' new reply evidence and requests the Court strike the report of Darren J. Mott (Dkt. 345-19) and the FTA customer declarations (Dkt. 345-13; Dkt. 345-14; Dkt. 345-17) in their entirety and the portions of Plaintiffs' brief that reference them.

**I.     The Court Should Strike Plaintiffs' New Expert Report**

Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Burnham v. City of Rohnert Park*, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992). "New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond." *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023), *opinion clarified*, 2024 WL 3498492 (N.D. Cal. July 22, 2024). "For this reason, the district court may decline to consider new evidence or arguments raised in reply, and generally 'should not consider new evidence without giving the non-movant an opportunity to respond.'" *Id.* (quoting *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018)).

Plaintiffs filed their motion for class certification on December 16, 2024. In support of that motion, Plaintiffs submitted four expert reports. Dkt. 317-37 (Strebe); Dkt. 317-38 (Lanterman); Dkt. 317-39 (Korczyk); Dkt. 317-40 (Mangum). Accellion chose to depose three of these experts in advance of its opposition and offered testimony from two rebuttal experts who responded to Plaintiffs' experts Lanterman, Korczyk, and Mangum. Dkt. 320-01 (Dolev), Dkt. 320-02 (Dean).

Plaintiffs in reply now offer an entirely new expert report of Darren J. Mott. Like Plaintiffs' expert Lanterman, whose testimony was offered in support of the opening brief alone, Mott claims expertise in cybersecurity with a background in law enforcement. Dkt. 317-38 ¶¶ 3-13 (Lanterman);

1

ACCELLION, INC.'S OBJECTIONS TO EVIDENCE USED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. 21-CV-01155-EJD

345-19 ¶¶ 6-14 (Mott). Like Lanterman, Mott offers opinions about the workings of the dark web. Dkt. 317-38 ¶¶ 17-24 (Lanterman); 345-19 ¶¶ 22-35 (Mott). Like Lanterman, Mott opines that data posted on the dark web may be misused, though Lanterman asserts this only in passing and Mott offers a lengthy discussion for the first time. Dkt. 317-38 ¶¶ 37-38 (Lanterman); 345-19 ¶¶ 39-78 (Mott).

In support of their opening brief, Plaintiffs also relied on an accountant, Korczyk, to opine about the risks of data theft to individuals and the need for paid third-party credit monitoring services to mitigate those risks. Dkt. 317-39. Accellion's expert, Dean, pointed out the defects in Korczyk's approach and Accellion moved to strike those portions Korczyk's report as beyond his expertise and methodologically unsound. Dkt. 319.

The entirely new Mott report treads much of this same ground as the original Korczyk report. For example, Korczyk purported to describe negative consequences of data breaches on individuals and the duration of the risk, Mott did the same but added new detail and explanation Korczyk omitted. Dkt. 317-39 ¶¶ 22-23, 59-63 (Korczyk); 345-19 ¶¶ 39-78 (Mott). Korczyk opined that a proxy figure for the damages incurred by class members is the cost of paid, third-party credit monitoring services and he purported to identify the most suitable service; Mott purports to corroborate that opinion with new evidence of his own. Dkt. 317-39 ¶¶ 43-58; (Korczyk); 345-19 ¶¶ 79-91 (Mott).

Accellion had no opportunity to respond to the Mott report, to challenge the evidence and analyses on which he relies, or to depose him. The new report is an improper and prejudicial attempt to shore up the defects in Plaintiffs' timely (albeit inadequate) opening expert reports, and by introducing a new, surprise expert on reply. While titling his report as a "Rebuttal Expert Report," it is in fact an improper sur-rebuttal report. *See Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, 2018 WL 1938555, at *2–4 (N.D. Cal. April 25, 2018) (where "[t]he schedule includes no provision for sur-rebuttal reports responding to the rebuttal," Rule 26 does not permit plaintiffs to "prepar[e] supplemental reports to respond to criticism by [the opposing] experts."). Plaintiffs never sought leave to disclose this new report and new expert—which is not contemplated by any of the Court's orders concerning class certification and expert disclosures. Dkt. 219, 272, 293, 316, 336. If the Court were to consider and rely on this new expert report, that would be highly prejudicial to Accellion. *See Rojas v. Bosch Solar Energy Corp.*, 2021 WL 12331659, at *1 (N.D. Cal. Nov. 23, 2021) (sustaining defendant's objection to

2

affidavit of new expert on reply because consideration of plaintiffs' reply evidence would be unfair and prejudicial to defendant without the opportunity to depose and obtain a rebuttal expert, which would disrupt the case schedule); *see also Orshan v. Apple Inc.*, 2023 WL 3568079, at *5 (N.D. Cal. Mar. 31, 2023) (Davila, J.) (striking expert reply declaration); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1028 (C.D. Cal. 2018) (striking portions of expert's reply report). As Judge Alsup stated:

> A party with the burden of proof on an issue should not be allowed to secretly prepare an army of "rebuttal" experts to attack the opposition reports like Odysseus and the Greeks springing forth from their wooden hideout in Troy. If they were allowed to do so, their work would not be subject to a direct response from an opposing expert. This immunity, combined with the element of surprise, would be unfair. Moreover, the late addition of new experts would frustrate case-management objectives by complicating the task of planning and preparing the case for trial.

