UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-cv-01155-EJD<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 317 |

The Court orders each side to file a supplemental brief addressing class certification by **May 9, 2025 at 5:00 PM**. The briefs shall not exceed **fifteen (15) pages** and shall address the following issues:

1. In *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435–36 (2021), the Supreme Court appeared to hold that risk of future harm could support standing for prospective, injunctive relief but not retrospective damages. To what extent are *In re Zappos.com, Inc.*, 888 F.3d 1020 (9th Cir. 2018), and *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010), still good law after *TransUnion*?

2. *TransUnion* identified "disclosure of private information" as a concrete injury capable of supporting standing. 594 U.S. at 425. What are the contours of such an injury, and how does such a theory of injury affect the predominance inquiry here?

3. In several cases, the Ninth Circuit has held that the prospect of individualized damages calculations does not alone defeat predominance. Does this precedent create a categorical rule that courts should not consider whether damages are

Case No.: 5:21-cv-01155-EJD
ORDER DIRECTING SUPPL. BRIEFING     1

United States District Court
Northern District of California

individualized or common when evaluating predominance?[1] If there is no such categorical rule, how should courts analyze the individualized or common nature of damages when evaluating predominance?

4. Practically speaking, what is the difference between a Rule 23(b)(3) class certified only for nominal damages and a Rule 23(c)(4) issue class certified only for liability? What should guide the Court in deciding whether to certify one over the other?

5. If the Court were to find that separate subclasses for each Accellion customer were necessary, how should the Court divide the Negligence Class into subclasses?

**IT IS SO ORDERED.**

Dated: April 21, 2025

EDWARD J. DAVILA
United States District Judge

---

[1] The Court sees an analysis of the individual or common nature of damages as separate from the analysis required by *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), which focuses instead on the fit between damages and a plaintiff's theory of liability.

Case No.: 5:21-cv-01155-EJD
ORDER DIRECTING SUPPL. BRIEFING       2