Jacob M. Heath (SBN 238959)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
jheath@orrick.com

*Attorney for Non-Party*
*The Regents of the University of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ACCELLION, INC. DATA BREACH LITIGATION | Case No. 5:21-CV-01155-EJD (SVK) <br><br> **NON-PARTY THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S STATEMENT REGARDING DEFENDANT ACCELLION, INC.'S DISCOVERY DISPUTE** <br><br> Hearing Date: April 29, 2025 <br> Hearing Time: 10:00 a.m. <br> Judge: Hon. Edward J. Davila <br> Magistrate Judge: Susan van Keulen |

April 21, 2025

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 – 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:      Non-Party The Regents of the University of California's Statement Regarding Defendant Accellion, Inc.'s Discovery Dispute
*In re Accellion, Inc. Data Breach Litigation*, Case No. 5:21-cv-01155-EJD (N.D. Cal.)

Dear Judge van Keulen:

      Pursuant to Your Honor's April 14, 2025 Order, Non-Party The Regents of the University of California ("The Regents") submits this statement in response to the Joint Discovery Statement filed on March 20, 2025 concerning Defendant Accellion, Inc.'s ("Accellion") motion to compel from Plaintiffs the production of documents that were previously produced by any party or third party in *Erazo, et al. v. The Regents of the University of California*, No. RG21097796 (Cal. Super. Ct.) ("*Erazo*"). The Regents will meet and confer with Accellion before the hearing regarding its position discussed below in hopes of reaching a mutually agreeable resolution.

      Accompanying this statement is the following exhibit:

1. Protective Order in *Erazo*.

Non-Party The Regents respectfully requests that the Court deny Accellion's motion to compel Plaintiffs to re-produce all documents produced in the *Erazo* litigation. Accellion's motion should be denied for three reasons. **First**, Accellion's request for The Regents' *entire document production* in the *Erazo* litigation via Plaintiffs in an effort to shift the blame on a non-party is a *de facto* end run around The Regents' sovereign immunity protections as a state instrumentality. **Second**, the *Erazo* Protective Order bars the use of confidential information outside that state litigation. **Third**, Accellion fails to demonstrate any relevance or probative value of the information it seeks—which goes far beyond even the overbroad subpoenas Accellion has served on The Regents—nor how its request is reasonably calculated to lead to admissible evidence.

## I.     BACKGROUND

The Regents engaged in extensive discovery in *Erazo*, responding to 48 requests for production, 11 requests for admission, and 25 interrogatories from the plaintiffs. The parties worked to define the appropriate scope of discovery probative of the claims and defenses at issue through meet-and-confers. To that end, The Regents produced approximately 10,202 documents—or 57,031 pages—nearly all of which were designed "Confidential" pursuant to the *Erazo* Protective Order. The categories of documents produced included documents and communications regarding Accellion's file transfer appliance ("Accellion FTA"); The Regents' investigation of the data breach; and other internal documents regarding The Regents' cybersecurity.

In February 2024, the *Erazo* plaintiffs and Accellion stipulated to dismiss Accellion from the *Erazo* litigation and to continue their dispute in this Court. In January 2025, Accellion served The Regents with subpoenas for documents and testimony ("Subpoenas"). Among other things, Accellion sought internal communications relating to UC's information security policies and the Accellion FTA, and information about UC's response to the data breach and unrelated third-party data breaches. Accellion claimed the Subpoenas sought information relevant to Accellion's purported "sophisticated user and/or knowledgeable intermediary" defenses in the present case. However, these defenses only apply to claims that involve a duty to warn, which was not alleged in this action (*see* § 2, *infra*), and Accellion already possessed documents concerning the breach, including all emails with The Regents, the timeline of events regarding the breach of the Accellion

1  FTA, and information regarding The Regents' information security policies. Following several
2  meet-and-confers, in an effort to resolve the dispute and forego burdensome discovery, The Regents
3  agreed to produce information regarding its security policies and protocols at the time of the breach
4  of the Accellion FTA and the deposition transcript and exhibits of The Regents' Person Most
5  Knowledgeable in *Erazo*.

