UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ACEELLION, INC. DATA BREACH LITIGATION

Case No. 21-cv-01155-EJD (SVK)

**ORDER RE DISCOVERY DISPUTE AT DKT. 400**

Re: Dkt. No. 400

Before the Court is the Joint Submission of Plaintiffs and third-party Washington State Auditor's Office ("WA SAO") regarding the scope of two subpoenas served on WA SAO seeking documents and a deposition. Dkt. 400. The Parties have met and conferred and largely resolved the issues regarding production of documents, provided certain privacy concerns are addressed. *See* Dkt. 400 at 1-3, 10. The Parties dispute the need for a deposition, which directly relates back to the document production. The Court has reviewed the Parties submissions and the relevant law, including Federal Rule of Civil Procedure 45 and determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

Plaintiffs seek two categories of documents:

(i) files WA SAO collected during its investigation that it determined were on the FTA at the time of the Data Breach; and

(ii) documents that WA SAO already produced in the related action *Stone, et al. v. The Office of the Washington State Auditor*, et al., No. 21-2-01439 (Sup. Ct. WA.) (the "Stone Action").

It is the first category from which the dispute regarding the need for a deposition arises. The Honorable Edward J. Davila certified a WA SAO subclass, provided that "there is a way to

generate a spreadsheet identifying the specific categories of data disclosed by class member." *In re Accellion, Inc. Data Breach Litig.*, 2025 WL 2799102, at *15 (N.D. Cal. Sept. 30, 2025). Plaintiffs state that they need the deposition, in part, to confirm "that a spreadsheet can be reliably created using the underlying records on the FTA and the time of the Data Breach." Dkt. 400 at 5. WA SAO explains the background as to its efforts to reconstruct the identification of files on the FTA at the time of the breach, along with the limitations on those reconstruction efforts. *Id.* at 7-8. WA SAO also points to a declaration that it already provided in this action, that lays out its reconstruction efforts, and the limitations thereon, and therefore a deposition is unnecessary and burdensome, particularly in light of its status as a public agency and a third party to this action. *Id.* WA SAO seeks cost-shifting, if a deposition is ordered.

Noting that this case is still in the discovery phase, considering the general parameters of relevance and proportionality of Rule 26, which also apply to subpoenas served pursuant to Rule 45, (*see* Fed. R. Civ. P. 45, 1970 Advisory Committee Notes ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.")), and keeping in mind the subpoenaed-party's status as a third-party, the Court **ORDERS** as follows:

1. No later than January 28, 2026, WA SAO will produce both categories of documents:
    (i) files WA SAO collected during its investigation that it determined were on the FTA at the time of the Data Breach;  and
    (ii) documents that WA SAO already produced in the related action *Stone, et al. v. The Office of the Washington State Auditor*, et al., No. 21-2-01439 (Sup. Ct. WA.) (the "Stone Action").
2. The production will be subject to the Protective Order in this action (Dkt. 189):
    (i)  Plaintiffs will store this information on an air-gapped (*i.e.*, not connected to the internet), encrypted hard drive maintained by Plaintiffs' expert.
    (ii) Plaintiffs' Counsel will not create a copy of the information or handle the information independently of their expert.
3. Before February 27, 2026, WA SAO shall make a corporate witness available to be deposed on only topics 11 and 12 (b)-(c) identified in Plaintiffs' January 17, 2025

Subpoena to Testify at Deposition, <u>only to the extent such questions arise from or relate to the document production</u>. The Deposition shall be conducted remotely, be limited to topics 11 and 12 (b)-(c) and be no more than <u>2.5 (two and one half) hours</u> on the record. The Parties are cautioned that WA SAO can only testify as to what information is in its custody and control and the witness may or may not be able to confirm that "a spreadsheet can be reliability created" from the produced data.

4. In light of WA SAO's status as a third party and the declaration it previously provided, cost shifting is appropriate in this case. Plaintiffs shall reimburse WA SAO for costs and fees, including attorneys' fees, associated with the deposition not to exceed $5,000.

**SO ORDERED.**

Dated: January 14, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3