UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE ACCELLION, INC. DATA
BREACH LITIGATION

Case No.   5:21-cv-01155-EJD

**ORDER DENYING MOTION TO
MODIFY ORDER ON CLASS
CERTIFICATION**

Re: ECF No. 401

After hackers accessed a secure file transfer application offered by Accellion, Inc., and exposed Plaintiffs' data, Plaintiffs sued Accellion for negligence and violation of the Washington Consumer Protection Act ("WCPA").  In September 2025, the Court granted in part Plaintiffs' motion for class certification, certifying customer-specific subclasses for nominal damages. Order, ECF No. 391.  Plaintiffs have now filed a motion to modify that order based on the report of a newly proffered expert.  Mot. ECF No. 401.  Accellion opposed, and Plaintiffs replied.  Opp., ECF No. 410; Reply, ECF No. 414.  For the following reasons, the Court **DENIES** Plaintiffs' motion to modify the order on class certification.

## I.    BACKGROUND

Accellion develops and markets software for large organizations to transfer sensitive files and data.  Am. Compl., ECF No. 248, ¶¶ 25–26.  The product at issue in this case is known as the File Transfer Appliance (FTA).  *Id.* ¶ 1.  By 2020, the FTA was nearing the end of its life and was increasingly vulnerable to hackers, yet Accellion continued to sell the product to customers. Yaron Dep., ECF No. 317-7 at 52:21–25, 58:6–9, 58:10–16.  Hackers exploited those vulnerabilities, breaking into the systems of several of Accellion's customers and stealing millions

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO MODIFY CLASS CERTIFICATION
1

of people's personal information.  Balonis Dep., ECF No. 317-19 at 20:21–21:3; Mangum Rpt., fig. 14, ECF No. 317-40.  Plaintiffs filed suit.  Following pleading practice, two claims remain: negligence and violation of the WCPA.  Am. Compl. ¶¶ 122–56.

Next, Plaintiffs moved for class certification.  ECF No. 317.  Accellion opposed certification and moved to strike portions of the report submitted by Daniel Korczyk.  ECF No. 319.  Plaintiffs had offered Mr. Korczyk's report to establish (1) that the disclosure of personal information creates a risk of identity theft and (2) the value of the time that a class member might spend responding to a data breach.  The Court—finding that Mr. Korczyk was not qualified to offer opinions on these two topics—granted the motion to strike.  2025 Order, ECF No. 391 at 4.  The Court then certified subclasses for the Regents of the University of California ("UC Regents"); Centene Corporation, including several related entities; Flagstar Bank; the Washington State Auditor's Office ("WASAO"); and the WCPA, but only on the theory that Plaintiffs were injured by the disclosure of their private information.  *Id.* at 18–19.  And because Plaintiffs could not rely on Mr. Korczyk's report, the Court found that Plaintiffs did not adequately model damages based on the cost of credit monitoring.  (The Court rejected damages for value of time spent and the lost value of personal identifying information ("PII") for other reasons.)  *Id.* at 21–22.  Consequently, the Court only certified the subclasses as to nominal damages.  *Id*. at 22.

## II.    APPLICABLE LEGAL STANDARD

As a preliminary matter, the Court must determine what legal standard applies to Plaintiffs' motion.

Plaintiffs argue that the Court should apply the standard to alter class certification under Rule 23(c)(1)(C).  Under Rule 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).  They contend that this standard grants the Court discretion to revisit and amend its class certification order.  Mot. at 3.  Plaintiffs' core argument is that the Court did not deny certification altogether—it simply found that without Mr. Korczyk's testimony, Plaintiffs did not have enough evidence to model damages.  Plaintiffs are now attempting to remedy that deficiency by offering the report of Paige Hanson.

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO MODIFY CLASS CERTIFICATION
2

Thus, according to Plaintiffs, the Court should not apply the standard for a motion for reconsideration because (1) they are not asking the Court to reconsider Mr. Korczyk's qualifications, and (2) the Court's 2025 Order did not reach the merits of the damages model. Reply at 3.