*Oracle Am., Inc. v. Google Inc.*, 2011 WL 5572835, at * 3 (N.D. Cal. Nov. 15, 2011).

Accordingly, the Court should strike the Mott report in its entirety and the portions of Plaintiffs' reply brief that rely on it.

## II.  The Court Should Strike the New FTA Customer Declarations

As with expert evidence, it is well-settled that a party's "attempt to introduce new [fact] evidence in connection with their reply papers is improper." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking new fact witness declaration filed with reply). It is likewise "improper for plaintiff to raise new arguments in her reply brief." *Langston v. N. Am. Asset Dev. Corp.*, 2009 WL 941763, at *5 n.7 (N.D. Cal. Apr. 6, 2009) (declining to consider new "arguments or evidence."); *see also Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper."); *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1176 n.4 (N.D. Cal. 2013) (same). The reason for this rule is clear: it is "a classic form of sandbagging." *In re Capacitors Antitrust Litig.*, 2017 WL 897340, at *1 (N.D. Cal. Mar. 7, 2017).

In their opening brief and supporting reports, Plaintiffs argued that they could prove classwide damages with documentary evidence obtained in discovery from the FTA customers. *E.g.* Dkt. 297-19 (Mangum report) at nn. 3, 14, 43-45, 88, 178, 182, Figs. 12, 12.1, Ex. 5 (all citing June 14, 2024

3

Declaration of Brian Deutschmann of Centene); *id.* at nn. 12-14, 49-50, 52-53, 88, 178, Fig. 13.1 Ex. 6 (all citing July 1, 2024 Declaration of Yael Cosset of Kroger); *id.* at nn. 14, 71-72, 88, 178, 181, Fig. 11.1, Ex. 4 (all citing Washington State Auditor's Office's Response to Plaintiffs' Third Set of Interrogatories in *Stone v. Accellion USA LLC and The Office of the Washington State Auditor,* Superior Court for the State of Washington, Dec. 6, 2024); *see also* Dkt. 317 at 19-20. Plaintiffs did not take the customers' depositions at any time. In its opposition, Accellion highlighted the inadequacies in the data and declarations Plaintiffs cited. Dkt. 318-04 at 13-16, 24-26, 30-32.

Plaintiffs' reply now includes three new FTA customer declarations. Dkt. 345-13 (Deutschmann); Dkt. 345-14 (Cosset); Dkt. 345-17 (Roper). They cite this new evidence to support their standing arguments—specifically, that Plaintiffs Dawes, Olson, Rodriguz and Worrick's information was actually disclosed in the FTA breaches. Dkt. 345 at 4. (Accellion does not agree the new evidence establishes that proposition, but consistent with Local Rule 7-3(d) does not argue any evidence here.) Plaintiffs could have and should have offered this detail from these customers when they originally obtained and filed declarations in support of their opening brief. Instead, Plaintiffs belatedly included them in reply, depriving Accellion of a chance to take the customers' depositions or to seek other relevant discovery on those points. Consideration of this new evidence would be prejudicial, as Accellion has not had the opportunity to challenge or refute this evidence. *See Townsend*, 303 F. Supp. 3d at 1027 ("'New evidence submitted as part of a reply is improper' because it does not allow the defendant an adequate opportunity to respond."); *see also Willis v. Koning Assocs.*, 2023 WL 2541327, at *2 (N.D. Cal. Mar. 15, 2023) (striking declaration as new evidence improperly submitted for the first time on reply).

Accordingly, the Court should strike the declarations of Brian Deutschmann on behalf of non-party Centene; Yael Cosset on behalf of non-party Kroger; and Janel Roper on behalf of non-party Washington State Auditor's Office, in their entirety, as well as the portions of Plaintiffs' reply that rely on them. *See Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking portions of reply brief that improperly presented new information).

4

ACCELLION, INC.'S OBJECTIONS TO EVIDENCE USED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. 21-CV-01155-EJD

Dated:  March 31, 2025

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Heather Bates*
Heather Bates

Attorneys for Defendant
ACCELLION, INC.

5

ACCELLION, INC.'S OBJECTIONS TO EVIDENCE USED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. 21-CV-01155-EJD