## II. ARGUMENTS

### A. *Accellion's Motion Circumvents The Regents' Sovereign Immunity.*

As a threshold matter, The Regents is an instrumentality of the State of California and, as such, enjoys sovereign immunity and cannot be compelled to litigate in federal court. *See BV Engineering v. Univ. of Cal.*, 858 F.2d 1394, 1395 (9th Cir. 1988) (holding that University of California and The Regents enjoy Eleventh Amendment immunity as instrumentalities of state); *Feied v. The Regents of the Univ. of Cal.*, 188 F. App'x 559, 561 (9th Cir. 2006) (collecting cases). Accordingly, The Regents cannot be compelled to litigate in this Court. *See Brandmeyer v. Regents of Univ. of Cal.*, 2020 WL 6816788, at *1 (N.D. Cal. Nov. 10, 2020) (protecting The Regents' sovereign immunity and dismissing the case). However, Accellion's overbroad discovery request to Plaintiffs for *all documents* The Regents produced in the *Erazo* litigation—to pass blame onto The Regents in this litigation for the compromise of Accellion's software—is tantamount to an end run around sovereign immunity. Crucially, when The Regents engaged in discovery in *Erazo*, it did so in a venue and forum (California state court) of its choosing, tailored to the claims and defenses raised in that *state* litigation, and in light of the protections afforded it under sovereign immunity. *See Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1027 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1465 (2024) (Eleventh Amendment "serves to avoid the indignity of subjecting a [s]tate to the coercive process of judicial tribunals at the instance of private parties"). Compelling the production of the entire *Erazo* discovery record in federal court—for Accellion's admitted purpose of shifting responsibility for Accellion's data breach to The Regents—undermines the protections sovereign immunity affords governmental entities. *Id.*; *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 760 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999) (The Eleventh Amendment operates as "a personal privilege" of the state.).

**B.     *Requiring Production of The Regents' Confidential Documents Would Undermine the* Erazo *Protective Order.***

The *Erazo* Protective Order prohibits disclosure of confidential discovery to outsiders of the state litigation, including now-former party Accellion.[1] *See* Ex. 1 at 9-12. Accellion argues it is entitled to the entire production because the protective order in this case provides similar confidentiality protections. However, as courts have consistently recognized, "[e]very time a business is required to permit its confidential information to be shared, there is a risk, and thus a burden, that it will not be maintained as confidential notwithstanding protective orders." *Pacific Wine Distributors, Inc. v. Vitol Inc.*, 2022 WL 1489474, at *2 (N.D. Cal. May 11, 2022). Accordingly, courts construe protective orders narrowly in "a reasonable and common sense manner so that its prohibitions are connected to its purpose." *See On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997) (permitting plaintiff to use information produced under protective order to file a separate action would render the protective order meaningless). This principal applies equally here. The documents produced subject to the *Erazo* Protective Order were not meant for use outside that litigation, and allowing reproduction *en masse* in this action would vitiate the protections granted to an arm of the State by the *Erazo* Protective Order.

**C.     *Accellion Fails to Show How The Regents' Production Is Relevant to This Case or Reasonably Calculated to Lead to Admissible Evidence.***

Discovery is limited to "nonprivileged matter that is relevant to any party's claims or defense"—*i.e.*, reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1); *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). As the party seeking discovery, Accellion must "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Carroll v. Wells Fargo & Co.*, 2017 WL 1316548, at *2 (N.D. Cal. Apr. 10, 2017); *see also* Fed. R. Evid. 401, 402 (relevance turns on evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and whether that fact "is of consequence in determining the action"); *Pacific Wine Distributors*, 2022 WL

---

[1] As a former party, Accellion participated in the *Erazo* discovery process for two-and-a-half years before voluntarily exiting to continue this federal litigation. Accellion engaged in discovery in *Erazo*, including responding to plaintiffs' requests for production, before stipulating with plaintiffs for voluntary dismissal.

1489474, at *1 (denying motion to compel non-party's "entire discovery production" in another lawsuit absent defendant's showing of why "every single document . . . is relevant to this litigation"). Courts regularly deny discovery requests that seek a non-party's documents without sufficient topical and time limitations.[2] *See O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272 (C.D. Cal. 1999) (denying motion to compel); *Newman v. San Joaquin Delta Community College Dist.*, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011) (granting motion for protective order). Applied here, Accellion cannot seek a "blanket order directing production of everything" produced in *Erazo* but instead must make "targeted requests that fill the gaps" in what discovery is already has. *Pacific Wine Distributors, Inc.*, 2022 WL 1489474, at *1.

As explained above (*see* § 1, *supra*), The Regents already produced documents in response to Accellion's Subpoenas. Accellion has not alleged that the materials The Regents produced were insufficient. Instead, Accellion argues that the Subpoenas are somehow entirely separate from the instant request because they sought "*different* information that Plaintiff may not have wanted to obtain in prosecuting their *Erazo* case." ECF 340 at 3. To be sure, there is some overlap between the material Accellion seeks in the Subpoenas and the material produced in *Erazo* discovery. But that's beside the point. Rather, the salient issue is Accellion's failure to establish the relevance of the information it seeks—regardless of the approach it takes.