Accellion, meanwhile, contends that courts in this circuit apply Civil Local Rule 7-9 to motions to amend or modify a class certification order. Local Rule 7-9 sets out the standard for a motion for reconsideration. It requires that the moving party show one of the following: (1) that despite reasonable diligence, the moving party now offers a material difference in fact or law from that which was presented to the Court; (2) the emergence of new material facts or law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. Civ. L. R. 7-9(b).

The Ninth Circuit has not spoken on whether courts should apply Rule 23 or the reconsideration standard to serial motions for class certification. As a result, courts in this district have taken different approaches. Plaintiffs analogize to two cases where courts in this district applied Rule 23. In *In re Apple iPhone Antitrust Litig.*, No. 4:11-CV-6714-YGR, 2024 WL 5701895 (N.D. Cal. Feb. 2, 2024), the court initially struck the expert testimony on damages and then denied class certification for failure to satisfy predominance. 2024 WL 5701895, at *16–18. And in *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-MD-2143 RS, 2016 WL 467444 (N.D. Cal. Feb. 8, 2016), the court initially denied class certification because the plaintiffs' expert did not establish class-wide injury and damages. 2016 WL 467444, at *1. In both of those cases, the plaintiffs submitted a revised expert report, which the court analyzed under Rule 23. Plaintiffs argue that the facts here are similar: the Court found there was inadequate evidence to establish class wide damages, and now Plaintiffs have submitted a revised expert report.

Opposing this argument, Accellion, analogizes to three cases where courts in this district have applied the standard for a motion for reconsideration under Civil Local Rule 7-9. In *In re Finisar Corp. Sec. Litig.*, this Court denied an initial motion for class certification for failure to satisfy commonality. No. 5:11-CV-01252-EJD, 2019 WL 2247750, at *2 (N.D. Cal. May 24,

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO MODIFY CLASS CERTIFICATION
3

United States District Court
Northern District of California

2019).  When the plaintiff filed a renewed motion for class certification based on a new expert report, the Court applied the reconsideration standard and denied the motion.  *Id*. at \*4.  *English v. Apple* is similar: the court denied the initial motion for class certification, and when the plaintiff provided new evidence and moved for reconsideration, the court applied the reconsideration standard.  No. 14-cv-01619-WHO, 2016 WL 1108929, at \*5 (N.D. Cal. Mar. 22, 2016).  Finally, in *Stemmelin v. Matterport, Inc.*, the court denied a motion for class certification for failure to satisfy predominance.  No. C 20-04168 WHA, 2022 WL 4843089, at \*1 (N.D. Cal. Oct. 3, 2022).  When the plaintiff filed a renewed motion seeking injunctive relief, the court applied the reconsideration standard.  In so doing, the court noted that many courts in the Northern District have applied the reconsideration standard to serial class certification motions.  *Id*. (citing *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420 YGR (DMR), 2018 WL 4215573, at \*3–4 (N.D. Cal. Sept. 4, 2018); *English*, 2016 WL 1108929, at \*5; *Daniel F. v. Blue Shield of California*, No. C 09–2037 PJH, 2015 WL 3866212, at \*3 (N.D. Cal. June 22, 2015)).  The court also reasoned that permitting serial certification motions would "encourage[] gamesmanship and overbroad initial motions."  *Id*.

The Court finds Accellion's argument more persuasive.  While Plaintiffs are correct that two courts in this district have applied Rule 23 to similar motions, courts have more commonly applied the motion for reconsideration standard.  *See Finisar*, 2019 WL 2247750; *English*, 2016 WL 1108929; *Stemmelin*, 2022 WL 4843089.  Plaintiffs argue that in those cases, the courts had previously denied certification, whereas in this case, the Court granted certification and merely found that Plaintiffs had not established class wide damages.  That is true.  But the cases Plaintiffs rely on—*In re Apple iPhone* and *In re Optical Disk Drive*—are no different: the court had also previously denied certification.  Thus, whether a court previously denied certification does not determine whether Rule 23 or Civil Local Rule 7-9 applies to a successive motion.

There are also policy considerations.  If Plaintiffs' position were the rule, a plaintiff could ask the court to modify a class certification order for no other reason than that the plaintiff did not prevail in some part of their earlier motion.  This is not how Rule 23 is supposed to work.  As the

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO MODIFY CLASS CERTIFICATION
4

Advisory Committee envisioned it, Rule 23 allows "[a] determination once made [to] be altered or amended before the decision on he merits if, *upon fuller development of the facts*, the original determination appears unsound." Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment (emphasis added).