Accellion's relevance argument presented in meet-and-confers regarding The Regents' Subpoena responses relies on the "sophisticated user and/or knowledgeable intermediary" defenses. However, those defenses apply only to *strict liability* and *negligence* claims that involve a duty to warn, neither of which is alleged here. *See, e.g.*, Judicial Council of Cal. Civil Jury Instructions Nos. 1244, 1249 (2025) (instructions only for strict liability and duty to warn); *Johnson v. Honeywell Int'l Inc.*, 179 Cal. App. 4th 549, 553 (2009) (sophisticated user); *Webb v. Special Elec. Co.*, 63 Cal. 4th 167, 187 (2016) (intermediary). Accellion now offers several other purported justifications (discussed below), each of which fails.

---

[2] While Accellion is not seeking discovery directly from a third party, it seeks to do the equivalent: obtain a third party's information indirectly via a party to this action where the third party has already objected and responded via non-party subpoenas.

- **Purported Failures to protect Plaintiffs' Data:** Accellion argues the entire *Erazo* production is relevant to show "additional failures by UC Regents to protect Plaintiffs' data that may be a superseding cause or the sole direct cause of the alleged harms." Accellion's argument fails because it relies on the sophisticated user and/or knowledgeable intermediary defenses as discussed above.

- **Inconsistencies in Plaintiffs' arguments & compensation provided to Plaintiffs:** Accellion argues the entire *Erazo* production is relevant because (i) the overlapping plaintiffs in *Erazo* and this case may have proffered inconsistent arguments or evidence and (ii) it wants information regarding "compensation that UC Regents has already provided to mitigate or eliminate Plaintiff's claimed harms." However, Accellion could seek that information from *Plaintiffs in the present case*. Besides, because the *Erazo* plaintiffs did not produce any documents, the *Erazo* production is not likely to establish any inconsistencies in Plaintiffs' document production here.

- **Reasonableness of Accellion's actions:** Accellion already possesses documents and information relating to the "reasonableness of Accellion's own actions in light of UC Regents' own conduct," as reflected in Accellion's opposition to Plaintiffs' class certification motion, including regarding The Regents' information security policies and the timeline of events regarding the breach of the Accellion FTA. *See* ECF Nos. 300, 320.09, 323.50. Accellion also already possesses documents The Regents provided in response to the Subpoenas.

- **Data flaws:** Accellion's statement regarding "additional flaws in the data available about the material allegedly taken in the attacks" is unintelligible and speculative.

The authorities cited in Accellion's portion of the Joint Discovery Statement concern entirely different circumstances and do not support compelling production here. *Avila v. Ford Motor Co.* involved a request for a defendant's production of documents *the defendant itself* had produced in other litigation and the Court ordered only the production of "documents responsive to Plaintiff's requests which were also collected and produced in a related class action," not production *en masse* of every document produced in that other litigation. 680 F. Supp. 3d 1125, 1128 (N.D. Cal. 2023). *Amini Innovation Corp. v. McFerran Home Furnishings, Inc*. focused on avoiding burden on non-parties, 300 F.R.D. 406, 409–10 (C.D. Cal. 2014), but the burden on The Regents is not the question here. The disclosure of its confidential information subject to a state court protective order is. *Qualcomm Inc. v. Broadcom Corp.* focused on the special situation of a request for production of materials from other litigations involving infringements of the same patents at issue, which would have been squarely relevant to that case. 2006 WL 8455382, at *8 (S.D. Cal. Aug. 14, 2006). None is the equivalent of this situation. Accellion falls far short of demonstrating the relevance of the information sought and that the burden imposed is proportional to the needs of this case.

### III. CONCLUSION

For the foregoing reasons, The Regents respectfully requests the Court deny the Motion.

Dated: April 21, 2025

Respectfully submitted,

*/s/ Jacob M. Heath*
Jacob M. Heath (SBN 238959)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
jheath@orrick.com

*Attorney for Non-Party*
*The Regents of the University of California*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I caused the foregoing Non-Party The Regents of the University of California's Statement Regarding Defendant Accellion, Inc.'s Discovery Dispute to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

Dated: April 21, 2025        */s/ Jacob M. Heath*
                             Jacob M. Heath