Furthermore, Plaintiffs' position does not align with the history of Rule 23. Rule 23 previously allowed courts to certify a class conditionally soon after an action is commenced. The 2003 amendment deleted that provision, allowing courts more time to make the initial certification decision but requiring them to ensure that the party seeking certification has met all the elements of Rule 23. "Thus, post-2003, decertification and modification should theoretically only take place *after some change, unforeseen at the time of the class certification*, that makes alteration of the initial certification decision necessary." Newberg and Rubenstein on Class Actions § 7:34 (6th ed. 2022) (emphasis added).

Plaintiffs contend that "[D]istrict courts retain 'the flexibility to address problems as they arise.'" Reply at 3 (quoting *Franco-Gonzalez v. Napolitano*, No. CV 10-02211 DMG DTBX, 2012 WL 10688876, at *1 (C.D. Cal. Aug. 27, 2012)). The Court agrees. But the weight of the case law in this district and the purpose and history of Rule 23 indicate that it should be used to address problems "as they arise"—that is, to new or newly-discovered law or facts. That is not the case here. Consequently, the Court is persuaded that Civil Local Rule 7-9 should govern the analysis of Plaintiffs' motion.

### III.    DISCUSSION

Civil Local Rule 7-9 requires that the moving party show one of the following: (1) that despite reasonable diligence, the moving party now offers a material difference in fact or law from that which was presented to the Court; (2) the emergence of new material facts or law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. Civ. L. R. 7-9(b).

Accellion contends that Plaintiffs' motion has not met that standard because it does not offer new or newly-discovered facts or law. Opp. at 5–7. The Court agrees. In their first motion

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO MODIFY CLASS CERTIFICATION

United States District Court
Northern District of California

to certify the class, Plaintiffs sought certification of a "cost of credit monitoring" damages model. ECF No. 297 at 29–30.  Plaintiffs offered Mr. Korczyk's expert report to support this model.  ECF No. 297-18.  But the Court found that Mr. Korczyk was not qualified to opine on the risk of identity theft created by the disclosure of personal information or the value of the time spent responding to a data breach.  2025 Order at 4.  Plaintiffs now offer Ms. Hanson's report to "cure[] the deficiency in qualifications that previously precluded classwide credit and identity-theft monitoring damages."  Mot. at 5.  These are not new facts.  Ms. Hanson "may have been newly procured, but that does not mean there is an 'emergence of new material facts' under Civil Local Rule 7-9(b)(2)."  *In re Finisar*, 2019 WL 2247750, at *5.

Nor is reconsideration warranted under Civil Local Rule 7-9(b)(1).  Plaintiffs have not shown "that in the exercise of reasonable diligence" Plaintiffs "did not know such fact . . . at the time of the interlocutory order."  Civil L.R. 7-9(b)(1).  "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *First Financial Security, Inc. v. Jones*, No. 17-cv-00773-BLF, 2017 WL 6316811, *2 (N.D. Cal. Dec. 11, 2017).

In sum, Plaintiffs do not establish that the Motion offers new or newly-discovered facts or law.  Indeed, none of Plaintiffs' briefing addresses whether the Motion meets the standard set out by Civil Local Rule 7-9 at all.[1]  Consequently, the Court finds that reconsideration is not warranted.

## IV.    CONCLUSION

For the reasons set forth above, the Court construes Plaintiff's motion to modify the order on class certification as a motion for reconsideration.  Because there is no basis for reconsideration, the Court **STRIKES** Plaintiff's improperly renewed motion for class certification.

---

[1] In a footnote, Plaintiffs state that if "the Court deems this motion as one for reconsideration, Plaintiffs will file a motion for leave as required by Civil L.R. 7-9."  Mot. at 4 n.1.  But Plaintiffs already had the opportunity to address whether their motion met the standard set out by Local Rule 7-9 in the operative Motion and Reply, and they did not do so.

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO MODIFY CLASS CERTIFICATION

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01155-EJD
ORDER DENYING MOTION TO MODIFY CLASS CERTIFICATION
7